


Search for Cases by: Select Search Method...

Judicial Links | eFiling | Help | Contact Us | Print        GrantedPublicAccess  Logoff ERICJOHNSON

**2022-CC10591 - FONTANIA LAWRENCE V FAIRFIELD PROCESSING CORP ET A (E-CASE)**

| Case Header/Memos | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

**Click here to eFile on Case**
Click here to Respond to Selected Documents

Sort Date Entries: ● Descending  ○ Ascending

Display Options: All Entries

---

**09/06/2022**  ☐ **Corporation Served**
Document ID - 22-SMCC-11910; Served To - VENTURE TRANSPORT, LLC; Server - ; Served Date - 22-AUG-22; Served Time - 00:00:00; Service Type - Sheriff Department; Reason Description - Served

**08/17/2022**  ☐ **Summons Issued-Circuit**
Document ID: 22-SMCC-11910, for VENTURE TRANSPORT, LLC.

**06/22/2022**  ☐ Note to Clerk eFiling
Filed By: ZANE THOMAS CAGLE

☐ **Amended Motion/Petition Filed**
Second Amended Petition; Electronic Filing Certificate of Service.
Filed By: ZANE THOMAS CAGLE
On Behalf Of: FONTANIA LAWRENCE

**06/21/2022**  ☐ **Notice of Hearing Filed**
Notice of Cancelation of Hearing; Electronic Filing Certificate of Service.
Filed By: ZANE THOMAS CAGLE
On Behalf Of: FONTANIA LAWRENCE

☐ **Motion for Leave**
Plaintiffs Motion For Leave To File Second Amended Petition; Electronic Filing Certificate of Service.
Filed By: ZANE THOMAS CAGLE
On Behalf Of: FONTANIA LAWRENCE

☐ **Certificate of Service**
Certificate of Service; Electronic Filing Certificate of Service.
Filed By: JOHN ANDREW MAZZEI
On Behalf Of: FAIRFIELD PROCESSING CORPORATION

**02/16/2022**  ☐ Hearing/Trial Cancelled
Scheduled For: 03/28/2022;  9:00 AM;  MICHAEL FRANCIS STELZER;  City of St. Louis

**02/07/2022**  ☐ Jury Trial Scheduled
Associated Entries: 02/16/2022 - Hearing/Trial Cancelled
Scheduled For: 03/28/2022;  9:00 AM ;  MICHAEL FRANCIS STELZER;  City of St. Louis

☐ Hearing Continued/Rescheduled
Hearing Continued From: 02/14/2022;  9:00 AM Jury Trial

☐ **Motion to Withdraw**

**EXHIBIT A**

Motion for Withdrawal; Electronic Filing Certificate of Service.
> **Filed By:** JOHN S APPELBAUM
> **On Behalf Of:** FONTANIA LAWRENCE

☐ **Entry of Appearance Filed**
Entry of Appearance; Electronic Filing Certificate of Service.
> **Filed By:** ZANE THOMAS CAGLE

**02/01/2022** ☐ **Removed to Fed Court**

☐ **Order**
REMAND ORDER

**12/15/2021** ☐ **Notice**
Defendants Notice to State Court of Removal; Notice of Removal; Exhibit A; Exhibit B; Civil Cover
Sheet; Original Filing Form; Notice to Plaintiffs Attorney of Removal; Defendants Notice of Corporate
Disclosures; Electronic Filing Certificate of Service.
> **Filed By:** JOHN ANDREW MAZZEI
> **On Behalf Of:** FAIRFIELD PROCESSING CORPORATION

**12/09/2021** ☐ **Jury Trial Scheduled**
> **Associated Entries: 02/07/2022 - Hearing Continued/Rescheduled**
> **Scheduled For:** 02/14/2022; 9:00 AM ; MICHAEL FRANCIS STELZER; City of St. Louis

☐ **Hearing Continued/Rescheduled**
> **Hearing Continued From:** 01/03/2022; 9:00 AM Jury Trial

**12/08/2021** ☐ **Motion to Compel**
Motion to Compel; Ex. 1; Ex. 2; Ex. 3; Ex. 4; Ex. 5; Ex. 6; Electronic Filing Certificate of Service.
> **Filed By:** JOHN S APPELBAUM
> **On Behalf Of:** FONTANIA LAWRENCE

**10/15/2021** ☐ **Jury Trial Scheduled**
> **Associated Entries: 12/09/2021 - Hearing Continued/Rescheduled**
> **Scheduled For:** 01/03/2022; 9:00 AM ; MICHAEL FRANCIS STELZER; City of St. Louis

☐ **Hearing Continued/Rescheduled**
> **Hearing Continued From:** 10/25/2021; 9:00 AM Jury Trial

**10/04/2021** ☐ **Cert Serv Answers Interrog Fil**
Certificate of Service; Electronic Filing Certificate of Service.
> **Filed By:** JOHN ANDREW MAZZEI
> **On Behalf Of:** FAIRFIELD PROCESSING CORPORATION

☐ **Cert Serv of Interrog Filed**
Certificate of Service; Electronic Filing Certificate of Service.
> **Filed By:** JOHN S APPELBAUM
> **On Behalf Of:** FONTANIA LAWRENCE

**08/25/2021** ☐ **Cert Serv Resp Req Prod Doc Th**
Certificate of Service; Electronic Filing Certificate of Service.
> **Filed By:** JOHN ANDREW MAZZEI
> **On Behalf Of:** FAIRFIELD PROCESSING CORPORATION

**08/11/2021** ☐ **Order**

PROTECTIVE ORDER GRANTED. SO ORDERED: JUDGE MICHAEL STELZER #40716

**08/10/2021** ☐ **Cert Serv Resp Req Prod Doc Th**
Certificate of Service; Electronic Filing Certificate of Service.
    **Filed By:** JOHN ANDREW MAZZEI
    **On Behalf Of:** FAIRFIELD PROCESSING CORPORATION

    ☐ **Proposed Order Filed**
Protective Order; Electronic Filing Certificate of Service.
    **Filed By:** JOHN ANDREW MAZZEI
    **On Behalf Of:** FAIRFIELD PROCESSING CORPORATION

    ☐ **Motion Filed**
Motion for Protective Order; Electronic Filing Certificate of Service.
    **Filed By:** JOHN ANDREW MAZZEI

**07/28/2021** ☐ **Jury Trial Scheduled**
    **Associated Entries: 10/15/2021 - Hearing Continued/Rescheduled**
    **Scheduled For:** 10/25/2021;  9:00 AM ;  MICHAEL FRANCIS STELZER;  City of St. Louis

    ☐ **Hearing Continued/Rescheduled**
    **Hearing Continued From:** 09/07/2021;  9:00 AM Jury Trial

**06/25/2021** ☐ **Cert Serv Resp Req Prod Doc Th**
Certificate of Service; Electronic Filing Certificate of Service.
    **Filed By:** JOHN ANDREW MAZZEI
    **On Behalf Of:** FAIRFIELD PROCESSING CORPORATION

**06/10/2021** ☐ **Jury Trial Scheduled**
    **Associated Entries: 07/28/2021 - Hearing Continued/Rescheduled**
    **Scheduled For:** 09/07/2021;  9:00 AM ;  MICHAEL FRANCIS STELZER;  City of St. Louis

    ☐ **Hearing Continued/Rescheduled**
    **Hearing Continued From:** 07/19/2021;  9:00 AM Jury Trial

**05/24/2021** ☐ **Notice of Service**
Affidavit of Service; Electronic Filing Certificate of Service.
    **Filed By:** JOHN S APPELBAUM
    **On Behalf Of:** FONTANIA LAWRENCE

**05/10/2021** ☐ **Jury Trial Scheduled**
    **Associated Entries: 06/10/2021 - Hearing Continued/Rescheduled**
    **Scheduled For:** 07/19/2021;  9:00 AM ;  MICHAEL FRANCIS STELZER;  City of St. Louis

    ☐ **Hearing Continued/Rescheduled**
    **Hearing Continued From:** 06/07/2021;  9:00 AM Jury Trial

**05/05/2021** ☐ **Cert Serv Answers Interrog Fil**
Certificate of Service; Electronic Filing Certificate of Service.
    **Filed By:** JOHN S APPELBAUM
    **On Behalf Of:** FONTANIA LAWRENCE

    ☐ **Corporation Served**
Document ID - 21-SMOS-1377; Served To - VENTURE EXPRESS LLC; Server - ; Served Date - 27-APR-21; Served Time - 00:00:00; Service Type - Special Process Server; Reason Description - Served

☐ **Notice of Service**
Affidavit of Venture LLC; Electronic Filing Certificate of Service.
    **Filed By:** JOHN S APPELBAUM
    **On Behalf Of:** FONTANIA LAWRENCE

04/26/2021  ☐ **Alias Summons Issued**
Document ID: 21-SMOS-1377, for VENTURE EXPRESS LLC.

04/22/2021  ☐ **Alias Summons Requested**
Request for Alias Summons; Electronic Filing Certificate of Service.
    **Filed By:** JOHN S APPELBAUM
    **On Behalf Of:** FONTANIA LAWRENCE

04/15/2021  ☐ **Answer Filed**
Defendant Fairfield Processing Corporations Answer to Plaintiffs First Amended Petition; Electronic
Filing Certificate of Service.
    **Filed By:** JOHN ANDREW MAZZEI
    **On Behalf Of:** FAIRFIELD PROCESSING CORPORATION

04/07/2021  ☐ **Certificate of Service**
Certificate of Service; Electronic Filing Certificate of Service.
    **Filed By:** JOHN ANDREW MAZZEI
    **On Behalf Of:** FAIRFIELD PROCESSING CORPORATION

04/02/2021  ☐ **Certificate of Service**
Certificate of Service; Electronic Filing Certificate of Service.
    **Filed By:** JOHN ANDREW MAZZEI
    **On Behalf Of:** FAIRFIELD PROCESSING CORPORATION

03/19/2021  ☐ **Summ Issd- Circ Pers Serv O/S**
Document ID: 21-SMOS-1085, for VENTURE EXPRESS LLC.

03/17/2021  ☐ **Answer Filed**
Defendant Fairfield Processing Corporations Answer to Plaintiffs Petition; Electronic Filing Certificate of
Service.
    **Filed By:** JOHN ANDREW MAZZEI
    **On Behalf Of:** FAIRFIELD PROCESSING CORPORATION

☐ **Entry of Appearance Filed**
Entry of Appearance; Electronic Filing Certificate of Service.
    **Filed By:** JOHN ANDREW MAZZEI
    **On Behalf Of:** FAIRFIELD PROCESSING CORPORATION

03/16/2021  ☐ **Note to Clerk eFiling**
    **Filed By:** JOHN S APPELBAUM

☐ **Notice of Dismissal**
Dismissal of Venture Express Inc Only; Affidavit.
    **Filed By:** JOHN S APPELBAUM
    **On Behalf Of:** FONTANIA LAWRENCE

☐ **Stipulation Filed**
Document ID - 21-SMOS-297; Served To - VENTURE EXPRESS, INC.; Server - ; Served Date - 16-
MAR-21; Served Time - 00:00:00; Service Type - Other; Reason Description - Other

☐ **Stipulation Filed**
Document ID - 20-SMOS-5678; Served To - VENTURE EXPRESS, INC.; Server - ; Served Date - 16-MAR-21; Served Time - 00:00:00; Service Type - Other; Reason Description - Other

**03/11/2021**  ☐ **Note to Clerk eFiling**
NOTE TO CLERK EFILING
**Filed By:** JOHN S APPELBAUM

☐ **Amended Motion/Petition Filed**
First Amended Petition.
**Filed By:** JOHN S APPELBAUM
**On Behalf Of:** FONTANIA LAWRENCE

**03/10/2021**  ☐ **Notice of Dismissal**
Notice of Dismissal of Venture Express Inc.
**Filed By:** JOHN S APPELBAUM
**On Behalf Of:** FONTANIA LAWRENCE

☐ **Affidavit Filed**
Affidavit of Venture Express-3-10-21.
**Filed By:** JOHN S APPELBAUM
**On Behalf Of:** FONTANIA LAWRENCE

☐ **Petition:**
First Amended Petition.
**Filed By:** JOHN S APPELBAUM
**On Behalf Of:** FONTANIA LAWRENCE

**03/03/2021**  ☐ **Motion Special Process Server**
Motion for Special Processor.
**Filed By:** JOHN S APPELBAUM
**On Behalf Of:** FONTANIA LAWRENCE

☐ **Alias Summons Requested**
Request for Alias Summons.
**Filed By:** JOHN S APPELBAUM

**02/25/2021**  ☐ **Certificate of Service**
Alias Summons SERVED- Fairfield Processing; Electronic Filing Certificate of Service.
**Filed By:** ZANE THOMAS CAGLE
**On Behalf Of:** FONTANIA LAWRENCE

**02/22/2021**  ☐ **Notice of Service**
Affidavit of Service to Defendant Fairfield.
**Filed By:** JOHN S APPELBAUM
**On Behalf Of:** FONTANIA LAWRENCE

☐ **Corporation Served**
Document ID - 21-SMOS-296; Served To - FAIRFIELD PROCESSING CORPORATION; Server - ; Served Date - 16-FEB-21; Served Time - 00:00:00; Service Type - Special Process Server; Reason Description - Served; Service Text - RECEIVED BY DANIELA M/ LEGAL ASST

**01/29/2021**  ☐ **Motion Special Process Server**
Motion for Special Processor.
**Filed By:** JOHN S APPELBAUM

**On Behalf Of:** FONTANIA LAWRENCE

| | | |
|---|---|---|
| 01/28/2021 | ☐ | **Alias Summons Issued** |
| | | Document ID: 21-SMOS-297, for VENTURE EXPRESS, INC.. |
| | ☐ | **Alias Summons Issued** |
| | | Document ID: 21-SMOS-296, for FAIRFIELD PROCESSING CORPORATION. |

01/22/2021   ☐   **Alias Summons Requested**
Request for Alias Summons.
  **Filed By:** JOHN S APPELBAUM
  **On Behalf Of:** FONTANIA LAWRENCE

01/12/2021   ☐   **Jury Trial Scheduled**
  **Associated Entries:** 05/10/2021 - Hearing Continued/Rescheduled
  **Scheduled For:** 06/07/2021;  9:00 AM ;  MICHAEL FRANCIS STELZER;  City of St. Louis

12/29/2020   ☐   **Summ Issd- Circ Pers Serv O/S**
Document ID: 20-SMOS-5678, for VENTURE EXPRESS, INC..
  ☐   **Summ Issd- Circ Pers Serv O/S**
Document ID: 20-SMOS-5677, for FAIRFIELD PROCESSING CORP.

12/21/2020   ☐   **Filing Info Sheet eFiling**
  **Filed By:** JOHN S APPELBAUM
  ☐   **Pet Filed in Circuit Ct**
Petition.
  **Filed By:** JOHN S APPELBAUM
  **On Behalf Of:** FONTANIA LAWRENCE
  ☐   **Judge Assigned**

**2022-CC10591**

Electronically Filed - City of St. Louis - December 21, 2020 - 04:01 PM

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

| | | |
|---|---|---|
| FONTANIA LAWRENCE, | ) | |
| | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | |
| | ) | Cause No.: |
| FAIRFIELD PROCESSING CORPORATION; | ) | |
| <u>Serve Registered Agent</u>: | ) | |
|     Sanford D. Kaufman | ) | |
|     301 Main Street, Third Floor | ) | **<u>PLAINTIFF DEMANDS TRIAL</u>** |
|     Danbury CT, 06810 | ) | **<u>BY JURY ON ALL COUNTS</u>** |
| & | ) | |
| | ) | |
| VENTURE EXPRESS, INC. | ) | |
| <u>Serve Registered Agent</u>: | ) | |
|     Shawn Applegate | ) | |
|     131 Industrial Blvd. | ) | |
|     La Vergne, TN 37086 | ) | |
| | ) | |
| Defendants. | ) | |

## <u>PETITION</u>

COMES NOW Plaintiff Fontania Lawrence ("Plaintiff") by and through by and through her attorneys of record and pursuant to the Missouri Supreme Court Rules and Rules of Civil Procedure, and for her Petition against Defendant Fairfield Processing Corporation ("Fairfield"), and Venture Ex ("Axiom Equities") and Defendant Venture Express, Inc. ("Venture"), and states to this Honorable Court as follows:

### <u>FACTS COMMON TO ALL COUNTS</u>

1.     Plaintiff is an individual, citizen, and resident of Missouri.

2.     Fairfield is a foreign corporation organized in the state of Connecticut and based upon information and belief Fairfield's principal place of business is in the State of Missouri.

Electronically Filed - City of St. Louis - December 21, 2020 - 04:01 PM

3.      Fairfield may be served through its registered agent, Sanford D. Kaufman at 301 Main Street, Third Floor, Danbury CT, 06810.

4.      Venture is a foreign corporation organized in the state of Tennessee with its principal place of business in the state of Tennessee.

5.      Venture may be served through its registered agent, Shawn Applegate at 131 Industrial Blvd. La Vergne, TN 37086.

6.      The incident alleged herein occurred on or about December 19, 2019 at between 1:00 p.m. and 2:00 p.m. in the loading dock of the premises owned and operated by Fairfield located at 6432 Prescott Avenue, St. Louis, Missouri ("Premises").

7.      As a corporation, Fairfield acts through its officers, agents, servants, and/or employees.  Thus, any acts or omissions of an officer, agent, servant, and/or employee, made while acting in the scope of authority delegated by the corporation, or within the scope of the duties of said employee, is the act or omission of Fairfield.

8.      At all times herein mentioned and at the time of this crash, Fairfield was acting individually and through its agents, servants, and/or employees, whom were acting within the course and scope of their employment with Fairfield at the time of the incident alleged herein.

9.      Venture is a corporation involved in interstate commerce, and did and does at all times alleged herein avail itself to the benefits of the State of Missouri's highways and roadways to conduct interstate commerce.

10.     As a corporation Venture acts through its officers, agents, servants, and/or employees.  Thus, any acts or omissions of an officer, agent, servant, and/or employee, made while acting in the scope of authority delegated by the corporation, or within the scope of the duties of said employee, is the act or omission of Venture.

Electronically Filed - City of St. Louis - December 21, 2020 - 04:01 PM

11.     At all times herein mentioned and at the time of this crash, Venture was acting individually and through its agent, servant, and/or employee, whom was acting within the course and scope of his employment with Venture at the time of the incident alleged herein.

12.     Venue is proper with this Court pursuant to RSMo. § 508.010 since the negligent actions and omissions alleged herein occurred within St. Louis City, State of Missouri.

13.     This Court has subject matter jurisdiction over this action since the incident alleged herein occurred in St. Louis City, State of Missouri.

14.     On December 19, 2019, Fairfield owned or controlled the management of 6432 Prescott Ave.; St. Louis, Missouri 643147 ("Premises").

15.     At all times alleged herein Plaintiff was working on said premises as an employee for ProLogistix.

16.     At said date and time, Plaintiff was attempting to disconnect a ramp attaching a commercial vehicle owned by Venture from the loading dock attached to Premises.

17.     As Plaintiff attempted to disconnect said ramp, she maintained one foot in the trailer attached to Venture's vehicle and the other on the dock.

18.     As Plaintiff attempted to disconnect the ramp, the driver of said commercial vehicle, and employee of Venture, ("Driver") became distracted and failed to notice that the ramp remained attached and that Plaintiff was still partially inside the vehicle.

19.      Driver then pulled away from said dock forcing Plaintiff to leap to safety to avoid falling into the gap between the truck and the dock.

20.     No employee of Fairfield attempted to warn Driver that Plaintiff stood partially within the trailer.

3

Electronically Filed - City of St. Louis - December 21, 2020 - 04:01 PM

21.     At no point did any employee of Fairfield attempt to stop Driver from pulling away from the dock.

22.     At no point before Driver pulled away did any employee of Fairfield attempt to warn Plaintiff of the movement of the tractor trailer and/or the hazardous condition being created.

23.     As Plaintiff leaped from the truck to the dock, she landed hyperextending her left knee and pulling and tearing the ligaments and tendons attached thereto.

24.     As a direct result of one or more of Defendants' failures Plaintiff sustained damages.

25.     That as a direct and proximate result of Defendants' negligence alleged herein, Plaintiff, was caused to suffer serious, permanent, and disabling injuries to her left leg, knee, and the ligaments, muscles, and tendons attached thereto.

26.     That as a direct and proximate result of the aforesaid negligent acts and omissions of the Defendants, Plaintiff has incurred past medical expenses in excess of $40,000.00.

27.     Plaintiff will incur further medical expenses in the future.

28.     That Plaintiff has been caused to suffer painful, permanent and disabling injuries to the aforementioned areas of her body and will continue to suffer from these painful, permanent and disabling injuries in the future as a result of the fall as alleged herein and will need to undergo medical treatment in the future.

29.     That as a direct and proximate result of the aforesaid negligence of Defendants, Plaintiff's activities and her enjoyment of life has been limited.

30.     That as a direct and proximate cause of the aforesaid negligence of Defendants, Plaintiff required surgical intervention.

Electronically Filed - City of St. Louis - December 21, 2020 - 04:01 PM

31.     That as a direct and proximate result of the aforesaid negligence of Defendants, Plaintiff has incurred scarring and disfigurement.

32.     That as a direct and proximate result of the aforesaid negligence of Defendants, Plaintiff has lost past wages.

33.     That as a direct and proximate result of the aforesaid negligence of Defendants, Plaintiff will suffer future loss of wages.

WHEREFORE Plaintiff prays for a judgment in a sum in excess of Twenty-Five Thousand Dollars ($25,000.00) as determined fair and reasonable by a jury against Defendants jointly and severally, all interest allowed under Missouri law at the maximum amount, together with all taxable costs and for such other relief this Court deems just and proper under the circumstances.

**COUNT I**
**NEGLIGENCE**
**AGAINST DEFENDANTS VENTURE EXPRESS, INC.**

COMES NOW Plaintiff, and for Count I of her Petition restates, realleges, and incorporates by reference Paragraphs 1-33 above and in addition thereto states to the Court as follows:

34.     That the time of the incident and at all times alleged herein, Driver was acting in the course and scope of his employment with Venture.  Thus, at the time of the crash alleged herein Driver was an agent, servant, and/or employee of Venture and as such, Venture is vicariously liable for the actions and omissions of Driver, its agent, servant, and/or employee.

Electronically Filed - City of St. Louis - December 21, 2020 - 04:01 PM

35.     At the time of this crash, Driver was an agent, servant and/or employee under the control, right of control, joint and mutual control, or joint and mutual right of control of Venture and as such all of the acts of negligence on his part were committed within the course and scope of his agency and employment with Venture.

36.     At the time of the incident alleged herein, Venture, through its agents, servants, and employees including, but not limited to Driver were negligent, careless, and breached their duty of care to the general public and Plaintiff on the date alleged herein in one or more of the following respects:

    a.   Failed to have the motor vehicle under proper control;

    b.   Failed to keep a proper lookout and pay attention;

    c.   Operated the tractor while distracted, tired or fatigued;

    d.   Operated the tractor without adequate training, experience, or qualifications;

    e.   Drove while under the influence of alcohol and/or drugs;

    f.   Failing to exercise the highest degree of care under the circumstances.

37.     Each of the negligent acts or omissions by Venture, as alleged herein was a direct and proximate cause of the incident and the resulting injuries and damages to Plaintiff.

38.     The actions of Venture as alleged herein showed a complete indifference to or conscious disregard for the safety of Plaintiff and other human beings.

WHEREFORE Plaintiff prays for a judgment in a sum in excess of Twenty-Five Thousand Dollars ($25,000.00) as determined fair and reasonable by a jury against Defendants jointly and severally, all interest allowed under Missouri law at the maximum amount, together with all taxable costs and for such other relief this Court deems just and proper under the circumstances.

Electronically Filed - City of St. Louis - December 21, 2020 - 04:01 PM

**COUNT II**
**NEGLIGENCE**
**AGAINST DEFENDANTS FAIRFIELD PROCESSING.**

COMES NOW Plaintiff, and for Count II of her Petition restates, realleges, and incorporates by reference Paragraphs 1-33 above and in addition thereto states to the Court as follows:

39.     On February 17, 2019, Fairfield owned, controlled, or possessed Premises where Plaintiff worked as an independent contractor.

40.     That at the time of the incident and at all times alleged herein, Fairfield oversaw the work of contracted temporary employees such as Plaintiff and held a responsibility to maintain a reasonably safe working environment.

41.     That at the time of this incident, Fairfield, through its agents, servants, and employees:

    a.  Failed to adopt or implement policies, procedures, or standing orders to avoid injuries while loading or unloading tractor-trailers in the loading dock.

42.     In the alternative to and/or in addition to the allegations of paragraph 40, Fairfield:

    a.  Failed to notify its employees, agents, or contractors, of any policies, procedures, or standing orders to avoid injuries while loading or unloading tractor-trailers in the loading dock;

    b.  Failed to properly supervise its employees, agents, or contractors working on the loading dock;

    c.  Failed to properly train its employees, agents, or contractors regarding any policies, procedures, or standing orders set in place to avoid injuries while loading or unloading tractor-trailers in the loading dock;

    d.  Failed to notify Driver before he pulled away from the dock that Plaintiff was still inside the trailer; and

    e.  Failed to warn Plaintiff that Driver was pulling away from the dock.

Electronically Filed - City of St. Louis - December 21, 2020 - 04:01 PM

43.    That such failures and omissions created a foreseeable likelihood of a harm or injury.

44.     That in so doing, Fairfield was thereby negligent.

45.    That as a direct and proximate result of such negligence, Plaintiff sustained the damages alleged above.

WHEREFORE Plaintiff prays for a judgment in a sum in excess of Twenty-Five Thousand Dollars ($25,000.00) as determined fair and reasonable by a jury against Defendants jointly and severally, all interest allowed under Missouri law at the maximum amount, together with all taxable costs and for such other relief this Court deems just and proper under the circumstances.

**Respectfully Submitted,**

**THE CAGLE LAW FIRM**

**By** _____
**John S. Appelbaum Jr., MO#71766**
500 North Broadway, Suite 1605
St. Louis, MO 63102
Phone: (314) 241-1700
Fax: (314) 241-1738
E-mail: john@caglellc.com
*Attorneys for Plaintiff*

8



# IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>REX M BURLISON | **Case Number: 2022-CC10591** | Special Process Server 1 |
| --- | --- | --- |
| Plaintiff/Petitioner:<br>FONTANIA LAWRENCE | Plaintiff's/Petitioner's Attorney/Address:<br>JOHN S APPELBAUM<br>105 FOREST GLADE<br>IMPERIAL, MO 63052 | Special Process Server 2<br><br>Special Process Server 3 |
| vs. | | |
| Defendant/Respondent:<br>FAIRFIELD PROCESSING CORP | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 | (Date File Stamp) |
| Nature of Suit:<br>CC Pers Injury-Other | | |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:  FAIRFIELD PROCESSING CORP
                    Alias:
C/O SANFORD D KAUFMAN RAGT
301 MAIN STREET 3RD FLOOR
DANBURY, CT  06810

*COURT SEAL OF*

*CITY OF ST LOUIS*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

**December 29, 2020**

_____
Date

_____
Clerk

Further Information:

## Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by:  (check one)
   - [ ] delivering a copy of the summons and a copy of the petition to the defendant/respondent.
   - [ ] leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
   - [ ] (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   - [ ] other: _____.

Served at _____ (address)

in _____County, _____ (state), on _____ (date) at _____ (time).

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

**Subscribed and sworn to before me this** _____ (day) _____ (month) _____ (year).

I am: (check one)
   - [ ] the clerk of the court of which affiant is an officer.
   - [ ] the judge of the court of which affiant is an officer.
   - [ ] authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
   - [ ] authorized to administer oaths.  (use for court-appointed server)

*(Seal)*

_____
Signature and Title

| Service Fees | |
| --- | --- |
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ (_____miles @ $ _____ per mile) |
| **Total** | $_____ |

See the following page for directions to officer making return on service of summons.

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age who permanently resides with the defendant/respondent, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must be made less than 10 days nor more than 30 days from the date the defendant/respondent is to appear in court. The return should be made promptly, and in any event so that it will reach the Missouri court within 30 days after service.



# IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>REX M BURLISON | Case Number: 2022-CC10591 | Special Process Server 1 |
|---|---|---|
| Plaintiff/Petitioner:<br>FONTANIA LAWRENCE | Plaintiff's/Petitioner's Attorney/Address:<br>JOHN S APPELBAUM<br>105 FOREST GLADE<br>IMPERIAL, MO 63052 | Special Process Server 2 |
| vs. | | Special Process Server 3 |
| Defendant/Respondent:<br>FAIRFIELD PROCESSING CORP | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 | (Date File Stamp) |
| Nature of Suit:<br>CC Pers Injury-Other | | |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:    VENTURE EXPRESS, INC.
                    Alias:
C/O SHAWN APPLEGATE RAGT
131 INDUSTRIAL BLVD
LA VERGNE, TN 37086

**COURT SEAL OF**

**CITY OF ST LOUIS**

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

**December 29, 2020**

_____
Date

_____
Clerk

Further Information:

## Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by:  (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   ☐ other: _____.

Served at _____ (address)

in _____County, _____ (state), on _____ (date) at _____ (time).

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

**Subscribed and sworn to** before me this _____ (day) _____ (month) _____ (year).

I am: (check one) ☐ the clerk of the court of which affiant is an officer.
               ☐ the judge of the court of which affiant is an officer.
               ☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
               ☐ authorized to administer oaths.  (use for court-appointed server)

*(Seal)*

_____
Signature and Title

| Service Fees | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ ( _____miles @ $ _____ per mile) |
| Total | $_____ |

**See the following page for directions to officer making return on service of summons.**

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age who permanently resides with the defendant/respondent, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must be made less than 10 days nor more than 30 days from the date the defendant/respondent is to appear in court. The return should be made promptly, and in any event so that it will reach the Missouri court within 30 days after service.

Electronically Filed - City of St. Louis - January 22, 2021 - 10:50 AM

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

FONTANIA LAWRENCE,            )
                             )
                 Plaintiff,  )      Cause No.: 2022-CC10591
vs.                          )
                             )      Division:
FAIRFIELD PROCESSING CORPORATION  )
                             )      **Plaintiff Demands Jury Tria**
                             )      **On All Counts**
                             )
And                          )
                             )
VENTURE EXPRESS, INC.        )
                 Defendants. )

**REQUEST FOR ALIAS SUMMONS**

COMES NOW Plaintiff Fontania Lawrence, by and through her attorneys of record, The Cagle Law Firm, and requests an alias summons be issued on Defendants Fairfield Processing Corporation to Sanford D. Kaufman at 301 Main Street, Third Floor, Danbury CT, 06810, and Venture Express, Inc. to Shawn Applegate at 131 Industrial Blvd., La Vergne, TN 37086.

Respectfully Submitted,

**THE CAGLE LAW FIRM, LLC**

By_____
**John S. Appelbaum Jr., MO #71766**
john@caglellc.com
500 North Broadway, Ste. 1605
St. Louis, MO  63102
Phone: (314) 241-1700
Fax: (314) 241-1738
*Attorneys for Plaintiff*

1



# IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>MICHAEL FRANCIS STELZER | Case Number:  2022-CC10591 | |
|---|---|---|
| Plaintiff/Petitioner:<br>FONTANIA LAWRENCE | Plaintiff's/Petitioner's Attorney/Address:<br>JOHN S  APPELBAUM<br>105 FOREST GLADE<br>IMPERIAL, MO  63052 | |
| vs. | | |
| Defendant/Respondent:<br>FAIRFIELD PROCESSING CORPORATION | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 | (Date File Stamp) |
| Nature of Suit:<br>CC Pers Injury-Other | | |

## ALIAS Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:    FAIRFIELD PROCESSING CORPORATION
                      Alias:

**C/O SANFORD D KAUFMAN RAGT**
**301 MAIN STREET 3RD FLOOR**
**DANBURY, CT  06810**

*COURT SEAL OF*

*CITY OF ST LOUIS*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

**January 28, 2021**

_____
Date

_____
*Thomas Kloeppinger*
Clerk

Further Information:

## Officer's or Server's Affidavit of Service

I certify that:

1.  I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.  My official title is _____ of _____ County, _____ (state).
3.  I have served the above summons by:  (check one)

☐  delivering a copy of the summons and a copy of the petition to the defendant/respondent.

☐  leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.

☐  (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).

☐  other: _____.

Served at _____ (address)

in _____County, _____ (state), on _____ (date) at _____ (time).

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

**Subscribed and sworn to** before me this _____ (day) _____ (month) _____ (year).

I am: (check one) ☐  the clerk of the court of which affiant is an officer.

*(Seal)*            ☐  the judge of the court of which affiant is an officer.

☐  authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)

☐  authorized to administer oaths.  (use for court-appointed server)

_____
Signature and Title

**Service Fees**

| | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Mileage | $_____ | (_____miles @ $ _____ per mile) |
| **Total** | $_____ | |

**See the following page for directions to officer making return on service of summons.**

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age who permanently resides with the defendant/respondent, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must be made less than 10 days nor more than 30 days from the date the defendant/respondent is to appear in court. The return should be made promptly, and in any event so that it will reach the Missouri court within 30 days after service.



**IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI**

| Judge or Division:<br>MICHAEL FRANCIS STELZER | Case Number:  2022-CC10591 | |
|---|---|---|
| Plaintiff's/Petitioner:<br>FONTANIA LAWRENCE | Plaintiff's/Petitioner's Attorney/Address:<br>JOHN S  APPELBAUM<br>105 FOREST GLADE<br>IMPERIAL, MO  63052 | |
| vs. | | |
| Defendant/Respondent:<br>FAIRFIELD PROCESSING CORPORATION | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 | (Date File Stamp) |
| Nature of Suit:<br>CC Pers Injury-Other | | |

**ALIAS Summons for Personal Service Outside the State of Missouri**
**(Except Attachment Action)**

The State of Missouri to:   VENTURE EXPRESS, INC.
Alias:

C/O SHAWN APPLEGATE RAGT
131 INDUSTRIAL BLVD
LA VERGNE, TN  37086

*COURT SEAL OF*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

**January 28, 2021**

*CITY OF ST LOUIS*

_____ Date          _____ Clerk

Further Information:

**Officer's or Server's Affidavit of Service**

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by:  (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   ☐ other: _____

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____ Printed Name of Sheriff or Server          _____ Signature of Sheriff or Server

Subscribed and sworn to before me this _____ (day) _____ (month) _____ (year).

I am: (check one) ☐ the clerk of the court of which affiant is an officer.
☐ the judge of the court of which affiant is an officer.
☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
☐ authorized to administer oaths.  (use for court-appointed server)

*(Seal)*

_____ Signature and Title

**Service Fees**
Summons      $_____
Non Est      $_____
Mileage      $_____ (_____ miles @ $_____ per mile)
**Total**        $_____

See the following page for directions to officer making return on service of summons.

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age who permanently resides with the defendant/respondent, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must be made less than 10 days nor more than 30 days from the date the defendant/respondent is to appear in court. The return should be made promptly, and in any event so that it will reach the Missouri court within 30 days after service.

Electronically Filed - City of St. Louis - January 29, 2021 - 09:48 AM

**In the**

# CIRCUIT COURT

### City of St. Louis, Missouri

FONTANIA LAWRENCE
_____
Plaintiff/Petitioner

vs.

FAIRFIELD PROCESSING CORPORATION, Et. Al.
_____
Defendant/Respondent

For File Stamp Only

1/29/2021
_____
Date

2022-CC10591
_____
Case number

_____
Division

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now  Plaintiff Fontania Lawrence _____ , pursuant
                    Requesting Party
to Local Rule 14, requests the appointment by the Circuit Clerk of

| | | |
|---|---|---|
| Wyman Tracy Kroft | 1669 Jefferson Street | 816.842.9800 |
| Name of Process Server | Address | Telephone |
| Eric Rubin | 1669 Jefferson Street | 816.842.9800 |
| Name of Process Server | Address | Telephone |
| | | |
| Name of Process Server | Address | Telephone |

to serve the summons and petition in this cause on the below named parties.

SERVE:
Fairfield Processing Corporation,
_____
Name
301 Main Street, Third Floor,
_____
Address
Danbury CT, 06810
_____
City/State/Zip

SERVE:
Venture Express, Inc.
_____
Name
131 Industrial Blvd.,
_____
Address
La Vergne, TN 37086.
_____
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

Appointed as requested:
**TOM KLOEPPINGER,** Circuit Clerk

By_____
       Deputy Clerk

_____
Date

John S. Appelbaum Jr.,
_____
Attorney/Plaintiff/Petitioner
MO #71766
_____
Bar No.
500 North Broadway, Ste. 1605 St. Louis, MO  6
_____
Address
(314) 241-1700
_____
Phone No.

Electronically Filed - City of St. Louis - January 29, 2021 - 09:48 AM

**RULE 14 SPECIAL PROCESS SERVERS**

1. Any person appointed by the Court or the Circuit Clerk to serve process must have a license issued pursuant to this rule to serve process.

2. Licenses to serve process shall be issued by the Sheriff of the City of St. Louis if the applicant has met the following qualifications:

   a. Is twenty-one years of age or older;

   b. Has a high school diploma or an equivalent level of education;

   c. Has insurance coverage for any errors or omissions occurring in the service of process;

   d. Has not been convicted, pleaded guilty to or been found guilty of any felony, or of any misdemeanor involving moral turpitude; and,

   e. Has passed a training course for the service of process which shall be administered by the Sheriff of the City of St. Louis.

3. Each applicant for a process server license under the provisions of this rule shall provide an affidavit setting forth such person's legal name, current address, any other occupations and current telephone numbers.  Licensed process servers shall immediately notify the Sheriff of the City of St. Louis of any change in the above information, and the failure to do so shall constitute good cause for the revocation of such person's license.

4. The Sheriff of the City of St. Louis shall maintain a list of persons licensed to serve process pursuant to this rule, and shall make such list available to litigants upon request.

5. A photo identification card designed by the Sheriff of the City of St. Louis shall be issued in addition to the license.  No other identification will be allowed.  All licenses must be signed and approved by the Sheriff of the City of St. Louis and the Presiding Judge or his designee.

6. A license fee recommended by the Sheriff and approved by the Court En Banc shall be charged to cover the costs of compiling and maintaining the list of process servers and for the training of such process servers.  The license fees shall be made payable to the Sheriff of the City of St. Louis.

Electronically Filed - City of St. Louis - January 29, 2021 - 09:48 AM

7. A license for service of process issued under this rule may be revoked by the Sheriff with the approval of the Presiding Judge or his designee, for any of the following reasons:

   a. Misrepresentation of duty or authority;

   b. Conviction, guilty plea or finding of guilty of any state or federal felony, or a misdemeanor involving moral turpitude;

   c. Improper use of the license;

   d. Making a false return; or

   e. Any other good cause.

   Provided, no service of process made by an appointed process server with a revoked license shall be void if the Court or Circuit Clerk made the appointment in good faith without knowledge of the license revocation.

8. Any person authorized to serve process may carry a concealed firearm as allowed by Section 506.145, RSMo, only while actually engaged in the service of process and only if the person has passed a firearms qualification test approved by a law enforcement agency; provided, however, that any licensed special process server may file a written waiver of the right to carry a concealed firearm and thereby avoid the requirements of firearm training and testing.  Any violation of this section shall be considered beyond the scope of the privilege to carry a concealed weapon that is granted by the appointment, and shall constitute good cause for the revocation of the license.

9. Applications for the appointment of a special process server shall be made on forms available in the offices of the Sheriff and Circuit Clerk.  Orders Appointing special process servers may list more than one licensed server as alternatives.

10. The licenses granted pursuant to this rule shall be good for two years.  Each person granted a license shall be required to reapply at the expiration of the license and shall be required to provide all the information required in the initial application, including a current police record check.

(Approved 9/28/92; amended 11/23/92; 5/31/95; 12/17/07)

Electronically Filed - City of St. Louis - January 29, 2021 - 09:48 AM

In the
# CIRCUIT COURT
## City of St. Louis, Missouri

FONTANIA LAWRENCE
_____
Plaintiff/Petitioner

vs.

FAIRFIELD PROCESSING CORPORATION, Et. Al.
_____
Defendant/Respondent

1/29/2021
_____
Date

2022-CC10591
_____
Case number

_____
Division

For File Stamp Only

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now Plaintiff Fontania Lawrence _____, pursuant
Requesting Party

to Local Rule 14, requests the appointment by the Circuit Clerk of

| Wyman Tracy Kroft | 1669 Jefferson Street | 816.842.9800 |
|---|---|---|
| Name of Process Server | Address | Telephone |
| Eric Rubin | 1669 Jefferson Street | 816.842.9800 |
| Name of Process Server | Address | Telephone |
| | | |
| Name of Process Server | Address | Telephone |

to serve the summons and petition in this cause on the below named parties.

SERVE:
Fairfield Processing Corporation,
_____
Name
301 Main Street, Third Floor,
_____
Address
Danbury CT, 06810
_____
City/State/Zip

SERVE:
Venture Express, Inc.
_____
Name
131 Industrial Blvd.,
_____
Address
La Vergne, TN 37086.
_____
City/State/Zip

SERVE:

_____
Name

_____
Address

_____
City/State/Zip

SERVE:

_____
Name

_____
Address

_____
City/State/Zip

Appointed as requested:
**TOM KLOEPPINGER,** Circuit Clerk

By_____
Deputy Clerk

2-4-21
_____
Date

John S. Appelbaum Jr.,
_____
Attorney/Plaintiff/Petitioner
MO #71766
_____
Bar No.
500 North Broadway, Ste. 1605 St. Louis, MO  6
_____
Address
(314) 241-1700
_____
Phone No.

Electronically Filed - City of St. Louis - February 22, 2021 - 03:04 PM

## AFFIDAVIT OF SERVICE

**State of Missouri**          **County of Saint Louis (City)**                    **Circuit Court**

Case Number: 2022-CC10591

Plaintiff/Petitioner:
**FONTANIA LAWRENCE**
vs.
Defendant/Respondent:
**FAIRFIELD PROCESSING CORPORATION, et al.**

Received by HPS Process Service & Investigations to be served on **Fairfield Processing Corporation, c/o Sanford D. Kaufman, Registered Agent, 301 Main Street, 3rd Floor, Danbury, CT 06810. I**, _____Eric_____ _____Kuhin_____ , being duly sworn, depose and say that on the _16th_ day of _February_, 20_21_ at _10:10_ _A_.m., executed service by delivering a true copy of the Alias Summons for Personal Service Outside the State of Missouri (Except Attachment Action) Petition; and Request for Appointment of Process Server in accordance with state statutes in the manner marked below:

( ) REGISTERED AGENT SERVICE: By serving _____
as _____ for the above-named entity.

( ) RECORDS CUSTODIAN SERVICE: By serving _____
as _____ for the above-named entity.

(X) CORPORATE SERVICE: By serving _Daniela Macquaid_____
as _Legal Assistant/Authorized_ for the above-named entity.

( ) OTHER SERVICE: As described in the Comments below.

( ) NON SERVICE: For the reason detailed in the Comments below.

**COMMENTS:** _____
_____
_____
_____

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

Subscribed and Sworn to before me on the _17th_ day of _February_, _2021_ by the affiant who is personally known to me.

_____
NOTARY PUBLIC

AMY J. CHANTRY
*NOTARY PUBLIC*
MY COMMISSION EXPIRES 3/31/2023

_____
PROCESS SERVER # _____
Appointed in accordance with State Statutes

**HPS Process Service & Investigations**
www.hpsprocess.com
**1669 Jefferson**
**Kansas City, MO 64108**
**(800) 796-9559**

Our Job Serial Number: 2021003292

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.1t

Electronically Filed - City of St. Louis - February 22, 2021 - 03:04 PM



## IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| | |
|---|---|
| Judge or Division:<br>MICHAEL FRANCIS STELZER | **Case Number:  2022-CC10591** |
| Plaintiff/Petitioner:<br>FONTANIA LAWRENCE | Plaintiff's/Petitioner's Attorney/Address:<br>JOHN S  APPELBAUM<br>105 FOREST GLADE<br>IMPERIAL, MO  63052 |
| vs. | |
| Defendant/Respondent:<br>FAIRFIELD PROCESSING CORPORATION | Court Address:<br>CIVIL COURTS BUILDING | (Date File Stamp) |
| Nature of Suit:<br>CC Pers Injury-Other | 10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 | |

### ALIAS Summons for Personal Service Outside the State of Missouri
#### (Except Attachment Action)

The State of Missouri to:   FAIRFIELD PROCESSING CORPORATION
Alias:

C/O SANFORD D KAUFMAN RAGT
301 MAIN STREET 3RD FLOOR
DANBURY, CT  06810

**COURT SEAL OF**

**CITY OF ST LOUIS**

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

**January 28, 2021**
_____        _Thomas Kloeppinger_
Date                                              Clerk

Further Information:

---

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _Process Server_ of _Hartford_ County, _Connecticut_ (state).
3. I have served the above summons by:  (check one)
   - [ ] delivering a copy of the summons and a copy of the petition to the defendant/respondent.
   - [ ] leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
   - [X] (for service on a corporation) delivering a copy of the summons and a copy of the petition to _Daniela Macquaid_ (name) _Legal Assistant / Authorized_ (title).
   - [ ] other: _____

Served at _301 Main Street, 3rd Floor, Danbury, CT 06810_ (address)
in _Hartford_ County, _Connecticut_ (state), on _02/16/2021_ (date) at _10:10 AM_ (time).

_Eric Rubin_
Printed Name of Sheriff or Server                                    Signature of Sheriff or Server

**Subscribed and sworn to** before me this _17th_ (day) _February_ (month) _2021_ (year).
I am: (check one)
   - [ ] the clerk of the court of which affiant is an officer.
   - [ ] the judge of the court of which affiant is an officer.
   - [ ] authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
   - [ ] authorized to administer oaths.  (use for court-appointed server)

_(Seal)_

_____ Process Server
Signature and Title

---

| Service Fees | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____   (_____ miles @ $_____ per mile) |
| **Total** | $_____ |

See the following page for directions to officer making return on service of summons.

Electronically Filed - City of St. Louis - February 25, 2021 - 11:52 AM

## AFFIDAVIT OF SERVICE

**State of Missouri**              **County of Saint Louis (City)**                    **Circuit Court**

Case Number: 2022-CC10591

Plaintiff/Petitioner:
**FONTANIA LAWRENCE**
vs.
Defendant/Respondent:
**FAIRFIELD PROCESSING CORPORATION, et al.**

Received by HPS Process Service & Investigations to be served on **Fairfield Processing Corporation, c/o Sanford D. Kaufman, Registered Agent, 301 Main Street, 3rd Floor, Danbury, CT 06810.** I, _Eric Kubin_ , being duly sworn, depose and say that on the _16th_ day of _February_, 20_21_ at _10:10_ _a.m., executed service by delivering a true copy of the Alias Summons for Personal Service Outside the State of Missouri (Except Attachment Action) Petition; and Request for Appointment of Process Server in accordance with state statutes in the manner marked below:

( ) REGISTERED AGENT SERVICE: By serving _____
as _____ for the above-named entity.

( ) RECORDS CUSTODIAN SERVICE: By serving _____
as _____ for the above-named entity.

(X) CORPORATE SERVICE: By serving _Daniela Macquaid_
as _Legal Assistant/Authorized_ for the above-named entity.

( ) OTHER SERVICE: As described in the Comments below.

( ) NON SERVICE: For the reason detailed in the Comments below.

**COMMENTS:** _____
_____
_____
_____
_____

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

Subscribed and Sworn to before me on the _17th_ day
of _February_ , _2021_ by the affiant who is
personally known to me.

_____
NOTARY PUBLIC

AMY J. CHANTRY
*NOTARY PUBLIC*
MY COMMISSION EXPIRES 3/31/2023

_____
PROCESS SERVER # _____
Appointed in accordance with State Statutes

**HPS Process Service & Investigations**
www.hpsprocess.com
**1669 Jefferson**
**Kansas City, MO 64108**
**(800) 796-9559**

Our Job Serial Number: 2021003292

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.1t

Electronically Filed - City of St. Louis - February 25, 2021 - 11:52 AM



# IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>MICHAEL FRANCIS STELZER | Case Number: 2022-CC10591 | |
|---|---|---|
| Plaintiff/Petitioner:<br>FONTANIA LAWRENCE | Plaintiff's/Petitioner's Attorney/Address:<br>JOHN S APPELBAUM<br>105 FOREST GLADE<br>IMPERIAL, MO 63052 | |
| vs. | | |
| Defendant/Respondent:<br>FAIRFIELD PROCESSING CORPORATION | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 | (Date File Stamp) |
| Nature of Suit:<br>CC Pers Injury-Other | | |

## ALIAS Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:   FAIRFIELD PROCESSING CORPORATION
Alias:

C/O SANFORD D KAUFMAN RAGT
301 MAIN STREET 3RD FLOOR
DANBURY, CT 06810

COURT SEAL OF

CITY OF ST LOUIS

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

**January 28, 2021**

_____
Date

Further Information:

_Thomas Kloeppinger_
_____
Clerk

---

## Officer's or Server's Affidavit of Service

I certify that:

1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _Process Sewer_ of _Hartford_ County, _Connecticut_ (state).
3. I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.

☒ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _Daniela Macquaid_ (name) _Legal Assistant / Authorized_ (title).

☐ other: _____

Served at _301 Main Street, 3rd Floor, Danbury, CT 06810_ (address)

in _Hartford_ County, _Connecticut_ (state), on _02/16/2021_ (date) at _10:10 AM_ (time).

_Err Ruben_
_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

Subscribed and sworn to before me this _17th_ (day) _February_ (month) _2021_ (year).

I am: (check one)  ☐ the clerk of the court of which affiant is an officer.

☐ the judge of the court of which affiant is an officer.

☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)

☐ authorized to administer oaths. (use for court-appointed server)

(Seal)

_Process Server_
_____
Signature and Title

---

| Service Fees | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ ( _____ miles @ $ _____ per mile) |
| **Total** | $_____ |

See the following page for directions to officer making return on service of summons.

Electronically Filed - City of St. Louis - March 03, 2021 - 11:33 AM

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

| | | |
|---|---|---|
| FONTANIA LAWRENCE, | ) | |
| | ) | |
| Plaintiff, | ) | Cause No.: 2022-CC10591 |
| vs. | ) | |
| | ) | Division: |
| FAIRFIELD PROCESSING CORPORATION | ) | |
| | ) | **Plaintiff Demands Jury Tria** |
| | ) | **On All Counts** |
| | ) | |
| And | ) | |
| | ) | |
| VENTURE EXPRESS, INC. | ) | |
| Defendants. | ) | |

**REQUEST FOR ALIAS SUMMONS**

COMES NOW Plaintiff Fontania Lawrence, by and through her attorneys of record, The Cagle Law Firm, and requests an alias summons be issued on Defendant Venture Express, Inc. to Shawn Applegate at 304 Robert Rose Dr., Murfreesboro, TN 37129**.**

Respectfully Submitted,

**THE CAGLE LAW FIRM, LLC**

By_____
**John S. Appelbaum Jr., MO #71766**
john@caglellc.com
500 North Broadway, Ste. 1605
St. Louis, MO  63102
Phone: (314) 241-1700
Fax: (314) 241-1738
*Attorneys for Plaintiff*

1

Electronically Filed - City of St. Louis - March 03, 2021 - 11:33 AM

**In the**
# CIRCUIT COURT
**City of St. Louis, Missouri**

For File Stamp Only

FONTANIA LAWRENCE
_____

Plaintiff/Petitioner

1/29/2021
_____
Date

vs.

2022-CC10591
_____
Case number

FAIRFIELD PROCESSING CORPORATION, Et. Al.
_____

Defendant/Respondent

_____
Division

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now  Plaintiff Fontania Lawrence                                       , pursuant

Requesting Party

to Local Rule 14, requests the appointment by the Circuit Clerk of

| Wyman Tracy Kroft | 1669 Jefferson Street | 816.842.9800 |
|---|---|---|
| Name of Process Server | Address | Telephone |
| Eric Rubin | 1669 Jefferson Street | 816.842.9800 |
| Name of Process Server | Address | Telephone |
| | | |
| Name of Process Server | Address | Telephone |

to serve the summons and petition in this cause on the below named parties.

SERVE:
Venture Express, Inc.
_____
Name
304 Robert Rose Dr.
_____
Address
Murfreesboro, TN 37129
_____
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

Appointed as requested:
**TOM KLOEPPINGER,** Circuit Clerk

John S. Appelbaum Jr.,
_____
Attorney/Plaintiff/Petitioner
MO #71766
_____
Bar No.
500 North Broadway, Ste. 1605 St. Louis, MO  6
_____
Address
(314) 241-1700
_____
Phone No.

By_____
Deputy Clerk

_____
Date

Electronically Filed - City of St. Louis - March 03, 2021 - 11:33 AM

**RULE 14 SPECIAL PROCESS SERVERS**

1. Any person appointed by the Court or the Circuit Clerk to serve process must have a license issued pursuant to this rule to serve process.

2. Licenses to serve process shall be issued by the Sheriff of the City of St. Louis if the applicant has met the following qualifications:

   a. Is twenty-one years of age or older;

   b. Has a high school diploma or an equivalent level of education;

   c. Has insurance coverage for any errors or omissions occurring in the service of process;

   d. Has not been convicted, pleaded guilty to or been found guilty of any felony, or of any misdemeanor involving moral turpitude; and,

   e. Has passed a training course for the service of process which shall be administered by the Sheriff of the City of St. Louis.

3. Each applicant for a process server license under the provisions of this rule shall provide an affidavit setting forth such person's legal name, current address, any other occupations and current telephone numbers.  Licensed process servers shall immediately notify the Sheriff of the City of St. Louis of any change in the above information, and the failure to do so shall constitute good cause for the revocation of such person's license.

4. The Sheriff of the City of St. Louis shall maintain a list of persons licensed to serve process pursuant to this rule, and shall make such list available to litigants upon request.

5. A photo identification card designed by the Sheriff of the City of St. Louis shall be issued in addition to the license.  No other identification will be allowed.  All licenses must be signed and approved by the Sheriff of the City of St. Louis and the Presiding Judge or his designee.

6. A license fee recommended by the Sheriff and approved by the Court En Banc shall be charged to cover the costs of compiling and maintaining the list of process servers and for the training of such process servers.  The license fees shall be made payable to the Sheriff of the City of St. Louis.

Electronically Filed - City of St. Louis - March 03, 2021 - 11:33 AM

7. A license for service of process issued under this rule may be revoked by the Sheriff with the approval of the Presiding Judge or his designee, for any of the following reasons:

   a. Misrepresentation of duty or authority;

   b. Conviction, guilty plea or finding of guilty of any state or federal felony, or a misdemeanor involving moral turpitude;

   c. Improper use of the license;

   d. Making a false return; or

   e. Any other good cause.

   Provided, no service of process made by an appointed process server with a revoked license shall be void if the Court or Circuit Clerk made the appointment in good faith without knowledge of the license revocation.

8. Any person authorized to serve process may carry a concealed firearm as allowed by Section 506.145, RSMo, only while actually engaged in the service of process and only if the person has passed a firearms qualification test approved by a law enforcement agency; provided, however, that any licensed special process server may file a written waiver of the right to carry a concealed firearm and thereby avoid the requirements of firearm training and testing.  Any violation of this section shall be considered beyond the scope of the privilege to carry a concealed weapon that is granted by the appointment, and shall constitute good cause for the revocation of the license.

9. Applications for the appointment of a special process server shall be made on forms available in the offices of the Sheriff and Circuit Clerk.  Orders Appointing special process servers may list more than one licensed server as alternatives.

10. The licenses granted pursuant to this rule shall be good for two years.  Each person granted a license shall be required to reapply at the expiration of the license and shall be required to provide all the information required in the initial application, including a current police record check.

(Approved 9/28/92; amended 11/23/92; 5/31/95; 12/17/07)

Electronically Filed - City of St. Louis - March 10, 2021 - 03:08 PM

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

| | |
|---|---|
| FONTANIA LAWRENCE, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| vs. | ) |
| | )   Cause No.: 2022-CC10591 |
| FAIRFIELD PROCESSING CORPORATION; | ) |
| | ) |
| & | ) |
| | ) |
| VENTURE EXPRESS, INC. | ) |
| Defendants. | ) |

**AFFIDAVIT OF SHAWN APPLEGATE**

I, Shawn Applegate being first duly sworn and upon my oath, state and swear as follows:

1.     I am over eighteen years of age, I am competent to testify, of sound mind, and I have personal knowledge of the facts stated in this Affidavit.

2.     I am the chief legal officer and general counsel for Venture Express, Inc.

3.     Upon review of said records and investigation, I have determined that to the best of my knowledge and belief that on December 19, 2019:

a.     Venture Express Inc. had no company trucks travelling to the city limits of St. Louis, Missouri with the city limits of St. Louis, Missouri as its final destination;

b.     Venture Express Inc. had no company drivers travelling to the city limits of St. Louis, Missouri with the city limits of St. Louis, Missouri as his/her final destination;

c.     Venture Express Inc. had no customers located in the city limits of St. Louis, Missouri; and

d.     Venture Express Inc. has no relationship with Fairfield Processing which

Electronically Filed - City of St. Louis - March 10, 2021 - 03:08 PM

might lead a truck owned by Venture Express Inc. and operated by one of its drivers to be on the premises of Fairfield Processing on said date.

FURTHER AFFIANT SAITH NOT.

**SHAWN APPLEGATE**

SUBSCRIBED AND SWORN to before me on this 10 day of March, 2021.

Notary Public

My Commission Expires: 11/20/23

SONYA TATE
STATE OF TENNESSEE
NOTARY PUBLIC
RUTHERFORD COUNTY

Electronically Filed - City of St. Louis - March 10, 2021 - 10:30 AM

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

| | |
|---|---|
| FONTANIA LAWRENCE, | ) |
| | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| vs. | ) |
| | ) Cause No.: 2022-CC10591 |
| FAIRFIELD PROCESSING CORPORATION; | ) |
| <u>Serve Registered Agent</u>: | ) |
|    Sanford D. Kaufman | ) |
|    301 Main Street, Third Floor | ) **PLAINTIFF DEMANDS TRIAL** |
|    Danbury CT, 06810 | ) **BY JURY ON ALL COUNTS** |
| & | ) |
| | ) |
| VENTURE EXPRESS, LLC | ) |
| <u>Serve Registered Agent</u>: | ) |
|    Dennis Rweikiza, | ) |
|    10211 E Countryside Cir. | ) |
|    Wichita, KS 67207 | ) |
| | ) |
| Defendants. | ) |

## FIRST AMENDED PETITION

COMES NOW Plaintiff Fontania Lawrence ("Plaintiff") by and through by and through

her attorneys of record and pursuant to the Missouri Supreme Court Rules and Rules of Civil

Procedure, and for her Petition against Defendant Fairfield Processing Corporation ("Fairfield"),

and Defendant Venture Express, Inc. ("Venture"), and states to this Honorable Court as follows:

## FACTS COMMON TO ALL COUNTS

1.    Plaintiff is an individual, citizen, and resident of Missouri.

2.    Fairfield is a foreign corporation organized in the state of Connecticut and based

upon information and belief Fairfield's principal place of business is in the State of Missouri.

3.    Fairfield may be served through its registered agent, Sanford D. Kaufman at 301

Main Street, Third Floor, Danbury CT, 06810.

Electronically Filed - City of St. Louis - March 10, 2021 - 10:30 AM

4.      Venture is a foreign corporation organized in the state of Kansas with its principal place of business in the state of Kansas.

5.      Venture may be served through its registered agent, Dennis Rweikiza at 10211 E Countryside Cir. Wichita, KS 67207.

6.      The incident alleged herein occurred on or about December 19, 2019 at between 1:00 p.m. and 2:00 p.m. in the loading dock of the premises owned and operated by Fairfield located at 6432 Prescott Avenue, St. Louis, Missouri ("Premises").

7.      As a corporation, Fairfield acts through its officers, agents, servants, and/or employees.  Thus, any acts or omissions of an officer, agent, servant, and/or employee, made while acting in the scope of authority delegated by the corporation, or within the scope of the duties of said employee, is the act or omission of Fairfield.

8.      At all times herein mentioned and at the time of this crash, Fairfield was acting individually and through its agents, servants, and/or employees, whom were acting within the course and scope of their employment with Fairfield at the time of the incident alleged herein.

9.      Venture is a corporation involved in interstate commerce, and did and does at all times alleged herein avail itself to the benefits of the State of Missouri's highways and roadways to conduct interstate commerce.

10.     As a corporation Venture acts through its officers, agents, servants, and/or employees.  Thus, any acts or omissions of an officer, agent, servant, and/or employee, made while acting in the scope of authority delegated by the corporation, or within the scope of the duties of said employee, is the act or omission of Venture.

Electronically Filed - City of St. Louis - March 10, 2021 - 10:30 AM

11.     At all times herein mentioned and at the time of this crash, Venture was acting individually and through its agent, servant, and/or employee, whom was acting within the course and scope of his employment with Venture at the time of the incident alleged herein.

12.     Venue is proper with this Court pursuant to RSMo. § 508.010 since the negligent actions and omissions alleged herein occurred within St. Louis City, State of Missouri.

13.     This Court has subject matter jurisdiction over this action since the incident alleged herein occurred in St. Louis City, State of Missouri.

14.     On December 19, 2019, Fairfield owned or controlled the management of 6432 Prescott Ave.; St. Louis, Missouri 643147 ("Premises").

15.     At all times alleged herein Plaintiff was working on said premises as an employee for ProLogistix.

16.     At said date and time, Plaintiff was attempting to disconnect a ramp attaching a commercial vehicle owned by Venture from the loading dock attached to Premises.

17.     As Plaintiff attempted to disconnect said ramp, she maintained one foot in the trailer attached to Venture's vehicle and the other on the dock.

18.     As Plaintiff attempted to disconnect the ramp, the driver of said commercial vehicle, and employee of Venture, ("Driver") became distracted and failed to notice that the ramp remained attached and that Plaintiff was still partially inside the vehicle.

19.      Driver then pulled away from said dock forcing Plaintiff to leap to safety to avoid falling into the gap between the truck and the dock.

20.     No employee of Fairfield attempted to warn Driver that Plaintiff stood partially within the trailer.

Electronically Filed - City of St. Louis - March 10, 2021 - 10:30 AM

21.     At no point did any employee of Fairfield attempt to stop Driver from pulling away from the dock.

22.     At no point before Driver pulled away did any employee of Fairfield attempt to warn Plaintiff of the movement of the tractor trailer and/or the hazardous condition being created.

23.     As Plaintiff leaped from the truck to the dock, she landed hyperextending her left knee and pulling and tearing the ligaments and tendons attached thereto.

24.     As a direct result of one or more of Defendants' failures Plaintiff sustained damages.

25.     That as a direct and proximate result of Defendants' negligence alleged herein, Plaintiff, was caused to suffer serious, permanent, and disabling injuries to her left leg, knee, and the ligaments, muscles, and tendons attached thereto.

26.     That as a direct and proximate result of the aforesaid negligent acts and omissions of the Defendants, Plaintiff has incurred past medical expenses in excess of $40,000.00.

27.     Plaintiff will incur further medical expenses in the future.

28.     That Plaintiff has been caused to suffer painful, permanent and disabling injuries to the aforementioned areas of her body and will continue to suffer from these painful, permanent and disabling injuries in the future as a result of the fall as alleged herein and will need to undergo medical treatment in the future.

29.     That as a direct and proximate result of the aforesaid negligence of Defendants, Plaintiff's activities and her enjoyment of life has been limited.

30.     That as a direct and proximate cause of the aforesaid negligence of Defendants, Plaintiff required surgical intervention.

Electronically Filed - City of St. Louis - March 10, 2021 - 10:30 AM

31.     That as a direct and proximate result of the aforesaid negligence of Defendants, Plaintiff has incurred scarring and disfigurement.

32.     That as a direct and proximate result of the aforesaid negligence of Defendants, Plaintiff has lost past wages.

33.     That as a direct and proximate result of the aforesaid negligence of Defendants, Plaintiff will suffer future loss of wages.

WHEREFORE Plaintiff prays for a judgment in a sum in excess of Twenty-Five Thousand Dollars ($25,000.00) as determined fair and reasonable by a jury against Defendants jointly and severally, all interest allowed under Missouri law at the maximum amount, together with all taxable costs and for such other relief this Court deems just and proper under the circumstances.

<u>**COUNT I**</u>
<u>**NEGLIGENCE**</u>
<u>**AGAINST DEFENDANTS VENTURE EXPRESS, INC.**</u>

COMES NOW Plaintiff, and for Count I of her Petition restates, realleges, and incorporates by reference Paragraphs 1-33 above and in addition thereto states to the Court as follows:

34.     That the time of the incident and at all times alleged herein, Driver was acting in the course and scope of his employment with Venture.  Thus, at the time of the crash alleged herein Driver was an agent, servant, and/or employee of Venture and as such, Venture is vicariously liable for the actions and omissions of Driver, its agent, servant, and/or employee.

Electronically Filed - City of St. Louis - March 10, 2021 - 10:30 AM

35.     At the time of this crash, Driver was an agent, servant and/or employee under the control, right of control, joint and mutual control, or joint and mutual right of control of Venture and as such all of the acts of negligence on his part were committed within the course and scope of his agency and employment with Venture.

36.     At the time of the incident alleged herein, Venture, through its agents, servants, and employees including, but not limited to Driver were negligent, careless, and breached their duty of care to the general public and Plaintiff on the date alleged herein in one or more of the following respects:

    a.  Failed to have the motor vehicle under proper control;

    b.  Failed to keep a proper lookout and pay attention;

    c.  Operated the tractor while distracted, tired or fatigued;

    d.  Operated the tractor without adequate training, experience, or qualifications;

    e.  Drove while under the influence of alcohol and/or drugs;

    f.  Failing to exercise the highest degree of care under the circumstances.

37.     Each of the negligent acts or omissions by Venture, as alleged herein was a direct and proximate cause of the incident and the resulting injuries and damages to Plaintiff.

38.     The actions of Venture as alleged herein showed a complete indifference to or conscious disregard for the safety of Plaintiff and other human beings.

WHEREFORE Plaintiff prays for a judgment in a sum in excess of Twenty-Five Thousand Dollars ($25,000.00) as determined fair and reasonable by a jury against Defendants jointly and severally, all interest allowed under Missouri law at the maximum amount, together with all taxable costs and for such other relief this Court deems just and proper under the circumstances.

Electronically Filed - City of St. Louis - March 10, 2021 - 10:30 AM

## COUNT II
## NEGLIGENCE
## AGAINST DEFENDANTS FAIRFIELD PROCESSING.

COMES NOW Plaintiff, and for Count II of her Petition restates, realleges, and incorporates by reference Paragraphs 1-33 above and in addition thereto states to the Court as follows:

39.     On February 17, 2019, Fairfield owned, controlled, or possessed Premises where Plaintiff worked as an independent contractor.

40.     That at the time of the incident and at all times alleged herein, Fairfield oversaw the work of contracted temporary employees such as Plaintiff and held a responsibility to maintain a reasonably safe working environment.

41.     That at the time of this incident, Fairfield, through its agents, servants, and employees:

   a.   Failed to adopt or implement policies, procedures, or standing orders to avoid injuries while loading or unloading tractor-trailers in the loading dock.

42.     In the alternative to and/or in addition to the allegations of paragraph 40, Fairfield:

   a.   Failed to notify its employees, agents, or contractors, of any policies, procedures, or standing orders to avoid injuries while loading or unloading tractor-trailers in the loading dock;

   b.   Failed to properly supervise its employees, agents, or contractors working on the loading dock;

   c.   Failed to properly train its employees, agents, or contractors regarding any policies, procedures, or standing orders set in place to avoid injuries while loading or unloading tractor-trailers in the loading dock;

   d.   Failed to notify Driver before he pulled away from the dock that Plaintiff was still inside the trailer; and

   e.   Failed to warn Plaintiff that Driver was pulling away from the dock.

Electronically Filed - City of St. Louis - March 10, 2021 - 10:30 AM

43.     That such failures and omissions created a foreseeable likelihood of a harm or injury.

44.      That in so doing, Fairfield was thereby negligent.

45.     That as a direct and proximate result of such negligence, Plaintiff sustained the damages alleged above.

WHEREFORE Plaintiff prays for a judgment in a sum in excess of Twenty-Five Thousand Dollars ($25,000.00) as determined fair and reasonable by a jury against Defendants jointly and severally, all interest allowed under Missouri law at the maximum amount, together with all taxable costs and for such other relief this Court deems just and proper under the circumstances.

**Respectfully Submitted,**

**THE CAGLE LAW FIRM**

**By** _____
**John S. Appelbaum Jr., MO#71766**
500 North Broadway, Suite 1605
St. Louis, MO 63102
Phone: (314) 241-1700
Fax: (314) 241-1738
E-mail: john@caglellc.com
*Attorneys for Plaintiff*

Electronically Filed - City of St. Louis - March 10, 2021 - 03:16 PM

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

FONTANIA LAWRENCE,                          )
                                            )
                            Plaintiff,      )        Cause No.: 2022-CC10591
vs.                                         )
                                            )        Division:
FAIRFIELD PROCESSING CORPORATION            )
Et. Al.                                     )
                                            )
                            Defendants.     )

**RULE 67.02(a) DISMISSAL OF VENTURE EXPRESS INC. WITHOUT PREJUDICE**

     COMES NOW Plaintiff by and through her attorneys of record and dismisses only
Defendant Venture Express Inc., *without* prejudice pursuant to Rule 67.02(a). Said dismissal in no
way impacts allegations against Venture Express LLC or Fairfield Processing.

                               Respectfully Submitted,

                               **THE CAGLE LAW FIRM, LLC**

                               By_____
                               **John S. Appelbaum Jr., MO #71766**
                               john@caglellc.com
                               500 North Broadway, Ste. 1605
                               St. Louis, MO  63102
                               Phone: (314) 241-1700
                               Fax: (314) 241-1738
                               *Attorneys for Plaintiff*

Electronically Filed - City of St. Louis - March 11, 2021 - 09:50 AM

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

| | | |
|---|---|---|
| FONTANIA LAWRENCE, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | |
| | ) | Cause No.: 2022-CC10591 |
| FAIRFIELD PROCESSING CORPORATION; | ) | |
| <u>Serve Registered Agent</u>: | ) | |
|    Sanford D. Kaufman | ) | |
|    301 Main Street, Third Floor | ) | **<u>PLAINTIFF DEMANDS TRIAL</u>** |
|    Danbury CT, 06810 | ) | **<u>BY JURY ON ALL COUNTS</u>** |
| & | ) | |
| | ) | |
| VENTURE EXPRESS, LLC | ) | |
| <u>Serve Registered Agent</u>: | ) | |
|    Dennis Rweikiza, | ) | |
|    10211 E Countryside Cir. | ) | |
|    Wichita, KS 67207 | ) | |
| | ) | |
| Defendants. | ) | |

**<u>FIRST AMENDED PETITION</u>**

COMES NOW Plaintiff Fontania Lawrence ("Plaintiff") by and through by and through her attorneys of record and pursuant to the Missouri Supreme Court Rules and Rules of Civil Procedure, and for her Petition against Defendant Fairfield Processing Corporation ("Fairfield"), and Defendant Venture Express, Inc. ("Venture"), and states to this Honorable Court as follows:

**<u>FACTS COMMON TO ALL COUNTS</u>**

1.      Plaintiff is an individual, citizen, and resident of Missouri.

2.      Fairfield is a foreign corporation organized in the state of Connecticut and based upon information and belief Fairfield's principal place of business is in the State of Missouri.

3.      Fairfield may be served through its registered agent, Sanford D. Kaufman at 301 Main Street, Third Floor, Danbury CT, 06810.

Electronically Filed - City of St. Louis - March 11, 2021 - 09:50 AM

4.      Venture is a foreign corporation organized in the state of Kansas with its principal place of business in the state of Kansas.

5.      Venture may be served through its registered agent, Dennis Rweikiza at 10211 E Countryside Cir. Wichita, KS 67207.

6.      The incident alleged herein occurred on or about December 19, 2019 at between 1:00 p.m. and 2:00 p.m. in the loading dock of the premises owned and operated by Fairfield located at 6432 Prescott Avenue, St. Louis, Missouri ("Premises").

7.      As a corporation, Fairfield acts through its officers, agents, servants, and/or employees.  Thus, any acts or omissions of an officer, agent, servant, and/or employee, made while acting in the scope of authority delegated by the corporation, or within the scope of the duties of said employee, is the act or omission of Fairfield.

8.      At all times herein mentioned and at the time of this crash, Fairfield was acting individually and through its agents, servants, and/or employees, whom were acting within the course and scope of their employment with Fairfield at the time of the incident alleged herein.

9.      Venture is a corporation involved in interstate commerce, and did and does at all times alleged herein avail itself to the benefits of the State of Missouri's highways and roadways to conduct interstate commerce.

10.     As a corporation Venture acts through its officers, agents, servants, and/or employees.  Thus, any acts or omissions of an officer, agent, servant, and/or employee, made while acting in the scope of authority delegated by the corporation, or within the scope of the duties of said employee, is the act or omission of Venture.

Electronically Filed - City of St. Louis - March 11, 2021 - 09:50 AM

11.     At all times herein mentioned and at the time of this crash, Venture was acting individually and through its agent, servant, and/or employee, whom was acting within the course and scope of his employment with Venture at the time of the incident alleged herein.

12.     Venue is proper with this Court pursuant to RSMo. § 508.010 since the negligent actions and omissions alleged herein occurred within St. Louis City, State of Missouri.

13.     This Court has subject matter jurisdiction over this action since the incident alleged herein occurred in St. Louis City, State of Missouri.

14.     On December 19, 2019, Fairfield owned or controlled the management of 6432 Prescott Ave.; St. Louis, Missouri 643147 ("Premises").

15.     At all times alleged herein Plaintiff was working on said premises as an employee for ProLogistix.

16.     At said date and time, Plaintiff was attempting to disconnect a ramp attaching a commercial vehicle owned by Venture from the loading dock attached to Premises.

17.     As Plaintiff attempted to disconnect said ramp, she maintained one foot in the trailer attached to Venture's vehicle and the other on the dock.

18.     As Plaintiff attempted to disconnect the ramp, the driver of said commercial vehicle, and employee of Venture, ("Driver") became distracted and failed to notice that the ramp remained attached and that Plaintiff was still partially inside the vehicle.

19.      Driver then pulled away from said dock forcing Plaintiff to leap to safety to avoid falling into the gap between the truck and the dock.

20.     No employee of Fairfield attempted to warn Driver that Plaintiff stood partially within the trailer.

3

Electronically Filed - City of St. Louis - March 11, 2021 - 09:50 AM

21.     At no point did any employee of Fairfield attempt to stop Driver from pulling away from the dock.

22.     At no point before Driver pulled away did any employee of Fairfield attempt to warn Plaintiff of the movement of the tractor trailer and/or the hazardous condition being created.

23.     As Plaintiff leaped from the truck to the dock, she landed hyperextending her left knee and pulling and tearing the ligaments and tendons attached thereto.

24.     As a direct result of one or more of Defendants' failures Plaintiff sustained damages.

25.     That as a direct and proximate result of Defendants' negligence alleged herein, Plaintiff, was caused to suffer serious, permanent, and disabling injuries to her left leg, knee, and the ligaments, muscles, and tendons attached thereto.

26.     That as a direct and proximate result of the aforesaid negligent acts and omissions of the Defendants, Plaintiff has incurred past medical expenses in excess of $40,000.00.

27.     Plaintiff will incur further medical expenses in the future.

28.     That Plaintiff has been caused to suffer painful, permanent and disabling injuries to the aforementioned areas of her body and will continue to suffer from these painful, permanent and disabling injuries in the future as a result of the fall as alleged herein and will need to undergo medical treatment in the future.

29.     That as a direct and proximate result of the aforesaid negligence of Defendants, Plaintiff's activities and her enjoyment of life has been limited.

30.     That as a direct and proximate cause of the aforesaid negligence of Defendants, Plaintiff required surgical intervention.

Electronically Filed - City of St. Louis - March 11, 2021 - 09:50 AM

31.     That as a direct and proximate result of the aforesaid negligence of Defendants, Plaintiff has incurred scarring and disfigurement.

32.     That as a direct and proximate result of the aforesaid negligence of Defendants, Plaintiff has lost past wages.

33.     That as a direct and proximate result of the aforesaid negligence of Defendants, Plaintiff will suffer future loss of wages.

WHEREFORE Plaintiff prays for a judgment in a sum in excess of Twenty-Five Thousand Dollars ($25,000.00) as determined fair and reasonable by a jury against Defendants jointly and severally, all interest allowed under Missouri law at the maximum amount, together with all taxable costs and for such other relief this Court deems just and proper under the circumstances.

<div align="center">

**COUNT I**
**NEGLIGENCE**
**AGAINST DEFENDANTS VENTURE EXPRESS, INC.**

</div>

COMES NOW Plaintiff, and for Count I of her Petition restates, realleges, and incorporates by reference Paragraphs 1-33 above and in addition thereto states to the Court as follows:

34.     That the time of the incident and at all times alleged herein, Driver was acting in the course and scope of his employment with Venture.  Thus, at the time of the crash alleged herein Driver was an agent, servant, and/or employee of Venture and as such, Venture is vicariously liable for the actions and omissions of Driver, its agent, servant, and/or employee.

Electronically Filed - City of St. Louis - March 11, 2021 - 09:50 AM

35.    At the time of this crash, Driver was an agent, servant and/or employee under the control, right of control, joint and mutual control, or joint and mutual right of control of Venture and as such all of the acts of negligence on his part were committed within the course and scope of his agency and employment with Venture.

36.    At the time of the incident alleged herein, Venture, through its agents, servants, and employees including, but not limited to Driver were negligent, careless, and breached their duty of care to the general public and Plaintiff on the date alleged herein in one or more of the following respects:

   a.   Failed to have the motor vehicle under proper control;

   b.   Failed to keep a proper lookout and pay attention;

   c.   Operated the tractor while distracted, tired or fatigued;

   d.   Operated the tractor without adequate training, experience, or qualifications;

   e.   Drove while under the influence of alcohol and/or drugs;

   f.   Failing to exercise the highest degree of care under the circumstances.

37.    Each of the negligent acts or omissions by Venture, as alleged herein was a direct and proximate cause of the incident and the resulting injuries and damages to Plaintiff.

38.    The actions of Venture as alleged herein showed a complete indifference to or conscious disregard for the safety of Plaintiff and other human beings.

WHEREFORE Plaintiff prays for a judgment in a sum in excess of Twenty-Five Thousand Dollars ($25,000.00) as determined fair and reasonable by a jury against Defendants jointly and severally, all interest allowed under Missouri law at the maximum amount, together with all taxable costs and for such other relief this Court deems just and proper under the circumstances.

Electronically Filed - City of St. Louis - March 11, 2021 - 09:50 AM

**COUNT II**
**NEGLIGENCE**
**AGAINST DEFENDANTS FAIRFIELD PROCESSING.**

COMES NOW Plaintiff, and for Count II of her Petition restates, realleges, and incorporates by reference Paragraphs 1-33 above and in addition thereto states to the Court as follows:

39.     On February 17, 2019, Fairfield owned, controlled, or possessed Premises where Plaintiff worked as an independent contractor.

40.     That at the time of the incident and at all times alleged herein, Fairfield oversaw the work of contracted temporary employees such as Plaintiff and held a responsibility to maintain a reasonably safe working environment.

41.     That at the time of this incident, Fairfield, through its agents, servants, and employees:

    a.   Failed to adopt or implement policies, procedures, or standing orders to avoid injuries while loading or unloading tractor-trailers in the loading dock.

42.     In the alternative to and/or in addition to the allegations of paragraph 40, Fairfield:

    a.   Failed to notify its employees, agents, or contractors, of any policies, procedures, or standing orders to avoid injuries while loading or unloading tractor-trailers in the loading dock;

    b.   Failed to properly supervise its employees, agents, or contractors working on the loading dock;

    c.   Failed to properly train its employees, agents, or contractors regarding any policies, procedures, or standing orders set in place to avoid injuries while loading or unloading tractor-trailers in the loading dock;

    d.   Failed to notify Driver before he pulled away from the dock that Plaintiff was still inside the trailer; and

    e.   Failed to warn Plaintiff that Driver was pulling away from the dock.

Electronically Filed - City of St. Louis - March 11, 2021 - 09:50 AM

43.    That such failures and omissions created a foreseeable likelihood of a harm or injury.

44.     That in so doing, Fairfield was thereby negligent.

45.    That as a direct and proximate result of such negligence, Plaintiff sustained the damages alleged above.

WHEREFORE Plaintiff prays for a judgment in a sum in excess of Twenty-Five Thousand Dollars ($25,000.00) as determined fair and reasonable by a jury against Defendants jointly and severally, all interest allowed under Missouri law at the maximum amount, together with all taxable costs and for such other relief this Court deems just and proper under the circumstances.

**Respectfully Submitted,**

**THE CAGLE LAW FIRM**

**By** _____
**John S. Appelbaum Jr., MO#71766**
500 North Broadway, Suite 1605
St. Louis, MO 63102
Phone: (314) 241-1700
Fax: (314) 241-1738
E-mail: john@caglellc.com
*Attorneys for Plaintiff*

Electronically Filed - City of St. Louis - March 16, 2021 - 11:53 AM

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

FONTANIA LAWRENCE,                      )
                                        )
                    Plaintiff,          )       Cause No.: 2022-CC10591
vs.                                     )
                                        )       Division:
FAIRFIELD PROCESSING CORPORATION        )
Et. Al.                                 )
                                        )
                    Defendants.         )

**RULE 67.02(a) DISMISSAL OF VENTURE EXPRESS INC. WITHOUT PREJUDICE**

COMES NOW Plaintiff by and through her attorneys of record and dismisses only

Defendant Venture Express Inc., *without* prejudice pursuant to Rule 67.02(a). Said dismissal in no

way impacts allegations against Venture Express LLC or Fairfield Processing.


                        Respectfully Submitted,

                        **THE CAGLE LAW FIRM, LLC**

                        By_____
                        **John S. Appelbaum Jr., MO #71766**
                        john@caglellc.com
                        500 North Broadway, Ste. 1605
                        St. Louis, MO  63102
                        Phone: (314) 241-1700
                        Fax: (314) 241-1738
                        *Attorneys for Plaintiff*

Electronically Filed - City of St. Louis - March 17, 2021 - 02:18 PM

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

| | | |
|---|---|---|
| FONTANIA LAWRENCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Cause No.: 2022-CC10591 |
| | ) | |
| FAIRFIELD PROCESSING | ) | |
| CORPORATION, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| and | ) | |
| | ) | |
| VENTURE EXPRESS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

<u>**ENTRY OF APPEARANCE**</u>

COMES NOW John A. Mazzei, Brown & James, P.C., and hereby enters his appearance on behalf of Defendant Fairfield Processing Corporation.

Respectfully submitted,

**BROWN & JAMES, P.C.**

/s/ *John A. Mazzei*
John A. Mazzei, MO # 51398
jmazzei@bjpc.com
dbuchanan@bjpc.com
800 Market Street, Suite 1100
St. Louis, Missouri, 63101
(314) 421-3400
(314) 421-3128 (fax)
**ATTORNEYS FOR DEFENDANT**
**FAIRFIELD PROCESSING CORPORATION**

Electronically Filed - City of St. Louis - March 17, 2021 - 02:18 PM

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of March, 2021, the foregoing was electronically filed using the Missouri eFiling system, which will send notice of electronic filing to all registered attorneys of record. I further certify that pursuant to Rule 55.03(a), I signed the original of the foregoing and that the original signed copy is maintained at our office.

/s/ *John A. Mazzei*

JAM/llw
25650639.1

Electronically Filed - City of St. Louis - March 17, 2021 - 05:06 PM

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

| | | |
|---|---|---|
| FONTANIA LAWRENCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Cause No.: 2022-CC10591 |
| | ) | |
| FAIRFIELD PROCESSING | ) | |
| CORPORATION, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| and | ) | |
| | ) | |
| VENTURE EXPRESS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT FAIRFIELD PROCESSING CORPORATION'S
ANSWER TO PLAINTIFF'S PETITION**

COMES NOW Defendant Fairfield Processing Corporation ("Defendant"), by and through counsel, and for its Answer to Plaintiff's Petition, states as follows:

**FACTS COMMON TO ALL COUNTS**

1.  Defendant is without sufficient information to admit or deny paragraph 1 of Plaintiff's Petition, and therefore denies same.

2.  Defendant admits it is a foreign corporation organized in the State of Connecticut with its principal place of business in the State of Connecticut.  Defendant denies the remaining allegation in paragraph 2 of Plaintiff's Petition.

3.  Defendant admits the allegations contained in paragraph 3 of Plaintiff's Petition.

4.  Defendant is without sufficient information to admit or deny paragraph 4 of Plaintiff's Petition, and therefore denies same.

5.  Defendant is without sufficient information to admit or deny paragraph 5 of Plaintiff's Petition, and therefore denies same.

6.  Defendant denies the allegations contained in paragraph 6 of Plaintiff's Petition.

Electronically Filed - City of St. Louis - March 17, 2021 - 05:06 PM

7.  The allegations contained in paragraph 7 of Plaintiff's Petition are legal conclusions and require no response. To the extent a response is required, Defendant admits as a general matter that alleged acts or omissions of an officer or employee, made while acting in the scope of authority delegated by a corporation, or within the scope of duties of an employee, are generally considered the alleged acts or omissions of the corporation.  Defendant is without sufficient information to admit or deny the remaining allegations of paragraph 7, and therefore denies same.

8.  The allegations contained in paragraph 8 of Plaintiff's Petition are legal conclusions and require no response. To the extent a response is required, Defendant is without sufficient information to admit or deny the allegations contained in paragraph 8, and therefore denies same.

9.  Defendant is without sufficient information to admit or deny paragraph 9 of Plaintiff's Petition, and therefore denies same.

10.  The allegations contained in paragraph 10 of Plaintiff's Petition are legal conclusions and require no response. To the extent a response is required, Defendant admits as a general matter that alleged acts or omissions of an officer or employee, made while acting in the scope of authority delegated by a corporation, or within the scope of duties of an employee, are generally considered the alleged acts or omissions of the corporation.  Defendant is without sufficient information to admit or deny the remaining allegations of paragraph 10, and therefore denies same.

11.  The allegations contained in paragraph 11 of Plaintiff's Petition are legal conclusions and require no response. To the extent a response is required, Defendant admits as a general matter that alleged acts or omissions of an officer or employee, made while acting in the scope of authority delegated by a corporation, or within the scope of duties of an employee, are generally considered the alleged acts or omissions of the corporation.  Defendant is without sufficient information to admit or deny the remaining allegations of paragraph 11, and therefore denies same.

Electronically Filed - City of St. Louis - March 17, 2021 - 05:06 PM

12.  The allegations contained in paragraph 12 of Plaintiff's Petition are legal conclusions and require no response. To the extent a response is required, Defendant denies same.

13.  The allegations contained in paragraph 13 of Plaintiff's Petition are legal conclusions and require no response. To the extent a response is required, Defendant denies same.

14.  Defendant admits that on or about December 19, 2019, it leased and conducted business at 6432 Prescott Avenue, St. Louis, Missouri 63147 ("Premises"). Defendant denies the remaining allegations contained in Paragraph 14 of Plaintiff's Petition.

15.  Defendant admits that on or about December 18, 2019, Plaintiff was working on the Premises as an employee of ProLogistix upon information and belief.  Defendant is without sufficient information to admit or deny the remaining allegations of paragraph 15, and therefore denies same.

16.  Defendant is without sufficient information to admit or deny paragraph 16 of Plaintiff's Petition, and therefore denies same.

17.  Defendant is without sufficient information to admit or deny paragraph 17 of Plaintiff's Petition, and therefore denies same.

18.  Defendant is without sufficient information to admit or deny paragraph 18 of Plaintiff's Petition, and therefore denies same.

19.  Defendant is without sufficient information to admit or deny paragraph 19 of Plaintiff's Petition, and therefore denies same.

20.  Defendant is without sufficient information to admit or deny paragraph 20 of Plaintiff's Petition, and therefore denies same.

21.  Defendant is without sufficient information to admit or deny paragraph 21 of Plaintiff's Petition, and therefore denies same.

Electronically Filed - City of St. Louis - March 17, 2021 - 05:06 PM

22.  Defendant is without sufficient information to admit or deny paragraph 22 of Plaintiff's Petition, and therefore denies same.

23.  Defendant denies the allegations contained in paragraph 23 of Plaintiff's Petition.

24.  Defendant denies the allegations contained in paragraph 24 of Plaintiff's Petition.

25.  Defendant denies the allegations contained in paragraph 25 of Plaintiff's Petition.

26.  Defendant denies the allegations contained in paragraph 26 of Plaintiff's Petition.

27.  Defendant denies the allegations contained in paragraph 27 of Plaintiff's Petition.

28.  Defendant denies the allegations contained in paragraph 28 of Plaintiff's Petition.

29.  Defendant denies the allegations contained in paragraph 29 of Plaintiff's Petition.

30.  Defendant denies the allegations contained in paragraph 30 of Plaintiff's Petition.

31.  Defendant denies the allegations contained in paragraph 31 of Plaintiff's Petition.

32.  Defendant denies the allegations contained in paragraph 32 of Plaintiff's Petition.

33.  Defendant denies the allegations contained in paragraph 33 of Plaintiff's Petition.

<u>**COUNT I**</u>
<u>**NEGLIGENCE**</u>
<u>**AGAINST DEFENDANT VENTURE EXPRESS, INC.**</u>

This Defendant makes no Answer to the allegations contained in Count I of Plaintiff's Petition for the reason that Count I is directed against Defendant Venture Express, Inc., against whom judgment is prayed and no judgment is prayed against this Defendant. However, should it be construed that any of the allegations in Count I are directed against this Defendant, then this Defendant denies each and every one of those allegations.

Electronically Filed - City of St. Louis - March 17, 2021 - 05:06 PM

**COUNT II**
**NEGLIGENCE**
**AGAINST DEFENDANT FAIRFIELD PROCESSING**

COMES NOW Defendant Fairfield Processing Corporation ("Defendant"), and for Count II of Plaintiff's Petition, hereby incorporates its responses to paragraphs 1-33 as if fully stated herein, and states as follows:

39.  Defendant admits that on or about December 18, 2019, it leased the Premises where Plaintiff was an employee of ProLogistix upon information and belief.  Defendant has insufficient information to admit or deny the remaining allegations contained in paragraph 39 of Plaintiff's Petition, and therefore denies same.

40.  Defendant admits that on or about December 18, 2019, Plaintiff was working on the Premises as an employee of ProLogistix upon information and belief.  The remaining allegations contained in paragraph 40 are legal conclusions and require no response. To the extent a response is required, Defendant admits its duties are determined by Missouri law.

41.  Defendant denies the allegations contained in paragraph 41 of Plaintiff's Petition, and all subparts thereto.

42.  Defendant denies the allegations contained in subparts a, b, and c of paragraph 42. Defendant is without sufficient information to admit or deny the remaining allegations contained in paragraph 42 of Plaintiff's Petition, including subparts d and e, and therefore denies same.

43.  Defendant denies the allegations contained in paragraph 43 of Plaintiff's Petition.

44.  Defendant denies the allegations contained in paragraph 44 of Plaintiff's Petition.

45.  Defendant denies the allegations contained in paragraph 45 of Plaintiff's Petition.

Electronically Filed - City of St. Louis - March 17, 2021 - 05:06 PM

## **AFFIRMATIVE DEFENSES**

46.  For further Answer and affirmative defense, Defendant states that Plaintiff's Petition fails to state a claim.

47.  For further Answer and affirmative defense, Defendant states that whatever injuries were sustained by Plaintiff, if any, were the direct and proximate result of Plaintiff's carelessness, negligence, and/or comparative fault.

48.  For further Answer and affirmative defense, Defendant states that whatever injuries sustained by Plaintiff, if any, were caused by or contributed to be caused by other individuals or entities outside this Defendant's control.

49.  For further Answer and affirmative defense, Defendant states that pursuant to §490.715 R.S.Mo, effective August 28, 2017, Plaintiff is limited to introduce at trial only the evidence of the actual cost of medical care, which is defined as the sum of money not to exceed the dollar amounts paid by or on behalf of Plaintiff plus any remaining dollar amount necessary to satisfy the financial obligation for medical care by a health care provider after adjustments or contractual discounts, price reductions, or write-offs by any person or entity.

50.  For further Answer and affirmative defense, Defendant reserves the right to raise additional affirmative defenses as discovery progresses in this matter.

WHEREFORE, having fully answered and responded to Plaintiff's Petition, Defendant Fairfield Processing Corporation prays to be dismissed with its cost herein expended, and for such other and further relief as the Court deems just and proper.

Electronically Filed - City of St. Louis - March 17, 2021 - 05:06 PM

Respectfully submitted,

**BROWN & JAMES, P.C.**


/s/ *John A. Mazzei*
John A. Mazzei, MO # 51398
jmazzei@bjpc.com
dbuchanan@bjpc.com
800 Market Street, Suite 1100
St. Louis, Missouri, 63101
(314) 421-3400
(314) 421-3128 (fax)
**ATTORNEY FOR DEFENDANT**
**FAIRFIELD PROCESSING CORPORATION**


<u>**CERTIFICATE OF SERVICE**</u>

      I hereby certify that on this 17th day of March, 2021, the foregoing was electronically filed using the Missouri eFiling system, which will send notice of electronic filing to all registered attorneys of record. I further certify that pursuant to Rule 55.03(a), I signed the original of the foregoing and that the original signed copy is maintained at our office.


      /s/ *John A. Mazzei*


JAM/llw
25653197.1

7

# IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| | | |
|---|---|---|
| Judge or Division:<br>MICHAEL FRANCIS STELZER | **Case Number: 2022-CC10591** | Special Process Server 1 |
| Plaintiff/Petitioner:<br>FONTANIA LAWRENCE<br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>JOHN S APPELBAUM<br>105 FOREST GLADE<br>IMPERIAL, MO 63052 | Special Process Server 2<br>Special Process Server 3 |
| Defendant/Respondent:<br>FAIRFIELD PROCESSING CORPORATION | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 | (Date File Stamp) |
| Nature of Suit:<br>CC Pers Injury-Other | | |

## Summons for Personal Service Outside the State of Missouri
**(Except Attachment Action)**

**The State of Missouri to: VENTURE EXPRESS LLC**
**Alias:**

**C/O DENNIS RWEIKIZA RAGT**
**10211 E COUNTYSIDE CIR**
**WICHITA, KS 67207**

***COURT SEAL OF***
***CITY OF ST LOUIS***

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

**March 19, 2021** ______________________ Thomas Kloeppinger
Date Clerk

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is ______________________ of ______________________ County, ______________ (state).
3. I have served the above summons by: (check one)
   - ☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
   - ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with ______________________, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
   - ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to ______________________ (name) ______________________ (title).
   - ☐ other: ______________________.

Served at ______________________ (address)

in ______________________County, ______________ (state), on ______________ (date) at ____________ (time).

______________________ Printed Name of Sheriff or Server
______________________ Signature of Sheriff or Server

**Subscribed and sworn to** before me this ___________ (day) ______________ (month) _________ (year).

I am: (check one)
- ☐ the clerk of the court of which affiant is an officer.
- ☐ the judge of the court of which affiant is an officer.
- ☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
- ☐ authorized to administer oaths. (use for court-appointed server)

*(Seal)*

______________________ Signature and Title

**Service Fees**

| | |
|---|---|
| Summons | $__________________ |
| Non Est | $__________________ |
| Mileage | $__________________ (______________miles @ $ _______ per mile) |
| **Total** | **$__________________** |

**See the following page for directions to officer making return on service of summons.**

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age who permanently resides with the defendant/respondent, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must be made less than 10 days nor more than 30 days from the date the defendant/respondent is to appear in court. The return should be made promptly, and in any event so that it will reach the Missouri court within 30 days after service.

Electronically Filed - City of St. Louis - April 02, 2021 - 03:18 PM

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

| | | |
|---|---|---|
| FONTANIA LAWRENCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Cause No.: 2022-CC10591 |
| | ) | |
| FAIRFIELD PROCESSING | ) | |
| CORPORATION, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| VENTURE EXPRESS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

The undersigned certifies that Defendant Fairfield Processing Corporation served its

Objections to Plaintiff's First Interrogatories and Objections to Plaintiff's First Request for

Production of Documents via Electronic Mail to: **john@caglellc.com,** John S. Appelbaum, Jr.

The Cagle Law Firm, 500 North Broadway, Suite 1605, St. Louis, MO  63102 on this 2nd day of

April, 2021.


BROWN & JAMES, P.C.


/s/ *John A. Mazzei*
John A. Mazzei, MO # 51398
jmazzei@bjpc.com
dbuchanan@bjpc.com
800 Market Street, Suite 1100
St. Louis, Missouri, 63101
(314) 421-3400
(314) 421-3128 (fax)
Attorneys For Defendant,
Fairfield Processing Corporation

Electronically Filed - City of St. Louis - April 02, 2021 - 03:18 PM

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of April, 2021, the foregoing was electronically filed using the Missouri eFiling system, which will send notice of electronic filing to all registered attorneys of record. I further certify that pursuant to Rule 55.03(a), I signed the original of the foregoing and that the original signed copy is maintained at our office.

/s/ *John A. Mazzei*

JAM/llw
25650607.1

JAM/llw
25650607.1

Electronically Filed - City of St. Louis - April 07, 2021 - 02:50 PM

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

FONTANIA LAWRENCE,                    )
                                      )
              Plaintiff,              )
                                      )
vs.                                   )
                                      )     Cause No.: 2022-CC10591
                                      )
FAIRFIELD PROCESSING                  )
CORPORATION,                          )
                                      )
and                                   )
                                      )
VENTURE EXPRESS, INC.,                )
                                      )
              Defendants.             )

## CERTIFICATE OF SERVICE

        The undersigned certifies that Defendant Fairfield Processing Corporation served its First

Interrogatories to Plaintiff and First Request for Production of Documents to Plaintiff in Word

Format via Electronic Mail to: **john@caglellc.com,** John S. Appelbaum, Jr., The Cagle Law Firm,

500 North Broadway, Suite 1605, St. Louis, MO  63102 on this 7th day of April, 2021.



                              BROWN & JAMES, P.C.


                              /s/ *John A. Mazzei*
                              John A. Mazzei, MO # 51398
                              jmazzei@bjpc.com
                              dbuchanan@bjpc.com
                              800 Market Street, Suite 1100
                              St. Louis, Missouri, 63101
                              (314) 421-3400
                              (314) 421-3128 (fax)
                              Attorneys For Defendant,
                              Fairfield Processing Corporation

Electronically Filed - City of St. Louis - April 07, 2021 - 02:50 PM

**CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of April, 2021, the foregoing was electronically filed using the Missouri eFiling system, which will send notice of electronic filing to all registered attorneys of record. I further certify that pursuant to Rule 55.03(a), I signed the original of the foregoing and that the original signed copy is maintained at our office.

/s/ *John A. Mazzei*

JAM/llw
25777953.1

JAM/llw
25650607.1

Electronically Filed - City of St. Louis - April 15, 2021 - 08:47 AM

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

| | |
|---|---|
| FONTANIA LAWRENCE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | )   Cause No.: 2022-CC10591 |
| | ) |
| FAIRFIELD PROCESSING | ) |
| CORPORATION, | ) |
| | )   **JURY TRIAL DEMANDED** |
| and | ) |
| | ) |
| VENTURE EXPRESS, LLC., | ) |
| | ) |
| Defendants. | ) |

## DEFENDANT FAIRFIELD PROCESSING CORPORATION'S ANSWER TO PLAINTIFF'S FIRST AMENDED PETITION

COMES NOW Defendant Fairfield Processing Corporation ("Defendant"), by and through counsel, and for its Answer to Plaintiff's First Amended Petition, states as follows:

## FACTS COMMON TO ALL COUNTS

1.  Defendant is without sufficient information to admit or deny paragraph 1 of Plaintiff's First Amended Petition, and therefore denies same.

2.  Defendant admits it is a foreign corporation organized in the State of Connecticut with its principal place of business in the State of Connecticut.  Defendant denies the remaining allegation in paragraph 2 of Plaintiff's First Amended Petition.

3.  Defendant admits the allegations contained in paragraph 3 of Plaintiff's First Amended Petition.

4.  Defendant is without sufficient information to admit or deny paragraph 4 of Plaintiff's First Amended Petition, and therefore denies same.

5.  Defendant is without sufficient information to admit or deny paragraph 5 of Plaintiff's First Amended Petition, and therefore denies same.

Electronically Filed - City of St. Louis - April 15, 2021 - 08:47 AM

6.    Defendant admits that on or about December 19, 2019, it leased, operated, and conducted business at 6432 Prescott Avenue, St. Louis, Missouri 63147 ("Premises"), which contained a loading dock. Defendant denies the remaining allegations contained in Paragraph 6 of Plaintiff's First Amended Petition.

7.  The allegations contained in paragraph 7 of Plaintiff's First Amended Petition are legal conclusions and require no response. To the extent a response is required, Defendant admits as a general matter that alleged acts or omissions of an officer or employee, made while acting in the scope of authority delegated by a corporation, or within the scope of duties of an employee, are generally considered the alleged acts or omissions of the corporation.  Defendant is without sufficient information to admit or deny the remaining allegations of paragraph 7, and therefore denies same.

8.  The allegations contained in paragraph 8 of Plaintiff's First Amended Petition are legal conclusions and require no response. To the extent a response is required, Defendant is without sufficient information to admit or deny the allegations contained in paragraph 8, and therefore denies same.

9.  Defendant is without sufficient information to admit or deny paragraph 9 of Plaintiff's First Amended Petition, and therefore denies same.

10.    The allegations contained in paragraph 10 of Plaintiff's First Amended Petition are legal conclusions and require no response. To the extent a response is required, Defendant admits as a general matter that alleged acts or omissions of an officer or employee, made while acting in the scope of authority delegated by a corporation, or within the scope of duties of an employee, are generally considered the alleged acts or omissions of the corporation.  Defendant is without sufficient information to admit or deny the remaining allegations of paragraph 10, and therefore denies same.

Electronically Filed - City of St. Louis - April 15, 2021 - 08:47 AM

11.   The allegations contained in paragraph 11 of Plaintiff's First Amended Petition are legal conclusions and require no response. To the extent a response is required, Defendant admits as a general matter that alleged acts or omissions of an officer or employee, made while acting in the scope of authority delegated by a corporation, or within the scope of duties of an employee, are generally considered the alleged acts or omissions of the corporation.  Defendant is without sufficient information to admit or deny the remaining allegations of paragraph 11, and therefore denies same.

12.  The allegations contained in paragraph 12 of Plaintiff's First Amended Petition are legal conclusions and require no response. To the extent a response is required, Defendant denies same.

13.   Defendant denies the allegations contained in paragraph 13 of Plaintiff's First Amended Petition.

14.   Defendant admits that on or about December 19, 2019, it leased and controlled the operation of its business at 6432 Prescott Avenue, St. Louis, Missouri 63147 ("Premises"). Defendant denies the remaining allegations contained in Paragraph 14 of Plaintiff's First Amended Petition.

15.   Defendant admits that on or about December 18, 2019, Plaintiff was working on the Premises as an employee of ProLogistix pursuant to a contract between Defendant and ProLogistix.   Defendant is without sufficient information to admit or deny the remaining allegations of paragraph 15, and therefore denies same.

16.  Defendant is without sufficient information to admit or deny paragraph 16 of Plaintiff's First Amended Petition, and therefore denies same.

17.  Defendant is without sufficient information to admit or deny paragraph 17 of Plaintiff's First Amended Petition, and therefore denies same.

Electronically Filed - City of St. Louis - April 15, 2021 - 08:47 AM

18.  Defendant is without sufficient information to admit or deny paragraph 18 of Plaintiff's First Amended Petition, and therefore denies same.

19.  Defendant is without sufficient information to admit or deny paragraph 19 of Plaintiff's First Amended Petition, and therefore denies same.

20.  Defendant is without sufficient information to admit or deny paragraph 20 of Plaintiff's First Amended Petition, and therefore denies same.

21.  Defendant is without sufficient information to admit or deny paragraph 21 of Plaintiff's First Amended Petition, and therefore denies same.

22.  Defendant is without sufficient information to admit or deny paragraph 22 of Plaintiff's First Amended Petition, and therefore denies same.

23.   Defendant denies the allegations contained in paragraph 23 of Plaintiff's First Amended Petition.

24.   Defendant denies the allegations contained in paragraph 24 of Plaintiff's First Amended Petition.

25.   Defendant denies the allegations contained in paragraph 25 of Plaintiff's First Amended Petition.

26.   Defendant denies the allegations contained in paragraph 26 of Plaintiff's First Amended Petition.

27.   Defendant denies the allegations contained in paragraph 27 of Plaintiff's First Amended Petition.

28.   Defendant denies the allegations contained in paragraph 28 of Plaintiff's First Amended Petition.

29.   Defendant denies the allegations contained in paragraph 29 of Plaintiff's First Amended Petition.

Electronically Filed - City of St. Louis - April 15, 2021 - 08:47 AM

30.   Defendant denies the allegations contained in paragraph 30 of Plaintiff's First Amended Petition.

31.   Defendant denies the allegations contained in paragraph 31 of Plaintiff's First Amended Petition.

32.   Defendant denies the allegations contained in paragraph 32 of Plaintiff's First Amended Petition.

33.   Defendant denies the allegations contained in paragraph 33 of Plaintiff's First Amended Petition.

<div align="center">

**COUNT I**
**NEGLIGENCE**
**AGAINST DEFENDANT VENTURE EXPRESS, INC.**

</div>

This Defendant makes no Answer to the allegations contained in Count I of Plaintiff's First Amended Petition for the reason that Count I is directed against Defendant Venture Express, Inc., against whom judgment is prayed and no judgment is prayed against this Defendant. However, should it be construed that any of the allegations in Count I are directed against this Defendant, then this Defendant denies each and every one of those allegations.

<div align="center">

**COUNT II**
**NEGLIGENCE**
**AGAINST DEFENDANT FAIRFIELD PROCESSING**

</div>

COMES NOW Defendant Fairfield Processing Corporation ("Defendant"), and for Count II of Plaintiff's First Amended Petition, hereby incorporates its responses to paragraphs 1-33 as if fully stated herein, and states as follows:

39.   Defendant admits that on or about December 18, 2019, it leased, possessed, and controlled the operation of its business at the Premises, where Plaintiff was an employee of ProLogistix pursuant to a contract between Defendant and ProLogistix.  Defendant has insufficient

<div align="center">

5

</div>

Electronically Filed - City of St. Louis - April 15, 2021 - 08:47 AM

information to admit or deny the remaining allegations contained in paragraph 39 of Plaintiff's First Amended Petition, and therefore denies same.

40.   Defendant admits that on or about December 18, 2019, Plaintiff was working on the Premises as an employee of ProLogistix pursuant to a contract between Defendant and ProLogistix.   The remaining allegations contained in paragraph 40 are legal conclusions and require no response. To the extent a response is required, Defendant admits its duties are determined by Missouri law.

41.   Defendant denies the allegations contained in paragraph 41 of Plaintiff's First Amended Petition, and all subparts thereto.

42.   Defendant denies the allegations contained in subparts a, b, and c of paragraph 42. Defendant is without sufficient information to admit or deny the remaining allegations contained in paragraph 42 of Plaintiff's First Amended Petition, including subparts d and e, and therefore denies same.

43.   Defendant denies the allegations contained in paragraph 43 of Plaintiff's First Amended Petition.

44.   Defendant denies the allegations contained in paragraph 44 of Plaintiff's First Amended Petition.

45.   Defendant denies the allegations contained in paragraph 45 of Plaintiff's First Amended Petition.

## **AFFIRMATIVE DEFENSES**

46.   For further Answer and affirmative defense, Defendant states that Plaintiff's First Amended Petition fails to state a claim.

Electronically Filed - City of St. Louis - April 15, 2021 - 08:47 AM

47.  For further Answer and affirmative defense, Defendant states that whatever injuries were sustained by Plaintiff, if any, were the direct and proximate result of Plaintiff's carelessness, negligence, and/or comparative fault.

48.  For further Answer and affirmative defense, Defendant states that whatever injuries sustained by Plaintiff, if any, were caused by or contributed to be caused by other individuals or entities outside this Defendant's control.

49.  For further Answer and affirmative defense, Defendant states that pursuant to §490.715 R.S.Mo, effective August 28, 2017, Plaintiff is limited to introduce at trial only the evidence of the actual cost of medical care, which is defined as the sum of money not to exceed the dollar amounts paid by or on behalf of Plaintiff plus any remaining dollar amount necessary to satisfy the financial obligation for medical care by a health care provider after adjustments or contractual discounts, price reductions, or write-offs by any person or entity.

50.  For further Answer and affirmative defense, Defendant states that Plaintiff's claims are barred by the exclusive provisions of the Workers' Compensation Statutes of the State of Missouri and, further, Plaintiff was a statutory employee of this Defendant at the time of the incident in accordance with the applicable statutes and case law that Plaintiff was on Defendant's premises for the purpose of performing duties and acts which would have been performed by Defendant's own employees if it had not been for a contract of services between Defendant and Plaintiff's employer and, therefore, Plaintiff's action is barred and the Court does not have subject matter jurisdiction over this action.

51.  For further Answer and affirmative defense, Defendant states that pursuant to §537.067 R.S.Mo (amended 2005), if Defendant is found to bear less than fifty-one percent (51%) of fault, then Defendant shall only be responsible for the percentage of the judgment for which Defendant

Electronically Filed - City of St. Louis - April 15, 2021 - 08:47 AM

is determined to be responsible by the trier of fact, if any, and Defendant will not be liable for the fault of another Defendant or for payment of the proportionate share of another Defendant.

52.  For further Answer and affirmative defense, Defendant reserves the right to rely upon such other additional defenses as may become available or appear subsequently in this case, including during the course of discovery proceedings, and hereby reserves the right to amend this Answer to assert any such defenses.

WHEREFORE, having fully answered and responded to Plaintiff's First Amended Petition, Defendant Fairfield Processing Corporation prays to be dismissed with its cost herein expended, and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

**BROWN & JAMES, P.C.**

/s/ *John A. Mazzei*
John A. Mazzei, MO # 51398
jmazzei@bjpc.com
dbuchanan@bjpc.com
800 Market Street, Suite 1100
St. Louis, Missouri, 63101
(314) 421-3400
(314) 421-3128 (fax)
**ATTORNEYS FOR DEFENDANT**
**FAIRFIELD PROCESSING CORPORATION**

Electronically Filed - City of St. Louis - April 15, 2021 - 08:47 AM

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of April, 2021, the foregoing was electronically filed using the Missouri eFiling system, which will send notice of electronic filing to all registered attorneys of record. I further certify that pursuant to Rule 55.03(a), I signed the original of the foregoing and that the original signed copy is maintained at our office.

*/s/ John A. Mazzei*

JAM
25759195.1

Electronically Filed - City of St. Louis - April 22, 2021 - 11:38 AM

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

| | | |
|---|---|---|
| FONTANIA LAWRENCE, | ) | |
| | ) | |
| Plaintiff, | ) | Cause No.: 2022-CC10591 |
| vs. | ) | |
| | ) | Division: |
| FAIRFIELD PROCESSING CORPORATION | ) | |
| | ) | **Plaintiff Demands Jury Tria** |
| | ) | **On All Counts** |
| | ) | |
| And | ) | |
| | ) | |
| VENTURE EXPRESS, INC. | ) | |
| Defendants. | ) | |

**REQUEST FOR ALIAS SUMMONS**

COMES NOW Plaintiff Fontania Lawrence, by and through her attorneys of record, The Cagle Law Firm, and states the following requests an alias summons be issued on Defendant Venture Express, LLC. to Dennis Rweikiza Ragt at 10211 E. Countryside Cir. Wichita KS 67207.

**Respectfully Submitted,**

**THE CAGLE LAW FIRM, LLC**

By_____

**John S. Appelbaum Jr., MO #71766**
john@caglellc.com
500 North Broadway, Ste. 1605
St. Louis, MO  63102
Phone: (314) 241-1700
Fax: (314) 241-1738
*Attorneys for Plaintiff*



# IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| | | |
|---|---|---|
| Judge or Division:<br>MICHAEL FRANCIS STELZER | **Case Number:  2022-CC10591** | Special Process Server 1 |
| Plaintiff/Petitioner:<br>FONTANIA LAWRENCE | Plaintiff's/Petitioner's Attorney/Address:<br>JOHN S  APPELBAUM<br>500 N BROADWAY<br>SUITE 1605<br>vs.   ST. LOUIS, MO  63102 | Special Process Server 2<br><br>Special Process Server 3 |
| Defendant/Respondent:<br>FAIRFIELD PROCESSING CORPORATION | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 | (Date File Stamp) |
| Nature of Suit:<br>CC Pers Injury-Other | | |

## Alias Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:   VENTURE EXPRESS LLC
Alias:

**C/O DENNIS RWEIKIZA RAGT**
**10211 E COUNTYSIDE CIR**
**WICHITA, KS  67207**

*COURT SEAL OF*

*CITY OF ST LOUIS*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

**April 26, 2021**

_____          _____
Date                                                        Clerk
Further Information:

---

### Officer's or Server's Affidavit of Service

I certify that:
1.  I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.  My official title is _____ of _____ County, _____ (state).
3.  I have served the above summons by:  (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   ☐ other: _____.

Served at _____ (address)

in _____ County, _____ (state), on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server          Signature of Sheriff or Server

**Subscribed and sworn to** before me this _____ (day) _____ (month) _____ (year).
I am: (check one) ☐ the clerk of the court of which affiant is an officer.
☐ the judge of the court of which affiant is an officer.
☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
☐ authorized to administer oaths.  (use for court-appointed server)

*(Seal)*

_____
Signature and Title

| **Service Fees** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ (_____ miles @ $ _____ per mile) |
| **Total** | $_____ |

**See the following page for directions to officer making return on service of summons.**

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age who permanently resides with the defendant/respondent, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must be made less than 10 days nor more than 30 days from the date the defendant/respondent is to appear in court. The return should be made promptly, and in any event so that it will reach the Missouri court within 30 days after service.

Electronically Filed - City of St. Louis - May 05, 2021 - 09:12 AM

## AFFIDAVIT OF SERVICE

**State of Missouri**                **County of Saint Louis (City)**                **Circuit Court**

Case Number: 2022-CC10591

Plaintiff/Petitioner:
**FONTANIA LAWRENCE**

vs.

Defendant/Respondent:
**FAIRFIELD PROCESSING CORPORATION, et al.**

Received by HPS Process Service & Investigations to be served on **Venture Express, LLC c/o Dennis Rweikiza Ragt, 10211 East Countryside Circle, Wichita, KS 67207.**

I, GRACE HAZELL, being duly sworn, depose and say that on the **27th day of April, 2021** at **4:45 pm, I:**

Served the within named establishment by delivering a true copy of **Alias Summons for Personal Service Outside the State of Missouri; and First Amended Petition** to **Dennis Rweikiza Ragt, Owner** at the address of **10211 East Countryside Circle, Wichita, KS 67207.**

I am over the age of eighteen, and have no interest in the above action.

**GRACE HAZELL**
Process Server

**HPS Process Service & Investigations**
www.hpsprocess.com
1669 Jefferson
Kansas City, MO 64108
(800) 796-9559

Our Job Serial Number: HAT-2021009253

Subscribed and Sworn to before me on the ____ day
of _____, 2021 by the affiant who is
personally known to me.

_____
NOTARY PUBLIC

CHRISTINA WALLER
Notary Public - State of Kansas
My Appt. Expires April 23, 2022

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.2a

Electronically Filed - City of St. Louis - May 05, 2021 - 03:30 PM

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

| | | |
|---|---|---|
| FONTANIA LAWRENCE, | ) | |
| | ) | |
| Plaintiff, | ) | Cause No.: 2022-CC10591 |
| vs. | ) | |
| | ) | Division: |
| FAIRFIELD PROCESSING CORPORATION | ) | |
| | ) | |
| And | ) | |
| | ) | |
| VENTURE EXPRESS, LLC. | ) | |
| Defendants. | ) | |

<u>**Certificate of Service**</u>

I hereby certify that Copies of: (1) Plaintiff's Objections and Answers to Fairfield Processing's First Interrogatories; (2 Plaintiff's Objections and Answers to Fairfield Processing's Requests for Production; (3) Responsive documents in possession of Plaintiff's counsel; and (4) this Certificate of Service were sent via electronic mail to the attorney of record indicated below on the 5$^{h}$ day of May, 2021.

BROWN & JAMES, P.C.
John A. Mazzei,
jmazzei@bjpc.com
dbuchanan@bjpc.com
800 Market Street, Suite 1100
St. Louis, Missouri, 63101
(314) 421-3400
(314) 421-3128 (fax)
*ATTORNEYS FOR DEFENDANT*
*FAIRFIELD PROCESSING CORPORATION*

**Respectfully Submitted,**
**THE CAGLE LAW FIRM**

**By** _____
**John S. Appelbaum Jr., MO#71766**
500 North Broadway, Suite 1605
St. Louis, MO 63102
Phone: (314) 241-1700
Fax: (314) 241-1738
E-mail: john@caglellc.com
*Attorneys for Plaintiff*

Electronically Filed - City of St. Louis - May 24, 2021 - 03:56 PM

## AFFIDAVIT OF SERVICE

**State of Missouri**                 **County of Saint Louis (City)**                 **Circuit Court**

Case Number: 2022-CC10591

Plaintiff/Petitioner:
**FONTANIA LAWRENCE**

vs.

Defendant/Respondent:
**FAIRFIELD PROCESSING CORPORATION, et al.**

Received by HPS Process Service & Investigations to be served on **Venture Express, LLC c/o Dennis Rweikiza Ragt, 10211 East Countryside Circle, Wichita, KS 67207.**

I, GRACE HAZELL, being duly sworn, depose and say that on the **27th day of April, 2021** at **4:45 pm, I:**

Served the within named establishment by delivering a true copy of **Alias Summons for Personal Service Outside the State of Missouri; and First Amended Petition** to **Dennis Rweikiza Ragt, Owner** at the address of **10211 East Countryside Circle, Wichita, KS 67207.**

I am over the age of eighteen, and have no interest in the above action.

Subscribed and Sworn to before me on the ____ day
of _____ , _____ by the affiant who is
personally known to me.

_____
NOTARY PUBLIC

**GRACE HAZELL**
Process Server

**HPS Process Service & Investigations**
www.hpsprocess.com
1669 Jefferson
Kansas City, MO 64108
(800) 796-9559

Our Job Serial Number: HAT-2021009253

CHRISTINA WALLER
Notary Public · State of Kansas
My Appt. Expires April 23, 2022

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.2a



# IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>MICHAEL FRANCIS STELZER | Case Number: 2022-CC10591 | Special Process Server 1 |
|---|---|---|
| Plaintiff/Petitioner:<br>FONTANIA LAWRENCE | Plaintiff's/Petitioner's Attorney/Address:<br>JOHN S APPELBAUM<br>500 N BROADWAY<br>SUITE 1605 | Special Process Server 2 |
| vs. | ST. LOUIS, MO  63102 | Special Process Server 3 |
| Defendant/Respondent:<br>FAIRFIELD PROCESSING CORPORATION | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 | (Date File Stamp) |
| Nature of Suit:<br>CC Pers Injury-Other | | |

## Alias Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:  VENTURE EXPRESS LLC
Alias:

**C/O DENNIS RWEIKIZA RAGT**
**10211 E COUNTYSIDE CIR**
**WICHITA, KS  67207**

*COURT SEAL OF*

*CITY OF ST LOUIS*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

**April 26, 2021**

_____         _____
Date                                              Clerk    *Thomas Kloeppinger*
Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is  *Process Server*  of  *Sedgwick*  County, *Kansas*  (state).
3. I have served the above summons by:  (check one)
   [X] delivering a copy of the summons and a copy of the petition to the defendant/respondent.
   [ ] leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the
       defendant/respondent with _____, a person of the defendant's/respondent's family
       over the age of 15 years who permanently resides with the defendant/respondent.
   [X] (for service on a corporation) delivering a copy of the summons and a copy of the petition to
       _____ (name) _____ (title).
   [ ] other: _____

Served at  *10211 E Countryside Cr.   Wichita, KS   67207*  (address)
in  *Sedgwick*  County, *Kansas*  (state), on *4-27th-21* (date) at  *4:45p* (time).

*Grace Hazel*
Printed Name of Sheriff or Server                           Signature of Sheriff or Server

**Subscribed and sworn to** before me this  *4th* (day) *May* (month) *2021* (year).
I am: (check one) [ ] the clerk of the court of which affiant is an officer.
                           [ ] the judge of the court of which affiant is an officer.
                           [X] authorized to administer oaths in the state in which the affiant served the above
                                 summons. (use for out-of-state officer)
                           [ ] authorized to administer oaths. (use for court-appointed server)

*(Seal)*   **CHRISTINA WALLER**
Notary Public · State of Kansas
My Appt. Expires April 23, 2022
                                                                        *Christina Waller*
                                                                        Signature and Title

| Service Fees | | | |
|---|---|---|---|
| Summons | $_____ | | |
| Non Est | $_____ | | |
| Mileage | $_____ | (_____ miles @ $_____ per mile) | |
| Total | $_____ | | |

See the following page for directions to officer making return on service of summons.

Electronically Filed - City of St. Louis - May 24, 2021 - 03:56 PM

Electronically Filed - City of St. Louis - May 24, 2021 - 03:56 PM

Electronically Filed - City of St. Louis - June 25, 2021 - 11:31 AM

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

| | |
|---|---|
| FONTANIA LAWRENCE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Cause No.: 2022-CC10591 |
| | ) |
| FAIRFIELD PROCESSING | ) |
| CORPORATION, | ) |
| | ) |
| and | ) |
| | ) |
| VENTURE EXPRESS, INC., | ) |
| | ) |
| Defendants. | ) |

**CERTIFICATE OF SERVICE**

The undersigned certifies that Defendant Fairfield Processing Corporation served its First

Response to Plaintiff's First Request for Production of Documents via Electronic Mail to:

**john@caglellc.com,** John S. Appelbaum, Jr., The Cagle Law Firm, 500 North Broadway, Suite

1605, St. Louis, MO  63102 on this 25th day of June, 2021.

BROWN & JAMES, P.C.

/s/ *John A. Mazzei*
John A. Mazzei, MO # 51398
jmazzei@bjpc.com
dbuchanan@bjpc.com
800 Market Street, Suite 1100
St. Louis, Missouri, 63101
(314) 421-3400
(314) 421-3128 (fax)
Attorneys For Defendant,
Fairfield Processing Corporation

Electronically Filed - City of St. Louis - June 25, 2021 - 11:31 AM

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of June, 2021, the foregoing was electronically filed using the Missouri eFiling system, which will send notice of electronic filing to all registered attorneys of record. I further certify that pursuant to Rule 55.03(a), I signed the original of the foregoing and that the original signed copy is maintained at our office.

/s/ *John A. Mazzei*

JAM/llw
26141386.1

JAM/llw
25650607.1

Electronically Filed - City of St. Louis - August 10, 2021 - 04:44 PM

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

| | |
|---|---|
| FONTANIA LAWRENCE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Cause No.: 2022-CC10591 |
| | ) |
| FAIRFIELD PROCESSING | ) |
| CORPORATION, | ) |
| | ) |
| and | ) |
| | ) |
| VENTURE EXPRESS, INC., | ) |
| | ) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

The undersigned certifies that Defendant Fairfield Processing Corporation served its First

Supplemental Response to Plaintiff's First Request for Production of Documents via Electronic

Mail to: **john@caglellc.com,** John S. Appelbaum, Jr., The Cagle Law Firm, 500 North Broadway,

Suite 1605, St. Louis, MO  63102 on this 10th day of August, 2021.

BROWN & JAMES, P.C.

/s/ *John A. Mazzei*
John A. Mazzei, MO # 51398
jmazzei@bjpc.com
dbuchanan@bjpc.com
800 Market Street, Suite 1100
St. Louis, Missouri, 63101
(314) 421-3400
(314) 421-3128 (fax)
Attorneys For Defendant,
Fairfield Processing Corporation

Electronically Filed - City of St. Louis - August 10, 2021 - 04:44 PM

## CERTIFICATE OF SERVICE

      I hereby certify that on this 10th day of August, 2021, the foregoing was electronically filed using the Missouri eFiling system, which will send notice of electronic filing to all registered attorneys of record. I further certify that pursuant to Rule 55.03(a), I signed the original of the foregoing and that the original signed copy is maintained at our office.

/s/ *John A. Mazzei*

JAM/llw
26141386.1

JAM/llw
25650607.1

Electronically Filed - City of St. Louis - August 10, 2021 - 04:01 PM

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

| | | |
|---|---|---|
| FONTANIA LAWRENCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Cause No.: 2022-CC10591 |
| | ) | |
| FAIRFIELD PROCESSING | ) | Division 1 |
| CORPORATION, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| and | ) | |
| | ) | |
| VENTURE EXPRESS, LLC., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>DEFENDANT FAIRFIELD PROCESSING CORPORATION'S<br>MOTION FOR AGREED PROTECTIVE ORDER</u>

COMEW NOW Defendant Fairfield Processing Corporation ("Defendant"), by and through counsel, and for its Motion for Agreed Protective Order, states as follows:

1.      This case arises from an alleged incident involving Plaintiff Fontania Lawrence, whom was allegedly injured on property leased by Defendant.

2.      Plaintiff has propounded Interrogatories and Requests for Production of Documents to Defendant in the above-captioned matter.

3.      Some of Plaintiff's Interrogatories and Requests for Production of Documents seek information that is confidential and proprietary to Defendant.

4.      Defendant has a legitimate business interest in protecting and safeguarding against the disclosure of such information to its commercial competitors.

5.      Based on the formal discovery propounded by Plaintiff to Defendant, and in consideration of additional future discovery likely to be sought from Defendant by Plaintiff,

Electronically Filed - City of St. Louis - August 10, 2021 - 04:01 PM

Defendant requests the protection of a formal Protective Order to prevent the dissemination of such confidential and proprietary information to Defendant's commercial competitors.

6.      Plaintiff's counsel has no objection to the proposed Protective Order attached hereto as "Exhibit A".

WHEREFORE, Defendant Fairfield Processing Corporation prays the Court, for good cause shown and by agreement, enter the Protective Order attached hereto as "Exhibit A", and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

**BROWN & JAMES, P.C.**

/s/ *John A. Mazzei*
John A. Mazzei, MO # 51398
jmazzei@bjpc.com
dbuchanan@bjpc.com
800 Market Street, Suite 1100
St. Louis, Missouri, 63101
(314) 421-3400
(314) 421-3128 (fax)
**ATTORNEYS FOR DEFENDANT**
**FAIRFIELD PROCESSING CORPORATION**

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of August, 2021, the foregoing was electronically filed using the Missouri eFiling system, which will send notice of electronic filing to all registered attorneys of record. I further certify that pursuant to Rule 55.03(a), I signed the original of the foregoing and that the original signed copy is maintained at our office.

/s/ *John A. Mazzei*

JAM
26272084.1

2

Electronically Filed - City of St. Louis - August 10, 2021 - 04:01 PM

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

| | | |
|---|---|---|
| FONTANIA LAWRENCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Cause No.: 2022-CC10591 |
| | ) | |
| FAIRFIELD PROCESSING | ) | Division 1 |
| CORPORATION, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| and | ) | |
| | ) | |
| VENTURE EXPRESS, LLC., | ) | |
| | ) | |
| Defendants. | ) | |

**PROTECTIVE ORDER**

Upon Defendant Fairfield Processing Corporation's Motion for Agreed Protective Order, the Court hereby enters this Protective Order regarding Confidential Information ("Protective Order") governing the disclosure during pretrial discovery and the subsequent handling of trade secret information, proprietary information, other confidential commercial, financial, or personal information, and documents containing any such information (hereinafter collectively referred to as "CONFIDENTIAL INFORMATION") as follows:

1.      **Initial Designation**.

1.1      **Produced Documents**.  A party producing documents that it believes constitute or contains CONFIDENTIAL INFORMATION shall produce copies bearing a label that contains (or includes) language substantially identical to the following:

**"CONFIDENTIAL"**

This label shall be affixed in a manner that does not obliterate or obscure the contents of the copies.  As used herein, the term "documents"' includes all writings, other media on which

Electronically Filed - City of St. Louis - August 10, 2021 - 04:01 PM

information is recorded, and other tangible things subject to production under Missouri Rule of Civil Procedure 58.  Claims of confidentiality will be made only with respect to documents to which the asserting party has a good faith belief and are legally entitled to protection from discovery and disclosure under Missouri Rule of Civil Procedure 56.01(c) and applicable case law.

      **1.2**    **Interrogatory Answers**.  If a party answering an Interrogatory believes that its Answer contains CONFIDENTIAL INFORMATION, it shall set forth its Answer in a separate document that is produced and designated as CONFIDENTIAL INFORMATION in the same manner as a produced document under subparagraph 1.1.  The Answers to Interrogatories should make reference to the separately produced document containing the Answer, but such document should not be attached to the Interrogatories.

      **1.3**    **Inspection of Documents**.    In the event a party elects to produce files and records for inspection and the requesting party elects to inspect them, no designation of CONFIDENTIAL INFORMATION need be made in advance of the inspection.  For purposes of such inspection, all material produced shall be considered as CONFIDENTIAL INFORMATION.  If the inspecting party selects specified documents to be copied, the producing party shall designate CONFIDENTIAL INFORMATION in accordance with subparagraph 1.1 at the time the copies are produced.

      **1.4**    **Deposition Transcripts**.    After the receipt of a deposition transcript, a party may inform the other parties to the action of the portions of the transcript that it wishes to designate as CONFIDENTIAL INFORMATION.  A deposition transcript in its entirety is to be considered as CONFIDENTIAL INFORMATION for twenty-one (21) days after receipt.  If no designation is made within twenty-one (21) days of receipt, the deposition transcript shall not be considered as CONFIDENTIAL INFORMATION.   All parties in possession of a copy of a

Electronically Filed - City of St. Louis - August 10, 2021 - 04:01 PM

designated deposition transcript shall appropriately mark it as containing CONFIDENTIAL INFORMATION.

      **1.5**    **Multipage Documents**.    A party may designate all pages of an integrated multipage document, including a deposition transcript and Interrogatory Answers, as CONFIDENTIAL INFORMATION by placing the label specified in subparagraph 1.1 on the first page of the document.  If a party wishes to designate only certain portions of an integrated, multipage document as CONFIDENTIAL INFORMATION, it should designate such portions immediately below the label on the first page of the document and place the label specified in subparagraph 1.1 on each page of the document containing CONFIDENTIAL INFORMATION.

      **1.6**    **Objections to Designations**. Any party objecting to an initial designation of CONFIDENTIAL INFORMATION, including objections to portions of multipage documents, shall notify the designating party within twenty-one (21) days of the receipt of the designation. Any objection shall be made in good faith.  The objecting and the designating party shall promptly confer in an attempt to resolve their differences.  If the designating and objecting parties are unable to resolve their differences, the designating party shall have fourteen (14) days from the receipt of the objection to file with the Court a Motion for Protective Order.  All documents initially designated as CONFIDENTIAL INFORMATION shall continue to be subject to this Order unless and until the Court rules otherwise.  If a designating party elects not to make a Motion for Protective Order with respect to documents to which an objection has been made, it shall be deemed to have withdrawn its designation, and it shall produce copies of such documents without the CONFIDENTIAL INFORMATION designation if so requested.

      **2.**    **Custody.**    During the pendency of this litigation and for ninety (90) days after the conclusion of this litigation, all CONFIDENTIAL INFORMATION and any and all copies,

Electronically Filed - City of St. Louis - August 10, 2021 - 04:01 PM

extracts and summaries thereof, including memoranda relating thereto, shall be retained by the receiving party in the custody of counsel of record, or by persons to whom disclosure is authorized under subparagraph 4.1, or by the Judge and Jury.  Paragraph 6 addresses in more detail handling of CONFIDENTIAL INFORMATION after the conclusion of this litigation.

**3.    Handling Prior to Trial.**

**3.1    Authorized Disclosures.**    CONFIDENTIAL INFORMATION shall be disclosed by the receiving party only to the following persons, either after having obtained a written acknowledgment from such person that he or she has been advised of the existence and terms of this Protective Order and agrees to be bound by it, or after having provided to such person written notice and instructions regarding the existence and terms of this Protective Order and receiving in return such person's agreement to be bound by it:

    a.    Counsel for the parties, including their associates, clerks, and secretarial and clerical personnel;

    b.    Qualified persons taking testimony involving such information, and necessary stenographic, videotape and clerical personnel;

    c.    Experts and their staff who are consulted by counsel for a party;

    d.    Parties to the litigation, including their employees; and

    e.    The Judge and his or her designated staff.

Electronically Filed - City of St. Louis - August 10, 2021 - 04:01 PM

Such disclosures are authorized only to the extent necessary to prosecute or defend this litigation.  Before disclosing CONFIDENTIAL INFORMATION to any authorized person who is a competitor (or an employee of a competitor) of the designating party, the party wishing to make such disclosure shall give at least fourteen (14) days' notice in writing to the designating party, stating the names and addresses of the person(s) to whom the disclosure will be made, and identifying with particularity the documents to be disclosed.  If, within the 14-day period, a Motion is filed objecting to the proposed disclosure, disclosure is not authorized unless and until the Court orders otherwise.

  **3.2 Unauthorized Disclosures**.  If CONFIDENTIAL INFORMATION is disclosed to any person other than in the manner authorized by this Protective Order, the party or person responsible for the disclosure, and any other party or person who is subject to this Order and learns of such disclosure, shall immediately bring such disclosure to the attention of the designating party.  Without prejudice to other rights and remedies of the designating party, the responsible party or person shall make every effort to obtain the return of the CONFIDENTIAL INFORMATION and to prevent further disclosure on its own part or on the part of the person who was the unauthorized recipient of such information.

  **3.3 Court Filings.**  In the event any CONFIDENTIAL INFORMATION must be filed with the Court prior to trial, it shall be filed in a sealed envelope at the expense of the filing party and marked on the outside with the title of this action, an identification of each document within and a statement substantially in the following form:

**SUBJECT TO PROTECTIVE ORDER – This envelope containing the above identified material filed by [name of party] is not to be opened nor the contents thereof be displayed or revealed except as provided for in the Protective Order or by Court Order, or by agreement of the parties.**

Electronically Filed - City of St. Louis - August 10, 2021 - 04:01 PM

This provision is applicable to briefs, memoranda, and other filings that quote, summarize or describe CONFIDENTIAL INFORMATION.  This provision is not applicable to Pleadings as defined in Missouri Supreme Court Rule 55.01.

4.     **Handling During Trial**.     CONFIDENTIAL INFORMATION that is subject to this Order may be marked and used as trial exhibits by either party, subject to terms and conditions as imposed by the Trial Court upon application by the designating party.

5.     **Handling After Trial**.     Within 90 days of the conclusion of this litigation, the designating party may request that any or all CONFIDENTIAL INFORMATION be returned to the designating party.  After receiving a request to return, the receiving party, at its option, may destroy CONFIDENTIAL INFORMATION instead of returning it to the designating party, but must so notify the designating party.  The request for return shall specifically identify the documents or things to be returned if return of less than all CONFIDENTIAL INFORMATION is requested.  The attorney for the receiving party shall collect, assemble, and return within 60 days all such CONFIDENTIAL INFORMATION, including all copies, extracts, and summaries thereof in the possession of the receiving party, its counsel or other authorized recipients, but not including copies, extracts, or summaries that contain or constitute the attorney's work product.  If requested by the designating party within 90 days of the conclusion of the litigation, all copies, extracts or summaries that contain or constitute the attorney's work product shall be destroyed and the attorney for the receiving party shall certify in writing that all such copies, extracts, and summaries have been destroyed.  Receipt of returned CONFIDENTIAL INFORMATION shall be acknowledged in writing if such acknowledgment is requested.  Any CONFIDENTIAL

Electronically Filed - City of St. Louis - August 10, 2021 - 04:01 PM

INFORMATION not timely requested to be returned or destroyed shall no longer be the subject of this protective order.

**6.**     **No Implied Waivers**. The entry of this Order shall not be interpreted as a waiver of the right to object, pursuant to the Missouri Rules of Civil Procedure, to the furnishing of information in response to discovery requests or to object to a requested inspection of documents for facilities.   Neither the agreement to, or the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be interpreted as a waiver of any claim or position or defense in this action, or any other actions.

SO ORDERED, this ____ day of _____, 2021.

By the Court:        _____
                                        JUDGE

JAM
26272091.1

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

**FILED**
**AUG 1 1 2021**
22ND JUDICIAL CIRCUIT
CIRCUIT CLERK'S OFFICE
BY_____MS____ DEPUTY

FONTANIA LAWRENCE,   )
                     )
         Plaintiff,  )
                     )
vs.                  )
                     )   Cause No.: 2022-CC10591
                     )
FAIRFIELD PROCESSING )   Division 1
CORPORATION,         )
                     )   **JURY TRIAL DEMANDED**
and                  )
                     )   **E N T E R E D**
VENTURE EXPRESS, LLC.,)
                     )   **AUG 1 1 2021**
         Defendants. )
                         **M S**

**PROTECTIVE ORDER**

Upon Defendant Fairfield Processing Corporation's Motion for Agreed Protective Order, the Court hereby enters this Protective Order regarding Confidential Information ("Protective Order") governing the disclosure during pretrial discovery and the subsequent handling of trade secret information, proprietary information, other confidential commercial, financial, or personal information, and documents containing any such information (hereinafter collectively referred to as "CONFIDENTIAL INFORMATION") as follows:

1.     **Initial Designation**.

       1.1    **Produced Documents**.   A party producing documents that it believes constitute or contains CONFIDENTIAL INFORMATION shall produce copies bearing a label that contains (or includes) language substantially identical to the following:

                            **"CONFIDENTIAL"**

This label shall be affixed in a manner that does not obliterate or obscure the contents of the copies.  As used herein, the term "documents'" includes all writings, other media on which

information is recorded, and other tangible things subject to production under Missouri Rule of Civil Procedure 58. Claims of confidentiality will be made only with respect to documents to which the asserting party has a good faith belief and are legally entitled to protection from discovery and disclosure under Missouri Rule of Civil Procedure 56.01(c) and applicable case law.

**1.2 Interrogatory Answers**. If a party answering an Interrogatory believes that its Answer contains CONFIDENTIAL INFORMATION, it shall set forth its Answer in a separate document that is produced and designated as CONFIDENTIAL INFORMATION in the same manner as a produced document under subparagraph 1.1. The Answers to Interrogatories should make reference to the separately produced document containing the Answer, but such document should not be attached to the Interrogatories.

**1.3 Inspection of Documents**. In the event a party elects to produce files and records for inspection and the requesting party elects to inspect them, no designation of CONFIDENTIAL INFORMATION need be made in advance of the inspection. For purposes of such inspection, all material produced shall be considered as CONFIDENTIAL INFORMATION. If the inspecting party selects specified documents to be copied, the producing party shall designate CONFIDENTIAL INFORMATION in accordance with subparagraph 1.1 at the time the copies are produced.

**1.4 Deposition Transcripts**. After the receipt of a deposition transcript, a party may inform the other parties to the action of the portions of the transcript that it wishes to designate as CONFIDENTIAL INFORMATION. A deposition transcript in its entirety is to be considered as CONFIDENTIAL INFORMATION for twenty-one (21) days after receipt. If no designation is made within twenty-one (21) days of receipt, the deposition transcript shall not be considered as CONFIDENTIAL INFORMATION. All parties in possession of a copy of a

2

designated deposition transcript shall appropriately mark it as containing CONFIDENTIAL INFORMATION.

      **1.5    Multipage Documents**.    A party may designate all pages of an integrated multipage document, including a deposition transcript and Interrogatory Answers, as CONFIDENTIAL INFORMATION by placing the label specified in subparagraph 1.1 on the first page of the document. If a party wishes to designate only certain portions of an integrated, multipage document as CONFIDENTIAL INFORMATION, it should designate such portions immediately below the label on the first page of the document and place the label specified in subparagraph 1.1 on each page of the document containing CONFIDENTIAL INFORMATION.

      **1.6    Objections to Designations**. Any party objecting to an initial designation of CONFIDENTIAL INFORMATION, including objections to portions of multipage documents, shall notify the designating party within twenty-one (21) days of the receipt of the designation. Any objection shall be made in good faith. The objecting and the designating party shall promptly confer in an attempt to resolve their differences. If the designating and objecting parties are unable to resolve their differences, the designating party shall have fourteen (14) days from the receipt of the objection to file with the Court a Motion for Protective Order. All documents initially designated as CONFIDENTIAL INFORMATION shall continue to be subject to this Order unless and until the Court rules otherwise. If a designating party elects not to make a Motion for Protective Order with respect to documents to which an objection has been made, it shall be deemed to have withdrawn its designation, and it shall produce copies of such documents without the CONFIDENTIAL INFORMATION designation if so requested.

      **2.    Custody.**    During the pendency of this litigation and for ninety (90) days after the conclusion of this litigation, all CONFIDENTIAL INFORMATION and any and all copies,

extracts and summaries thereof, including memoranda relating thereto, shall be retained by the receiving party in the custody of counsel of record, or by persons to whom disclosure is authorized under subparagraph 4.1, or by the Judge and Jury. Paragraph 6 addresses in more detail handling of CONFIDENTIAL INFORMATION after the conclusion of this litigation.

**3.      Handling Prior to Trial.**

   **3.1      Authorized Disclosures.**      CONFIDENTIAL INFORMATION shall be disclosed by the receiving party only to the following persons, either after having obtained a written acknowledgment from such person that he or she has been advised of the existence and terms of this Protective Order and agrees to be bound by it, or after having provided to such person written notice and instructions regarding the existence and terms of this Protective Order and receiving in return such person's agreement to be bound by it:

    a.      Counsel for the parties, including their associates, clerks, and secretarial and clerical personnel;

    b.      Qualified persons taking testimony involving such information, and necessary stenographic, videotape and clerical personnel;

    c.      Experts and their staff who are consulted by counsel for a party;

    d.      Parties to the litigation, including their employees; and

    e.      The Judge and his or her designated staff.

Such disclosures are authorized only to the extent necessary to prosecute or defend this litigation. Before disclosing CONFIDENTIAL INFORMATION to any authorized person who is a competitor (or an employee of a competitor) of the designating party, the party wishing to make such disclosure shall give at least fourteen (14) days' notice in writing to the designating party, stating the names and addresses of the person(s) to whom the disclosure will be made, and identifying with particularity the documents to be disclosed. If, within the 14-day period, a Motion is filed objecting to the proposed disclosure, disclosure is not authorized unless and until the Court orders otherwise.

**3.2    Unauthorized Disclosures**. If CONFIDENTIAL INFORMATION is disclosed to any person other than in the manner authorized by this Protective Order, the party or person responsible for the disclosure, and any other party or person who is subject to this Order and learns of such disclosure, shall immediately bring such disclosure to the attention of the designating party. Without prejudice to other rights and remedies of the designating party, the responsible party or person shall make every effort to obtain the return of the CONFIDENTIAL INFORMATION and to prevent further disclosure on its own part or on the part of the person who was the unauthorized recipient of such information.

**3.3    Court Filings.**  In the event any CONFIDENTIAL INFORMATION must be filed with the Court prior to trial, it shall be filed in a sealed envelope at the expense of the filing party and marked on the outside with the title of this action, an identification of each document within and a statement substantially in the following form:

**SUBJECT TO PROTECTIVE ORDER – This envelope containing the above identified material filed by [name of party] is not to be opened nor the contents thereof be displayed or revealed except as provided for in the Protective Order or by Court Order, or by agreement of the parties.**

This provision is applicable to briefs, memoranda, and other filings that quote, summarize or describe CONFIDENTIAL INFORMATION. This provision is not applicable to Pleadings as defined in Missouri Supreme Court Rule 55.01.

**4.** **Handling During Trial**. CONFIDENTIAL INFORMATION that is subject to this Order may be marked and used as trial exhibits by either party, subject to terms and conditions as imposed by the Trial Court upon application by the designating party.

**5.** **Handling After Trial**. Within 90 days of the conclusion of this litigation, the designating party may request that any or all CONFIDENTIAL INFORMATION be returned to the designating party. After receiving a request to return, the receiving party, at its option, may destroy CONFIDENTIAL INFORMATION instead of returning it to the designating party, but must so notify the designating party. The request for return shall specifically identify the documents or things to be returned if return of less than all CONFIDENTIAL INFORMATION is requested. The attorney for the receiving party shall collect, assemble, and return within 60 days all such CONFIDENTIAL INFORMATION, including all copies, extracts, and summaries thereof in the possession of the receiving party, its counsel or other authorized recipients, but not including copies, extracts, or summaries that contain or constitute the attorney's work product. If requested by the designating party within 90 days of the conclusion of the litigation, all copies, extracts or summaries that contain or constitute the attorney's work product shall be destroyed and the attorney for the receiving party shall certify in writing that all such copies, extracts, and summaries have been destroyed. Receipt of returned CONFIDENTIAL INFORMATION shall be acknowledged in writing if such acknowledgment is requested. Any CONFIDENTIAL

INFORMATION not timely requested to be returned or destroyed shall no longer be the subject of this protective order.

6.      **No Implied Waivers**. The entry of this Order shall not be interpreted as a waiver of the right to object, pursuant to the Missouri Rules of Civil Procedure, to the furnishing of information in response to discovery requests or to object to a requested inspection of documents for facilities.   Neither the agreement to, or the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be interpreted as a waiver of any claim or position or defense in this action, or any other actions.

SO ORDERED, this _11_ day of _August_ , 2021.

By the Court:       _____
                    JUDGE

JAM
26272091.1

7

Electronically Filed - City of St. Louis - August 25, 2021 - 04:31 PM

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

| | | |
|---|---|---|
| FONTANIA LAWRENCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Cause No.: 2022-CC10591 |
| | ) | |
| FAIRFIELD PROCESSING | ) | |
| CORPORATION, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| VENTURE EXPRESS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

The undersigned certifies that Defendant Fairfield Processing Corporation served its Second Supplemental Response to Plaintiff's First Request for Production of Documents via Electronic Mail to: **john@caglellc.com,** John S. Appelbaum, Jr., The Cagle Law Firm, 500 North Broadway, Suite 1605, St. Louis, MO  63102 on this 25th day of August, 2021.


BROWN & JAMES, P.C.


/s/ John A. Mazzei
John A. Mazzei, MO # 51398
jmazzei@bjpc.com
dbuchanan@bjpc.com
800 Market Street, Suite 1100
St. Louis, Missouri, 63101
(314) 421-3400
(314) 421-3128 (fax)
Attorneys For Defendant,
Fairfield Processing Corporation

Electronically Filed - City of St. Louis - August 25, 2021 - 04:31 PM

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of August, 2021, the foregoing was electronically filed using the Missouri eFiling system, which will send notice of electronic filing to all registered attorneys of record. I further certify that pursuant to Rule 55.03(a), I signed the original of the foregoing and that the original signed copy is maintained at our office.

/s/ *John A. Mazzei*

JAM/llw
26384653.1

JAM/llw
25650607.1

Electronically Filed - City of St. Louis - October 04, 2021 - 02:31 PM

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

| | | |
|---|---|---|
| FONTANIA LAWRENCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Cause No.: 2022-CC10591 |
| | ) | |
| FAIRFIELD PROCESSING | ) | |
| CORPORATION, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| VENTURE EXPRESS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned certifies that Defendant Fairfield Processing Corporation served its Answers to Plaintiff's First Interrogatories via Electronic Mail to: **<u>john@caglellc.com</u>,** John S. Appelbaum, Jr., The Cagle Law Firm, 500 North Broadway, Suite 1605, St. Louis, MO  63102 on this 4th day of October, 2021.

BROWN & JAMES, P.C.

/s/ *John A. Mazzei*
John A. Mazzei, MO # 51398
jmazzei@bjpc.com
dbuchanan@bjpc.com
800 Market Street, Suite 1100
St. Louis, Missouri, 63101
(314) 421-3400
(314) 421-3128 (fax)
Attorneys For Defendant,
Fairfield Processing Corporation

Electronically Filed - City of St. Louis - October 04, 2021 - 02:31 PM

## CERTIFICATE OF SERVICE

      I hereby certify that on this 4th day of October, 2021, the foregoing was electronically filed using the Missouri eFiling system, which will send notice of electronic filing to all registered attorneys of record. I further certify that pursuant to Rule 55.03(a), I signed the original of the foregoing and that the original signed copy is maintained at our office.

/s/ *John A. Mazzei*

JAM/llw
26568904.1

JAM/llw
25650607.1

Electronically Filed - City of St. Louis - October 04, 2021 - 01:45 PM

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

FONTANIA LAWRENCE,                              )
                                                )
                        Plaintiff,              )        Cause No.: 2022-CC10591
vs.                                             )
                                                )        Division:
FAIRFIELD PROCESSING CORPORATION                )
                                                )
And                                             )
                                                )
VENTURE EXPRESS, LLC.                           )
                        Defendants.             )

## Certificate of Service

I hereby certify that Copies of: (1) Plaintiff's Supplemental Interrogatory to Fairfield Processing; and (2) this Certificate of Service were sent via electronic mail to the attorney of record indicated below on the 4th day of October 2021, in Microsoft Word and PDF Format.

BROWN & JAMES, P.C.
John A. Mazzei,
jmazzei@bjpc.com
dbuchanan@bjpc.com
800 Market Street, Suite 1100
St. Louis, Missouri, 63101
(314) 421-3400
(314) 421-3128 (fax)
*ATTORNEYS FOR DEFENDANT*
*FAIRFIELD PROCESSING CORPORATION*

Respectfully Submitted,
**THE CAGLE LAW FIRM**

**By** _____
**John S. Appelbaum Jr., MO#71766**
500 North Broadway, Suite 1605
St. Louis, MO 63102
Phone: (314) 241-1700
Fax: (314) 241-1738
E-mail: john@caglellc.com
*Attorneys for Plaintiff*

Electronically Filed - City of St. Louis - December 08, 2021 - 04:42 PM

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

| | | |
|---|---|---|
| FONTANIA LAWRENCE, | ) | |
| | ) | |
| Plaintiff, | ) | Cause No.: 2022-CC10591 |
| vs. | ) | |
| | ) | Division: |
| FAIRFIELD PROCESSING CORPORATION | ) | |
| | ) | |
| And | ) | |
| | ) | |
| VENTURE EXPRESS, LLC. | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION TO COMPEL DEFENDANT'S ANSWERS TO DISCOVERY
AND MEMORANDUM IN SUPPORT THEREOF**

COMES NOW**,** Fontania Lawrence ("Plaintiff"), by and through his attorneys The Cagle

Law Firm, L.L.C. and for her Motion to Compel and Memorandum in Support of said Motion to

Compel Defendant Brook Fairfield Processing Corp. ("Fairfield")'s Answers to Discovery

pursuant to Missouri Supreme Court Rule 61, the Missouri Rules of Civil Procedure, and states

as follows to the Court:

**INTRODUCTION**

The instant case arises out of serious personal injuries sustained by Plaintiff resulting from a

incident, on or about December 18-19, 2019, on the property of Fairfield. *See Plaintiff's Petition.*

At said date and time, Plaintiff worked as a temporary employee retained to work on a loading

bay on Fairfield's premises. *See Plaintiff's Petition.* As Plaintiff straddled the gap between a

tractor-trailer to the loading bay in an attempt to remove a ramp connecting the two, the operator

of said tractor-trailer, while distracted, unexpectedly pulled away. *Id.* The driver's actions forced

Plaintiff to leap onto the bay, injuring her knee. *Id.*

Electronically Filed - City of St. Louis - December 08, 2021 - 04:42 PM

Despite numerous attempts, including several informal and formal requests to Fairfield (*See Plaintiff's Exhibit No. 1, E-mail Communication Between Counsel; See Plaintiff's Exhibit No. 2, Plaintiff's Supplemental Interrogatory*), Plaintiff has been unable to determine the identity of the truck driver in question, or the motor carrier who employed him.

Plaintiff served Fairfield with her First Interrogatories and Requests for Production on March 18, 2021. *See Plaintiff's Exhibit No. 3, First Propounded Discovery to Fairfield.* Fairfield served Plaintiff with its objections to such discovery on April 6, 2021. *See Plaintiff's Exhibit No. 4, Fairfield's Objections to Plaintiff's Discovery.* The majority of these objections hold no basis under Missouri law. *Id.* After serving Fairfield's counsel with an attempt to resolve, on June 6, 2021, Fairfield provided only seven documents, including an incident report, a mere twelve words of which are not redacted, and a surveillance video depicting neither the incident in question or Plaintiff in any way. *Plaintiff's Exhibit No. 5, Fairfield's Supplemental Objections and Responses to Plaintiff's Discovery; Plaintiff's Exhibit No. 6, Fairfield's Redacted Incident Report.* Moreover, Fairfield has ignored Plaintiff's Supplemental Interrogatory No. 19, requesting the bill of lading which stands to establish the identity of the truck driver in question and his employer. Despite representing that further documentation and supplemental responses were forthcoming, Plaintiff has received no correspondence on this case in some sixty (60) days.

As such, Plaintiff would request this Court overrule Fairfield's improper objections and compel appropriate responses and production pursuant to the Missouri Supreme Court Rules.

## **RULE**

Under the explicit provisions of the Missouri Supreme Court Rules, "parties may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to

Electronically Filed - City of St. Louis - December 08, 2021 - 04:42 PM

the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents or other tangible things and the identity and location of persons having knowledge of any discoverable matter." Mo. Sup. Ct. R. 56.01.

The Missouri rules of discovery allow parties to obtain information regarding any matter "relevant to the subject matter involved in the pending action" provided the matter is not privileged. Rule 56.01(b)(1); *See also State ex. rel. Laurie Dean v. The Honorable Jon A. Cunningham*, 182 S.W.3d 561 (Mo. 2006). Discovery serves to aid litigants in determining the facts and ascertaining all of the evidence with which to "develop their respective contentions and to present their respective sides of the issues framed by the pleadings." *State ex rel Martel v. Gallagher*, 797 S.W.2d 730, 731 (Mo. App. 1990).  Missouri law grants discovery requests a broad scope or "a tendency towards liberality in discovery." *State ex rel. Solfa v. Ely,* 875 S.W.2d 5790, 581 (Mo. App. 1994).  Evidence need only be reasonably calculated to lead to the discovery of admissible evidence to become discoverable.  *In re Marriage of Hershewe,* 931 S.W.2d 198, 201 (Mo. App. 1996).  This includes not only evidence as to plaintiff's claims, but also evidence and documents regarding the defenses of one's adversary.  *Clark v. Faith Hospital Association*, 472 S.W.2d 375 (Mo. 1971).  "[I]f this right of discovery is to have practical value, the party invoking it should not be held to too strict a showing as to the contents of records that [s]he has never seen." *State ex rel Iron Fireman Corp. v. Ward,* 173 S.W.2d 920, 923 (Mo. banc 1943).  When applying these rules, a "trial court's discretion to deny discovery is commensurately more limited." *State ex rel Martel v. Gallagher* at 731.


**ARGUMENT**

Electronically Filed - City of St. Louis - December 08, 2021 - 04:42 PM

I.  **Defendants Improperly Attempt to Shield Information Explicitly Contemplated by the Rules from Discovery.**

Defendants attempts to bar discovery of information specifically permitted under Rule 56.01. As stated above the Rules of the Missouri Supreme Court permit the discovery regarding:

> [A]ny matter, not privileged, that is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents or other tangible things and the identity and location of persons having knowledge of any discoverable matter.

Moreover, Missouri Supreme Court Rule 57.01(a) provides that:

> [A]ny party may serve upon any other party written interrogatories. Interrogatories may relate to any matter that can be inquired into under Rule 56.01. An interrogatory otherwise proper is not necessarily objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact, but the court may order that such an interrogatory need not be answered until after designated discovery has been completed or until a pretrial conference or other later time.

Interrogatories Nos. 3-4, and Requests for Production 9 speak to claims Plaintiff has made against Fairfield and seek information related to the identity of potential witnesses and the substance of the knowledge they might have. *See Exhibit 2; Exhibit 3; Exhibit 4; Exhibit 5.* As such, the information requested therein is explicitly discoverable under Rule 56.01.

Furthermore, Plaintiff's Interrogatory No. 19, requests a bill of lading evidencing the identity of the carrier responsible for Plaintiff's injury. Such information is clearly contemplated by Rule 56.01, which renders discoverable the identity and location of persons having knowledge of any discoverable matter. Nevertheless, Defendant has failed to even provide a response to said request, leaving Plaintiff unable to prosecute her case.

Finally, Fairfield's objection to Interrogatory 16 and Request for Production Nos. 1 and 18-19, seeking any photographs, videotapes, or movies depicting the scene of the incident in

Electronically Filed - City of St. Louis - December 08, 2021 - 04:42 PM

Fairfield's possession, falls flat under Missouri Supreme Court precedent. The Supreme Court in *State ex rel. McConaha v. Allen*, 979 S.W.2d 188, 189–90 (Mo. 1998) found that "[u]nder Rule 56.01(b)(3)(b) and this Court's decision in *Koehr*. . . surveillance videotape [are] statement[s] . . . discoverable without a showing of undue hardship. *Id.* As such, Plaintiff is categorically entitled to any evidence obtained via surveillance on behalf of Fairfield. Nevertheless, Fairfield has objected on the basis of work product privilege and produced subject to said objection, one surveillance video containing neither the scene of the incident nor Plaintiff.

III. **Defendants Have Failed To Provide Sufficient Evidence To Bar Discovery Via The Work Product Doctrine or Any Other Privilege.**

A.     Defendants' Unsupported Claims of Privilege Are Improper Under Missouri Law.

Moreover, in response to Interrogatories Nos. 5, 15, 17, and 18 and Requests for Production Nos. 1, 2, 15, 16, 18, and 19 to Fairfield, it raises the potential of work product, insured-insurer, or attorney-client privilege. *See Exhibit 2; Exhibit 3; Exhibit 4; Exhibit 5*. However, such assertions are insufficient under Missouri law.

Claims of privilege or protection are considered impediments to discovery of the truth, deserving of careful scrutiny. *See State ex rel. Health Midwest Develop. Group, Inc. v. Daugherty*, 965 S.W.2d 841 (Mo. Banc 1998). Therefore, Defendant bears the burden of proving the applicability of any alleged exception to discovery. *State ex re. State Board of Pharmacy v. Otto*, 866 S.W.2d 480, 483 (Mo. App. W.D. 1993); *State ex rel. Dixon v. Darnold,* 939 S.W.2d 66, 70 (Mo. App. S.D. 1997). This burden includes a requirement that Defendants state with particularity the grounds for the objection and provide sufficiently specific facts to allow the Court to determine whether they have satisfied each and every element of the claimed privilege for every document or item they seek to withhold. *State ex rel. Dixon v. Darnold*, 939 S.W.2d

Electronically Filed - City of St. Louis - December 08, 2021 - 04:42 PM

66, 70 (Mo. App. S.D. 1997); Mo. R. Civ. Pro. 55.26 (a). Failure to prove any element of the claimed protection causes the entire claim to fail. *Id.*

A blanket assertion of protection is insufficient as a matter of law. *Id.*; *State ex rel. Freidman v. Provaznik*, 668 S.W.2d 76 (Mo. banc. 1984). Moreover, Missouri Courts have rejected claims of attorney-client privilege that were "generic," "non-specific," "hypothetical," "blanket assertions," or where such claims applied to matters "*potentially* privileged," or which "*may* require ... disclosure" of privileged communications. *Id.* at 117-18 (emphasis added).

As such, Fairfield's assertions of several potential privileges, without any supporting evidence, fall well short of their burden of proof. Fairfield fails to explain with particularity why the proffered discovery stands to expose privileged or confidential information. *See Exhibit 2; Exhibit 3; Exhibit 4; Exhibit 5.* Put another way, Fairfield, attempts to usurp the authority of the Court, and unilaterally determine that privilege applies, that no exceptions to said privileges apply, and that they therefore need not produce whichever documents or information they so choose. Therefore, Plaintiff requests this Court to compel Fairfield's production of the requested information and documents.

B.    Defendants' Objections Fail to Properly Assert Work Product Privilege or Address the Potential Exception to It's Applicability.

Moreover, Fairfield improperly asserts the protection of work product doctrine to bar large swaths of Plaintiff's propounded discovery. *See Exhibit 2; Exhibit 3; Exhibit 4; Exhibit 5.* Interrogatories No. 5, 15, and 17 and Requests for Production Nos. 1, 2, 15, 16, 18, and 19 request information related to any incident report or investigation conducted related to the December 18, 2019 incident, copies of said reports, and any photographs or statements related thereto. *Id.*

Electronically Filed - City of St. Louis - December 08, 2021 - 04:42 PM

Again, under Missouri Law, blanket assertions of privilege do not properly establish protection under work product doctrine. Instead, to assert this privilege, a party must "establish, via competent evidence, that the materials sought to be protected (1) are documents or tangible things, (2) were prepared in anticipation of litigation or trial, and (3) were prepared by or for a party or a representative of that party." *State ex rel. Ford Motor Co. v. Westbrooke*, 151 S.W3.d 364, 367 (Mo. banc 2004). Because any information related to these discovery requests would likely have preceded anticipation of litigation Fairfield may not properly assert work product protection.

Moreover, Plaintiff may discover statements, photographs, or other evidence obtained by the insurance company relating to the alleged incident not prepared in anticipation of litigation, but rather, in the ordinary course of business. *Ratcliff v. Sprint Missouri, Inc*., 261 S.W.3d 534, 548 (Mo. Ct. App. W.D. 2008). As such, evidence prepared or collected in the ordinary course of business, and not as communications between the insurer and the insured, is not privileged. *Id.* Furthermore, as stated supra, any surveillance videos or photographs depicting Plaintiff are statements, discoverable without a showing of undue hardship. *Supra.*

As such, under Missouri Law, to assert work product protection, Fairfield must provide some competent evidence providing Plaintiff and the Court with some guidance as to whether such protection applies; these blanket assertions provide no such evidence. As such, Fairfield can not refute the possibility that the ordinary course of business exception to the insured insurer privilege, attorney-client privilege, or work product protection applies in this case. Fairfield has thus failed to carry their burden of proof and can not bar the propounded discovery via its unsupported assertions.

Therefore, Plaintiff requests this Court overrule said objections and compel Fairfield to provide appropriate responses to Plaintiff's requests.

### III.   Evidence That Fairfield or Its Agents, Employees, or Contractors Had Notice of The Dangerous Condition Is Admissible.

Fairfield makes further objections to Interrogatories Nos. 7, and 11, and Requests for Production Nos. 4, and 14, asserting that these requests exceed the scope of the Missouri Rules of Civil Procedure, are over broad, unduly burdensome, not appropriately limited, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. *See Exhibit 4; Exhibit 5*. Once again, when tested against Missouri Law, Fairfield's argument falls flat. The above listed Interrogatories and Requests for Production seek information related to prior incidents of accidents occurring under similar circumstances to that which cause Plaintiff's injury. *Exhibit 3*.

While "evidence of similar acts of negligence generally is not admissible to demonstrate that a party acted negligently at a subsequent incident", (*Lohmann v. Norfolk & Western Railway Company*, 948 S.W.2d 659, 671 (Mo.App. W.D.1997)), a defendant's knowledge of prior accidents, or information standing to show that defendant should have, using ordinary care, known of a dangerous condition is far from a novel concept in Missouri common law.  *State ex rel. Stolfa v. Ely*, 875 S.W.2d 579, 581 (Mo. Ct. App. 1994). Furthermore, under Missouri Law, the question of whether a company has procedures or policies, but does not enforce them, that is unquestionably relevant. *See Ybarra v. Burlington Northern Inc*., 689 F.2d 147, 150 (8th Cir. 1982). The same is true for violation of company standards, industry standards, or regulations and statutes. *Reed v. Missouri-Kansas-Texas Railroad Co.*, 239 S.W.2d 328 (Mo. 1951); *First National Bank of Fort Smith v. Kansas City Southern Railway Co.*, 865 S.W.2d 719 (Mo. App. W.D. 1993).

Electronically Filed - City of St. Louis - December 08, 2021 - 04:42 PM

Therefore, Plaintiff's discovery requests relating directly to prior incidents relate directly to Fairfield's knowledge of the dangerous condition.

As such, once again, despite Fairfield's attempt to assume the role of finder of law, there remain circumstances where the information requested is, not only discoverable, but specifically admissible. Therefore, Plaintiff would request this Court overrule said objections, and compel proper responses.

**IV.    Evidence Of Fairfield's Policies And Procedures Tend To Prove The Elements Of Its Negligence and Are Therefore Discoverable.**

Defendant Investment further objects to Plaintiff's Interrogatories Nos. 12 and 18, and Requests for Production Nos. 12, 13, 20, 21, 22, and 23 seeking Fairfield's policies and procedures regarding the training it provided, or regulations or policies it adopted, stating that such requests are overbroad, vague, and ambiguous. *See Exhibit 4; Exhibit 5.*

Missouri recognizes not only the theory of vicarious liability of a corporation for the negligence of its employees, but also for its own. *Spence v. BNSF Railway Co.*, 2018 WL 3185473 (Mo. 2018).

Such evidence may tend to prove Fairfield's own negligence. Under Missouri Law, the question of whether a company has procedures or policies, but does not enforce them, that is unquestionably relevant. *See Ybarra v. Burlington Northern Inc.*, 689 F.2d 147, 150 (8th Cir. 1982). The same is true for violation of company standards, industry standards, or regulations and statutes. *Reed v. Missouri-Kansas-Texas Railroad Co.*, 239 S.W.2d 328 (Mo. 1951); *First National Bank of Fort Smith v. Kansas City Southern Railway Co.*, 865 S.W.2d 719 (Mo. App. W.D. 1993) (finding evidence that a company adopted rules or standards but failed to follow them in conscious (or flagrant) disregard for the public, presented a jury question as to punitive

Electronically Filed - City of St. Louis - December 08, 2021 - 04:42 PM

damages). As such, evidence that Fairfield adopted certain policies and procedures, but failed to implement or enforce them is not only discoverable, but admissible to the jury.

As such, Plaintiff requests this Court overrule Fairfield's objections and compel their production of the relevant policies and procedures, and associated training manuals.

<u>**CONCLUSION**</u>

Plaintiff served specific and directed discovery to Defendant based upon the elements of her asserted claims. This discovery sought material clearly relevant to each of these claims. Such documents would not only likely lead to the discovery of admissible evidence, but may in fact be admissible evidence. In response, Defendants have filed multiple blanket, general objections, with no foundation in Missouri law. As such, Plaintiff would ask the Court to enter its Order requiring full and complete answers to each of the Interrogatories and Requests identified above.

**WHEREFORE**, Plaintiff prays for this Court to overrule Defendants Ledbetter's and SWBT's Objections to Interrogatories and Request for Production of Documents, Order Defendants to answer and make all disclosures called for in Plaintiff's discovery within twenty (20) days without further objection and for any such other and further relief as this Court deems appropriate.

<div style="margin-left: 40%;">

**Respectfully Submitted,**

**THE CAGLE LAW FIRM**

By: _____
**John S. Applebaum Jr., MO #71766**
Zane T. Cagle, MO#53775
500 North Broadway, Suite 1605
St. Louis, MO 63102
Phone: (314) 241-1700
Fax: (314) 241-1738
E-Mail: zane@caglellc.com
E-Mail: john@caglellc.com
*Attorney for Plaintiff*

</div>

Electronically Filed - City of St. Louis - December 08, 2021 - 04:42 PM

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was sent via electronic mail and through this Court's Electronic Filing Service for service upon Counsel for Defendant at the address listed below on this the 8th day of December, 2021:


BROWN & JAMES, P.C.

John A. Mazzei,
jmazzei@bjpc.com
dbuchanan@bjpc.com
800 Market Street, Suite 1100
St. Louis, Missouri, 63101
(314) 421-3400
(314) 421-3128 (fax)
Attorneys For Defendant
Fairfield Processing Corporation


By: _____
John S. Appelbaum Jr., MO #71766

11

**John Appelbaum, Jr**



**From:**        John Appelbaum, Jr
**Sent:**        Friday, July 16, 2021 12:23 PM
**To:**          'Mazzei, John'
**Subject:**     RE: Lawrence v. Fairfield Et. Al.
**Attachments:** Ltr to OPC re Discovery-7-16-21.pdf

Good afternoon John,

Please find attached our correspondence related to the above styled case.

Thanks and take care,

John S. Appelbaum Jr.



500 N. Broadway, Suite 1605
St. Louis Missouri, 63102
Office: (314)-241-1700
Cell: (314)-315-5928
John@caglellc.com

*CONFIDENTIALITY NOTICE*-- THIS E-MAIL TRANSMISSION IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR
ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL, OR
EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. If the reader of this transmission is *NOT* the intended recipient, or the
employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution, or copying
of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone at
314-241-1700 and delete this message from your system.
NOTE: The Missouri Bar advises Missouri lawyers to notify all recipients of e-mail that (1) e-mail communication is not a secure method of
communication; (2) any e-mail that is sent to you or by you may be copied and held by various computers it passes through them as it goes
from me to you or vice versa; and (3) persons not participating in our communication may intercept our communications by improperly
accessing your computer or my computer or even some computer unconnected to either of us which the e-mail passed through. I am
communicating to you via e-mail because you have consented to receive communications via this medium. If you change your mind and
want future communications to be sent in a different fashion, please let me know **AT ONCE**.

---

**From:** John Appelbaum, Jr
**Sent:** Friday, June 25, 2021 2:45 PM
**To:** 'Mazzei, John' <jmazzei@bjpc.com>
**Subject:** RE: Lawrence v. Fairfield Et. Al.

Thanks for touching base, I've saved the documents to our file. I'll keep an eye out for the
Interrogatory and supplemental responses.

Electronically Filed - City of St. Louis - December 08, 2021 - 04:42 PM

Electronically Filed - City of St. Louis - December 08, 2021 - 04:42 PM

Have a good weekend,


John S. Appelbaum Jr.



500 N. Broadway, Suite 1605
St. Louis Missouri, 63102
Office: (314)-241-1700
Cell: (314)-315-5928
John@caglellc.com

*CONFIDENTIALITY NOTICE*-- THIS E-MAIL TRANSMISSION IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL, OR EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. If the reader of this transmission is *NOT* the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone at 314-241-1700 and delete this message from your system.
NOTE: The Missouri Bar advises Missouri lawyers to notify all recipients of e-mail that (1) e-mail communication is not a secure method of communication; (2) any e-mail that is sent to you or by you may be copied and held by various computers it passes through them as it goes from me to you or vice versa; and (3) persons not participating in our communication may intercept our communications by improperly accessing your computer or my computer or even some computer unconnected to either of us which the e-mail passed through. I am communicating to you via e-mail because you have consented to receive communications via this medium. If you change your mind and want future communications to be sent in a different fashion, please let me know **AT ONCE**.

---

**From:** Mazzei, John <jmazzei@bjpc.com>
**Sent:** Friday, June 25, 2021 11:43 AM
**To:** John Appelbaum, Jr <john@caglellc.com>
**Subject:** RE: Lawrence v. Fairfield Et. Al.

Not yet.  I provided initial responses to your request for production with what I have in our case file. I will meet with my clients to supplement the responses and send you interrogatory anwers.

Have a good weekend.



**John Mazzei** | Principal
800 Market Street, Suite 1100
St. Louis, MO 63101
314-242-5347
jmazzei@bjpc.com

Website

---

**From:** John Appelbaum, Jr <john@caglellc.com>
**Sent:** Wednesday, June 23, 2021 1:17 PM
**To:** Mazzei, John <jmazzei@bjpc.com>
**Subject:** RE: Lawrence v. Fairfield Et. Al.


Good afternoon John,

Electronically Filed - City of St. Louis - December 08, 2021 - 04:42 PM

I don't anticipate that being a problem. I'll look forward to your responses. Also, were you able to find any further information on the trucking company involved?

Thanks and take care,

John S. Appelbaum Jr.



500 N. Broadway, Suite 1605
St. Louis Missouri, 63102
Office: (314)-241-1700
Cell: (314)-315-5928
John@caglellc.com

*CONFIDENTIALITY NOTICE--* THIS E-MAIL TRANSMISSION IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL, OR EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. If the reader of this transmission is *NOT* the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone at 314-241-1700 and delete this message from your system.
NOTE: The Missouri Bar advises Missouri lawyers to notify all recipients of e-mail that (1) e-mail communication is not a secure method of communication; (2) any e-mail that is sent to you or by you may be copied and held by various computers it passes through them as it goes from me to you or vice versa; and (3) persons not participating in our communication may intercept our communications by improperly accessing your computer or my computer or even some computer unconnected to either of us which the e-mail passed through. I am communicating to you via e-mail because you have consented to receive communications via this medium. If you change your mind and want future communications to be sent in a different fashion, please let me know **AT ONCE**.

---

**From:** Mazzei, John <jmazzei@bjpc.com>
**Sent:** Wednesday, June 23, 2021 9:41 AM
**To:** John Appelbaum, Jr <john@caglellc.com>
**Subject:** RE: Lawrence v. Fairfield Et. Al.

Hi, John:

We are not going to just rely on our objections.  We are going to be sending you discovery responses as well as a privilege log.  Can we revisit the objections after we provide discovery responses?



**John Mazzei** | Principal
800 Market Street, Suite 1100
St. Louis, MO 63101
314-242-5347
jmazzei@bjpc.com

Website

---

**From:** John Appelbaum, Jr <john@caglellc.com>
**Sent:** Tuesday, June 22, 2021 3:18 PM

**To:** Mazzei, John <jmazzei@bjpc.com>
**Subject:** RE: Lawrence v. Fairfield Et. Al.

Good afternoon John,

Please find attached Plaintiff's formal attempt to resolve letter regarding the above styled case.

Thanks and take care,

John S. Appelbaum Jr.



500 N. Broadway, Suite 1605
St. Louis Missouri, 63102
Office: (314)-241-1700
Cell: (314)-315-5928
John@caglellc.com

*CONFIDENTIALITY NOTICE*-- THIS E-MAIL TRANSMISSION IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL, OR EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. If the reader of this transmission is *NOT* the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone at 314-241-1700 and delete this message from your system.
NOTE: The Missouri Bar advises Missouri lawyers to notify all recipients of e-mail that (1) e-mail communication is not a secure method of communication; (2) any e-mail that is sent to you or by you may be copied and held by various computers it passes through them as it goes from me to you or vice versa; and (3) persons not participating in our communication may intercept our communications by improperly accessing your computer or my computer or even some computer unconnected to either of us which the e-mail passed through. I am communicating to you via e-mail because you have consented to receive communications via this medium. If you change your mind and want future communications to be sent in a different fashion, please let me know **AT ONCE**.

---

**From:** Mazzei, John <jmazzei@bjpc.com>
**Sent:** Wednesday, May 5, 2021 10:25 AM
**To:** John Appelbaum, Jr <john@caglellc.com>
**Subject:** RE: Lawrence

We got it off the internet.  This is the best information I have right now.  I will keep on digging.



**John Mazzei** | Principal
800 Market Street, Suite 1100
St. Louis, MO 63101
314-242-5347
jmazzei@bjpc.com

Website | Bio



**John Mazzei** | Principal
800 Market Street, Suite 1100
St. Louis, MO 63101
314-242-5347

4

Electronically Filed - City of St. Louis - December 08, 2021 - 04:42 PM

Electronically Filed - City of St. Louis - December 08, 2021 - 04:42 PM

jmazzei@bjpc.com

Website

**From:** John Appelbaum, Jr [mailto:john@caglellc.com]
**Sent:** Wednesday, May 5, 2021 10:21 AM
**To:** Mazzei, John <jmazzei@bjpc.com>
**Subject:** RE: Lawrence

Thank you John,

Can I ask where you got this info? This was the first entity I served and they signed an affidavit stating they have not delivered in the St. Louis area in some time. I would like to be sure which entity is responsible.


Thanks and take care,

John S. Appelbaum Jr.



500 N. Broadway, Suite 1605
St. Louis Missouri, 63102
Office: (314)-241-1700
Cell: (314)-315-5928
John@caglellc.com

*CONFIDENTIALITY NOTICE--* THIS E-MAIL TRANSMISSION IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL, OR EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. If the reader of this transmission is *NOT* the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone at 314-241-1700 and delete this message from your system.
NOTE: The Missouri Bar advises Missouri lawyers to notify all recipients of e-mail that (1) e-mail communication is not a secure method of communication; (2) any e-mail that is sent to you or by you may be copied and held by various computers it passes through them as it goes from me to you or vice versa; and (3) persons not participating in our communication may intercept our communications by improperly accessing your computer or my computer or even some computer unconnected to either of us which the e-mail passed through. I am communicating to you via e-mail because you have consented to receive communications via this medium. If you change your mind and want future communications to be sent in a different fashion, please let me know **AT ONCE**.


**From:** Mazzei, John <jmazzei@bjpc.com>
**Sent:** Wednesday, May 5, 2021 10:07 AM
**To:** John Appelbaum, Jr <john@caglellc.com>
**Subject:** Lawrence

Murfreesboro, TN Corporate Office
304 Robert Rose Dr
Murfreesboro, TN 37129
615-793-9500

Electronically Filed - City of St. Louis - December 08, 2021 - 04:42 PM

https://www.ventureexpress.com/



**John Mazzei** | Principal
800 Market Street, Suite 1100
St. Louis, MO 63101
314-242-5347
jmazzei@bjpc.com

Website | Bio

CONFIDENTIALITY NOTE: This message is from a law firm and contains information for the sole use of the intended recipient that may be privileged, attorney work product, or exempt from disclosure under applicable law. If you are not the intended recipient, any distribution, dissemination, or copying of this message, including any attachments, is strictly prohibited. If you received this message in error, or are not the proper recipient, please notify the sender at either the email address or telephone number above and delete this email (and any attachments) from your computer without copying or forwarding it. Thank you.



**John Mazzei** | Principal
800 Market Street, Suite 1100
St. Louis, MO 63101
314-242-5347
jmazzei@bjpc.com

Website

Electronically Filed - City of St. Louis - December 08, 2021 - 04:42 PM

**PLAINTIFF'S
EXHIBIT**

_2_

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

| | | |
|---|---|---|
| FONTANIA LAWRENCE, | ) | |
| | ) | |
| Plaintiff, | ) | Cause No.: 2022-CC10591 |
| vs. | ) | |
| | ) | Division: |
| FAIRFIELD PROCESSING CORPORATION | ) | |
| | ) | |
| And | ) | |
| | ) | |
| VENTURE EXPRESS, LLC. | ) | |
| Defendants. | ) | |

## PLAINTIFF'S FIRST INTERROGATORIES DIRECTED TO
## DEFENDANT FAIRFIELD PROCESSING CORPORATION

COMES NOW Plaintiff Fontania Lawrence, ("Plaintiff") pursuant to Missouri Rule of

Civil Procedure 57.01, and hereby propounds the following First Interrogatories Directed to

Defendant Fairfield Processing Corporation ("Fairfield"), to be answered in writing, under oath

and according to law.

## INTERROGATORIES

19.      Is there a bill of lading or any other document describing in detail, the identity of the carrier
who owned/operated the truck/tractor/trailer at the time of the accident?  If so, please list the
custodian of each such document, the title of each, the preparer and employer of each and attach a
copy of said document to your responses hereto.

ANSWER:

Respectfully Submitted,

**THE CAGLE LAW FIRM**

By: _____
**John S. Appelbaum Jr., MO#71766**
500 North Broadway, Suite 1605
St. Louis, MO 63102
Phone: (314) 241-1700
Fax: (314) 241-1738
E-Mail: john@caglellc.com
_Attorney for Plaintiff_

Electronically Filed - City of St. Louis - December 08, 2021 - 04:42 PM

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing was sent electronic mail for service upon the Defendant to the attorneys of record indicated below on March 18, 2021:

BROWN & JAMES, P.C.
John A. Mazzei,
800 Market Street, Suite 1100
St. Louis, Missouri, 63101
(314) 421-3400
(314) 421-3128 (fax)
*ATTORNEYS FOR DEFENDANT*
*FAIRFIELD PROCESSING CORPORATION*

By: _____

**John S. Appelbaum Jr. MO#71766**



Electronically Filed - City of St. Louis - December 08, 2021 - 04:42 PM

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

FONTANIA LAWRENCE,            )
                                )
                Plaintiff,      )    Cause No.: 2022-CC10591
vs.                          )
                                )    Division:
FAIRFIELD PROCESSING CORPORATION   )
                                )
And                            )
                                )
VENTURE EXPRESS, INC.          )
                    Defendants.   )

**PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS DIRECTED
TO DEFENDANT FAIRFIELD PROCESSING CORPORATION**

COMES NOW Plaintiff Fontania Lawrence, ("Plaintiff") by and through her attorneys of

record sand pursuant to the Missouri Supreme Court Rules and Missouri Rules of Civil

Procedure and for her First Requests for Production of Documents Directed to Directed to

Defendant Fairfield Processing Corporation ("Fairfield") and request that said documents be

produced to 500 North Broadway, Suite 1605 with thirty (30) days:

1.     Any investigative reports, videos, photos, or other documentary evidence, including

security footage, possessed by or on behalf of Fairfield related to the incident alleged in

Plaintiff's Petition, including copies of any and all photographs, digital images, videotape,

motion pictures, movies and/or any other visual depictions of any kind of the condition on

Premises as alleged in Plaintiff's Petition on December 19, 2019.

**RESPONSE:**

2.     Any and all documents and/or writings of any kind whatsoever reflecting any statements

obtained from any witness, person, who claim to have, knowledge regarding the incident at issue

Electronically Filed - City of St. Louis - December 08, 2021 - 04:42 PM

as described in Plaintiff's Petition for Damages. (<u>Note</u>: If claiming a privilege please provided a privilege log).

**RESPONSE:**

3.      Copies of any statements, either written or recorded or notes of statements taken from Plaintiff.

**RESPONSE:**

4.      Any and all documents, reports and/or writings of any kind whatsoever reflecting notice and/or knowledge of any complaints, concerns, claims and/or lawsuits involving the alleged dangerous condition(s) of the premises alleged in Plaintiff's Petition during the time period between December 19, 2018 and December 19, 2019.

**RESPONSE:**

5.      Certified copies of the declaration pages and all policies of insurance issued to Fairfield, including liability coverage, and any limits of liabilities for the allegations set forth in Plaintiff's petition.

**RESPONSE:**

6.      Copies of any and all medical records and reports of any kind whatsoever relating to and/or regarding the Plaintiff.

**RESPONSE:**

7.      Any and all documents and/or writings of any kind whatsoever that any expert witness you intend to have testify at trial has reviewed which relates to or in any way concerns the incident at issue as more fully described in Plaintiff's Petition for Damages, or which relates to or in any way concerns the injuries and damages suffered and sustained by Plaintiff, or concerns the litigation of this cause in any way whatsoever.

Electronically Filed - City of St. Louis - December 08, 2021 - 04:42 PM

**RESPONSE:**

8.      A curriculum vitae or resume for each expert witness or non-retained expert whom you

expect to call to testify at the trial of this cause.

**RESPONSE:**

9.      Any and all documents and/or writings of any kind whatsoever which reflect the identity

of the employees, agents and/or servants, or contractors of Fairfield on duty at the loading dock

alleged in Plaintiff's Petition on December 19, 2019.

**RESPONSE:**

10.     Please identify the names, addresses, employer, and job title of any individuals which

communicated with the Plaintiff subsequent to the incident alleged in Plaintiff's Petition.

**RESPONSE:**

11.     Any documents which reflect the ownership of the premises alleged in Plaintiff's

Petition on December 19, 2019.

**RESPONSE:**

12.     Any and all documents, materials, company manuals, handbooks, handouts, pamphlets,

brochures, videos, DVDs, or similar materials reflecting any policies and procedures, standing

orders, company issued rules or regulations, directives or notices, safety policies or programs, in

effect at the time the Incident occurred utilized by Fairfield in instructing or controlling their

employees' agents', and/or contractors', work, activities, job performance, regarding the

maintenance and repair of, or removal of snow and ice from, any sidewalks on Premises in effect

on December 19, 2019.

**RESPONSE:**

13.     Documents reflecting Fairfield's written company policy(ies) regarding suppression, destruction or disposal of evidence in connection with anticipated litigation and/or claims in effect during the period of December 19, 2019 to present.

**RESPONSE:**

14.     A copy of any and all safety inspections and/or audits performed on Premises alleged in Plaintiff's Petition during the time period of December 19, 2018 and December 19, 2019.

**RESPONSE:**

15.     All e-mails, faxes, messages, internet communication, memos, or similar communication between Fairfield and Fairfield's employees and/or agents concerning the incident alleged in Plaintiffs' Petition. Note: said request does not include any communications with Fairfield's counsel.

**RESPONSE:**

16.     Any documents concerning this Incident provided to any third person by Fairfield immediately following said Incident, excluding those to attorneys.

**RESPONSE:**

17.     A copy of any logs, sign-in sheets, or time cards which reflect the identity of all individual employees, agents, or contractors on the loading dock on December 19, 2019.

**RESPONSE:**

18.     Any investigative reports, videos, photos, or other documentary evidence, including security footage, possessed by or on behalf of Decedent related to the incident alleged in Plaintiff's Petition.

**RESPONSE:**

Electronically Filed - City of St. Louis - December 08, 2021 - 04:42 PM

19.     Copies of any and all photographs, digital images, videotape, motion pictures, movies and/or any other visual depictions of any kind of the condition of the loading dock, and the Incident as alleged in Plaintiff's Petition on December 19, 2019.

**RESPONSE**

20.     All documents, materials, company manuals, company issued rules and regulations, directives or notices in effect at the time the Incident occurred utilized by Defendants in controlling their employees and/or agents' work, activities, job performance, regarding supervision and operation of the loading dock and any safety precautions associated therewith.

**RESPONSE:**

21.     Any of Defendant's officers', executives' or administrators' directives, bulletins or written instruments in reference to the day to day operating procedures or policy relating to the supervision and operation of the loading dock on which Plaintiff alleges her incident occurred.

**RESPONSE:**

22.     Any and all documents which reflect Defendants' policies, procedures, safety rules, regulations, or standing orders regarding the inspection, supervision, and operation of the loading dock in effect on December 19, 2019.

**RESPONSE:**

23.     The document creation, retention, and destruction policy of Defendants to include, but not limited to photographs, video, statements, incident reports, injury and incident investigations, premises inspections, logs, and the like for the subject premises.

**RESPONSE:**

Electronically Filed - City of St. Louis - December 08, 2021 - 04:42 PM

Respectfully Submitted,

**THE CAGLE LAW FIRM**

By: _____
**John S. Applebaum Jr., MO#71766**
500 North Broadway, Suite 1605
St. Louis, MO 63102
Phone: (314) 241-1700
Fax: (314) 241-1738
E-Mail: john@caglellc.com
*Attorney for Plaintiff*

Electronically Filed - City of St. Louis - December 08, 2021 - 04:42 PM

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was sent electronic mail for service upon the Defendant to the attorneys of record indicated below on March 18, 2021:

BROWN & JAMES, P.C.
John A. Mazzei,
800 Market Street, Suite 1100
St. Louis, Missouri, 63101
(314) 421-3400
(314) 421-3128 (fax)
*ATTORNEYS FOR DEFENDANT*
*FAIRFIELD PROCESSING CORPORATION*

By: _____
**John S. Appelbaum Jr. MO#71766**

Electronically Filed - City of St. Louis - December 08, 2021 - 04:42 PM

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

FONTANIA LAWRENCE,                        )
                                          )
                           Plaintiff,     )        Cause No.: 2022-CC10591
vs.                                       )
                                          )        Division:
FAIRFIELD PROCESSING CORPORATION          )
                                          )
And                                       )
                                          )
VENTURE EXPRESS, INC.                     )
                           Defendants.    )

## PLAINTIFF'S FIRST INTERROGATORIES DIRECTED TO DEFENDANT FAIRFIELD PROCESSING CORPORATION

COMES NOW Plaintiff Fontania Lawrence, ("Plaintiff") pursuant to Missouri Rule of Civil Procedure 57.01, and hereby propounds the following First Interrogatories Directed to Defendant Fairfield Processing Corporation ("Fairfield"), to be answered in writing, under oath and according to law.

### Introduction

These interrogatories and requests for production which are included pursuant to the Missouri Rules of Civil Procedure are to be regarded as continuing, and you will be requested to provide, by way of supplementary answers thereto, such additional information or material as you, your counsel, or any other person on your behalf, or subject to your control, may hereinafter obtain which will augment or otherwise modify the answers now given to these interrogatories or requests for production, which has reference to names and addresses of persons having knowledge of discoverable facts, which has reference to the names and addresses of expert witnesses expected to be called to trial, or which corrects these responses to interrogatories or requests for production which were incorrect when made and which are now incorrect because of a change in circumstances.

Electronically Filed - City of St. Louis - December 08, 2021 - 04:42 PM

Such supplemental responses are to be filed and served upon the Plaintiff(s) within fourteen (14) days after receipt of such information, but not later than three (3) weeks preceding the date of trial.

### Definitions

"Identify," when referring to an individual person, means to state his or her full name, present or last-known address and telephone number, present or last-known position and business affiliation and title of position held and by whom employed at the time of each event, transaction or occurrence hereinafter referred to.

The term "document," as used herein includes, without limitation, drafts, discarded originals, contracts, leases, agreements, memoranda of agreement, letters, inter-company memoranda, correspondence, memorandum reports or written communications, instructions, reports, newspapers or other publications, photographs, videotapes, blueprints, photographic matters, salary productions, however produced or reproduced, microfilm, computer-generated matter, e-mail, transcripts, or any written communication of any kind whatsoever, now or formerly in, under, or subject to the possession, custody or control of your representatives.

"Identify," when referring to a document, shall mean the date and author, type of document, (e.g., letter, memorandum, etc.), or some other means of identifying it.  Further a request for the "description" or "identification" of any document should be understood to include as well a request for the following information:

(a) The name and address of each and every person, as defined below, by whom such "document" was received, to whom it was sent or circulated, or by whom it was received;

(b) The nature and substance of the "document" with sufficient particularity to enable the same to be identified;

(c) The date of the document and the date the document was executed, (if different from the date it bears);

(d) Whether you claim any privilege as to such "document," and if so, a precise statement of the facts on which such claim of privilege is based;

(e) The name and address of each and every person who participated in the drafting or creation of the "document";

Electronically Filed - City of St. Louis - December 08, 2021 - 04:42 PM

(f) The present location and the name and address of the present custodian of the "document"; and

(g) If a "document" was, but no longer is, in your control, the disposition that was made of it, the circumstances surrounding the disposition, the authorization for such disposition, and the date or approximate date thereof.

## INTERROGATORIES

1.     Please state the name, address and telephone number of the person or persons participating in the answering of these interrogatories?  For each person, list the person's official position or relationship with the party to whom the interrogatories are directed, as well as the number of each interrogatory which the person participated in answering.

**ANSWER:**

3.     Please state the name address, telephone number, place of employment and job title of any person who has, claims to have, or whom you believe may have, knowledge or information pertaining to any fact alleged in the pleadings filed in this action, or any fact underlying the subject matter of this action, and specify what information those individuals have that is related to Plaintiff's claims.

**ANSWER:**

4.     Please state the specific nature and substance of the knowledge that you believe the person(s) identified in your response to Interrogatory No. 2 may have.

**ANSWER:**

5.     Please describe any statements concerning the incident made to any employee, contractor, agent, private investigator, insurance company agent or adjuster, or internal investigator employed or contracted by Defendant and/or Defendant's insurance carrier? (Note:  Plaintiff is not requesting any attorney client communications).  If applicable, please state:

(a) The name, address and employer of the person to whom the statement was made;

Electronically Filed - City of St. Louis - December 08, 2021 - 04:42 PM

(b) The date of each statement;
(c) Whether the statement was oral or written, and if oral, whether it was recorded;
(d) The name and address of the custodian(s) of each statement.

**ANSWER:**

6.      Please identify any and all past or present Fairfield employees who would have been on the loading dock as alleged in Plaintiff's Petition on December 19, 2019.  For each such person, state their:

(a) Address;
(b) Telephone number; and
(c) Job description/title and general responsibilities on December 19, 2019.

**ANSWER:**

7.      Please identify all investigations, civil lawsuits, audits, reports, or allegations in any form that contend that Fairfield or any of its employees, subsidiaries, or subcontractors failed to exercise due care in the supervision and operation of the loading dock on Premises alleged in Plaintiff's Petition from December 19, 2018 through December 19, 2019.

**ANSWER:**

8.      Do you have any insurance agreements, policies, contracts or any other items, documents or things of any kind whatsoever which will indemnify you and/or may indemnify you, in whole or in part, against any judgment Plaintiff may obtain in this action?  If so, please state:

(a)     The name and address of the organization(s), along with any appropriate citation number(s), who may indemnify you.
(b)     The total limits of coverage on the date of the occurrence referred to in Plaintiff's Petition for Damages; and
(c)     Please attach such applicable documents to your answers to these interrogatories.

**ANSWER:**

9.      Please identify by name, address, telephone number and field of expertise each retained person you intend to call as an expert witness at trial.  For each retained expert, state the expert's

Electronically Filed - City of St. Louis - December 08, 2021 - 04:42 PM

occupation, place of employment and qualifications to give an opinion, or if such information is available in the expert's curriculum vitae, such curriculum vitae may be attached to this interrogatory answer in response, and state the general nature of the subject matter on which the expert is expected to testify, and the expert's hourly deposition fee.

**ANSWER:**

10.     Please identify by name, address, telephone number and field of expertise each non-retained person you expect to call as an expert witness at trial.

**ANSWER:**

11.     Please describe any incident, other than that described in the Petition, where any person reported injuries arising from improper supervision and operation of the loading dock on Premises as alleged in Plaintiff's Petition, during the two (2) year period prior to the date of this incident and/or during the four (4) months subsequent to this incident? If applicable, as to each report please provide the following information:

> (a) The date of each such incident;
> (b) A brief description of each such incident and the injuries involved; and
> (c) Whether any of the incidents referred to above resulted in a claim and/or lawsuit, and if so, the name of each claimant, date of the filing of each such claim and/or lawsuit, the civil number, if any, and a summary of the disposition of each such claim or lawsuit.

**ANSWER:**

12.     Please describe any system, routine, rules, policies, procedures, or standing orders of any kind to inspect and supervise the operation of the loading dock, and enforcement of safety protocols on the premises alleged in Plaintiff's Petition for its subsidiaries or subcontractors, during the time period of October 1, 2019 and December 19, 2019.  If applicable, please provide:

> (a) A general description of such system or routine;
> (b) The name, address, and particular duties of each person directly involved in such system or routine of inspection and/or maintenance in the general area where this incident occurred as of the date of this incident;

Electronically Filed - City of St. Louis - December 08, 2021 - 04:42 PM

      (c) Dates each individual was involved; and

      (d) A general description of the training materials or manuals related to the safety protocols relating to the inspection and supervisions of fireworks displays.

**ANSWER:**

13.     Please state the name, address, and employer of any individuals with knowledge of how and/or why and/or if the incident alleged in Plaintiff's Petition occurred.

**ANSWER:**

14.     Have you or anybody on your behalf received any statement, (written, recorded, taped, videotaped, audio, adopted statement, reported or otherwise), from the Plaintiff regarding any of the circumstances relating to the incident, events set forth and outlined in Plaintiff's Petition for Damages, her injuries, or other damages?  If so, please attach a copy of said statement(s) to your answers.  By statement(s), Plaintiff specifically intends to include all documents, correspondence, letters, written memorandum, video, audio, or any other tangibles memorializing statements by her. If no such copy exists, state the entirety of each statement.

**ANSWER:**

15.     Have you or anybody on your behalf received any statement, (written, recorded, taped, videotaped, audio, adopted, reported or otherwise), from any individuals, including your employees, agents and/or servants, or from any entities regarding any of the circumstances relating to the events set forth or outlined in Plaintiff's Petition for Damages?  If so, please attach a copy of said statement(s) to your answers.  By statement(s), Plaintiff specifically intends to include all documents, correspondence, letters, written memorandum, video, audio, or any other tangibles memorializing statements by them. If no such copy exists, state the entirety of each statement.

**ANSWER:**

Electronically Filed - City of St. Louis - December 08, 2021 - 04:42 PM

16.     State whether there exist photographs, videotapes, or movies with respect to the

automobiles or scene of the Incident mentioned in the Petition.  If so, state the following:

      (a)     Describe each photograph, video, or movie;

      (b)     State the date each was taken;

      (c)     State the name and address of the person taking each such photo, video, or movie;

      (d)     State the name, address, employer, insurer, and job title of the person presently
           having control or custody of each photograph, video or movie.

**ANSWER:**

17.     Please state whether Defendant and/or its employees, agents and/or servants in the

regular course of Defendant's business, conducted an investigation into the events giving rise to

Plaintiff's claims as set forth in Plaintiff's Petition for Damages and the injuries sustained by

Plaintiff.  If yes, please indicate the names of individuals that participated the investigation,

whether that investigation resulted in any kind of written report and/or any other type of tangible

item and the name and address of its custodian.

**ANSWER:**

18.     Does any Defendant have any policies or procedures that were in place from December

19, 2018 to the present time related to document creation, retention, and destruction of

photographs, audio, video, incident reports, statements of victims or witnesses, maintenance

records, work orders, job assignments, training materials, policies and procedures, or loading

dock inspection records or logs.  If so, then state:

      a)     Specifically state the policy.

      b)     State the dates said policy was in effect.

      c)     If you will do so without a formal request for production of documents,
          please attach a full and complete copy of any printed material explaining
          said policy to Defendant's employees, agents, contractors, or other

Electronically Filed - City of St. Louis - December 08, 2021 - 04:42 PM

personnel, or in the alternative, state verbatim the contents of the printed materials.

d)    Identify each individual who was required to patrol or otherwise view the subject premises at the location where Plaintiff fell on or about the date of the incident, including:

     i.      each person's name, home address, and telephone number;

     ii.     each person's business address and telephone number;

     iii.    each person's current employer and job title; and

     iv.    each person's job title and employer on the date of the incident.

**ANSWER:**

Respectfully Submitted,

**THE CAGLE LAW FIRM**

By: _____
**John S. Appelbaum Jr., MO#71766**
500 North Broadway, Suite 1605
St. Louis, MO 63102
Phone: (314) 241-1700
Fax: (314) 241-1738
E-Mail: john@caglellc.com
*Attorney for Plaintiff*

Electronically Filed - City of St. Louis - December 08, 2021 - 04:42 PM

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was sent electronic mail for service upon the Defendant to the attorneys of record indicated below on March 18, 2021:

BROWN & JAMES, P.C.
John A. Mazzei,
800 Market Street, Suite 1100
St. Louis, Missouri, 63101
(314) 421-3400
(314) 421-3128 (fax)
*ATTORNEYS FOR DEFENDANT*
*FAIRFIELD PROCESSING CORPORATION*

By: _____
**John S. Appelbaum Jr. MO#71766**

PLAINTIFF'S
EXHIBIT
4

Electronically Filed - City of St. Louis - December 08, 2021 - 04:42 PM

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

| | | |
|---|---|---|
| FONTANIA LAWRENCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Cause No.: 2022-CC10591 |
| | ) | |
| FAIRFIELD PROCESSING | ) | |
| CORPORATION, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| and | ) | |
| | ) | |
| VENTURE EXPRESS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT FAIRFIELD PROCESSING CORPORATION'S**
**OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

COMES NOW Defendant Fairfield Processing Corporation, by and through counsel, and

for its Objections to Plaintiff's First Request for Production of Documents, states as follows:

1.      Any investigative reports, videos, photos, or other documentary evidence,

including security footage, possessed by or on behalf of Fairfield related to the incident alleged in

Plaintiff's Petition, including copies of any and all photographs, digital images, videotape, motion

pictures, movies and/or any other visual depictions of any kind of the condition on Premises as

alleged in Plaintiff's Petition on December 19, 2019.

**OBJECTION:**   Defendant objects to this request for the reason it calls for information protected
by the work product doctrine, attorney-client privilege, and insurer-insured
privilege.

2.      Any and all documents and/or writings of any kind whatsoever reflecting any

statements obtained from any witness, person, who claim to have, knowledge regarding the

incident at issue as described in Plaintiff's Petition for Damages. (Note: If claiming a privilege

please provided a privilege log).

**OBJECTION:**   Defendant objects to this request for the reason it calls for information protected
by the work product doctrine, attorney-client privilege, and insurer-insured
privilege.

Electronically Filed - City of St. Louis - December 08, 2021 - 04:42 PM

4. Any and all documents, reports and/or writings of any kind whatsoever reflecting notice

and/or knowledge of any complaints, concerns, claims and/or lawsuits involving the alleged

dangerous condition(s) of the premises alleged in Plaintiff's Petition during the time period

between December 19, 2018 and December 19, 2019.

**OBJECTION:** Defendant objects to this request for the reason it calls for information protected by the work product doctrine, attorney-client privilege, and insurer-insured privilege. Defendant also objects to this request for the reason it is overbroad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.

6. Copies of any and all medical records and reports of any kind whatsoever relating to

and/or regarding the Plaintiff.

**OBJECTION:** Defendant objects to this request for the reason it is beyond the scope of discovery as provided for by the Missouri Rules of Civil Procedure. Defendant also objects to this request for the reason the information is equally available to Plaintiff.

7. Any and all documents and/or writings of any kind whatsoever that any expert witness

you intend to have testify at trial has reviewed which relates to or in any way concerns the incident

at issue as more fully described in Plaintiff's Petition for Damages, or which relates to or in any

way concerns the injuries and damages suffered and sustained by Plaintiff, or concerns the

litigation of this cause in any way whatsoever.

**OBJECTION:** Defendant objects to this request for the reason it is beyond the scope of discovery as provided for by the Missouri Rules of Civil Procedure.

9. Any and all documents and/or writings of any kind whatsoever which reflect the identity

of the employees, agents and/or servants, or contractors of Fairfield on duty at the loading dock

alleged in Plaintiff's Petition on December 19, 2019.

**RESPONSE:** Defendant objects to this request for the reason it is overbroad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. The alleged incident occurred on December 18, 2019 upon information and belief.

2

Electronically Filed - City of St. Louis - December 08, 2021 - 04:42 PM

12.   Any and all documents, materials, company manuals, handbooks, handouts, pamphlets, brochures, videos, DVDs, or similar materials reflecting any policies and procedures, standing orders, company issued rules or regulations, directives or notices, safety policies or programs, in effect at the time the Incident occurred utilized by Fairfield in instructing or controlling their employees' agents', and/or contractors', work, activities, job performance, regarding the maintenance and repair of, or removal of snow and ice from, any sidewalks on Premises in effect on December 19, 2019.

**OBJECTION:**   Defendant objects to this request for the reason it is overbroad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.  The alleged incident occurred on December 18, 2019 upon information and belief.

13.  Documents reflecting Fairfield's written company policy(ies) regarding suppression, destruction or disposal of evidence in connection with anticipated litigation and/or claims in effect during the period of December 19, 2019 to present.

**OBJECTION:**   Defendant objects to this request for the reason it is overbroad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.  The alleged incident occurred on December 18, 2019 upon information and belief.

14.  A copy of any and all safety inspections and/or audits performed on Premises alleged in Plaintiff's Petition during the time period of December 19, 2018 and December 19, 2019.

**OBJECTION:**   Defendant objects to this request for the reason it is overbroad, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. The alleged incident occurred on December 18, 2019 upon information and belief.

15.  All e-mails, faxes, messages, internet communication, memos, or similar communication between Fairfield and Fairfield's employees and/or agents concerning the incident alleged in Plaintiffs' Petition. Note: said request does not include any communications with Fairfield's counsel.

**OBJECTION:**   Defendant objects to this request for the reason it calls for information protected by the work product doctrine, attorney-client privilege, and insurer-insured privilege.

16.  Any documents concerning this Incident provided to any third person by Fairfield immediately following said Incident, excluding those to attorneys.

3

Electronically Filed - City of St. Louis - December 08, 2021 - 04:42 PM

**OBJECTION:**   Defendant objects to this request for the reason it calls for information protected by the work product doctrine, attorney-client privilege, and insurer-insured privilege.

17.   A copy of any logs, sign-in sheets, or time cards which reflect the identity of all individual employees, agents, or contractors on the loading dock on December 19, 2019.

**OBJECTION:**   Defendant objects to this request for the reason it is overbroad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.  The alleged incident occurred on December 18, 2019 upon information and belief.

18.   Any investigative reports, videos, photos, or other documentary evidence, including security footage, possessed by or on behalf of Decedent related to the incident alleged in Plaintiff's Petition.

**OBJECTION:**   Defendant objects to this request for the reason it calls for information protected by the work product doctrine, attorney-client privilege, and insurer-insured privilege.

19.   Copies of any and all photographs, digital images, videotape, motion pictures, movies and/or any other visual depictions of any kind of the condition of the loading dock, and the Incident as alleged in Plaintiff's Petition on December 19, 2019.

**OBJECTION:**   Defendant objects to this request for the reason it calls for information protected by the work product doctrine, attorney-client privilege, and insurer-insured privilege. Defendant also objects to the request for the reason it is overbroad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. The alleged incident occurred on December 18, 2019 upon information and belief

20.   All documents, materials, company manuals, company issued rules and regulations, directives or notices in effect at the time the Incident occurred utilized by Defendants in controlling their employees and/or agents' work, activities, job performance, regarding supervision and operation of the loading dock and any safety precautions associated therewith.

**OBJECTION:**   Defendant objects to this request for the reason it is overbroad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.

21.   Any of Defendant's officers', executives' or administrators' directives, bulletins or written instruments in reference to the day to day operating procedures or policy relating to the supervision and operation of the loading dock on which Plaintiff alleges her incident occurred.

4

Electronically Filed - City of St. Louis - December 08, 2021 - 04:42 PM

**OBJECTION:**   Defendant objects to this request for the reason it is overbroad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.

      22.   Any and all documents which reflect Defendants' policies, procedures, safety rules,

regulations, or standing orders regarding the inspection, supervision, and operation of the loading

dock in effect on December 19, 2019.

**OBJECTION:**   Defendant objects to this request for the reason it is overbroad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. The alleged incident occurred on December 18, 2019 upon information and belief

      23.   The document creation, retention, and destruction policy of Defendants to include, but

not limited to photographs, video, statements, incident reports, injury and incident investigations,

premises inspections, logs, and the like for the subject premises.

**OBJECTION:**   Defendant objects to this request for the reason it calls for information protected by the work product doctrine, attorney-client privilege, and insurer-insured privilege.  Defendant also objects to this request for the reason it is overbroad, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

<br><br>

**BROWN & JAMES, P.C.**

*/s/John A. Mazzei*
John A. Mazzei, MO # 51398
jmazzei@bjpc.com
dbuchanan@bjpc.com
800 Market Street, Suite 1100
St. Louis, Missouri, 63101
(314) 421-3400
(314) 421-3128 (fax)
**Attorneys For Defendant**
**Fairfield Processing Corporation**

Electronically Filed - City of St. Louis - December 08, 2021 - 04:42 PM

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of April, 2021, the foregoing was served by Electronic Mail on all attorneys of record. I further certify that pursuant to Rule 55.03(a), I signed the original of the foregoing and that the original signed copy is maintained at our office.


/s/John A. Mazzei


JAM/llw
25742317.1

Electronically Filed - City of St. Louis - December 08, 2021 - 04:42 PM

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

| | |
|---|---|
| FONTANIA LAWRENCE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | )   Cause No.: 2022-CC10591 |
| | ) |
| FAIRFIELD PROCESSING | ) |
| CORPORATION, | ) |
| | )   **JURY TRIAL DEMANDED** |
| and | ) |
| | ) |
| VENTURE EXPRESS, INC., | ) |
| | ) |
| Defendants. | ) |

<u>**DEFENDANT FAIRFIELD PROCESSING CORPORATION'S**</u>
<u>**OBJECTIONS TO PLAINTIFF'S FIRST INTERROGATORIES**</u>

COMES NOW Defendant Fairfield Processing Corporation, by and through counsel, and

for its Objections to Plaintiff's First Interrogatories, states as follows:

3.  Please state the name address, telephone number, place of employment and job title

of any person who has, claims to have, or whom you believe may have, knowledge or information

pertaining to any fact alleged in the pleadings filed in this action, or any fact underlying the subject

matter of this action, and specify what information those individuals have that is related to

Plaintiff's claims.

<u>**OBJECTION:**</u>   Defendant objects to this interrogatory for the reason it calls for information
protected by the work product doctrine and attorney-client privilege.

4.  Please state the specific nature and substance of the knowledge that you believe the

person(s) identified in your response to Interrogatory No. 2 may have.

<u>**OBJECTION:**</u>   Defendant objects to this interrogatory for the reason it calls for information
protected by the work product doctrine and attorney-client privilege.

5.      Please describe any statements concerning the incident made to any employee,

contractor, agent, private investigator, insurance company agent or adjuster, or internal

Electronically Filed - City of St. Louis - December 08, 2021 - 04:42 PM

investigator employed or contracted by Defendant and/or Defendant's insurance carrier? (<u>Note</u>:

Plaintiff is not requesting any attorney client communications).  If applicable, please state:

> (a) The name, address and employer of the person to whom the statement was made;
> (b) The date of each statement;
> (c) Whether the statement was oral or written, and if oral, whether it was recorded;
> (d) The name and address of the custodian(s) of each statement.

**<u>OBJECTION:</u>**   Defendant objects to this interrogatory for the reason it calls for information protected by the work product doctrine and attorney-client privilege.

7.  Please identify all investigations, civil lawsuits, audits, reports, or allegations in any form that contend that Fairfield or any of its employees, subsidiaries, or subcontractors failed to exercise due care in the supervision and operation of the loading dock on Premises alleged in Plaintiff's Petition from December 19, 2018 through December 19, 2019.

**<u>OBJECTION:</u>**   Defendant objects to this interrogatory for the reason it is overbroad and not reasonably calculated to lead to the discovery of admissible evidence.

11.  Please describe any incident, other than that described in the Petition, where any person reported injuries arising from improper supervision and operation of the loading dock on Premises as alleged in Plaintiff's Petition, during the two (2) year period prior to the date of this incident and/or during the four (4) months subsequent to this incident? If applicable, as to each report please provide the following information:

> (a) The date of each such incident;
> (b) A brief description of each such incident and the injuries involved; and
> (c) Whether any of the incidents referred to above resulted in a claim and/or lawsuit, and if so, the name of each claimant, date of the filing of each such claim and/or lawsuit, the civil number, if any, and a summary of the disposition of each such claim or lawsuit.

**<u>OBJECTION:</u>**   Defendant objects to this interrogatory for the reason it is overbroad and not reasonably calculated to lead to the discovery of admissible evidence.

12.  Please describe any system, routine, rules, policies, procedures, or standing orders of any kind to inspect and supervise the operation of the loading dock, and enforcement of safety protocols on the premises alleged in Plaintiff's Petition for its subsidiaries or subcontractors, during the time period of October 1, 2019 and December 19, 2019.  If applicable, please provide:

Electronically Filed - City of St. Louis - December 08, 2021 - 04:42 PM

      (a) A general description of such system or routine;
      (b) The name, address, and particular duties of each person directly involved in such system or routine of inspection and/or maintenance in the general area where this incident occurred as of the date of this incident;
      (c) Dates each individual was involved; and
      (d) A general description of the training materials or manuals related to the safety protocols relating to the inspection and supervisions of fireworks displays.

**OBJECTION:**    Defendant objects to this interrogatory for the reason it is overbroad and not reasonably calculated to lead to the discovery of admissible evidence.

15.  Have you or anybody on your behalf received any statement, (written, recorded, taped, videotaped, audio, adopted, reported or otherwise), from any individuals, including your employees, agents and/or servants, or from any entities regarding any of the circumstances relating to the events set forth or outlined in Plaintiff's Petition for Damages?  If so, please attach a copy of said statement(s) to your answers.  By statement(s), Plaintiff specifically intends to include all documents, correspondence, letters, written memorandum, video, audio, or any other tangibles memorializing statements by them. If no such copy exists, state the entirety of each statement.

**OBJECTION:**    Defendant objects to this interrogatory for the reason it calls for information protected by the work product doctrine and attorney-client privilege.

17.  Please state whether Defendant and/or its employees, agents and/or servants in the regular course of Defendant's business, conducted an investigation into the events giving rise to Plaintiff's claims as set forth in Plaintiff's Petition for Damages and the injuries sustained by Plaintiff.  If yes, please indicate the names of individuals that participated the investigation, whether that investigation resulted in any kind of written report and/or any other type of tangible item and the name and address of its custodian.

**OBJECTION:**    Defendant objects to this interrogatory for the reason it calls for information protected by the work product doctrine and attorney-client privilege.

18.  Does any Defendant have any policies or procedures that were in place from December 19, 2018 to the present time related to document creation, retention, and destruction of photographs, audio, video, incident reports, statements of victims or witnesses, maintenance

Electronically Filed - City of St. Louis - December 08, 2021 - 04:42 PM

records, work orders, job assignments, training materials, policies and procedures, or loading

dock inspection records or logs.  If so, then state:

    a)    Specifically state the policy.
    b)    State the dates said policy was in effect.
    c)    If you will do so without a formal request for production of documents, please attach a full and complete copy of any printed material explaining said policy to Defendant's employees, agents, contractors, or other personnel, or in the alternative, state verbatim the contents of the printed materials.
    d)    Identify each individual who was required to patrol or otherwise view the subject premises at the location where Plaintiff fell on or about the date of the incident, including:

        i.  each person's name, home address, and telephone number;
        ii.  each person's business address and telephone number;
        iii. each person's current employer and job title; and
        iv. each person's job title and employer on the date of the incident.

**OBJECTION:**    Defendant objects to this interrogatory for the reason it calls for information protected by the work product and attorney-client privilege.


               **BROWN & JAMES, P.C.**


               */s/John A. Mazzei*
               John A. Mazzei, MO # 51398
               jmazzei@bjpc.com
               dbuchanan@bjpc.com
               800 Market Street, Suite 1100
               St. Louis, Missouri, 63101
               (314) 421-3400
               (314) 421-3128 (fax)
               **Attorneys For Defendant**
               **Fairfield Processing Corporation**

Electronically Filed - City of St. Louis - December 08, 2021 - 04:42 PM

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of April, 2021, the foregoing was served by Electronic Mail on all attorneys of record.   further certify that pursuant to Rule 55.03(a), I signed the original of the foregoing and that the original signed copy is maintained at our office.

/s/John A. Mazzei

JAM/llw
25732480.1

5

PLAINTIFF'S
EXHIBIT
5

Electronically Filed - City of St. Louis - December 08, 2021 - 04:42 PM

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

FONTANIA LAWRENCE, )
)
    Plaintiff, )
)
vs. )
) Cause No.: 2022-CC10591
)
FAIRFIELD PROCESSING ) Division 1
CORPORATION, )
) **JURY TRIAL DEMANDED**
and )
)
VENTURE EXPRESS, INC., )
)
    Defendants. )

### <u>DEFENDANT FAIRFIELD PROCESSING CORPORATION'S ANSWERS TO PLAINTIFF'S FIRST INTERROGATORIES</u>

COMES NOW Defendant Fairfield Processing Corporation ("Defendant"), by and through counsel, and for its Answers to Plaintiff's First Interrogatories, states as follows:

1. Please state the name, address and telephone number of the person or persons participating in the answering of these interrogatories? For each person, list the person's official position or relationship with the party to whom the interrogatories are directed, as well as the number of each interrogatory which the person participated in answering.

**<u>ANSWER:</u> Hector Geist (Director of Operations), Fairfield Processing Corporation (with the assistance of counsel), 6432 Prescott Avenue, St. Louis, MO 63147. Fairfield employees may be contacted through defense counsel.**

3. Please state the name address, telephone number, place of employment and job title of any person who has, claims to have, or whom you believe may have, knowledge or information pertaining to any fact alleged in the pleadings filed in this action, or any fact underlying the subject matter of this action, and specify what information those individuals have that is related to Plaintiff's claims.

Electronically Filed - City of St. Louis - December 08, 2021 - 04:42 PM

<u>**ANSWER:**</u>  **Hector Geist (Director of Operations), Fairfield Processing Corporation; Ryan Cannon, (Distribution Supervisor), Fairfield Processing Corporation, 6432 Prescott Avenue, St. Louis, MO 63147. Fairfield employees may be contacted through defense counsel.**

4.  Please state the specific nature and substance of the knowledge that you believe the person(s) identified in your response to Interrogatory No. 2 may have.

<u>**ANSWER:**</u>  **Plaintiff did not submit Interrogatory No. 2.**

5.  Please describe any statements concerning the incident made to any employee, contractor, agent, private investigator, insurance company agent or adjuster, or internal investigator employed or contracted by Defendant and/or Defendant's insurance carrier? (<u>Note</u>: Plaintiff is not requesting any attorney client communications). If applicable, please state:

    (a) The name, address and employer of the person to whom the statement was made;
    (b) The date of each statement;
    (c) Whether the statement was oral or written, and if oral, whether it was recorded;
    (d) The name and address of the custodian(s) of each statement.

<u>**ANSWER:**</u>  **See previously filed Objection. Subject to and without waiving, see written statement of Plaintiff produced in Response and First Supplemental Response to Plaintiff's First Request for Production.**

6.  Please identify any and all past or present Fairfield employees who would have been on the loading dock as alleged in Plaintiff's Petition on December 19, 2019. For each such person, state their:

    (a) Address;
    (b) Telephone number; and
    (c) Job description/title and general responsibilities on December 19, 2019.

<u>**ANSWER:**</u>  **Hector Geist (Director of Operations), Fairfield Processing Corporation; Ryan Cannon (Distribution Supervisor), Fairfield Processing Corporation, 6432 Prescott Avenue, St. Louis, MO 63147. The alleged incident allegedly occurred on December 18, 2019 according to the written statement of Plaintiff. See employees who may have been at or near the loading dock on December 18, 2019, identified in Second Supplemental Response to Plaintiff's First Request for Production. Fairfield employees may be contacted through defense counsel.**

Electronically Filed - City of St. Louis - December 08, 2021 - 04:42 PM

7. Please identify all investigations, civil lawsuits, audits, reports, or allegations in any form that contend that Fairfield or any of its employees, subsidiaries, or subcontractors failed to exercise due care in the supervision and operation of the loading dock on Premises alleged in Plaintiff's Petition from December 19, 2018 through December 19, 2019.

**ANSWER:** **See previously filed Objection. Subject to and without waiving, Defendant denies it failed to exercise due care in the supervision and operating of the loading dock on December 18, 2019. The alleged incident allegedly occurred on December 18, 2019 according to the written statement of Plaintiff. Subject to and without waiving, see written statement of Plaintiff produced in Response and First Supplemental Response to Plaintiff's First Request for Production.**

8. Do you have any insurance agreements, policies, contracts or any other items, documents or things of any kind whatsoever which will indemnify you and/or may indemnify you, in whole or in part, against any judgment Plaintiff may obtain in this action? If so, please state:

(a) The name and address of the organization(s), along with any appropriate citation number(s), who may indemnify you.
(b) The total limits of coverage on the date of the occurrence referred to in Plaintiff's Petition for Damages; and
(c) Please attach such applicable documents to your answers to these interrogatories.

**ANSWER:** **See Certificate of Liability produced in Response to Plaintiff's First Request for Production.**

9. Please identify by name, address, telephone number and field of expertise each retained person you intend to call as an expert witness at trial. For each retained expert, state the expert's occupation, place of employment and qualifications to give an opinion, or if such information is available in the expert's curriculum vitae, such curriculum vitae may be attached to this interrogatory answer in response, and state the general nature of the subject matter on which the expert is expected to testify, and the expert's hourly deposition fee.

**ANSWER:** **Defendant states that it will participate in expert witness discovery in the manner provided for by the Missouri Rules of Civil Procedure, and, at that time, in the sequence directed by this Court in its Case Management Order. Defendant reserves the right to elicit expert and/or fact witness testimony from**

3

Electronically Filed - City of St. Louis - December 08, 2021 - 04:42 PM

Plaintiff's treating physicians.  Defendant also reserves the right to elicit expert and/or fact witness testimony from any expert witness identified by Plaintiff or any other party.  Defendant reserves the right to request an IME.  Defendant further reserves the right to have the examining physician testify as to the examination and/or review.  Defendant reserves the right to call the examining physician at trial.

10.  Please identify by name, address, telephone number and field of expertise each non-retained person you expect to call as an expert witness at trial.

**ANSWER:** Defendant states that it will participate in expert witness discovery in the manner provided for by the Missouri Rules of Civil Procedure, and, at that time, in the sequence directed by this Court in its Case Management Order.  Defendant reserves the right to elicit expert and/or fact witness testimony from Plaintiff's treating physicians.  Defendant also reserves the right to elicit expert and/or fact witness testimony from any expert witness identified by Plaintiff or any other party.

11.  Please describe any incident, other than that described in the Petition, where any person reported injuries arising from improper supervision and operation of the loading dock on Premises as alleged in Plaintiff's Petition, during the two (2) year period prior to the date of this incident and/or during the four (4) months subsequent to this incident? If applicable, as to each report please provide the following information:

    (a) The date of each such incident;
    (b) A brief description of each such incident and the injuries involved; and
    (c) Whether any of the incidents referred to above resulted in a claim and/or lawsuit, and if so, the name of each claimant, date of the filing of each such claim and/or lawsuit, the civil number, if any, and a summary of the disposition of each such claim or lawsuit.

**ANSWER:** See previously filed Objection.

12.  Please describe any system, routine, rules, policies, procedures, or standing orders of any kind to inspect and supervise the operation of the loading dock, and enforcement of safety protocols on the premises alleged in Plaintiff's Petition for its subsidiaries or subcontractors, during the time period of October 1, 2019 and December 19, 2019.  If applicable, please provide:

    (a) A general description of such system or routine;

4

Electronically Filed - City of St. Louis - December 08, 2021 - 04:42 PM

      (b) The name, address, and particular duties of each person directly involved in such system or routine of inspection and/or maintenance in the general area where this incident occurred as of the date of this incident;

      (c) Dates each individual was involved; and

      (d) A general description of the training materials or manuals related to the safety protocols relating to the inspection and supervisions of fireworks displays.

**ANSWER: See previously filed Objection. Subject to and without waiving, see Chocking Procedures produced in Second Supplemental Response to Plaintiff's First Request for Production.**

13. Please state the name, address, and employer of any individuals with knowledge of how and/or why and/or if the incident alleged in Plaintiff's Petition occurred.

**ANSWER: See previously filed Objection. Subject to and without waiving, Fairfield employees Hector Geist and Ryan Cannon were present at the premises on the day of the alleged incident.**

14. Have you or anybody on your behalf received any statement, (written, recorded, taped, videotaped, audio, adopted statement, reported or otherwise), from the Plaintiff regarding any of the circumstances relating to the incident, events set forth and outlined in Plaintiff's Petition for Damages, her injuries, or other damages?  If so, please attach a copy of said statement(s) to your answers.  By statement(s), Plaintiff specifically intends to include all documents, correspondence, letters, written memorandum, video, audio, or any other tangibles memorializing statements by her. If no such copy exists, state the entirety of each statement.

**ANSWER: See previously filed Objection.  Subject to and without waiving, see written statement of Plaintiff produced in Response and First Supplemental Response to Plaintiff's First Request for Production.**

15. Have you or anybody on your behalf received any statement, (written, recorded, taped, videotaped, audio, adopted, reported or otherwise), from any individuals, including your employees, agents and/or servants, or from any entities regarding any of the circumstances relating to the events set forth or outlined in Plaintiff's Petition for Damages?  If so, please attach a copy of said statement(s) to your answers.  By statement(s), Plaintiff specifically intends to include all

Electronically Filed - City of St. Louis - December 08, 2021 - 04:42 PM

documents, correspondence, letters, written memorandum, video, audio, or any other tangibles memorializing statements by them. If no such copy exists, state the entirety of each statement.

**ANSWER:  See previously filed Objection. Subject to and without waiving, see written statement of Plaintiff produced in Response and First Supplemental Response to Plaintiff's First Request for Production.**

16.  State whether there exist photographs, videotapes, or movies with respect to the automobiles or scene of the Incident mentioned in the Petition.  If so, state the following:

    (a)    Describe each photograph, video, or movie;

    (b)    State the date each was taken;

    (c)    State the name and address of the person taking each such photo, video, or movie;

    (d)    State the name, address, employer, insurer, and job title of the person presently having control or custody of each photograph, video or movie.

**ANSWER:  See previously filed Objection. Subject to and without waiving, see video surveillance footage produced in Response and First Supplemental Response to Plaintiff's First Request for Production.**

17.  Please state whether Defendant and/or its employees, agents and/or servants in the regular course of Defendant's business, conducted an investigation into the events giving rise to Plaintiff's claims as set forth in Plaintiff's Petition for Damages and the injuries sustained by Plaintiff.  If yes, please indicate the names of individuals that participated the investigation, whether that investigation resulted in any kind of written report and/or any other type of tangible item and the name and address of its custodian.

**ANSWER:  See previously filed Objection. Subject to and without waiving, see written statement of Plaintiff produced in Response and First Supplemental Response to Plaintiff's First Request for Production.**

18. Does any Defendant have any policies or procedures that were in place from December 19, 2018 to the present time related to document creation, retention, and destruction of photographs, audio, video, incident reports, statements of victims or witnesses, maintenance

Electronically Filed - City of St. Louis - December 08, 2021 - 04:42 PM

records, work orders, job assignments, training materials, policies and procedures, or loading dock

inspection records or logs.  If so, then state:

 a) Specifically state the policy.

 b) State the dates said policy was in effect.

 c) If you will do so without a formal request for production of documents, please attach a full and complete copy of any printed material explaining said policy to Defendant's employees, agents, contractors, or other personnel, or in the alternative, state verbatim the contents of the printed materials.

 d) Identify each individual who was required to patrol or otherwise view the subject premises at the location where Plaintiff fell on or about the date of the incident, including:

 i. each person's name, home address, and telephone number;

 ii. each person's business address and telephone number;

 iii. each person's current employer and job title; and

 iv. each person's job title and employer on the date of the incident.

**ANSWER:  See previously filed Objection.  Subject to and without waiving, see Chocking Procedures produced in Second Supplemental Response to Plaintiff's First Request for Production.**

Electronically Filed - City of St. Louis - December 08, 2021 - 04:42 PM

STATE OF _MISSOURI_ )

                      ) SS

CITY OF _ST. Louis_ )

       Comes Now HECTOR GEIST, and states that the above Answers to Interrogatories

are true to the best of his knowledge, information and belief.

                                _Hector Geist_

                                Hector Geist, Fairfield Processing
                                Corporation

Subscribed and sworn to before me this _1ST_ day of _October_ , 2021.

                                _Tina M. Heuer_
                              Notary Public _TINA M. HEUER_

My Commission Expires:

                      TINA M. HEUER
                      My Commission Expires
                      May 24, 2024
                      St. Louis County
                      Commission #12468494

Electronically Filed - City of St. Louis - December 08, 2021 - 04:42 PM

**BROWN & JAMES, P.C.**

*/s/ John A. Mazzei*
John A. Mazzei, MO # 51398
jmazzei@bjpc.com
dbuchanan@bjpc.com
800 Market Street, Suite 1100
St. Louis, Missouri, 63101
(314) 421-3400
(314) 421-3128 (fax)
**Attorneys for Defendant**
**Fairfield Processing Corporation**

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of October, 2021, the foregoing was served electronically to john@caglellc.com.  I further certify that pursuant to Rule 55.03(a), I signed the original of the foregoing and that the original signed copy is maintained at our office.

*/s/ John A. Mazzei*

JAM/llw
25741901.1

9

Electronically Filed - City of St. Louis - December 08, 2021 - 04:42 PM

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

FONTANIA LAWRENCE,　　　　　)
　　　　　　　　　　　　　　　)
　　　　　Plaintiff,　　　　　　)
　　　　　　　　　　　　　　　)
vs.　　　　　　　　　　　　　　)　　　Cause No.: 2022-CC10591
　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　)
FAIRFIELD PROCESSING　　　　　)　　　Division 1
CORPORATION,　　　　　　　　)
　　　　　　　　　　　　　　　)
and　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　)
VENTURE EXPRESS, INC.,　　　　)
　　　　　　　　　　　　　　　)
　　　　　Defendants.　　　　　 )

**DEFENDANT FAIRFIELD PROCESSING CORPORATION'S
SECOND SUPPLEMENTAL RESPONSE TO
PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

COMES NOW Defendant Fairfield Processing Corporation ("Defendant"), by and through counsel, and for its Second Supplemental Response to Plaintiff's First Request for Production of Documents, states as follows:

2. Any and all documents and/or writings of any kind whatsoever reflecting any statements obtained from any witness, person, who claim to have, knowledge regarding the incident at issue as described in Plaintiff's Petition for Damages. (Note: If claiming a privilege please provided a privilege log).

**RESPONSE: See previously filed Objection. Subject to and without waiving, see attached e-mails.**

9. Any and all documents and/or writings of any kind whatsoever which reflect the identity of the employees, agents and/or servants, or contractors of Fairfield on duty at the loading dock alleged in Plaintiff's Petition on December 19, 2019.

Electronically Filed - City of St. Louis - December 08, 2021 - 04:42 PM

**RESPONSE**:  **The alleged incident allegedly occurred on December 18, 2019 according to the written statement of Plaintiff.  Subject to and without waiving, see attached Detailed Hours Overview and Employee Timesheet.**

10.  Please identify the names, addresses, employer, and job title of any individuals which communicated with the Plaintiff subsequent to the incident alleged in Plaintiff's Petition.

**RESPONSE**:  **See attached emails.**

15.  All e-mails, faxes, messages, internet communication, memos, or similar communication between Fairfield and Fairfield's employees and/or agents concerning the incident alleged in Plaintiffs' Petition. Note: said request does not include any communications with Fairfield's counsel.

**RESPONSE**:  **See previously filed Objection.  Subject to and without waiving, see attached emails.**

16.  Any documents concerning this Incident provided to any third person by Fairfield immediately following said Incident, excluding those to attorneys.

**RESPONSE**:  **See previously filed Objection.  Subject to and without waiving, see attached emails.**

17.  A copy of any logs, sign-in sheets, or time cards which reflect the identity of all individual employees, agents, or contractors on the loading dock on December 19, 2019.

**RESPONSE**:  **See previously filed Objection. Subject to and without waiving, see attached Detailed Hours Overview and Employee Timesheet.**

20.  All documents, materials, company manuals, company issued rules and regulations, directives or notices in effect at the time the Incident occurred utilized by Defendants in controlling their employees and/or agents' work, activities, job performance, regarding supervision and operation of the loading dock and any safety precautions associated therewith.

**RESPONSE**:  **See previously filed Objection.  Subject to and without waiving, see attached Chocking Procedures.**

Electronically Filed - City of St. Louis - December 08, 2021 - 04:42 PM

21.  Any of Defendant's officers', executives' or administrators' directives, bulletins

or written instruments in reference to the day to day operating procedures or policy relating to

the supervision and operation of the loading dock on which Plaintiff alleges her incident occurred.

**RESPONSE: See previously filed Objection.  Subject to and without waiving, see attached Chocking Procedures.**

22.  Any and all documents which reflect Defendants' policies, procedures, safety rules,

regulations, or standing orders regarding the inspection, supervision, and operation of the loading

dock in effect on December 19, 2019.

**RESPONSE:** **See previously filed Objection.  The alleged incident allegedly occurred on December 18, 2019 according to the written statement of Plaintiff.  Subject to and without waiving, see attached Chocking Procedures.**

**BROWN & JAMES, P.C.**

*/s/ John A. Mazzei*
John A. Mazzei, MO # 51398
jmazzei@bjpc.com
800 Market Street, Suite 1100
St. Louis, Missouri, 63101
(314) 421-3400
(314) 421-3128 (fax)
**Attorneys for Defendant**
**Fairfield Processing Corporation**

Electronically Filed - City of St. Louis - December 08, 2021 - 04:42 PM

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 25th day of August, 2021, the foregoing was served electronically to <u>john@caglellc.com</u>.  I further certify that pursuant to Rule 55.03(a), I signed the original of the foregoing and that the original signed copy is maintained at our office.

<u>/s/ *John A. Mazzei*</u>

JAM
26355483.1

4

Electronically Filed - City of St. Louis - December 08, 2021 - 04:42 PM

## ※ Fairfield
www.fairfieldworld.com

# INCIDENT INVESTIGATION FORM

**PLAINTIFF'S EXHIBIT**

6



Fontana said she was ok

Electronically Filed - City of St. Louis - December 08, 2021 - 04:42 PM

## Fairfield
www.fairfieldworld.com

# INCIDENT INVESTIGATION FORM

employee claims she jumped of a trailer

Electronically Filed - City of St. Louis - December 15, 2021 - 08:37 AM

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

FONTANIA LAWRENCE,                      )
                                        )
            Plaintiff,                  )
                                        )
vs.                                     )
                                        )      Case No. 4:21-cv-1464
                                        )
FAIRFIELD PROCESSING                    )      St. Louis County Circuit Court
CORPORATION,                            )      Cause No. 2022-CC10591
                                        )
and                                     )
                                        )
VENTURE EXPRESS, LLC,                   )
                                        )
            Defendants.                 )

## NOTICE TO STATE COURT

TO:     The Circuit Court of the City of St. Louis, State of Missouri:

        You are hereby notified that Defendant Fairfield Processing Corporation, by and through

their attorneys, have filed their Notice of Removal in the above-captioned cause in the United

States District Court for the Eastern District of Missouri, Eastern Division, via ECF, on the 15th

day of December, 2021.  A copy of said Notice of Removal is attached hereto and is hereby

served upon you.


                                        **BROWN & JAMES, P.C.**


                                        /s/ John A. Mazzei
                                        John A. Mazzei # 51398
                                        jmazzei@bjpc.com
                                        800 Market Street, Suite 1100
                                        St. Louis, Missouri, 63101
                                        (314) 421-3400
                                        (314) 421-3128 (fax)
                                        **Attorneys for Defendant,**
                                        **Fairfield Processing Corporation**

Electronically Filed - City of St. Louis - December 15, 2021 - 08:37 AM

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 15th day of December, 2021, the foregoing was electronically filed using the Missouri eFiling system, which will send notice of electronic filing to all registered attorneys of record. I further certify that pursuant to Rule 55.03(a), I signed the original of the foregoing and that the original signed copy is maintained at our office.


                              /s/ *John A. Mazzei*


27000285.1/jbk

Electronically Filed - City of St. Louis - December 15, 2021 - 08:37 AM

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| FONTANIA LAWRENCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Case No. _____ |
| | ) | |
| FAIRFIELD PROCESSING | ) | St. Louis City Circuit Court |
| CORPORATION, | ) | Cause No. 2022-CC10591 |
| | ) | |
| and | ) | |
| | ) | |
| VENTURE EXPRESS, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**NOTICE OF REMOVAL**

COMES NOW Defendant Fairfield Processing Corporation ("Defendant Fairfield"), by and through counsel, and for its Notice of Removal, states the following:

1.	On December 21, 2020, Plaintiff filed an original Petition in the Circuit Court of the City of St. Louis, State of Missouri, Cause No. 2022-CC10591, against Defendant Fairfield and Defendant Venture Express, Inc.  *See Petition attached to State Court Pleadings, Exhibit A.*

2.	Plaintiff is a resident and citizen of the State of Missouri.  *See Petition and First Amended Petition attached to State Court Pleadings, Exhibit A.*

3.	At the time of the commencement of said action and ever since, Defendant Fairfield has been and still is a foreign corporation, existing under the laws of the State of Connecticut with its principal place of business in the State of Connecticut, not having its chief and principal office and place of business in the State of Missouri, and is not a citizen or resident of the State of Missouri.  *See Petition and First Amended Petition attached to State Court Pleadings, Exhibit A.*

Electronically Filed - City of St. Louis - December 15, 2021 - 08:37 AM

4.      At the time of the commencement of said action and ever since, Defendant Venture Express, Inc. has been and still is a foreign corporation, existing under the laws of the State of Tennessee with its principal place of business in the State of Tennessee, not having its chief and principal office and place of business in the State of Missouri, and is not a citizen or resident of the State of Missouri.  *See Petition attached to State Court Pleadings, Exhibit A.*

5.      On March 10, 2021, Plaintiff filed a First Amended Petition against Defendant Fairfield and Defendant Venture Express, LLC.  *See First Amended Petition attached to State Court Pleadings, Exhibit A.*

6.      At the time of the commencement of said action and ever since, Defendant Venture Express, LLC ("Defendant Venture") has been and still is a foreign corporation, existing under the laws of the State of Kansas with its principal place of business in the State of Kansas, not having its chief and principal office and place of business in the State of Missouri, and is not a citizen or resident of the State of Missouri.  *See First Amended Petition attached to State Court Pleadings, Exhibit A.*

7.      On April 27, 2021, Defendant Venture was served with the First Amended Petition. *See Affidavit of Service attached to State Court Pleadings, Exhibit A.*

8.      Plaintiff alleges damages of past medical expenses, permanent and disabling injuries, permanent and disabling injuries in the future, past lost wages, future medical expenses, future medical treatment, surgical intervention, future lost wages, scarring, and disfigurement. *See Petition and First Amended Petition attached to State Court Pleadings, Exhibit A.*

9.      Plaintiff's claim for damages exceeds the statutory minimum requirement of $75,000.00 for diversity jurisdiction as evidenced by the attached e-mail from Plaintiff's counsel, in which he alleges Plaintiff has past medical expenses in excess of $75,000.  *See 12/13/21 E-Mail from Plaintiff's Counsel, Exhibit B.*

Electronically Filed - City of St. Louis - December 15, 2021 - 08:37 AM

10.     This Notice of Removal has been timely filed within one year pursuant to 28 U.S.C. §1446.

11.     Because complete diversity of citizenship exists between Plaintiff and Defendants, and because the amount in controversy in this action exceeds the sum of $75.000, removal to this Court is proper pursuant to 28 US.C. §1332 and 28 U.S.C. §1446.

12.     Furthermore, venue is proper in the Eastern Division of this Court as the alleged injury from which Plaintiff claims arises is alleged to have occurred in the City of St. Louis, Missouri, as evidenced in paragraph 6 of Plaintiff's First Amended Petition.

13.     Promptly after filing this Notice of Removal, Defendant Fairfield gave written notice thereof to the attorney for Plaintiff, as did the Clerk of the Court of the City of St. Louis, Missouri, as provided both with copies of this Notice of Removal.

14.     All pleadings and papers which have been filed in the state court action are attached to this Notice of Removal as Exhibit A.

WHEREFORE, Defendant Fairfield Processing Corporation requests the above-referenced state court action be removed from the Circuit Court of the City of St. Louis, to this honorable Court, and that this honorable Court accept jurisdiction of the case, and for any other relief this Court deems just and proper.

**BROWN & JAMES, P.C.**

/s/ John A. Mazzei
John A. Mazzei #51398MO
jmazzei@bjpc.com
800 Market Street, Suite 1100
St. Louis, Missouri, 63101
(314) 421-3400
(314) 421-3128 (fax)
**Attorneys for Defendant**
**Fairfield Processing Corporation**

Electronically Filed - City of St. Louis - December 15, 2021 - 08:37 AM

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 15th day of December, 2021, the foregoing was electronically filed using the Missouri eFiling system, which will send notice of electronic filing to all registered attorneys of record. I further certify that pursuant to Rule 55.03(a), I signed the original of the foregoing and that the original signed copy is maintained at our office.

                                                */s/ John A. Mazzei*

27000356.1/jbk

**2022-CC10591**

Electronically Filed - City of St. Louis - December 15, 2021 - 08:37 AM

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

FONTANIA LAWRENCE,                          )
                                            )
                                            )
          Plaintiff                         )
                                            )
     vs.                                    )
                                            )     Cause No.:
                                            )
FAIRFIELD PROCESSING CORPORATION;           )
<u>Serve Registered Agent</u>:                   )
     Sanford D. Kaufman                      )     **<u>PLAINTIFF DEMANDS TRIAL</u>**
     301 Main Street, Third Floor           )     **<u>BY JURY ON ALL COUNTS</u>**
     Danbury CT, 06810                       )
&                                           )
                                            )
VENTURE EXPRESS, INC.                       )
<u>Serve Registered Agent</u>:                   )
     Shawn Applegate                         )
     131 Industrial Blvd.                    )
     La Vergne, TN 37086                      )
                                            )
          Defendants.                        )

<u>**PETITION**</u>

COMES NOW Plaintiff Fontania Lawrence ("Plaintiff") by and through by and through
her attorneys of record and pursuant to the Missouri Supreme Court Rules and Rules of Civil
Procedure, and for her Petition against Defendant Fairfield Processing Corporation ("Fairfield"),
and Venture Ex ("Axiom Equities") and Defendant Venture Express, Inc. ("Venture"), and states
to this Honorable Court as follows:

<u>**FACTS COMMON TO ALL COUNTS**</u>

1.      Plaintiff is an individual, citizen, and resident of Missouri.

2.      Fairfield is a foreign corporation organized in the state of Connecticut and based
upon information and belief Fairfield's principal place of business is in the State of Missouri.

1



Electronically Filed - City of St. Louis - December 15, 2021 - 08:37 AM

3.      Fairfield may be served through its registered agent, Sanford D. Kaufman at 301 Main Street, Third Floor, Danbury CT, 06810.

4.      Venture is a foreign corporation organized in the state of Tennessee with its principal place of business in the state of Tennessee.

5.      Venture may be served through its registered agent, Shawn Applegate at 131 Industrial Blvd. La Vergne, TN 37086.

6.      The incident alleged herein occurred on or about December 19, 2019 at between 1:00 p.m. and 2:00 p.m. in the loading dock of the premises owned and operated by Fairfield located at 6432 Prescott Avenue, St. Louis, Missouri ("Premises").

7.      As a corporation, Fairfield acts through its officers, agents, servants, and/or employees.  Thus, any acts or omissions of an officer, agent, servant, and/or employee, made while acting in the scope of authority delegated by the corporation, or within the scope of the duties of said employee, is the act or omission of Fairfield.

8.      At all times herein mentioned and at the time of this crash, Fairfield was acting individually and through its agents, servants, and/or employees, whom were acting within the course and scope of their employment with Fairfield at the time of the incident alleged herein.

9.      Venture is a corporation involved in interstate commerce, and did and does at all times alleged herein avail itself to the benefits of the State of Missouri's highways and roadways to conduct interstate commerce.

10.     As a corporation Venture acts through its officers, agents, servants, and/or employees.  Thus, any acts or omissions of an officer, agent, servant, and/or employee, made while acting in the scope of authority delegated by the corporation, or within the scope of the duties of said employee, is the act or omission of Venture.

Electronically Filed - City of St. Louis - December 15, 2021 - 08:37 AM

11.     At all times herein mentioned and at the time of this crash, Venture was acting individually and through its agent, servant, and/or employee, whom was acting within the course and scope of his employment with Venture at the time of the incident alleged herein.

12.     Venue is proper with this Court pursuant to RSMo. § 508.010 since the negligent actions and omissions alleged herein occurred within St. Louis City, State of Missouri.

13.     This Court has subject matter jurisdiction over this action since the incident alleged herein occurred in St. Louis City, State of Missouri.

14.     On December 19, 2019, Fairfield owned or controlled the management of 6432 Prescott Ave.; St. Louis, Missouri 643147 ("Premises").

15.     At all times alleged herein Plaintiff was working on said premises as an employee for ProLogistix.

16.     At said date and time, Plaintiff was attempting to disconnect a ramp attaching a commercial vehicle owned by Venture from the loading dock attached to Premises.

17.     As Plaintiff attempted to disconnect said ramp, she maintained one foot in the trailer attached to Venture's vehicle and the other on the dock.

18.     As Plaintiff attempted to disconnect the ramp, the driver of said commercial vehicle, and employee of Venture, ("Driver") became distracted and failed to notice that the ramp remained attached and that Plaintiff was still partially inside the vehicle.

19.      Driver then pulled away from said dock forcing Plaintiff to leap to safety to avoid falling into the gap between the truck and the dock.

20.     No employee of Fairfield attempted to warn Driver that Plaintiff stood partially within the trailer.

Electronically Filed - City of St. Louis - December 15, 2021 - 08:37 AM

21.     At no point did any employee of Fairfield attempt to stop Driver from pulling away from the dock.

22.     At no point before Driver pulled away did any employee of Fairfield attempt to warn Plaintiff of the movement of the tractor trailer and/or the hazardous condition being created.

23.     As Plaintiff leaped from the truck to the dock, she landed hyperextending her left knee and pulling and tearing the ligaments and tendons attached thereto.

24.     As a direct result of one or more of Defendants' failures Plaintiff sustained damages.

25.     That as a direct and proximate result of Defendants' negligence alleged herein, Plaintiff, was caused to suffer serious, permanent, and disabling injuries to her left leg, knee, and the ligaments, muscles, and tendons attached thereto.

26.     That as a direct and proximate result of the aforesaid negligent acts and omissions of the Defendants, Plaintiff has incurred past medical expenses in excess of $40,000.00.

27.     Plaintiff will incur further medical expenses in the future.

28.     That Plaintiff has been caused to suffer painful, permanent and disabling injuries to the aforementioned areas of her body and will continue to suffer from these painful, permanent and disabling injuries in the future as a result of the fall as alleged herein and will need to undergo medical treatment in the future.

29.     That as a direct and proximate result of the aforesaid negligence of Defendants, Plaintiff's activities and her enjoyment of life has been limited.

30.     That as a direct and proximate cause of the aforesaid negligence of Defendants, Plaintiff required surgical intervention.

Electronically Filed - City of St. Louis - December 15, 2021 - 08:37 AM

31.     That as a direct and proximate result of the aforesaid negligence of Defendants, Plaintiff has incurred scarring and disfigurement.

32.     That as a direct and proximate result of the aforesaid negligence of Defendants, Plaintiff has lost past wages.

33.     That as a direct and proximate result of the aforesaid negligence of Defendants, Plaintiff will suffer future loss of wages.

WHEREFORE Plaintiff prays for a judgment in a sum in excess of Twenty-Five Thousand Dollars ($25,000.00) as determined fair and reasonable by a jury against Defendants jointly and severally, all interest allowed under Missouri law at the maximum amount, together with all taxable costs and for such other relief this Court deems just and proper under the circumstances.

## COUNT I
## NEGLIGENCE
## AGAINST DEFENDANTS VENTURE EXPRESS, INC.

COMES NOW Plaintiff, and for Count I of her Petition restates, realleges, and incorporates by reference Paragraphs 1-33 above and in addition thereto states to the Court as follows:

34.     That the time of the incident and at all times alleged herein, Driver was acting in the course and scope of his employment with Venture.  Thus, at the time of the crash alleged herein Driver was an agent, servant, and/or employee of Venture and as such, Venture is vicariously liable for the actions and omissions of Driver, its agent, servant, and/or employee.

Electronically Filed - City of St. Louis - December 15, 2021 - 08:37 AM

35.     At the time of this crash, Driver was an agent, servant and/or employee under the control, right of control, joint and mutual control, or joint and mutual right of control of Venture and as such all of the acts of negligence on his part were committed within the course and scope of his agency and employment with Venture.

36.     At the time of the incident alleged herein, Venture, through its agents, servants, and employees including, but not limited to Driver were negligent, careless, and breached their duty of care to the general public and Plaintiff on the date alleged herein in one or more of the following respects:

    a.   Failed to have the motor vehicle under proper control;

    b.   Failed to keep a proper lookout and pay attention;

    c.   Operated the tractor while distracted, tired or fatigued;

    d.   Operated the tractor without adequate training, experience, or qualifications;

    e.   Drove while under the influence of alcohol and/or drugs;

    f.   Failing to exercise the highest degree of care under the circumstances.

37.     Each of the negligent acts or omissions by Venture, as alleged herein was a direct and proximate cause of the incident and the resulting injuries and damages to Plaintiff.

38.     The actions of Venture as alleged herein showed a complete indifference to or conscious disregard for the safety of Plaintiff and other human beings.

WHEREFORE Plaintiff prays for a judgment in a sum in excess of Twenty-Five Thousand Dollars ($25,000.00) as determined fair and reasonable by a jury against Defendants jointly and severally, all interest allowed under Missouri law at the maximum amount, together with all taxable costs and for such other relief this Court deems just and proper under the circumstances.

Electronically Filed - City of St. Louis - December 15, 2021 - 08:37 AM

### COUNT II
### NEGLIGENCE
### AGAINST DEFENDANTS FAIRFIELD PROCESSING.

COMES NOW Plaintiff, and for Count II of her Petition restates, realleges, and incorporates by reference Paragraphs 1-33 above and in addition thereto states to the Court as follows:

39.     On February 17, 2019, Fairfield owned, controlled, or possessed Premises where Plaintiff worked as an independent contractor.

40.     That at the time of the incident and at all times alleged herein, Fairfield oversaw the work of contracted temporary employees such as Plaintiff and held a responsibility to maintain a reasonably safe working environment.

41.     That at the time of this incident, Fairfield, through its agents, servants, and employees:

    a.  Failed to adopt or implement policies, procedures, or standing orders to avoid injuries while loading or unloading tractor-trailers in the loading dock.

42.     In the alternative to and/or in addition to the allegations of paragraph 40, Fairfield:

    a.  Failed to notify its employees, agents, or contractors, of any policies, procedures, or standing orders to avoid injuries while loading or unloading tractor-trailers in the loading dock;

    b.  Failed to properly supervise its employees, agents, or contractors working on the loading dock;

    c.  Failed to properly train its employees, agents, or contractors regarding any policies, procedures, or standing orders set in place to avoid injuries while loading or unloading tractor-trailers in the loading dock;

    d.  Failed to notify Driver before he pulled away from the dock that Plaintiff was still inside the trailer; and

    e.  Failed to warn Plaintiff that Driver was pulling away from the dock.

Electronically Filed - City of St. Louis - December 15, 2021 - 08:37 AM

43.     That such failures and omissions created a foreseeable likelihood of a harm or injury.

44.      That in so doing, Fairfield was thereby negligent.

45.     That as a direct and proximate result of such negligence, Plaintiff sustained the damages alleged above.

WHEREFORE Plaintiff prays for a judgment in a sum in excess of Twenty-Five Thousand Dollars ($25,000.00) as determined fair and reasonable by a jury against Defendants jointly and severally, all interest allowed under Missouri law at the maximum amount, together with all taxable costs and for such other relief this Court deems just and proper under the circumstances.

Respectfully Submitted,

**THE CAGLE LAW FIRM**

By _____
**John S. Appelbaum, Jr., MO#71766**
500 North Broadway, Suite 1605
St. Louis, MO 63102
Phone: (314) 241-1700
Fax: (314) 241-1738
E-mail: john@caglellc.com
*Attorneys for Plaintiff*



Electronically Filed - City of St. Louis - December 15, 2021 - 08:37 AM

## IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>REX M BURLISON | Case Number:  2022-CC10591 | Special Process Server 1 |
|---|---|---|
| Plaintiff/Petitioner:<br>FONTANIA LAWRENCE | Plaintiff's/Petitioner's Attorney/Address:<br>JOHN S  APPELBAUM<br>105 FOREST GLADE<br>IMPERIAL, MO  63052 | Special Process Server 2 |
| vs. | | Special Process Server 3 |
| Defendant/Respondent:<br>FAIRFIELD PROCESSING CORP | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 | (Date File Stamp) |
| Nature of Suit:<br>CC Pers Injury-Other | | |

### Summons for Personal Service Outside the State of Missouri
#### (Except Attachment Action)

The State of Missouri to:    FAIRFIELD PROCESSING CORP
Alias:

C/O SANFORD D KAUFMAN RAGT
301 MAIN STREET 3RD FLOOR
DANBURY, CT  06810

**COURT SEAL OF**

**CITY OF ST LOUIS**

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

**December 29, 2020**

_____          _____
Date                                                      Clerk
Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by:  (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   ☐ other: _____.

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server          Signature of Sheriff or Server

**Subscribed and sworn to** before me this _____ (day) _____ (month) _____ (year).
I am: (check one)  ☐ the clerk of the court of which affiant is an officer.
                               ☐ the judge of the court of which affiant is an officer.
                               ☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
                               ☐ authorized to administer oaths.  (use for court-appointed server)

*(Seal)*

_____
Signature and Title

| Service Fees | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ (_____ miles @ $ _____ per mile) |
| **Total** | $_____ |

See the following page for directions to officer making return on service of summons.

Electronically Filed - City of St. Louis - December 15, 2021 - 08:37 AM

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age who permanently resides with the defendant/respondent, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must be made less than 10 days nor more than 30 days from the date the defendant/respondent is to appear in court. The return should be made promptly, and in any event so that it will reach the Missouri court within 30 days after service.

Electronically Filed - City of St. Louis - December 15, 2021 - 08:37 AM



## IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>REX M BURLISON | Case Number: 2022-CC10591 | Special Process Server 1 |
|---|---|---|
| Plaintiff/Petitioner:<br>FONTANIA LAWRENCE | Plaintiff's/Petitioner's Attorney/Address:<br>JOHN S APPELBAUM<br>105 FOREST GLADE<br>IMPERIAL, MO 63052 | Special Process Server 2 |
| vs. | | Special Process Server 3 |
| Defendant/Respondent:<br>FAIRFIELD PROCESSING CORP | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 | (Date File Stamp) |
| Nature of Suit:<br>CC Pers Injury-Other | | |

### Summons for Personal Service Outside the State of Missouri
#### (Except Attachment Action)

The State of Missouri to:   VENTURE EXPRESS, INC.
Alias:
C/O SHAWN APPLEGATE RAGT
131 INDUSTRIAL BLVD
LA VERGNE, TN 37086

*COURT SEAL OF*

*CITY OF ST LOUIS*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

**December 29, 2020**

_____  _____
Date                                                Clerk

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1.  I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.  My official title is _____ of _____ County, _____ (state).
3.  I have served the above summons by:  (check one)
    ☐  delivering a copy of the summons and a copy of the petition to the defendant/respondent.
    ☐  leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
    ☐  (for service on a corporation) delivering a copy of the summons and a copy of the petition to
       _____ (name) _____ (title).
    ☐  other: _____.

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____            _____
Printed Name of Sheriff or Server                            Signature of Sheriff or Server
**Subscribed and sworn to** before me this _____ (day) _____ (month) _____ (year).
I am: (check one) ☐ the clerk of the court of which affiant is an officer.
                          ☐ the judge of the court of which affiant is an officer.
                          ☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
                          ☐ authorized to administer oaths.  (use for court-appointed server)

*(Seal)*

_____
Signature and Title

| Service Fees | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ (_____ miles @ $ _____ per mile) |
| **Total** | $_____ |

See the following page for directions to officer making return on service of summons.

Electronically Filed - City of St. Louis - December 15, 2021 - 08:37 AM

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age who permanently resides with the defendant/respondent, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must be made less than 10 days nor more than 30 days from the date the defendant/respondent is to appear in court. The return should be made promptly, and in any event so that it will reach the Missouri court within 30 days after service.

Electronically Filed - City of St. Louis - December 15, 2021 - 08:37 AM

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

FONTANIA LAWRENCE,                          )
                                            )
                        Plaintiff,          )        Cause No.: 2022-CC10591
vs.                                         )
                                            )        Division:
FAIRFIELD PROCESSING CORPORATION            )
                                            )        **Plaintiff Demands Jury Tria**
                                            )        **On All Counts**
                                            )
And                                         )
                                            )
VENTURE EXPRESS, INC.                       )
                        Defendants.         )

## REQUEST FOR ALIAS SUMMONS

COMES NOW Plaintiff Fontania Lawrence, by and through her attorneys of record, The Cagle Law Firm, and requests an alias summons be issued on Defendants Fairfield Processing Corporation to Sanford D. Kaufman at 301 Main Street, Third Floor, Danbury CT, 06810, and Venture Express, Inc. to Shawn Applegate at 131 Industrial Blvd., La Vergne, TN 37086.

Respectfully Submitted,

**THE CAGLE LAW FIRM, LLC**

By_____
**John S. Appelbaum Jr., MO #71766**
john@caglellc.com
500 North Broadway, Ste. 1605
St. Louis, MO  63102
Phone: (314) 241-1700
Fax: (314) 241-1738
*Attorneys for Plaintiff*

1



Electronically Filed - City of St. Louis - December 15, 2021 - 08:37 AM

## IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| | |
|---|---|
| Judge or Division:<br>MICHAEL FRANCIS STELZER | Case Number: 2022-CC10591 |
| Plaintiff/Petitioner:<br>FONTANIA LAWRENCE<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>JOHN S APPELBAUM<br>105 FOREST GLADE<br>IMPERIAL, MO 63052 |
| Defendant/Respondent:<br>FAIRFIELD PROCESSING CORPORATION | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD |
| Nature of Suit:<br>CC Pers Injury-Other | SAINT LOUIS, MO 63101 |

(Date File Stamp)

### ALIAS Summons for Personal Service Outside the State of Missouri
#### (Except Attachment Action)

The State of Missouri to:   VENTURE EXPRESS, INC.
                        **Alias:**

C/O SHAWN APPLEGATE RAGT
131 INDUSTRIAL BLVD
LA VERGNE, TN 37086

*COURT SEAL OF*

*CIRCUIT COURT OF MISSOURI*

*CITY OF ST LOUIS*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

**January 28, 2021**

_____      _____
Date                                                      Clerk

Further Information:
_____

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by:  (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   ☐ other: _____.

Served at _____ (address)

in _____ County, _____ (state), on _____ (date) at _____ (time).

_____                    _____
Printed Name of Sheriff or Server                                      Signature of Sheriff or Server

**Subscribed and sworn to before me this _____ (day) _____ (month) _____ (year).**
I am: (check one) ☐ the clerk of the court of which affiant is an officer.
                    ☐ the judge of the court of which affiant is an officer.
*(Seal)*             ☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
                    ☐ authorized to administer oaths.  (use for court-appointed server)

_____
Signature and Title

| Service Fees | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ (_____ miles @ $_____ per mile) |
| **Total** | $_____ |

See the following page for directions to officer making return on service of summons.

Electronically Filed - City of St. Louis - December 15, 2021 - 08:37 AM

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age who permanently resides with the defendant/respondent, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must be made less than 10 days nor more than 30 days from the date the defendant/respondent is to appear in court. The return should be made promptly, and in any event so that it will reach the Missouri court within 30 days after service.



# IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

Electronically Filed - City of St. Louis - December 15, 2021 - 08:37 AM

| | | |
|---|---|---|
| Judge or Division:<br>MICHAEL FRANCIS STELZER | Case Number: 2022-CC10591 | |
| Plaintiff/Petitioner:<br>FONTANIA LAWRENCE<br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>JOHN S APPELBAUM<br>105 FOREST GLADE<br>IMPERIAL, MO 63052 | |
| Defendant/Respondent:<br>FAIRFIELD PROCESSING CORPORATION<br>Nature of Suit:<br>CC Pers Injury-Other | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 | (Date File Stamp) |

## ALIAS Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:   FAIRFIELD PROCESSING CORPORATION
**Alias:**

**C/O SANFORD D KAUFMAN RAGT**
**301 MAIN STREET 3RD FLOOR**
**DANBURY, CT 06810**

*COURT SEAL OF*

*CIRCUIT COURT OF MISSOURI*

*CITY OF ST LOUIS*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

**January 28, 2021**

_____
Date
Further Information:

_Thomas Kloeppinger_
_____
Clerk

## Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ County, _____ (state), on _____ (date) at _____ (time).

_____        _____
Printed Name of Sheriff or Server        Signature of Sheriff or Server

**Subscribed and sworn to** before me this _____ (day) _____ (month) _____ (year).

I am: (check one)  ☐ the clerk of the court of which affiant is an officer.
☐ the judge of the court of which affiant is an officer.
☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
☐ authorized to administer oaths. (use for court-appointed server)

*(Seal)*

_____
Signature and Title

**Service Fees**
Summons        $_____
Non Est        $_____
Mileage        $_____ (_____ miles @ $ _____ per mile)
**Total**        $_____

**See the following page for directions to officer making return on service of summons.**

Electronically Filed - City of St. Louis - December 15, 2021 - 08:37 AM

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age who permanently resides with the defendant/respondent, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must be made less than 10 days nor more than 30 days from the date the defendant/respondent is to appear in court. The return should be made promptly, and in any event so that it will reach the Missouri court within 30 days after service.

Electronically Filed - City of St. Louis - December 15, 2021 - 08:37 AM
Electronically Filed - City of St. Louis - January 29, 2021 - 09:48 AM

In the
# CIRCUIT COURT
## City of St. Louis, Missouri

FONTANIA LAWRENCE
Plaintiff/Petitioner

vs.

FAIRFIELD PROCESSING CORPORATION, Et. Al.
Defendant/Respondent

1/29/2021
Date

2022-CC10591
Case number

Division

For File Stamp Only

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now Plaintiff Fontania Lawrence _____, pursuant
                    Requesting Party
to Local Rule 14, requests the appointment by the Circuit Clerk of

| Name of Process Server | Address | Telephone |
|---|---|---|
| Wyman Tracy Kroft | 1669 Jefferson Street | 816.842.9800 |
| Eric Rubin | 1669 Jefferson Street | 816.842.9800 |
| | | |

to serve the summons and petition in this cause on the below named parties.

SERVE:
Fairfield Processing Corporation,
Name
301 Main Street, Third Floor,
Address
Danbury CT, 06810
City/State/Zip

SERVE:
Venture Express, Inc.
Name
131 Industrial Blvd.,
Address
La Vergne, TN 37086.
City/State/Zip

SERVE:
Name
Address
City/State/Zip

SERVE:
Name
Address
City/State/Zip

Appointed as requested:
**TOM KLOEPPINGER,** Circuit Clerk

By _____
      Deputy Clerk

2-4-21
Date

John S. Appelbaum Jr.,
Attorney/Plaintiff/Petitioner
MO #71766
Bar No.
500 North Broadway, Ste. 1605 St. Louis, MO  6
Address
(314) 241-1700
Phone No.

Electronically Filed - City of St. Louis - December 15, 2021 - 08:37 AM

In the
# CIRCUIT COURT
### City of St. Louis, Missouri

FONTANIA LAWRENCE
_____
Plaintiff/Petitioner

|  |
|---|
| 1/29/2021 |
| Date |
| 2022-CC10591 |
| Case number |
|  |
| Division |

vs.

FAIRFIELD PROCESSING CORPORATION, Et. Al.
_____
Defendant/Respondent

For File Stamp Only

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now Plaintiff Fontania Lawrence _____, pursuant
                    Requesting Party
to Local Rule 14, requests the appointment by the Circuit Clerk of

| Wyman Tracy Kroft | 1669 Jefferson Street | 816.842.9800 |
|---|---|---|
| Name of Process Server | Address | Telephone |
| Eric Rubin | 1669 Jefferson Street | 816.842.9800 |
| Name of Process Server | Address | Telephone |
|  |  |  |
| Name of Process Server | Address | Telephone |

to serve the summons and petition in this cause on the below named parties.

SERVE:
Fairfield Processing Corporation,
_____
Name
301 Main Street, Third Floor,
_____
Address
Danbury CT, 06810
_____
City/State/Zip

SERVE:
Venture Express, Inc.
_____
Name
131 Industrial Blvd.,
_____
Address
La Vergne, TN 37086.
_____
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

Appointed as requested:
**TOM KLOEPPINGER**, Circuit Clerk

John S. Appelbaum Jr.,
_____
Attorney/Plaintiff/Petitioner
MO #71766
_____
Bar No.

By_____
      Deputy Clerk

500 North Broadway, Ste. 1605 St. Louis, MO  6
_____
Address
(314) 241-1700
_____
Phone No.

_____
Date

Electronically Filed - City of St. Louis - December 15, 2021 - 08:37 AM

**RULE 14 SPECIAL PROCESS SERVERS**

1. Any person appointed by the Court or the Circuit Clerk to serve process must have a license issued pursuant to this rule to serve process.

2. Licenses to serve process shall be issued by the Sheriff of the City of St. Louis if the applicant has met the following qualifications:

   a. Is twenty-one years of age or older;

   b. Has a high school diploma or an equivalent level of education;

   c. Has insurance coverage for any errors or omissions occurring in the service of process;

   d. Has not been convicted, pleaded guilty to or been found guilty of any felony, or of any misdemeanor involving moral turpitude; and,

   e. Has passed a training course for the service of process which shall be administered by the Sheriff of the City of St. Louis.

3. Each applicant for a process server license under the provisions of this rule shall provide an affidavit setting forth such person's legal name, current address, any other occupations and current telephone numbers. Licensed process servers shall immediately notify the Sheriff of the City of St. Louis of any change in the above information, and the failure to do so shall constitute good cause for the revocation of such person's license.

4. The Sheriff of the City of St. Louis shall maintain a list of persons licensed to serve process pursuant to this rule, and shall make such list available to litigants upon request.

5. A photo identification card designed by the Sheriff of the City of St. Louis shall be issued in addition to the license.  No other identification will be allowed.  All licenses must be signed and approved by the Sheriff of the City of St. Louis and the Presiding Judge or his designee.

6. A license fee recommended by the Sheriff and approved by the Court En Banc shall be charged to cover the costs of compiling and maintaining the list of process servers and for the training of such process servers.  The license fees shall be made payable to the Sheriff of the City of St. Louis.

Electronically Filed - City of St. Louis - December 15, 2021 - 08:37 AM

7. A license for service of process issued under this rule may be revoked by the Sheriff with the approval of the Presiding Judge or his designee, for any of the following reasons:

   a. Misrepresentation of duty or authority;

   b. Conviction, guilty plea or finding of guilty of any state or federal felony, or a misdemeanor involving moral turpitude;

   c. Improper use of the license;

   d. Making a false return; or

   e. Any other good cause.

   Provided, no service of process made by an appointed process server with a revoked license shall be void if the Court or Circuit Clerk made the appointment in good faith without knowledge of the license revocation.

8. Any person authorized to serve process may carry a concealed firearm as allowed by Section 506.145, RSMo, only while actually engaged in the service of process and only if the person has passed a firearms qualification test approved by a law enforcement agency; provided, however, that any licensed special process server may file a written waiver of the right to carry a concealed firearm and thereby avoid the requirements of firearm training and testing.  Any violation of this section shall be considered beyond the scope of the privilege to carry a concealed weapon that is granted by the appointment, and shall constitute good cause for the revocation of the license.

9. Applications for the appointment of a special process server shall be made on forms available in the offices of the Sheriff and Circuit Clerk.  Orders Appointing special process servers may list more than one licensed server as alternatives.

10. The licenses granted pursuant to this rule shall be good for two years.  Each person granted a license shall be required to reapply at the expiration of the license and shall be required to provide all the information required in the initial application, including a current police record check.

(Approved 9/28/92; amended 11/23/92; 5/31/95; 12/17/07)

Electronically Filed - City of St. Louis - December 15, 2021 - 08:37 AM

## AFFIDAVIT OF SERVICE

**State of Missouri**                **County of Saint Louis (City)**                **Circuit Court**

Case Number: 2022-CC10591

Plaintiff/Petitioner:
**FONTANIA LAWRENCE**
vs.
Defendant/Respondent:
**FAIRFIELD PROCESSING CORPORATION, et al.**

Received by HPS Process Service & Investigations to be served on Fairfield Processing Corporation, c/o **Sanford D. Kaufman, Registered Agent, 301 Main Street, 3rd Floor, Danbury, CT 06810**. I, ___Eric Kublin___, being duly sworn, depose and say that on the ___16th___ day of ___February___, 20 _21_ at __10:16__ _a_.m., executed service by delivering a true copy of the Alias Summons for Personal Service Outside the State of Missouri (Except Attachment Action) Petition; and Request for Appointment of Process Server in accordance with state statutes in the manner marked below:

( ) REGISTERED AGENT SERVICE: By serving _____
as _____ for the above-named entity.

( ) RECORDS CUSTODIAN SERVICE: By serving _____
as _____ for the above-named entity.

(X) CORPORATE SERVICE: By serving ___Daniela Marquard___
as ___Legal Assistant/Authorized___ for the above-named entity.

( ) OTHER SERVICE: As described in the Comments below.

( ) NON SERVICE: For the reason detailed in the Comments below.

**COMMENTS:** _____
_____
_____
_____

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

Subscribed and Sworn to before me on the _17th_ day
of _February_, _2021_ by the affiant who is
personally known to me.

_Amy Chantry_
NOTARY PUBLIC

AMY J. CHANTRY
*NOTARY PUBLIC*
MY COMMISSION EXPIRES 3/31/2023

PROCESS SERVER # _____
Appointed in accordance with State Statutes

**HPS Process Service & Investigations**
www.hpsprocess.com
1669 Jefferson
Kansas City, MO 64108
**(800) 796-9559**

Our Job Serial Number: 2021003292

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.1t

Electronically Filed - City of St. Louis - December 15, 2021 - 08:37 AM



IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>MICHAEL FRANCIS STELZER | Case Number: 2022-CC10591 | |
|---|---|---|
| Plaintiff/Petitioner:<br>FONTANIA LAWRENCE | Plaintiff's/Petitioner's Attorney/Address:<br>JOHN S APPELBAUM<br>105 FOREST GLADE<br>IMPERIAL, MO 63052 | |
| vs. | | |
| Defendant/Respondent:<br>FAIRFIELD PROCESSING CORPORATION | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 | (Date File Stamp) |
| Nature of Suit:<br>CC Pers Injury-Other | | |

## ALIAS Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:   FAIRFIELD PROCESSING CORPORATION
        Alias:
C/O SANFORD D KAUFMAN RAGT
301 MAIN STREET 3RD FLOOR
DANBURY, CT 06810

**COURT SEAL OF**

**CITY OF ST LOUIS**

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

January 28, 2021
_____
Date

_Thomas Kloppsinger_
Clerk

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:

1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _Process Sewer_ of _Hartford_ County, _Connecticut_ (state).
3. I have served the above summons by: (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
   ☒ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _Daniela Macquian_ (name) _Legal Assistant Authorized_ (title).
   ☐ other: _____

Served at _301 Main Street, 3rd Floor, Danbury, CT 06810_ (address)
in _Hartford_ County, _Connecticut_ (state), on _02/16/2021_ (date) at _10:10 AM_ (time).

_Eve Rubin_
Printed Name of Sheriff or Server                    Signature of Sheriff or Server

**Subscribed and sworn to before me this** _17th_ (day) _February_ (month) _2021_ (year).
I am: (check one)  ☐ the clerk of the court of which affiant is an officer.
                   ☐ the judge of the court of which affiant is an officer.
                   ☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
                   ☐ authorized to administer oaths. (use for court-appointed server)

*(Seal)*
                                              _Process Serve_
                                              Signature and Title

| Service Fees | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ ( _____ miles @ $ _____ per mile) |
| **Total** | $_____ |

See the following page for directions to officer making return on service of summons.

Electronically Filed - City of St. Louis - December 15, 2021 - 08:37 AM

## AFFIDAVIT OF SERVICE

**State of Missouri**              **County of Saint Louis (City)**                    **Circuit Court**

Case Number: 2022-CC10591

Plaintiff/Petitioner:
**FONTANIA LAWRENCE**
vs.
Defendant/Respondent:
**FAIRFIELD PROCESSING CORPORATION, et al.**

Received by HPS Process Service & Investigations to be served on **Fairfield Processing Corporation, c/o Sanford
D. Kaufman, Registered Agent, 301 Main Street, 3rd Floor, Danbury, CT 06810.** I, _____Eric
_Rubin____, being duly sworn, depose and say that on the __16th__ day of __February__, 20_21_ at
_10:10_ _.m., executed service by delivering a true copy of the Alias Summons for Personal Service Outside the
State of Missouri (Except Attachment Action) Petition; and Request for Appointment of Process Server in
accordance with state statutes in the manner marked below:

( ) REGISTERED AGENT SERVICE: By serving _____
as _____ for the above-named entity.

( ) RECORDS CUSTODIAN SERVICE: By serving _____
as _____ for the above-named entity.

(X) CORPORATE SERVICE: By serving ___Daniela Marquard___
as __Legal Assistant/Authorized__ for the above-named entity.

( ) OTHER SERVICE: As described in the Comments below.

( ) NON SERVICE: For the reason detailed in the Comments below.

**COMMENTS:** _____
_____
_____
_____

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in
which this service was made.

Subscribed and Sworn to before me on the _17th_ day
of _February_, 2021 by the affiant who is
personally known to me.

NOTARY PUBLIC

AMY J. CHANTRY
*NOTARY PUBLIC*
MY COMMISSION EXPIRES 3/31/2023

_____

PROCESS SERVER # _____
Appointed in accordance with State Statutes

**HPS Process Service & Investigations**
www.hpsprocess.com
**1669 Jefferson**
**Kansas City, MO 64108**
**(800) 796-9559**

Our Job Serial Number: 2021003292

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.1l

Electronically Filed - City of St. Louis - December 15, 2021 - 08:37 AM



IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>MICHAEL FRANCIS STELZER | Case Number: 2022-CC10591 | |
|---|---|---|
| Plaintiff/Petitioner:<br>FONTANIA LAWRENCE | Plaintiff's/Petitioner's Attorney/Address:<br>JOHN S APPELBAUM<br>105 FOREST GLADE<br>IMPERIAL, MO 63052 | |
| vs. | | |
| Defendant/Respondent:<br>FAIRFIELD PROCESSING CORPORATION | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 | (Date File Stamp) |
| Nature of Suit:<br>CC Pers Injury-Other | | |

## ALIAS Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:   FAIRFIELD PROCESSING CORPORATION
                            Alias:
C/O SANFORD D KAUFMAN RAGT
301 MAIN STREET 3RD FLOOR
DANBURY, CT 06810

**COURT SEAL OF**

**CITY OF ST LOUIS**

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

January 28, 2021
_____     _____
Date                                        Clerk

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1.  I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.  My official title is _Process Sewer_ of _Hartford_ County, _Connecticut_ (state).
3.  I have served the above summons by: (check one)
    ☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
    ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
    ☒ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _Daniela Marquard_ (name) _Legal Assistant Authorized_ (title).
    ☐ other: _____
    Served at _301 Main Street, 3rd Floor, Danbury, CT 06810_ (address)
    in _Hartford_ County, _Connecticut_ (state), on _02/16/2021_ (date) at _10:10 AM_ (time).
    _Eva Rubin_
    _____
    Printed Name of Sheriff or Server

    **Subscribed and sworn to before me this** _17th_ (day) _February_ (month) _2021_ (year).
    I am: (check one) ☐ the clerk of the court of which affiant is an officer.
                       ☐ the judge of the court of which affiant is an officer.
                       ☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
                       ☐ authorized to administer oaths. (use for court-appointed server)

    _(Seal)_                                            _Process Server_
                                                         _____
                                                         Signature and Title

| Service Fees | | |
|---|---|---|
| Summons | $ _____ | |
| Non Est | $ _____ | |
| Mileage | $ _____ | ( _____ miles @ $ _____ per mile) |
| **Total** | $ _____ | |

See the following page for directions to officer making return on service of summons.

Electronically Filed - City of St. Louis - December 15, 2021 - 08:37 AM

In the
# CIRCUIT COURT
### City of St. Louis, Missouri

FONTANIA LAWRENCE
_____
Plaintiff/Petitioner

vs.

FAIRFIELD PROCESSING CORPORATION, Et. Al.
_____
Defendant/Respondent

For File Stamp Only

1/29/2021
_____
Date

2022-CC10591
_____
Case number

_____
Division

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now Plaintiff Fontania Lawrence _____, pursuant
              Requesting Party

to Local Rule 14, requests the appointment by the Circuit Clerk of

| Wyman Tracy Kroft | 1669 Jefferson Street | 816.842.9800 |
|---|---|---|
| Name of Process Server | Address | Telephone |
| Eric Rubin | 1669 Jefferson Street | 816.842.9800 |
| Name of Process Server | Address | Telephone |
| | | |
| Name of Process Server | Address | Telephone |

to serve the summons and petition in this cause on the below named parties.

SERVE:                                          SERVE:
Venture Express, Inc.
_____             _____
Name                                            Name
304 Robert Rose Dr.
_____             _____
Address                                         Address
Murfreesboro, TN 37129
_____             _____
City/State/Zip                                  City/State/Zip

SERVE:                                          SERVE:

_____             _____
Name                                            Name

_____             _____
Address                                         Address

_____             _____
City/State/Zip                                  City/State/Zip

Appointed as requested:
**TOM KLOEPPINGER,** Circuit Clerk                John S. Appelbaum Jr.,
                                                _____
                                                Attorney/Plaintiff/Petitioner
                                                MO #71766
By_____             _____
    Deputy Clerk                                Bar No.
                                                500 North Broadway, Ste. 1605 St. Louis, MO  6
_____             _____
Date                                            Address
                                                (314) 241-1700
                                                _____
                                                Phone No.

Electronically Filed - City of St. Louis - December 15, 2021 - 08:37 AM

**RULE 14 SPECIAL PROCESS SERVERS**

1. Any person appointed by the Court or the Circuit Clerk to serve process must have a license issued pursuant to this rule to serve process.

2. Licenses to serve process shall be issued by the Sheriff of the City of St. Louis if the applicant has met the following qualifications:

   a. Is twenty-one years of age or older;

   b. Has a high school diploma or an equivalent level of education;

   c. Has insurance coverage for any errors or omissions occurring in the service of process;

   d. Has not been convicted, pleaded guilty to or been found guilty of any felony, or of any misdemeanor involving moral turpitude; and,

   e. Has passed a training course for the service of process which shall be administered by the Sheriff of the City of St. Louis.

3. Each applicant for a process server license under the provisions of this rule shall provide an affidavit setting forth such person's legal name, current address, any other occupations and current telephone numbers.  Licensed process servers shall immediately notify the Sheriff of the City of St. Louis of any change in the above information, and the failure to do so shall constitute good cause for the revocation of such person's license.

4. The Sheriff of the City of St. Louis shall maintain a list of persons licensed to serve process pursuant to this rule, and shall make such list available to litigants upon request.

5. A photo identification card designed by the Sheriff of the City of St. Louis shall be issued in addition to the license.  No other identification will be allowed.  All licenses must be signed and approved by the Sheriff of the City of St. Louis and the Presiding Judge or his designee.

6. A license fee recommended by the Sheriff and approved by the Court En Banc shall be charged to cover the costs of compiling and maintaining the list of process servers and for the training of such process servers.  The license fees shall be made payable to the Sheriff of the City of St. Louis.

Electronically Filed - City of St. Louis - December 15, 2021 - 08:37 AM

7. A license for service of process issued under this rule may be revoked by the Sheriff with the approval of the Presiding Judge or his designee, for any of the following reasons:

   a. Misrepresentation of duty or authority;

   b. Conviction, guilty plea or finding of guilty of any state or federal felony, or a misdemeanor involving moral turpitude;

   c. Improper use of the license;

   d. Making a false return; or

   e. Any other good cause.

   Provided, no service of process made by an appointed process server with a revoked license shall be void if the Court or Circuit Clerk made the appointment in good faith without knowledge of the license revocation.

8. Any person authorized to serve process may carry a concealed firearm as allowed by Section 506.145, RSMo, only while actually engaged in the service of process and only if the person has passed a firearms qualification test approved by a law enforcement agency; provided, however, that any licensed special process server may file a written waiver of the right to carry a concealed firearm and thereby avoid the requirements of firearm training and testing.  Any violation of this section shall be considered beyond the scope of the privilege to carry a concealed weapon that is granted by the appointment, and shall constitute good cause for the revocation of the license.

9. Applications for the appointment of a special process server shall be made on forms available in the offices of the Sheriff and Circuit Clerk.  Orders Appointing special process servers may list more than one licensed server as alternatives.

10. The licenses granted pursuant to this rule shall be good for two years.  Each person granted a license shall be required to reapply at the expiration of the license and shall be required to provide all the information required in the initial application, including a current police record check.

(Approved 9/28/92; amended 11/23/92; 5/31/95; 12/17/07)

Electronically Filed - City of St. Louis - December 15, 2021 - 08:37 AM

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

FONTANIA LAWRENCE,                          )
                                            )
                        Plaintiff,          )       Cause No.: 2022-CC10591
vs.                                         )
                                            )       Division:
FAIRFIELD PROCESSING CORPORATION            )
                                            )       **Plaintiff Demands Jury Tria**
                                            )       **On All Counts**
                                            )
And                                         )
                                            )
VENTURE EXPRESS, INC.                       )
                        Defendants.         )

## **REQUEST FOR ALIAS SUMMONS**

COMES NOW Plaintiff Fontania Lawrence, by and through her attorneys of record, The
Cagle Law Firm, and requests an alias summons be issued on Defendant Venture Express, Inc. to
Shawn Applegate at 304 Robert Rose Dr., Murfreesboro, TN 37129.

Respectfully Submitted,

**THE CAGLE LAW FIRM, LLC**

By _____
**John S. Appelbaum Jr., MO #71766**
john@caglellc.com
500 North Broadway, Ste. 1605
St. Louis, MO  63102
Phone: (314) 241-1700
Fax: (314) 241-1738
*Attorneys for Plaintiff*

1

Electronically Filed - City of St. Louis - December 15, 2021 - 08:37 AM

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

FONTANIA LAWRENCE,                    )
                                      )
                    Plaintiff,        )          Cause No.: 2022-CC10591
vs.                                   )
                                      )          Division:
FAIRFIELD PROCESSING CORPORATION      )
Et. Al.                               )
                                      )
                    Defendants.       )

## RULE 67.02(a) DISMISSAL OF VENTURE EXPRESS INC. WITHOUT PREJUDICE

COMES NOW Plaintiff by and through her attorneys of record and dismisses only

Defendant Venture Express Inc., *without* prejudice pursuant to Rule 67.02(a). Said dismissal in no

way impacts allegations against Venture Express LLC or Fairfield Processing.


Respectfully Submitted,

**THE CAGLE LAW FIRM, LLC**

By _____
**John S. Appelbaum Jr., MO #71766**
john@caglellc.com
500 North Broadway, Ste. 1605
St. Louis, MO  63102
Phone: (314) 241-1700
Fax: (314) 241-1738
*Attorneys for Plaintiff*

1

Electronically Filed - City of St. Louis - December 15, 2021 - 08:37 AM

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

FONTANIA LAWRENCE,             )
                                      )
      Plaintiff                  )
                                      )
      vs.                       )      Cause No.: 2022-CC10591
                                      )
FAIRFIELD PROCESSING CORPORATION;  )
                                      )
&                                       )
                                      )
VENTURE EXPRESS, INC.         )
      Defendants.           )

## AFFIDAVIT OF SHAWN APPLEGATE

I, Shawn Applegate being first duly sworn and upon my oath, state and swear as follows:

1.     I am over eighteen years of age, I am competent to testify, of sound mind, and I have personal knowledge of the facts stated in this Affidavit.

2.     I am the chief legal officer and general counsel for Venture Express, Inc.

3.     Upon review of said records and investigation, I have determined that to the best of my knowledge and belief that on December 19, 2019:

    a.     Venture Express Inc. had no company trucks travelling to the city limits of St. Louis, Missouri with the city limits of St. Louis, Missouri as its final destination;

    b.     Venture Express Inc. had no company drivers travelling to the city limits of St. Louis, Missouri with the city limits of St. Louis, Missouri as his/her final destination;

    c.     Venture Express Inc. had no customers located in the city limits of St. Louis, Missouri; and

    d.     Venture Express Inc. has no relationship with Fairfield Processing which

Electronically Filed - City of St. Louis - December 15, 2021 - 08:37 AM

might lead a truck owned by Venture Express Inc. and operated by one of its drivers to be

on the premises of Fairfield Processing on said date.

FURTHER AFFIANT SAITH NOT.

**SHAWN APPLEGATE**

SUBSCRIBED AND SWORN to before me on this 10 day of March, 2021.

Notary Public

My Commission Expires: 11/20/23

Electronically Filed - City of St. Louis - December 15, 2021 - 08:37 AM

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

| | |
|---|---|
| FONTANIA LAWRENCE, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| vs. | ) |
| | ) Cause No.: 2022-CC10591 |
| FAIRFIELD PROCESSING CORPORATION; | ) |
| Serve Registered Agent: | ) |
|   Sanford D. Kaufman | ) **PLAINTIFF DEMANDS TRIAL** |
|   301 Main Street, Third Floor | ) **BY JURY ON ALL COUNTS** |
|   Danbury CT, 06810 | ) |
| & | ) |
| | ) |
| VENTURE EXPRESS, LLC | ) |
| Serve Registered Agent: | ) |
|   Dennis Rweikiza, | ) |
|   10211 E Countryside Cir. | ) |
|   Wichita, KS 67207 | ) |
| | ) |
| Defendants. | ) |

### FIRST AMENDED PETITION

COMES NOW Plaintiff Fontania Lawrence ("Plaintiff") by and through by and through her attorneys of record and pursuant to the Missouri Supreme Court Rules and Rules of Civil Procedure, and for her Petition against Defendant Fairfield Processing Corporation ("Fairfield"), and Defendant Venture Express, Inc. ("Venture"), and states to this Honorable Court as follows:

### FACTS COMMON TO ALL COUNTS

1.      Plaintiff is an individual, citizen, and resident of Missouri.

2.      Fairfield is a foreign corporation organized in the state of Connecticut and based upon information and belief Fairfield's principal place of business is in the State of Missouri.

3.      Fairfield may be served through its registered agent, Sanford D. Kaufman at 301 Main Street, Third Floor, Danbury CT, 06810.

1

Electronically Filed - City of St. Louis - December 15, 2021 - 08:37 AM

4.      Venture is a foreign corporation organized in the state of Kansas with its principal place of business in the state of Kansas.

5.      Venture may be served through its registered agent, Dennis Rweikiza at 10211 E Countryside Cir. Wichita, KS 67207.

6.      The incident alleged herein occurred on or about December 19, 2019 at between 1:00 p.m. and 2:00 p.m. in the loading dock of the premises owned and operated by Fairfield located at 6432 Prescott Avenue, St. Louis, Missouri ("Premises").

7.      As a corporation, Fairfield acts through its officers, agents, servants, and/or employees.  Thus, any acts or omissions of an officer, agent, servant, and/or employee, made while acting in the scope of authority delegated by the corporation, or within the scope of the duties of said employee, is the act or omission of Fairfield.

8.      At all times herein mentioned and at the time of this crash, Fairfield was acting individually and through its agents, servants, and/or employees, whom were acting within the course and scope of their employment with Fairfield at the time of the incident alleged herein.

9.      Venture is a corporation involved in interstate commerce, and did and does at all times alleged herein avail itself to the benefits of the State of Missouri's highways and roadways to conduct interstate commerce.

10.     As a corporation Venture acts through its officers, agents, servants, and/or employees.  Thus, any acts or omissions of an officer, agent, servant, and/or employee, made while acting in the scope of authority delegated by the corporation, or within the scope of the duties of said employee, is the act or omission of Venture.

Electronically Filed - City of St. Louis - December 15, 2021 - 08:37 AM

11.     At all times herein mentioned and at the time of this crash, Venture was acting individually and through its agent, servant, and/or employee, whom was acting within the course and scope of his employment with Venture at the time of the incident alleged herein.

12.     Venue is proper with this Court pursuant to RSMo. § 508.010 since the negligent actions and omissions alleged herein occurred within St. Louis City, State of Missouri.

13.     This Court has subject matter jurisdiction over this action since the incident alleged herein occurred in St. Louis City, State of Missouri.

14.     On December 19, 2019, Fairfield owned or controlled the management of 6432 Prescott Ave.; St. Louis, Missouri 643147 ("Premises").

15.     At all times alleged herein Plaintiff was working on said premises as an employee for ProLogistix.

16.     At said date and time, Plaintiff was attempting to disconnect a ramp attaching a commercial vehicle owned by Venture from the loading dock attached to Premises.

17.     As Plaintiff attempted to disconnect said ramp, she maintained one foot in the trailer attached to Venture's vehicle and the other on the dock.

18.     As Plaintiff attempted to disconnect the ramp, the driver of said commercial vehicle, and employee of Venture, ("Driver") became distracted and failed to notice that the ramp remained attached and that Plaintiff was still partially inside the vehicle.

19.     Driver then pulled away from said dock forcing Plaintiff to leap to safety to avoid falling into the gap between the truck and the dock.

20.     No employee of Fairfield attempted to warn Driver that Plaintiff stood partially within the trailer.

3

Electronically Filed - City of St. Louis - December 15, 2021 - 08:37 AM

21.     At no point did any employee of Fairfield attempt to stop Driver from pulling away from the dock.

22.     At no point before Driver pulled away did any employee of Fairfield attempt to warn Plaintiff of the movement of the tractor trailer and/or the hazardous condition being created.

23.     As Plaintiff leaped from the truck to the dock, she landed hyperextending her left knee and pulling and tearing the ligaments and tendons attached thereto.

24.     As a direct result of one or more of Defendants' failures Plaintiff sustained damages.

25.     That as a direct and proximate result of Defendants' negligence alleged herein, Plaintiff, was caused to suffer serious, permanent, and disabling injuries to her left leg, knee, and the ligaments, muscles, and tendons attached thereto.

26.     That as a direct and proximate result of the aforesaid negligent acts and omissions of the Defendants, Plaintiff has incurred past medical expenses in excess of $40,000.00.

27.     Plaintiff will incur further medical expenses in the future.

28.     That Plaintiff has been caused to suffer painful, permanent and disabling injuries to the aforementioned areas of her body and will continue to suffer from these painful, permanent and disabling injuries in the future as a result of the fall as alleged herein and will need to undergo medical treatment in the future.

29.     That as a direct and proximate result of the aforesaid negligence of Defendants, Plaintiff's activities and her enjoyment of life has been limited.

30.     That as a direct and proximate cause of the aforesaid negligence of Defendants, Plaintiff required surgical intervention.

Electronically Filed - City of St. Louis - December 15, 2021 - 08:37 AM

31.     That as a direct and proximate result of the aforesaid negligence of Defendants, Plaintiff has incurred scarring and disfigurement.

32.     That as a direct and proximate result of the aforesaid negligence of Defendants, Plaintiff has lost past wages.

33.     That as a direct and proximate result of the aforesaid negligence of Defendants, Plaintiff will suffer future loss of wages.

WHEREFORE Plaintiff prays for a judgment in a sum in excess of Twenty-Five Thousand Dollars ($25,000.00) as determined fair and reasonable by a jury against Defendants jointly and severally, all interest allowed under Missouri law at the maximum amount, together with all taxable costs and for such other relief this Court deems just and proper under the circumstances.

### COUNT I
### NEGLIGENCE
### AGAINST DEFENDANTS VENTURE EXPRESS, INC.

COMES NOW Plaintiff, and for Count I of her Petition restates, realleges, and incorporates by reference Paragraphs 1-33 above and in addition thereto states to the Court as follows:

34.     That the time of the incident and at all times alleged herein, Driver was acting in the course and scope of his employment with Venture.  Thus, at the time of the crash alleged herein Driver was an agent, servant, and/or employee of Venture and as such, Venture is vicariously liable for the actions and omissions of Driver, its agent, servant, and/or employee.

Electronically Filed - City of St. Louis - December 15, 2021 - 08:37 AM

35.     At the time of this crash, Driver was an agent, servant and/or employee under the control, right of control, joint and mutual control, or joint and mutual right of control of Venture and as such all of the acts of negligence on his part were committed within the course and scope of his agency and employment with Venture.

36.     At the time of the incident alleged herein, Venture, through its agents, servants, and employees including, but not limited to Driver were negligent, careless, and breached their duty of care to the general public and Plaintiff on the date alleged herein in one or more of the following respects:

    a.   Failed to have the motor vehicle under proper control;

    b.   Failed to keep a proper lookout and pay attention;

    c.   Operated the tractor while distracted, tired or fatigued;

    d.   Operated the tractor without adequate training, experience, or qualifications;

    e.   Drove while under the influence of alcohol and/or drugs;

    f.   Failing to exercise the highest degree of care under the circumstances.

37.     Each of the negligent acts or omissions by Venture, as alleged herein was a direct and proximate cause of the incident and the resulting injuries and damages to Plaintiff.

38.     The actions of Venture as alleged herein showed a complete indifference to or conscious disregard for the safety of Plaintiff and other human beings.

WHEREFORE Plaintiff prays for a judgment in a sum in excess of Twenty-Five Thousand Dollars ($25,000.00) as determined fair and reasonable by a jury against Defendants jointly and severally, all interest allowed under Missouri law at the maximum amount, together with all taxable costs and for such other relief this Court deems just and proper under the circumstances.

6

Electronically Filed - City of St. Louis - December 15, 2021 - 08:37 AM

## COUNT II
## NEGLIGENCE
## AGAINST DEFENDANTS FAIRFIELD PROCESSING.

COMES NOW Plaintiff, and for Count II of her Petition restates, realleges, and incorporates by reference Paragraphs 1-33 above and in addition thereto states to the Court as follows:

39.     On February 17, 2019, Fairfield owned, controlled, or possessed Premises where Plaintiff worked as an independent contractor.

40.     That at the time of the incident and at all times alleged herein, Fairfield oversaw the work of contracted temporary employees such as Plaintiff and held a responsibility to maintain a reasonably safe working environment.

41.     That at the time of this incident, Fairfield, through its agents, servants, and employees:

   a.   Failed to adopt or implement policies, procedures, or standing orders to avoid injuries while loading or unloading tractor-trailers in the loading dock.

42.     In the alternative to and/or in addition to the allegations of paragraph 40, Fairfield:

   a.   Failed to notify its employees, agents, or contractors, of any policies, procedures, or standing orders to avoid injuries while loading or unloading tractor-trailers in the loading dock;

   b.   Failed to properly supervise its employees, agents, or contractors working on the loading dock;

   c.   Failed to properly train its employees, agents, or contractors regarding any policies, procedures, or standing orders set in place to avoid injuries while loading or unloading tractor-trailers in the loading dock;

   d.   Failed to notify Driver before he pulled away from the dock that Plaintiff was still inside the trailer; and

   e.   Failed to warn Plaintiff that Driver was pulling away from the dock.

Electronically Filed - City of St. Louis - December 15, 2021 - 08:37 AM

43.     That such failures and omissions created a foreseeable likelihood of a harm or injury.

44.      That in so doing, Fairfield was thereby negligent.

45.     That as a direct and proximate result of such negligence, Plaintiff sustained the damages alleged above.

WHEREFORE Plaintiff prays for a judgment in a sum in excess of Twenty-Five Thousand Dollars ($25,000.00) as determined fair and reasonable by a jury against Defendants jointly and severally, all interest allowed under Missouri law at the maximum amount, together with all taxable costs and for such other relief this Court deems just and proper under the circumstances.

Respectfully Submitted,

**THE CAGLE LAW FIRM**

By _____
**John S. Appelbaum Jr., MO#71766**
500 North Broadway, Suite 1605
St. Louis, MO 63102
Phone: (314) 241-1700
Fax: (314) 241-1738
E-mail: john@caglellc.com
*Attorneys for Plaintiff*

Electronically Filed - City of St. Louis - December 15, 2021 - 08:37 AM

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

FONTANIA LAWRENCE,                          )
                                            )
                          Plaintiff,        )       Cause No.: 2022-CC10591
vs.                                         )
                                            )       Division:
FAIRFIELD PROCESSING CORPORATION            )
Et. Al.                                     )
                                            )
                          Defendants.       )

**RULE 67.02(a) DISMISSAL OF VENTURE EXPRESS INC. WITHOUT PREJUDICE**

COMES NOW Plaintiff by and through her attorneys of record and dismisses only

Defendant Venture Express Inc., *without* prejudice pursuant to Rule 67.02(a). Said dismissal in no

way impacts allegations against Venture Express LLC or Fairfield Processing.

Respectfully Submitted,

THE CAGLE LAW FIRM, LLC

By_____
**John S. Appelbaum Jr., MO #71766**
john@caglellc.com
500 North Broadway, Ste. 1605
St. Louis, MO  63102
Phone: (314) 241-1700
Fax: (314) 241-1738
*Attorneys for Plaintiff*

1

Electronically Filed - City of St. Louis - December 15, 2021 - 08:37 AM

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

| | | |
|---|---|---|
| FONTANIA LAWRENCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Cause No.: 2022-CC10591 |
| | ) | |
| FAIRFIELD PROCESSING | ) | |
| CORPORATION, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| and | ) | |
| | ) | |
| VENTURE EXPRESS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT FAIRFIELD PROCESSING CORPORATION'S
ANSWER TO PLAINTIFF'S PETITION**

COMES NOW Defendant Fairfield Processing Corporation ("Defendant"), by and through counsel, and for its Answer to Plaintiff's Petition, states as follows:

**FACTS COMMON TO ALL COUNTS**

1.  Defendant is without sufficient information to admit or deny paragraph 1 of Plaintiff's Petition, and therefore denies same.

2.  Defendant admits it is a foreign corporation organized in the State of Connecticut with its principal place of business in the State of Connecticut. Defendant denies the remaining allegation in paragraph 2 of Plaintiff's Petition.

3.  Defendant admits the allegations contained in paragraph 3 of Plaintiff's Petition.

4.  Defendant is without sufficient information to admit or deny paragraph 4 of Plaintiff's Petition, and therefore denies same.

5.  Defendant is without sufficient information to admit or deny paragraph 5 of Plaintiff's Petition, and therefore denies same.

6.  Defendant denies the allegations contained in paragraph 6 of Plaintiff's Petition.

Electronically Filed - City of St. Louis - December 15, 2021 - 08:37 AM

7.  The allegations contained in paragraph 7 of Plaintiff's Petition are legal conclusions and require no response. To the extent a response is required, Defendant admits as a general matter that alleged acts or omissions of an officer or employee, made while acting in the scope of authority delegated by a corporation, or within the scope of duties of an employee, are generally considered the alleged acts or omissions of the corporation.  Defendant is without sufficient information to admit or deny the remaining allegations of paragraph 7, and therefore denies same.

8.  The allegations contained in paragraph 8 of Plaintiff's Petition are legal conclusions and require no response. To the extent a response is required, Defendant is without sufficient information to admit or deny the allegations contained in paragraph 8, and therefore denies same.

9.  Defendant is without sufficient information to admit or deny paragraph 9 of Plaintiff's Petition, and therefore denies same.

10.  The allegations contained in paragraph 10 of Plaintiff's Petition are legal conclusions and require no response. To the extent a response is required, Defendant admits as a general matter that alleged acts or omissions of an officer or employee, made while acting in the scope of authority delegated by a corporation, or within the scope of duties of an employee, are generally considered the alleged acts or omissions of the corporation.  Defendant is without sufficient information to admit or deny the remaining allegations of paragraph 10, and therefore denies same.

11.  The allegations contained in paragraph 11 of Plaintiff's Petition are legal conclusions and require no response. To the extent a response is required, Defendant admits as a general matter that alleged acts or omissions of an officer or employee, made while acting in the scope of authority delegated by a corporation, or within the scope of duties of an employee, are generally considered the alleged acts or omissions of the corporation.  Defendant is without sufficient information to admit or deny the remaining allegations of paragraph 11, and therefore denies same.

Electronically Filed - City of St. Louis - December 15, 2021 - 08:37 AM

12.   The allegations contained in paragraph 12 of Plaintiff's Petition are legal conclusions and require no response. To the extent a response is required, Defendant denies same.

13.   The allegations contained in paragraph 13 of Plaintiff's Petition are legal conclusions and require no response. To the extent a response is required, Defendant denies same.

14.   Defendant admits that on or about December 19, 2019, it leased and conducted business at 6432 Prescott Avenue, St. Louis, Missouri 63147 ("Premises"). Defendant denies the remaining allegations contained in Paragraph 14 of Plaintiff's Petition.

15.   Defendant admits that on or about December 18, 2019, Plaintiff was working on the Premises as an employee of ProLogistix upon information and belief.  Defendant is without sufficient information to admit or deny the remaining allegations of paragraph 15, and therefore denies same.

16.  Defendant is without sufficient information to admit or deny paragraph 16 of Plaintiff's Petition, and therefore denies same.

17.  Defendant is without sufficient information to admit or deny paragraph 17 of Plaintiff's Petition, and therefore denies same.

18.  Defendant is without sufficient information to admit or deny paragraph 18 of Plaintiff's Petition, and therefore denies same.

19.  Defendant is without sufficient information to admit or deny paragraph 19 of Plaintiff's Petition, and therefore denies same.

20.  Defendant is without sufficient information to admit or deny paragraph 20 of Plaintiff's Petition, and therefore denies same.

21.  Defendant is without sufficient information to admit or deny paragraph 21 of Plaintiff's Petition, and therefore denies same.

Electronically Filed - City of St. Louis - December 15, 2021 - 08:37 AM

22.  Defendant is without sufficient information to admit or deny paragraph 22 of Plaintiff's Petition, and therefore denies same.

23.  Defendant denies the allegations contained in paragraph 23 of Plaintiff's Petition.

24.  Defendant denies the allegations contained in paragraph 24 of Plaintiff's Petition.

25.  Defendant denies the allegations contained in paragraph 25 of Plaintiff's Petition.

26.  Defendant denies the allegations contained in paragraph 26 of Plaintiff's Petition.

27.  Defendant denies the allegations contained in paragraph 27 of Plaintiff's Petition.

28.  Defendant denies the allegations contained in paragraph 28 of Plaintiff's Petition.

29.  Defendant denies the allegations contained in paragraph 29 of Plaintiff's Petition.

30.  Defendant denies the allegations contained in paragraph 30 of Plaintiff's Petition.

31.  Defendant denies the allegations contained in paragraph 31 of Plaintiff's Petition.

32.  Defendant denies the allegations contained in paragraph 32 of Plaintiff's Petition.

33.  Defendant denies the allegations contained in paragraph 33 of Plaintiff's Petition.


<u>**COUNT I**</u>
<u>**NEGLIGENCE**</u>
<u>**AGAINST DEFENDANT VENTURE EXPRESS, INC.**</u>

This Defendant makes no Answer to the allegations contained in Count I of Plaintiff's Petition for the reason that Count I is directed against Defendant Venture Express, Inc., against whom judgment is prayed and no judgment is prayed against this Defendant. However, should it be construed that any of the allegations in Count I are directed against this Defendant, then this Defendant denies each and every one of those allegations.

Electronically Filed - City of St. Louis - December 15, 2021 - 08:37 AM

## COUNT II
## NEGLIGENCE
## AGAINST DEFENDANT FAIRFIELD PROCESSING

COMES NOW Defendant Fairfield Processing Corporation ("Defendant"), and for Count II of Plaintiff's Petition, hereby incorporates its responses to paragraphs 1-33 as if fully stated herein, and states as follows:

39.  Defendant admits that on or about December 18, 2019, it leased the Premises where Plaintiff was an employee of ProLogistix upon information and belief.  Defendant has insufficient information to admit or deny the remaining allegations contained in paragraph 39 of Plaintiff's Petition, and therefore denies same.

40.  Defendant admits that on or about December 18, 2019, Plaintiff was working on the Premises as an employee of ProLogistix upon information and belief.  The remaining allegations contained in paragraph 40 are legal conclusions and require no response. To the extent a response is required, Defendant admits its duties are determined by Missouri law.

41.  Defendant denies the allegations contained in paragraph 41 of Plaintiff's Petition, and all subparts thereto.

42.  Defendant denies the allegations contained in subparts a, b, and c of paragraph 42. Defendant is without sufficient information to admit or deny the remaining allegations contained in paragraph 42 of Plaintiff's Petition, including subparts d and e, and therefore denies same.

43.  Defendant denies the allegations contained in paragraph 43 of Plaintiff's Petition.

44.  Defendant denies the allegations contained in paragraph 44 of Plaintiff's Petition.

45.  Defendant denies the allegations contained in paragraph 45 of Plaintiff's Petition.

Electronically Filed - City of St. Louis - December 15, 2021 - 08:37 AM

## AFFIRMATIVE DEFENSES

46.  For further Answer and affirmative defense, Defendant states that Plaintiff's Petition fails to state a claim.

47.  For further Answer and affirmative defense, Defendant states that whatever injuries were sustained by Plaintiff, if any, were the direct and proximate result of Plaintiff's carelessness, negligence, and/or comparative fault.

48.  For further Answer and affirmative defense, Defendant states that whatever injuries sustained by Plaintiff, if any, were caused by or contributed to be caused by other individuals or entities outside this Defendant's control.

49.  For further Answer and affirmative defense, Defendant states that pursuant to §490.715 R.S.Mo, effective August 28, 2017, Plaintiff is limited to introduce at trial only the evidence of the actual cost of medical care, which is defined as the sum of money not to exceed the dollar amounts paid by or on behalf of Plaintiff plus any remaining dollar amount necessary to satisfy the financial obligation for medical care by a health care provider after adjustments or contractual discounts, price reductions, or write-offs by any person or entity.

50.  For further Answer and affirmative defense, Defendant reserves the right to raise additional affirmative defenses as discovery progresses in this matter.

WHEREFORE, having fully answered and responded to Plaintiff's Petition, Defendant Fairfield Processing Corporation prays to be dismissed with its cost herein expended, and for such other and further relief as the Court deems just and proper.

Electronically Filed - City of St. Louis - December 15, 2021 - 08:37 AM

Respectfully submitted,

**BROWN & JAMES, P.C.**


/s/ *John A. Mazzei*
John A. Mazzei, MO # 51398
jmazzei@bjpc.com
dbuchanan@bjpc.com
800 Market Street, Suite 1100
St. Louis, Missouri, 63101
(314) 421-3400
(314) 421-3128 (fax)
**ATTORNEY FOR DEFENDANT
FAIRFIELD PROCESSING CORPORATION**


## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of March, 2021, the foregoing was electronically filed using the Missouri eFiling system, which will send notice of electronic filing to all registered attorneys of record. I further certify that pursuant to Rule 55.03(a), I signed the original of the foregoing and that the original signed copy is maintained at our office.



/s/ *John A. Mazzei*



JAM/llw
25653197.1

7

Electronically Filed - City of St. Louis - December 15, 2021 - 08:37 AM

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

| | |
|---|---|
| FONTANIA LAWRENCE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Cause No.: 2022-CC10591 |
| | ) |
| FAIRFIELD PROCESSING | ) |
| CORPORATION, | ) |
| | ) **JURY TRIAL DEMANDED** |
| and | ) |
| | ) |
| VENTURE EXPRESS, INC., | ) |
| | ) |
| Defendants. | ) |

## ENTRY OF APPEARANCE

COMES NOW John A. Mazzei, Brown & James, P.C., and hereby enters his appearance on behalf of Defendant Fairfield Processing Corporation.

Respectfully submitted,

**BROWN & JAMES, P.C.**

/s/ *John A. Mazzei*
John A. Mazzei, MO # 51398
jmazzei@bjpc.com
dbuchanan@bjpc.com
800 Market Street, Suite 1100
St. Louis, Missouri, 63101
(314) 421-3400
(314) 421-3128 (fax)
**ATTORNEYS FOR DEFENDANT**
**FAIRFIELD PROCESSING CORPORATION**

Electronically Filed - City of St. Louis - December 15, 2021 - 08:37 AM

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of March, 2021, the foregoing was electronically filed using the Missouri eFiling system, which will send notice of electronic filing to all registered attorneys of record. I further certify that pursuant to Rule 55.03(a), I signed the original of the foregoing and that the original signed copy is maintained at our office.


/s/ John A. Mazzei


JAM/llw
25650639.1



Electronically Filed - City of St. Louis - December 15, 2021 - 08:37 AM

# IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>MICHAEL FRANCIS STELZER | Case Number: 2022-CC10591 | Special Process Server 1 |
|---|---|---|
| Plaintiff/Petitioner:<br>FONTANIA LAWRENCE | Plaintiff's/Petitioner's Attorney/Address:<br>JOHN S  APPELBAUM<br>105 FOREST GLADE | Special Process Server 2 |
| vs. | IMPERIAL, MO  63052 | Special Process Server 3 |
| Defendant/Respondent:<br>FAIRFIELD PROCESSING CORPORATION | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD | (Date File Stamp) |
| Nature of Suit:<br>CC Pers Injury-Other | SAINT LOUIS, MO  63101 | |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:   VENTURE EXPRESS LLC
                   **Alias:**

**C/O DENNIS RWEIKIZA RAGT**
**10211 E COUNTYSIDE CIR**
**WICHITA, KS  67207**

*COURT SEAL OF*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

**March 19, 2021**

*CITY OF ST LOUIS*

_____
Date

_____
Clerk

Further Information:

## Officer's or Server's Affidavit of Service

I certify that:
1.   I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.   My official title is _____ of _____ County, _____ (state).
3.   I have served the above summons by:  (check one)
    ☐  delivering a copy of the summons and a copy of the petition to the defendant/respondent.
    ☐  leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
    ☐  (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
    ☐  other: _____.

Served at _____ (address)
in _____County, _____ (state), on _____ (date) at _____ (time).

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

**Subscribed and sworn to** before me this _____ (day) _____ (month) _____ (year).

    I am: (check one) ☐ the clerk of the court of which affiant is an officer.
                 ☐ the judge of the court of which affiant is an officer.
                 ☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)

*(Seal)*

                 ☐ authorized to administer oaths.  (use for court-appointed server)

_____
Signature and Title

| **Service Fees** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ (_____ miles @ $ _____ per mile) |
| **Total** | $_____ |

**See the following page for directions to officer making return on service of summons.**

Electronically Filed - City of St. Louis - December 15, 2021 - 08:37 AM

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age who permanently resides with the defendant/respondent, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must be made less than 10 days nor more than 30 days from the date the defendant/respondent is to appear in court. The return should be made promptly, and in any event so that it will reach the Missouri court within 30 days after service.

Electronically Filed - City of St. Louis - December 15, 2021 - 08:37 AM

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

| | |
|---|---|
| FONTANIA LAWRENCE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Cause No.: 2022-CC10591 |
| | ) |
| FAIRFIELD PROCESSING | ) |
| CORPORATION, | ) |
| | ) |
| and | ) |
| | ) |
| VENTURE EXPRESS, INC., | ) |
| | ) |
| Defendants. | ) |

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that Defendant Fairfield Processing Corporation served its

Objections to Plaintiff's First Interrogatories and Objections to Plaintiff's First Request for

Production of Documents via Electronic Mail to: **john@caglellc.com,** John S. Appelbaum, Jr.

The Cagle Law Firm, 500 North Broadway, Suite 1605, St. Louis, MO  63102 on this 2nd day of

April, 2021.

BROWN & JAMES, P.C.

/s/ *John A. Mazzei*
John A. Mazzei, MO # 51398
jmazzei@bjpc.com
dbuchanan@bjpc.com
800 Market Street, Suite 1100
St. Louis, Missouri, 63101
(314) 421-3400
(314) 421-3128 (fax)
Attorneys For Defendant,
Fairfield Processing Corporation

Electronically Filed - City of St. Louis - December 15, 2021 - 08:37 AM

<u>**CERTIFICATE OF SERVICE**</u>

     I hereby certify that on this 2nd day of April, 2021, the foregoing was electronically filed using the Missouri eFiling system, which will send notice of electronic filing to all registered attorneys of record. I further certify that pursuant to Rule 55.03(a), I signed the original of the foregoing and that the original signed copy is maintained at our office.

                                     */s/ John A. Mazzei*_____

JAM/llw
25650607.1

JAM/llw
25650607.1

Electronically Filed - City of St. Louis - December 15, 2021 - 08:37 AM

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

| | | |
|---|---|---|
| FONTANIA LAWRENCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Cause No.: 2022-CC10591 |
| | ) | |
| FAIRFIELD PROCESSING | ) | |
| CORPORATION, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| VENTURE EXPRESS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

The undersigned certifies that Defendant Fairfield Processing Corporation served its First

Interrogatories to Plaintiff and First Request for Production of Documents to Plaintiff in Word

Format via Electronic Mail to: **john@caglellc.com,** John S. Appelbaum, Jr., The Cagle Law Firm,

500 North Broadway, Suite 1605, St. Louis, MO  63102 on this 7th day of April, 2021.


BROWN & JAMES, P.C.


/s/ John A. Mazzei
John A. Mazzei, MO # 51398
jmazzei@bjpc.com
dbuchanan@bjpc.com
800 Market Street, Suite 1100
St. Louis, Missouri, 63101
(314) 421-3400
(314) 421-3128 (fax)
Attorneys For Defendant,
Fairfield Processing Corporation

Electronically Filed - City of St. Louis - December 15, 2021 - 08:37 AM

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of April, 2021, the foregoing was electronically filed using the Missouri eFiling system, which will send notice of electronic filing to all registered attorneys of record. I further certify that pursuant to Rule 55.03(a), I signed the original of the foregoing and that the original signed copy is maintained at our office.

/s/ *John A. Mazzei*

JAM/llw
25777953.1

JAM/llw
25650607.1

2

Electronically Filed - City of St. Louis - December 15, 2021 - 08:37 AM

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

FONTANIA LAWRENCE,          )
                          )
        Plaintiff,        )
                          )
vs.                   )    Cause No.: 2022-CC10591
                          )
FAIRFIELD PROCESSING  )
CORPORATION,         )
                          )    **JURY TRIAL DEMANDED**
and                  )
                          )
VENTURE EXPRESS, LLC.,  )
                          )
        Defendants.     )

### DEFENDANT FAIRFIELD PROCESSING CORPORATION'S
### ANSWER TO PLAINTIFF'S FIRST AMENDED PETITION

COMES NOW Defendant Fairfield Processing Corporation ("Defendant"), by and through counsel, and for its Answer to Plaintiff's First Amended Petition, states as follows:

### FACTS COMMON TO ALL COUNTS

1. Defendant is without sufficient information to admit or deny paragraph 1 of Plaintiff's First Amended Petition, and therefore denies same.

2. Defendant admits it is a foreign corporation organized in the State of Connecticut with its principal place of business in the State of Connecticut. Defendant denies the remaining allegation in paragraph 2 of Plaintiff's First Amended Petition.

3. Defendant admits the allegations contained in paragraph 3 of Plaintiff's First Amended Petition.

4. Defendant is without sufficient information to admit or deny paragraph 4 of Plaintiff's First Amended Petition, and therefore denies same.

5. Defendant is without sufficient information to admit or deny paragraph 5 of Plaintiff's First Amended Petition, and therefore denies same.

Electronically Filed - City of St. Louis - December 15, 2021 - 08:37 AM

6. Defendant admits that on or about December 19, 2019, it leased, operated, and conducted business at 6432 Prescott Avenue, St. Louis, Missouri 63147 ("Premises"), which contained a loading dock. Defendant denies the remaining allegations contained in Paragraph 6 of Plaintiff's First Amended Petition.

7. The allegations contained in paragraph 7 of Plaintiff's First Amended Petition are legal conclusions and require no response. To the extent a response is required, Defendant admits as a general matter that alleged acts or omissions of an officer or employee, made while acting in the scope of authority delegated by a corporation, or within the scope of duties of an employee, are generally considered the alleged acts or omissions of the corporation. Defendant is without sufficient information to admit or deny the remaining allegations of paragraph 7, and therefore denies same.

8. The allegations contained in paragraph 8 of Plaintiff's First Amended Petition are legal conclusions and require no response. To the extent a response is required, Defendant is without sufficient information to admit or deny the allegations contained in paragraph 8, and therefore denies same.

9. Defendant is without sufficient information to admit or deny paragraph 9 of Plaintiff's First Amended Petition, and therefore denies same.

10. The allegations contained in paragraph 10 of Plaintiff's First Amended Petition are legal conclusions and require no response. To the extent a response is required, Defendant admits as a general matter that alleged acts or omissions of an officer or employee, made while acting in the scope of authority delegated by a corporation, or within the scope of duties of an employee, are generally considered the alleged acts or omissions of the corporation. Defendant is without sufficient information to admit or deny the remaining allegations of paragraph 10, and therefore denies same.

Electronically Filed - City of St. Louis - December 15, 2021 - 08:37 AM

11.   The allegations contained in paragraph 11 of Plaintiff's First Amended Petition are legal conclusions and require no response. To the extent a response is required, Defendant admits as a general matter that alleged acts or omissions of an officer or employee, made while acting in the scope of authority delegated by a corporation, or within the scope of duties of an employee, are generally considered the alleged acts or omissions of the corporation.  Defendant is without sufficient information to admit or deny the remaining allegations of paragraph 11, and therefore denies same.

12.   The allegations contained in paragraph 12 of Plaintiff's First Amended Petition are legal conclusions and require no response. To the extent a response is required, Defendant denies same.

13.   Defendant denies the allegations contained in paragraph 13 of Plaintiff's First Amended Petition.

14.   Defendant admits that on or about December 19, 2019, it leased and controlled the operation of its business at 6432 Prescott Avenue, St. Louis, Missouri 63147 ("Premises"). Defendant denies the remaining allegations contained in Paragraph 14 of Plaintiff's First Amended Petition.

15.   Defendant admits that on or about December 18, 2019, Plaintiff was working on the Premises as an employee of ProLogistix pursuant to a contract between Defendant and ProLogistix.  Defendant is without sufficient information to admit or deny the remaining allegations of paragraph 15, and therefore denies same.

16.  Defendant is without sufficient information to admit or deny paragraph 16 of Plaintiff's First Amended Petition, and therefore denies same.

17.  Defendant is without sufficient information to admit or deny paragraph 17 of Plaintiff's First Amended Petition, and therefore denies same.

Electronically Filed - City of St. Louis - December 15, 2021 - 08:37 AM

18. Defendant is without sufficient information to admit or deny paragraph 18 of Plaintiff's First Amended Petition, and therefore denies same.

19. Defendant is without sufficient information to admit or deny paragraph 19 of Plaintiff's First Amended Petition, and therefore denies same.

20. Defendant is without sufficient information to admit or deny paragraph 20 of Plaintiff's First Amended Petition, and therefore denies same.

21. Defendant is without sufficient information to admit or deny paragraph 21 of Plaintiff's First Amended Petition, and therefore denies same.

22. Defendant is without sufficient information to admit or deny paragraph 22 of Plaintiff's First Amended Petition, and therefore denies same.

23. Defendant denies the allegations contained in paragraph 23 of Plaintiff's First Amended Petition.

24. Defendant denies the allegations contained in paragraph 24 of Plaintiff's First Amended Petition.

25. Defendant denies the allegations contained in paragraph 25 of Plaintiff's First Amended Petition.

26. Defendant denies the allegations contained in paragraph 26 of Plaintiff's First Amended Petition.

27. Defendant denies the allegations contained in paragraph 27 of Plaintiff's First Amended Petition.

28. Defendant denies the allegations contained in paragraph 28 of Plaintiff's First Amended Petition.

29. Defendant denies the allegations contained in paragraph 29 of Plaintiff's First Amended Petition.

Electronically Filed - City of St. Louis - December 15, 2021 - 08:37 AM

30.   Defendant denies the allegations contained in paragraph 30 of Plaintiff's First Amended Petition.

31.   Defendant denies the allegations contained in paragraph 31 of Plaintiff's First Amended Petition.

32.   Defendant denies the allegations contained in paragraph 32 of Plaintiff's First Amended Petition.

33.   Defendant denies the allegations contained in paragraph 33 of Plaintiff's First Amended Petition.

<div align="center">

**COUNT I**
**NEGLIGENCE**
**AGAINST DEFENDANT VENTURE EXPRESS, INC.**

</div>

This Defendant makes no Answer to the allegations contained in Count I of Plaintiff's First Amended Petition for the reason that Count I is directed against Defendant Venture Express, Inc., against whom judgment is prayed and no judgment is prayed against this Defendant. However, should it be construed that any of the allegations in Count I are directed against this Defendant, then this Defendant denies each and every one of those allegations.

<div align="center">

**COUNT II**
**NEGLIGENCE**
**AGAINST DEFENDANT FAIRFIELD PROCESSING**

</div>

COMES NOW Defendant Fairfield Processing Corporation ("Defendant"), and for Count II of Plaintiff's First Amended Petition, hereby incorporates its responses to paragraphs 1-33 as if fully stated herein, and states as follows:

39.   Defendant admits that on or about December 18, 2019, it leased, possessed, and controlled the operation of its business at the Premises, where Plaintiff was an employee of ProLogistix pursuant to a contract between Defendant and ProLogistix.  Defendant has insufficient

<div align="center">5</div>

Electronically Filed - City of St. Louis - December 15, 2021 - 08:37 AM

information to admit or deny the remaining allegations contained in paragraph 39 of Plaintiff's First Amended Petition, and therefore denies same.

40.   Defendant admits that on or about December 18, 2019, Plaintiff was working on the Premises as an employee of ProLogistix pursuant to a contract between Defendant and ProLogistix.   The remaining allegations contained in paragraph 40 are legal conclusions and require no response. To the extent a response is required, Defendant admits its duties are determined by Missouri law.

41.   Defendant denies the allegations contained in paragraph 41 of Plaintiff's First Amended Petition, and all subparts thereto.

42.   Defendant denies the allegations contained in subparts a, b, and c of paragraph 42. Defendant is without sufficient information to admit or deny the remaining allegations contained in paragraph 42 of Plaintiff's First Amended Petition, including subparts d and e, and therefore denies same.

43.   Defendant denies the allegations contained in paragraph 43 of Plaintiff's First Amended Petition.

44.   Defendant denies the allegations contained in paragraph 44 of Plaintiff's First Amended Petition.

45.   Defendant denies the allegations contained in paragraph 45 of Plaintiff's First Amended Petition.

## **AFFIRMATIVE DEFENSES**

46.   For further Answer and affirmative defense, Defendant states that Plaintiff's First Amended Petition fails to state a claim.

Electronically Filed - City of St. Louis - December 15, 2021 - 08:37 AM

47.  For further Answer and affirmative defense, Defendant states that whatever injuries were sustained by Plaintiff, if any, were the direct and proximate result of Plaintiff's carelessness, negligence, and/or comparative fault.

48.  For further Answer and affirmative defense, Defendant states that whatever injuries sustained by Plaintiff, if any, were caused by or contributed to be caused by other individuals or entities outside this Defendant's control.

49.  For further Answer and affirmative defense, Defendant states that pursuant to §490.715 R.S.Mo, effective August 28, 2017, Plaintiff is limited to introduce at trial only the evidence of the actual cost of medical care, which is defined as the sum of money not to exceed the dollar amounts paid by or on behalf of Plaintiff plus any remaining dollar amount necessary to satisfy the financial obligation for medical care by a health care provider after adjustments or contractual discounts, price reductions, or write-offs by any person or entity.

50.  For further Answer and affirmative defense, Defendant states that Plaintiff's claims are barred by the exclusive provisions of the Workers' Compensation Statutes of the State of Missouri and, further, Plaintiff was a statutory employee of this Defendant at the time of the incident in accordance with the applicable statutes and case law that Plaintiff was on Defendant's premises for the purpose of performing duties and acts which would have been performed by Defendant's own employees if it had not been for a contract of services between Defendant and Plaintiff's employer and, therefore, Plaintiff's action is barred and the Court does not have subject matter jurisdiction over this action.

51.  For further Answer and affirmative defense, Defendant states that pursuant to §537.067 R.S.Mo (amended 2005), if Defendant is found to bear less than fifty-one percent (51%) of fault, then Defendant shall only be responsible for the percentage of the judgment for which Defendant

Electronically Filed - City of St. Louis - December 15, 2021 - 08:37 AM

is determined to be responsible by the trier of fact, if any, and Defendant will not be liable for the fault of another Defendant or for payment of the proportionate share of another Defendant.

52.  For further Answer and affirmative defense, Defendant reserves the right to rely upon such other additional defenses as may become available or appear subsequently in this case, including during the course of discovery proceedings, and hereby reserves the right to amend this Answer to assert any such defenses.

WHEREFORE, having fully answered and responded to Plaintiff's First Amended Petition, Defendant Fairfield Processing Corporation prays to be dismissed with its cost herein expended, and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

**BROWN & JAMES, P.C.**

/s/ *John A. Mazzei*
John A. Mazzei, MO # 51398
jmazzei@bjpc.com
dbuchanan@bjpc.com
800 Market Street, Suite 1100
St. Louis, Missouri, 63101
(314) 421-3400
(314) 421-3128 (fax)
**ATTORNEYS FOR DEFENDANT**
**FAIRFIELD PROCESSING CORPORATION**

Electronically Filed - City of St. Louis - December 15, 2021 - 08:37 AM

**CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of April, 2021, the foregoing was electronically filed using the Missouri eFiling system, which will send notice of electronic filing to all registered attorneys of record. I further certify that pursuant to Rule 55.03(a), I signed the original of the foregoing and that the original signed copy is maintained at our office.

/s/ *John A. Mazzei*

JAM
25759195.1

Electronically Filed - City of St. Louis - December 15, 2021 - 08:37 AM

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

FONTANIA LAWRENCE,                        )
                                          )
                    Plaintiff,            )        Cause No.: 2022-CC10591
vs.                                       )
                                          )        Division:
FAIRFIELD PROCESSING CORPORATION          )
                                          )        **Plaintiff Demands Jury Tria**
                                          )        **On All Counts**
                                          )
And                                       )
                                          )
VENTURE EXPRESS, INC.                     )
                    Defendants.           )

## **REQUEST FOR ALIAS SUMMONS**

COMES NOW Plaintiff Fontania Lawrence, by and through her attorneys of record, The Cagle Law Firm, and states the following requests an alias summons be issued on Defendant Venture Express, LLC. to Dennis Rweikiza Ragt at 10211 E. Countryside Cir. Wichita KS 67207.

Respectfully Submitted,

**THE CAGLE LAW FIRM, LLC**

By_____
**John S. Appelbaum Jr., MO #71766**
john@caglellc.com
500 North Broadway, Ste. 1605
St. Louis, MO  63102
Phone: (314) 241-1700
Fax: (314) 241-1738
*Attorneys for Plaintiff*

1

Electronically Filed - City of St. Louis - December 15, 2021 - 08:37 AM



# IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>MICHAEL FRANCIS STELZER | Case Number: 2022-CC10591 | |
|---|---|---|
| | | Special Process Server 1 |
| Plaintiff/Petitioner:<br>FONTANIA LAWRENCE | Plaintiff's/Petitioner's Attorney/Address:<br>JOHN S APPELBAUM<br>500 N BROADWAY<br>SUITE 1605 | Special Process Server 2 |
| vs. | ST. LOUIS, MO 63102 | Special Process Server 3 |
| Defendant/Respondent:<br>FAIRFIELD PROCESSING CORPORATION | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD | (Date File Stamp) |
| Nature of Suit:<br>CC Pers Injury-Other | SAINT LOUIS, MO 63101 | |

## Alias Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

**The State of Missouri to:**   VENTURE EXPRESS LLC
                                 Alias:

C/O DENNIS RWEIKIZA RAGT
10211 E COUNTYSIDE CIR
WICHITA, KS 67207

*COURT SEAL OF*

*CITY OF ST LOUIS*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

**April 26, 2021**

_____          _____
Date                                              Clerk

Further Information:

## Officer's or Server's Affidavit of Service

I certify that:

1.  I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.  My official title is _____ of _____ County, _____ (state).
3.  I have served the above summons by:  (check one)
    ☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
    ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
    ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
    ☐ other: _____.

Served at _____ (address)

in _____ County, _____ (state), on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server               Signature of Sheriff or Server

**Subscribed and sworn to** before me this _____ (day) _____ (month) _____ (year).
I am: (check one) ☐ the clerk of the court of which affiant is an officer.
                  ☐ the judge of the court of which affiant is an officer.
                  ☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
                  ☐ authorized to administer oaths.  (use for court-appointed server)

*(Seal)*

_____
Signature and Title

| **Service Fees** | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Mileage | $_____ | (_____ miles @ $ _____ per mile) |
| **Total** | $_____ | |

**See the following page for directions to officer making return on service of summons.**

Electronically Filed - City of St. Louis - December 15, 2021 - 08:37 AM

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age who permanently resides with the defendant/respondent, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must be made less than 10 days nor more than 30 days from the date the defendant/respondent is to appear in court. The return should be made promptly, and in any event so that it will reach the Missouri court within 30 days after service.

Electronically Filed - City of St. Louis - December 15, 2021 - 08:37 AM

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

| | | |
|---|---|---|
| FONTANIA LAWRENCE, | ) | |
| | ) | |
| Plaintiff, | ) | Cause No.: 2022-CC10591 |
| vs. | ) | |
| | ) | Division: |
| FAIRFIELD PROCESSING CORPORATION | ) | |
| | ) | |
| And | ) | |
| | ) | |
| VENTURE EXPRESS, LLC. | ) | |
| Defendants. | ) | |

**Certificate of Service**

I hereby certify that Copies of: (1) Plaintiff's Objections and Answers to Fairfield Processing's First Interrogatories; (2 Plaintiff's Objections and Answers to Fairfield Processing's Requests for Production; (3) Responsive documents in possession of Plaintiff's counsel; and (4) this Certificate of Service were sent via electronic mail to the attorney of record indicated below on the 5$^h$ day of May, 2021.

BROWN & JAMES, P.C.
John A. Mazzei,
jmazzei@bjpc.com
dbuchanan@bjpc.com
800 Market Street, Suite 1100
St. Louis, Missouri, 63101
(314) 421-3400
(314) 421-3128 (fax)
*ATTORNEYS FOR DEFENDANT*
*FAIRFIELD PROCESSING CORPORATION*

Respectfully Submitted,
THE CAGLE LAW FIRM

By _____
**John S. Appelbaum Jr., MO#71766**
500 North Broadway, Suite 1605
St. Louis, MO 63102
Phone: (314) 241-1700
Fax: (314) 241-1738
E-mail: john@caglellc.com
*Attorneys for Plaintiff*

Electronically Filed - City of St. Louis - December 15, 2021 - 08:37 AM
ctronically Filed - City of St. Louis - May 05, 2021 - 09:12 AM

## AFFIDAVIT OF SERVICE

State of Missouri                County of Saint Louis (City)                        Circuit Court

Case Number: 2022-CC10591

Plaintiff/Petitioner:
**FONTANIA LAWRENCE**

vs.

Defendant/Respondent:
**FAIRFIELD PROCESSING CORPORATION, et al.**

Received by HPS Process Service & Investigations to be served on **Venture Express, LLC c/o Dennis Rweikiza Ragt, 10211 East Countryside Circle, Wichita, KS 67207.**

I, GRACE HAZELL, being duly sworn, depose and say that on the **27th day of April, 2021 at 4:45 pm, I:**

Served the within named establishment by delivering a true copy of **Alias Summons for Personal Service Outside the State of Missouri; and First Amended Petition to Dennis Rweikiza Ragt, Owner** at the address of 10211 **East Countryside Circle, Wichita, KS 67207.**

I am over the age of eighteen, and have no interest in the above action.

**GRACE HAZELL**
Process Server

**HPS Process Service & Investigations**
www.hpsprocess.com
1669 Jefferson
**Kansas City, MO 64108**
(800) 796-9559

Subscribed and Sworn to before me on the _____ day
of _____, _____ by the affiant who is
personally known to me.

NOTARY PUBLIC

Our Job Serial Number: HAT-2021009253

CHRISTINA WALLER
Notary Public - State of Kansas
My Appt. Expires April 23, 2022

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.2a

Electronically Filed - City of St. Louis - December 15, 2021 - 08:37 AM

## AFFIDAVIT OF SERVICE

State of Missouri　　　　　County of Saint Louis (City)　　　　　Circuit Court

Case Number: 2022-CC10591

Plaintiff/Petitioner:
**FONTANIA LAWRENCE**

vs.

Defendant/Respondent:
**FAIRFIELD PROCESSING CORPORATION, et al.**

Received by HPS Process Service & Investigations to be served on **Venture Express, LLC c/o Dennis Rweikiza Ragt, 10211 East Countryside Circle, Wichita, KS 67207.**

I, GRACE HAZELL, being duly sworn, depose and say that on the 27th day of **April, 2021** at **4:45 pm**, I:

Served the within named establishment by delivering a true copy of **Alias Summons for Personal Service Outside the State of Missouri; and First Amended Petition to Dennis Rweikiza Ragt, Owner** at the address of **10211 East Countryside Circle, Wichita, KS 67207.**

I am over the age of eighteen, and have no interest in the above action.

**GRACE HAZELL**
Process Server

**HPS Process Service & Investigations**
www.hpsprocess.com
1669 Jefferson
Kansas City, MO 64108
(800) 796-9559

Subscribed and Sworn to before me on the ⊔th day of May, 2021 by the affiant who is personally known to me.

NOTARY PUBLIC

CHRISTINA WALLER
Notary Public - State of Kansas
My Appt. Expires April 23, 2022

Our Job Serial Number: HAT-2021009253

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.2a

Electronically Filed - City of St. Louis - December 15, 2021 - 08:37 AM



## IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>MICHAEL FRANCIS STELZER | Case Number:  2022-CC10591 | Special Process Server 1 |
|---|---|---|
| Plaintiff/Petitioner:<br>FONTANIA LAWRENCE | Plaintiff's/Petitioner's Attorney/Address:<br>JOHN S  APPELBAUM<br>500 N BROADWAY<br>SUITE 1605 | Special Process Server 2 |
| vs. | ST. LOUIS, MO  63102 | Special Process Server 3 |
| Defendant/Respondent:<br>FAIRFIELD PROCESSING CORPORATION | Court Address:<br>CIVIL COURTS BUILDING | (Date File Stamp) |
| Nature of Suit:<br>CC Pers Injury-Other | 10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 | |

### Alias Summons for Personal Service Outside the State of Missouri
#### (Except Attachment Action)

The State of Missouri to:   VENTURE EXPRESS LLC
Alias:

C/O DENNIS RWEIKIZA RAGT
10211 E COUNTYSIDE CIR
WICHITA, KS  67207

COURT SEAL OF

CITY OF ST LOUIS

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

April 26, 2021
_____
Date

_Thomas Kloeppinger_
Clerk

Further Information:
_____

### Officer's or Server's Affidavit of Service

I certify that:
1.  I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.  My official title is _Process   Server_ of _Sedgwick_ County, _Kansas_ (state).
3.  I have served the above summons by:  (check one)

[X] delivering a copy of the summons and a copy of the petition to the defendant/respondent.

[ ] leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.

[X] (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).

[ ] other: _____

Served at _10211 E Countryside Cr. Wichita, KS  67207_ (address)

in _Sedgwick_ County, _Kansas_ (state), on _4-27th-21_ (date) at _4:45p_ (time).

_Grace Hazel_
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

Subscribed and sworn to before me this _4th_ (day) _May_ (month) _2021_ (year).
I am: (check one) [ ] the clerk of the court of which affiant is an officer.
[ ] the judge of the court of which affiant is an officer.
[ ] authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
[ ] authorized to administer oaths.  (use for court-appointed server)

(Seal)
CHRISTINA WALLER
Notary Public · State of Kansas
My Appt. Expires April 23, 2022

_Christina Waller_
Signature and Title

| Service Fees | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Mileage | $_____ | (_____ miles @ $_____ per mile) |
| Total | $_____ | |

See the following page for directions to officer making return on service of summons.

Electronically Filed - City of St. Louis - December 15, 2021 - 08:37 AM

Electronically Filed - City of St. Louis - December 15, 2021 - 08:37 AM

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

| | | |
|---|---|---|
| FONTANIA LAWRENCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Cause No.: 2022-CC10591 |
| | ) | |
| FAIRFIELD PROCESSING | ) | |
| CORPORATION, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| VENTURE EXPRESS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned certifies that Defendant Fairfield Processing Corporation served its First

Response to Plaintiff's First Request for Production of Documents via Electronic Mail to:

**<u>john@caglellc.com</u>,** John S. Appelbaum, Jr., The Cagle Law Firm, 500 North Broadway, Suite

1605, St. Louis, MO  63102 on this 25th day of June, 2021.


BROWN & JAMES, P.C.

/s/ *John A. Mazzei*
John A. Mazzei, MO # 51398
jmazzei@bjpc.com
dbuchanan@bjpc.com
800 Market Street, Suite 1100
St. Louis, Missouri, 63101
(314) 421-3400
(314) 421-3128 (fax)
Attorneys For Defendant,
Fairfield Processing Corporation

Electronically Filed - City of St. Louis - December 15, 2021 - 08:37 AM

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of June, 2021, the foregoing was electronically filed using the Missouri eFiling system, which will send notice of electronic filing to all registered attorneys of record. I further certify that pursuant to Rule 55.03(a), I signed the original of the foregoing and that the original signed copy is maintained at our office.

/s/ John A. Mazzei

JAM/llw
26141386.1

JAM/llw
25650607.1

2

Electronically Filed - City of St. Louis - December 15, 2021 - 08:37 AM

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

| | |
|---|---|
| FONTANIA LAWRENCE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Cause No.: 2022-CC10591 |
| | ) |
| FAIRFIELD PROCESSING | ) |
| CORPORATION, | ) |
| | ) |
| and | ) |
| | ) |
| VENTURE EXPRESS, INC., | ) |
| | ) |
| Defendants. | ) |

## **CERTIFICATE OF SERVICE**

The undersigned certifies that Defendant Fairfield Processing Corporation served its First

Supplemental Response to Plaintiff's First Request for Production of Documents via Electronic

Mail to: **john@caglellc.com,** John S. Appelbaum, Jr., The Cagle Law Firm, 500 North Broadway,

Suite 1605, St. Louis, MO  63102 on this 10th day of August, 2021.


BROWN & JAMES, P.C.

/s/ *John A. Mazzei*
John A. Mazzei, MO # 51398
jmazzei@bjpc.com
dbuchanan@bjpc.com
800 Market Street, Suite 1100
St. Louis, Missouri, 63101
(314) 421-3400
(314) 421-3128 (fax)
Attorneys For Defendant,
Fairfield Processing Corporation

Electronically Filed - City of St. Louis - December 15, 2021 - 08:37 AM

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of August, 2021, the foregoing was electronically filed using the Missouri eFiling system, which will send notice of electronic filing to all registered attorneys of record. I further certify that pursuant to Rule 55.03(a), I signed the original of the foregoing and that the original signed copy is maintained at our office.

*/s/ John A. Mazzei*

JAM/llw
26141386.1

JAM/llw
25650607.1

Electronically Filed - City of St. Louis - December 15, 2021 - 08:37 AM

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

| | | |
|---|---|---|
| FONTANIA LAWRENCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Cause No.: 2022-CC10591 |
| | ) | |
| FAIRFIELD PROCESSING | ) | Division 1 |
| CORPORATION, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| and | ) | |
| | ) | |
| VENTURE EXPRESS, LLC., | ) | |
| | ) | |
| Defendants. | ) | |

**PROTECTIVE ORDER**

Upon Defendant Fairfield Processing Corporation's Motion for Agreed Protective Order, the Court hereby enters this Protective Order regarding Confidential Information ("Protective Order") governing the disclosure during pretrial discovery and the subsequent handling of trade secret information, proprietary information, other confidential commercial, financial, or personal information, and documents containing any such information (hereinafter collectively referred to as "CONFIDENTIAL INFORMATION") as follows:

1. **Initial Designation**.

    1.1 **Produced Documents**.  A party producing documents that it believes constitute or contains CONFIDENTIAL INFORMATION shall produce copies bearing a label that contains (or includes) language substantially identical to the following:

**"CONFIDENTIAL"**

This label shall be affixed in a manner that does not obliterate or obscure the contents of the copies.  As used herein, the term "documents"' includes all writings, other media on which

Electronically Filed - City of St. Louis - December 15, 2021 - 08:37 AM

information is recorded, and other tangible things subject to production under Missouri Rule of Civil Procedure 58.  Claims of confidentiality will be made only with respect to documents to which the asserting party has a good faith belief and are legally entitled to protection from discovery and disclosure under Missouri Rule of Civil Procedure 56.01(c) and applicable case law.

> **1.2    Interrogatory Answers**.  If a party answering an Interrogatory believes that its Answer contains CONFIDENTIAL INFORMATION, it shall set forth its Answer in a separate document that is produced and designated as CONFIDENTIAL INFORMATION in the same manner as a produced document under subparagraph 1.1.  The Answers to Interrogatories should make reference to the separately produced document containing the Answer, but such document should not be attached to the Interrogatories.

> **1.3    Inspection of Documents**.    In the event a party elects to produce files and records for inspection and the requesting party elects to inspect them, no designation of CONFIDENTIAL INFORMATION need be made in advance of the inspection.  For purposes of such inspection, all material produced shall be considered as CONFIDENTIAL INFORMATION.  If the inspecting party selects specified documents to be copied, the producing party shall designate CONFIDENTIAL INFORMATION in accordance with subparagraph 1.1 at the time the copies are produced.

> **1.4    Deposition Transcripts**.    After the receipt of a deposition transcript, a party may inform the other parties to the action of the portions of the transcript that it wishes to designate as CONFIDENTIAL INFORMATION.  A deposition transcript in its entirety is to be considered as CONFIDENTIAL INFORMATION for twenty-one (21) days after receipt.  If no designation is made within twenty-one (21) days of receipt, the deposition transcript shall not be considered as CONFIDENTIAL INFORMATION.   All parties in possession of a copy of a

Electronically Filed - City of St. Louis - December 15, 2021 - 08:37 AM

designated deposition transcript shall appropriately mark it as containing CONFIDENTIAL INFORMATION.

      **1.5**    **Multipage Documents**.   A party may designate all pages of an integrated multipage document, including a deposition transcript and Interrogatory Answers, as CONFIDENTIAL INFORMATION by placing the label specified in subparagraph 1.1 on the first page of the document.  If a party wishes to designate only certain portions of an integrated, multipage document as CONFIDENTIAL INFORMATION, it should designate such portions immediately below the label on the first page of the document and place the label specified in subparagraph 1.1 on each page of the document containing CONFIDENTIAL INFORMATION.

      **1.6**    **Objections to Designations**. Any party objecting to an initial designation of CONFIDENTIAL INFORMATION, including objections to portions of multipage documents, shall notify the designating party within twenty-one (21) days of the receipt of the designation. Any objection shall be made in good faith.  The objecting and the designating party shall promptly confer in an attempt to resolve their differences.  If the designating and objecting parties are unable to resolve their differences, the designating party shall have fourteen (14) days from the receipt of the objection to file with the Court a Motion for Protective Order.  All documents initially designated as CONFIDENTIAL INFORMATION shall continue to be subject to this Order unless and until the Court rules otherwise.  If a designating party elects not to make a Motion for Protective Order with respect to documents to which an objection has been made, it shall be deemed to have withdrawn its designation, and it shall produce copies of such documents without the CONFIDENTIAL INFORMATION designation if so requested.

      **2.**    **Custody.**   During the pendency of this litigation and for ninety (90) days after the conclusion of this litigation, all CONFIDENTIAL INFORMATION and any and all copies,

Electronically Filed - City of St. Louis - December 15, 2021 - 08:37 AM

extracts and summaries thereof, including memoranda relating thereto, shall be retained by the receiving party in the custody of counsel of record, or by persons to whom disclosure is authorized under subparagraph 4.1, or by the Judge and Jury.  Paragraph 6 addresses in more detail handling of CONFIDENTIAL INFORMATION after the conclusion of this litigation.

**3.      Handling Prior to Trial.**

**3.1     Authorized Disclosures.**      CONFIDENTIAL INFORMATION shall be disclosed by the receiving party only to the following persons, either after having obtained a written acknowledgment from such person that he or she has been advised of the existence and terms of this Protective Order and agrees to be bound by it, or after having provided to such person written notice and instructions regarding the existence and terms of this Protective Order and receiving in return such person's agreement to be bound by it:

a.      Counsel for the parties, including their associates, clerks, and secretarial and clerical personnel;

b.      Qualified persons taking testimony involving such information, and necessary stenographic, videotape and clerical personnel;

c.      Experts and their staff who are consulted by counsel for a party;

d.      Parties to the litigation, including their employees; and

e.      The Judge and his or her designated staff.

4

Electronically Filed - City of St. Louis - December 15, 2021 - 08:37 AM

Such disclosures are authorized only to the extent necessary to prosecute or defend this litigation. Before disclosing CONFIDENTIAL INFORMATION to any authorized person who is a competitor (or an employee of a competitor) of the designating party, the party wishing to make such disclosure shall give at least fourteen (14) days' notice in writing to the designating party, stating the names and addresses of the person(s) to whom the disclosure will be made, and identifying with particularity the documents to be disclosed. If, within the 14-day period, a Motion is filed objecting to the proposed disclosure, disclosure is not authorized unless and until the Court orders otherwise.

**3.2     Unauthorized Disclosures**. If CONFIDENTIAL INFORMATION is disclosed to any person other than in the manner authorized by this Protective Order, the party or person responsible for the disclosure, and any other party or person who is subject to this Order and learns of such disclosure, shall immediately bring such disclosure to the attention of the designating party. Without prejudice to other rights and remedies of the designating party, the responsible party or person shall make every effort to obtain the return of the CONFIDENTIAL INFORMATION and to prevent further disclosure on its own part or on the part of the person who was the unauthorized recipient of such information.

**3.3     Court Filings.** In the event any CONFIDENTIAL INFORMATION must be filed with the Court prior to trial, it shall be filed in a sealed envelope at the expense of the filing party and marked on the outside with the title of this action, an identification of each document within and a statement substantially in the following form:

**SUBJECT TO PROTECTIVE ORDER – This envelope containing the above identified material filed by [name of party] is not to be opened nor the contents thereof be displayed or revealed except as provided for in the Protective Order or by Court Order, or by agreement of the parties.**

Electronically Filed - City of St. Louis - December 15, 2021 - 08:37 AM

This provision is applicable to briefs, memoranda, and other filings that quote, summarize or describe CONFIDENTIAL INFORMATION.  This provision is not applicable to Pleadings as defined in Missouri Supreme Court Rule 55.01.

**4.      Handling During Trial**.      CONFIDENTIAL INFORMATION that is subject to this Order may be marked and used as trial exhibits by either party, subject to terms and conditions as imposed by the Trial Court upon application by the designating party.

**5.      Handling After Trial**.      Within 90 days of the conclusion of this litigation, the designating party may request that any or all CONFIDENTIAL INFORMATION be returned to the designating party.  After receiving a request to return, the receiving party, at its option, may destroy CONFIDENTIAL INFORMATION instead of returning it to the designating party, but must so notify the designating party.  The request for return shall specifically identify the documents or things to be returned if return of less than all CONFIDENTIAL INFORMATION is requested.  The attorney for the receiving party shall collect, assemble, and return within 60 days all such CONFIDENTIAL INFORMATION, including all copies, extracts, and summaries thereof in the possession of the receiving party, its counsel or other authorized recipients, but not including copies, extracts, or summaries that contain or constitute the attorney's work product.  If requested by the designating party within 90 days of the conclusion of the litigation, all copies, extracts or summaries that contain or constitute the attorney's work product shall be destroyed and the attorney for the receiving party shall certify in writing that all such copies, extracts, and summaries have been destroyed.  Receipt of returned CONFIDENTIAL INFORMATION shall be acknowledged in writing if such acknowledgment is requested.  Any CONFIDENTIAL

Electronically Filed - City of St. Louis - December 15, 2021 - 08:37 AM

INFORMATION not timely requested to be returned or destroyed shall no longer be the subject of this protective order.

6.      **No Implied Waivers**. The entry of this Order shall not be interpreted as a waiver of the right to object, pursuant to the Missouri Rules of Civil Procedure, to the furnishing of information in response to discovery requests or to object to a requested inspection of documents for facilities.   Neither the agreement to, or the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be interpreted as a waiver of any claim or position or defense in this action, or any other actions.

SO ORDERED, this ____ day of _____, 2021.


By the Court:       _____
                                    JUDGE




JAM
26272091.1

Electronically Filed - City of St. Louis - December 15, 2021 - 08:37 AM

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

| | | |
|---|---|---|
| FONTANIA LAWRENCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Cause No.: 2022-CC10591 |
| | ) | |
| FAIRFIELD PROCESSING | ) | Division 1 |
| CORPORATION, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| and | ) | |
| | ) | |
| VENTURE EXPRESS, LLC., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT FAIRFIELD PROCESSING CORPORATION'S
## MOTION FOR AGREED PROTECTIVE ORDER

COMEW NOW Defendant Fairfield Processing Corporation ("Defendant"), by and through counsel, and for its Motion for Agreed Protective Order, states as follows:

1.      This case arises from an alleged incident involving Plaintiff Fontania Lawrence, whom was allegedly injured on property leased by Defendant.

2.      Plaintiff has propounded Interrogatories and Requests for Production of Documents to Defendant in the above-captioned matter.

3.      Some of Plaintiff's Interrogatories and Requests for Production of Documents seek information that is confidential and proprietary to Defendant.

4.      Defendant has a legitimate business interest in protecting and safeguarding against the disclosure of such information to its commercial competitors.

5.      Based on the formal discovery propounded by Plaintiff to Defendant, and in consideration of additional future discovery likely to be sought from Defendant by Plaintiff,

Electronically Filed - City of St. Louis - December 15, 2021 - 08:37 AM

Defendant requests the protection of a formal Protective Order to prevent the dissemination of such confidential and proprietary information to Defendant's commercial competitors.

6.     Plaintiff's counsel has no objection to the proposed Protective Order attached hereto as "Exhibit A".

WHEREFORE, Defendant Fairfield Processing Corporation prays the Court, for good cause shown and by agreement, enter the Protective Order attached hereto as "Exhibit A", and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

**BROWN & JAMES, P.C.**

/s/ *John A. Mazzei*
John A. Mazzei, MO # 51398
jmazzei@bjpc.com
dbuchanan@bjpc.com
800 Market Street, Suite 1100
St. Louis, Missouri, 63101
(314) 421-3400
(314) 421-3128 (fax)
**ATTORNEYS FOR DEFENDANT**
**FAIRFIELD PROCESSING CORPORATION**

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of August, 2021, the foregoing was electronically filed using the Missouri eFiling system, which will send notice of electronic filing to all registered attorneys of record. I further certify that pursuant to Rule 55.03(a), I signed the original of the foregoing and that the original signed copy is maintained at our office.

/s/ *John A. Mazzei*

JAM
26272084.1

2

Electronically Filed - City of St. Louis - December 15, 2021 - 08:37 AM

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

**FILED**

AUG 1 1 2021

22ND JUDICIAL CIRCUIT
CIRCUIT CLERK'S OFFICE
BY _____ *MS* _____ DEPUTY

FONTANIA LAWRENCE,          )
                            )
          Plaintiff,        )
                            )
vs.                         )
                            )          Cause No.: 2022-CC10591
                            )
FAIRFIELD PROCESSING        )          Division 1
CORPORATION,                )
                            )          **JURY TRIAL DEMANDED**
and                         )
                            )          **E N T E R E D**
VENTURE EXPRESS, LLC.,      )
                            )          AUG 1 1 2021
          Defendants.       )
                                       **M S**

### PROTECTIVE ORDER

Upon Defendant Fairfield Processing Corporation's Motion for Agreed Protective Order, the Court hereby enters this Protective Order regarding Confidential Information ("Protective Order") governing the disclosure during pretrial discovery and the subsequent handling of trade secret information, proprietary information, other confidential commercial, financial, or personal information, and documents containing any such information (hereinafter collectively referred to as "CONFIDENTIAL INFORMATION") as follows:

1.    **Initial Designation**.

    1.1    **Produced Documents**.  A party producing documents that it believes constitute or contains CONFIDENTIAL INFORMATION shall produce copies bearing a label that contains (or includes) language substantially identical to the following:

### "CONFIDENTIAL"

This label shall be affixed in a manner that does not obliterate or obscure the contents of the copies.  As used herein, the term "documents'" includes all writings, other media on which

Electronically Filed - City of St. Louis - December 15, 2021 - 08:37 AM

information is recorded, and other tangible things subject to production under Missouri Rule of Civil Procedure 58. Claims of confidentiality will be made only with respect to documents to which the asserting party has a good faith belief and are legally entitled to protection from discovery and disclosure under Missouri Rule of Civil Procedure 56.01(c) and applicable case law.

  **1.2**   **Interrogatory Answers**. If a party answering an Interrogatory believes that its Answer contains CONFIDENTIAL INFORMATION, it shall set forth its Answer in a separate document that is produced and designated as CONFIDENTIAL INFORMATION in the same manner as a produced document under subparagraph 1.1. The Answers to Interrogatories should make reference to the separately produced document containing the Answer, but such document should not be attached to the Interrogatories.

  **1.3**   **Inspection of Documents**.   In the event a party elects to produce files and records for inspection and the requesting party elects to inspect them, no designation of CONFIDENTIAL INFORMATION need be made in advance of the inspection. For purposes of such inspection, all material produced shall be considered as CONFIDENTIAL INFORMATION. If the inspecting party selects specified documents to be copied, the producing party shall designate CONFIDENTIAL INFORMATION in accordance with subparagraph 1.1 at the time the copies are produced.

  **1.4**   **Deposition Transcripts**.   After the receipt of a deposition transcript, a party may inform the other parties to the action of the portions of the transcript that it wishes to designate as CONFIDENTIAL INFORMATION. A deposition transcript in its entirety is to be considered as CONFIDENTIAL INFORMATION for twenty-one (21) days after receipt. If no designation is made within twenty-one (21) days of receipt, the deposition transcript shall not be considered as CONFIDENTIAL INFORMATION. All parties in possession of a copy of a

Electronically Filed - City of St. Louis - December 15, 2021 - 08:37 AM

designated deposition transcript shall appropriately mark it as containing CONFIDENTIAL INFORMATION.

      **1.5**    **Multipage Documents**.    A party may designate all pages of an integrated multipage document, including a deposition transcript and Interrogatory Answers, as CONFIDENTIAL INFORMATION by placing the label specified in subparagraph 1.1 on the first page of the document. If a party wishes to designate only certain portions of an integrated, multipage document as CONFIDENTIAL INFORMATION, it should designate such portions immediately below the label on the first page of the document and place the label specified in subparagraph 1.1 on each page of the document containing CONFIDENTIAL INFORMATION.

      **1.6**    **Objections to Designations**. Any party objecting to an initial designation of CONFIDENTIAL INFORMATION, including objections to portions of multipage documents, shall notify the designating party within twenty-one (21) days of the receipt of the designation. Any objection shall be made in good faith. The objecting and the designating party shall promptly confer in an attempt to resolve their differences. If the designating and objecting parties are unable to resolve their differences, the designating party shall have fourteen (14) days from the receipt of the objection to file with the Court a Motion for Protective Order. All documents initially designated as CONFIDENTIAL INFORMATION shall continue to be subject to this Order unless and until the Court rules otherwise. If a designating party elects not to make a Motion for Protective Order with respect to documents to which an objection has been made, it shall be deemed to have withdrawn its designation, and it shall produce copies of such documents without the CONFIDENTIAL INFORMATION designation if so requested.

      **2.**    **Custody.**    During the pendency of this litigation and for ninety (90) days after the conclusion of this litigation, all CONFIDENTIAL INFORMATION and any and all copies,

Electronically Filed - City of St. Louis - December 15, 2021 - 08:37 AM

extracts and summaries thereof, including memoranda relating thereto, shall be retained by the receiving party in the custody of counsel of record, or by persons to whom disclosure is authorized under subparagraph 4.1, or by the Judge and Jury. Paragraph 6 addresses in more detail handling of CONFIDENTIAL INFORMATION after the conclusion of this litigation.

**3.     Handling Prior to Trial.**

**3.1     Authorized Disclosures.**     CONFIDENTIAL INFORMATION shall be disclosed by the receiving party only to the following persons, either after having obtained a written acknowledgment from such person that he or she has been advised of the existence and terms of this Protective Order and agrees to be bound by it, or after having provided to such person written notice and instructions regarding the existence and terms of this Protective Order and receiving in return such person's agreement to be bound by it:

a.     Counsel for the parties, including their associates, clerks, and secretarial and clerical personnel;

b.     Qualified persons taking testimony involving such information, and necessary stenographic, videotape and clerical personnel;

c.     Experts and their staff who are consulted by counsel for a party;

d.     Parties to the litigation, including their employees; and

e.     The Judge and his or her designated staff.

Electronically Filed - City of St. Louis - December 15, 2021 - 08:37 AM

Such disclosures are authorized only to the extent necessary to prosecute or defend this litigation. Before disclosing CONFIDENTIAL INFORMATION to any authorized person who is a competitor (or an employee of a competitor) of the designating party, the party wishing to make such disclosure shall give at least fourteen (14) days' notice in writing to the designating party, stating the names and addresses of the person(s) to whom the disclosure will be made, and identifying with particularity the documents to be disclosed. If, within the 14-day period, a Motion is filed objecting to the proposed disclosure, disclosure is not authorized unless and until the Court orders otherwise.

        **3.2**    **Unauthorized Disclosures**. If CONFIDENTIAL INFORMATION is disclosed to any person other than in the manner authorized by this Protective Order, the party or person responsible for the disclosure, and any other party or person who is subject to this Order and learns of such disclosure, shall immediately bring such disclosure to the attention of the designating party. Without prejudice to other rights and remedies of the designating party, the responsible party or person shall make every effort to obtain the return of the CONFIDENTIAL INFORMATION and to prevent further disclosure on its own part or on the part of the person who was the unauthorized recipient of such information.

        **3.3**    **Court Filings.** In the event any CONFIDENTIAL INFORMATION must be filed with the Court prior to trial, it shall be filed in a sealed envelope at the expense of the filing party and marked on the outside with the title of this action, an identification of each document within and a statement substantially in the following form:

**SUBJECT TO PROTECTIVE ORDER – This envelope containing the above identified material filed by [name of party] is not to be opened nor the contents thereof be displayed or revealed except as provided for in the Protective Order or by Court Order, or by agreement of the parties.**

Electronically Filed - City of St. Louis - December 15, 2021 - 08:37 AM

This provision is applicable to briefs, memoranda, and other filings that quote, summarize or describe CONFIDENTIAL INFORMATION.  This provision is not applicable to Pleadings as defined in Missouri Supreme Court Rule 55.01.

4.      **Handling During Trial**.      CONFIDENTIAL INFORMATION that is subject to this Order may be marked and used as trial exhibits by either party, subject to terms and conditions as imposed by the Trial Court upon application by the designating party.

5.      **Handling After Trial**.      Within 90 days of the conclusion of this litigation, the designating party may request that any or all CONFIDENTIAL INFORMATION be returned to the designating party.  After receiving a request to return, the receiving party, at its option, may destroy CONFIDENTIAL INFORMATION instead of returning it to the designating party, but must so notify the designating party.  The request for return shall specifically identify the documents or things to be returned if return of less than all CONFIDENTIAL INFORMATION is requested.  The attorney for the receiving party shall collect, assemble, and return within 60 days all such CONFIDENTIAL INFORMATION, including all copies, extracts, and summaries thereof in the possession of the receiving party, its counsel or other authorized recipients, but not including copies, extracts, or summaries that contain or constitute the attorney's work product.  If requested by the designating party within 90 days of the conclusion of the litigation, all copies, extracts or summaries that contain or constitute the attorney's work product shall be destroyed and the attorney for the receiving party shall certify in writing that all such copies, extracts, and summaries have been destroyed.  Receipt of returned CONFIDENTIAL INFORMATION shall be acknowledged in writing if such acknowledgment is requested.  Any CONFIDENTIAL

Electronically Filed - City of St. Louis - December 15, 2021 - 08:37 AM

INFORMATION not timely requested to be returned or destroyed shall no longer be the subject of this protective order.

6.      **No Implied Waivers**. The entry of this Order shall not be interpreted as a waiver of the right to object, pursuant to the Missouri Rules of Civil Procedure, to the furnishing of information in response to discovery requests or to object to a requested inspection of documents for facilities.   Neither the agreement to, or the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be interpreted as a waiver of any claim or position or defense in this action, or any other actions.

SO ORDERED, this _11_ day of _August_____, 2021.

By the Court:        _____
                          JUDGE

JAM
26272091.1

Electronically Filed - City of St. Louis - December 15, 2021 - 08:37 AM

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

FONTANIA LAWRENCE,                        )
                                          )
            Plaintiff,                    )
                                          )
vs.                                       )
                                          )        Cause No.: 2022-CC10591
                                          )
FAIRFIELD PROCESSING                      )
CORPORATION,                              )
                                          )
and                                       )
                                          )
VENTURE EXPRESS, INC.,                    )
                                          )
            Defendants.                   )

## CERTIFICATE OF SERVICE

The undersigned certifies that Defendant Fairfield Processing Corporation served its Second Supplemental Response to Plaintiff's First Request for Production of Documents via Electronic Mail to: **john@caglellc.com,** John S. Appelbaum, Jr., The Cagle Law Firm, 500 North Broadway, Suite 1605, St. Louis, MO  63102 on this 25th day of August, 2021.

BROWN & JAMES, P.C.

*/s/ John A. Mazzei*
John A. Mazzei, MO # 51398
jmazzei@bjpc.com
dbuchanan@bjpc.com
800 Market Street, Suite 1100
St. Louis, Missouri, 63101
(314) 421-3400
(314) 421-3128 (fax)
Attorneys For Defendant,
Fairfield Processing Corporation

Electronically Filed - City of St. Louis - December 15, 2021 - 08:37 AM

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of August, 2021, the foregoing was electronically filed using the Missouri eFiling system, which will send notice of electronic filing to all registered attorneys of record. I further certify that pursuant to Rule 55.03(a), I signed the original of the foregoing and that the original signed copy is maintained at our office.

/s/ *John A. Mazzei*

JAM/llw
26384653.1

JAM/llw
25650607.1

Electronically Filed - City of St. Louis - December 15, 2021 - 08:37 AM

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

| | | |
|---|---|---|
| FONTANIA LAWRENCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Cause No.: 2022-CC10591 |
| | ) | |
| FAIRFIELD PROCESSING | ) | |
| CORPORATION, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| VENTURE EXPRESS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

The undersigned certifies that Defendant Fairfield Processing Corporation served its Answers to Plaintiff's First Interrogatories via Electronic Mail to: **john@caglellc.com,** John S. Appelbaum, Jr., The Cagle Law Firm, 500 North Broadway, Suite 1605, St. Louis, MO 63102 on this 4th day of October, 2021.

BROWN & JAMES, P.C.

*/s/ John A. Mazzei*
John A. Mazzei, MO # 51398
jmazzei@bjpc.com
dbuchanan@bjpc.com
800 Market Street, Suite 1100
St. Louis, Missouri, 63101
(314) 421-3400
(314) 421-3128 (fax)
Attorneys For Defendant,
Fairfield Processing Corporation

Electronically Filed - City of St. Louis - December 15, 2021 - 08:37 AM

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of October, 2021, the foregoing was electronically filed using the Missouri eFiling system, which will send notice of electronic filing to all registered attorneys of record. I further certify that pursuant to Rule 55.03(a), I signed the original of the foregoing and that the original signed copy is maintained at our office.

/s/ *John A. Mazzei*

JAM/llw
26568904.1

JAM/llw
25650607.1

Electronically Filed - City of St. Louis - December 15, 2021 - 08:37 AM

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

FONTANIA LAWRENCE,                        )
                                          )
                          Plaintiff,      )      Cause No.: 2022-CC10591
vs.                                       )
                                          )      Division:
FAIRFIELD PROCESSING CORPORATION          )
                                          )
And                                       )
                                          )
VENTURE EXPRESS, LLC.                     )
                          Defendants.     )

**Certificate of Service**

I hereby certify that Copies of: (1) Plaintiff's Supplemental Interrogatory to Fairfield Processing; and (2) this Certificate of Service were sent via electronic mail to the attorney of record indicated below on the 4th day of October 2021, in Microsoft Word and PDF Format.

BROWN & JAMES, P.C.
John A. Mazzei,
jmazzei@bjpc.com
dbuchanan@bjpc.com
800 Market Street, Suite 1100
St. Louis, Missouri, 63101
(314) 421-3400
(314) 421-3128 (fax)
*ATTORNEYS FOR DEFENDANT*
*FAIRFIELD PROCESSING CORPORATION*

                          Respectfully Submitted,
                          **THE CAGLE LAW FIRM**

                          **By** _____
                          **John S. Appelbaum Jr., MO#71766**
                          500 North Broadway, Suite 1605
                          St. Louis, MO 63102
                          Phone: (314) 241-1700
                          Fax: (314) 241-1738
                          E-mail: john@caglellc.com
                          *Attorneys for Plaintiff*

Electronically Filed - City of St. Louis - December 15, 2021 - 08:37 AM

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

| | | |
|---|---|---|
| FONTANIA LAWRENCE, | ) | |
| | ) | |
| Plaintiff, | ) | Cause No.: 2022-CC10591 |
| vs. | ) | |
| | ) | Division: |
| FAIRFIELD PROCESSING CORPORATION | ) | |
| | ) | |
| And | ) | |
| | ) | |
| VENTURE EXPRESS, LLC. | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION TO COMPEL DEFENDANT'S ANSWERS TO DISCOVERY
AND MEMORANDUM IN SUPPORT THEREOF**

COMES NOW, Fontania Lawrence ("Plaintiff"), by and through his attorneys The Cagle
Law Firm, L.L.C. and for her Motion to Compel and Memorandum in Support of said Motion to
Compel Defendant Brook Fairfield Processing Corp. ("Fairfield")'s Answers to Discovery
pursuant to Missouri Supreme Court Rule 61, the Missouri Rules of Civil Procedure, and states
as follows to the Court:

**INTRODUCTION**

The instant case arises out of serious personal injuries sustained by Plaintiff resulting from a
incident, on or about December 18-19, 2019, on the property of Fairfield. *See Plaintiff's Petition.*
At said date and time, Plaintiff worked as a temporary employee retained to work on a loading
bay on Fairfield's premises. *See Plaintiff's Petition.* As Plaintiff straddled the gap between a
tractor-trailer to the loading bay in an attempt to remove a ramp connecting the two, the operator
of said tractor-trailer, while distracted, unexpectedly pulled away. *Id.* The driver's actions forced
Plaintiff to leap onto the bay, injuring her knee. *Id.*

1

Electronically Filed - City of St. Louis - December 15, 2021 - 08:37 AM

Despite numerous attempts, including several informal and formal requests to Fairfield (*See Plaintiff's Exhibit No. 1, E-mail Communication Between Counsel; See Plaintiff's Exhibit No. 2, Plaintiff's Supplemental Interrogatory*), Plaintiff has been unable to determine the identity of the truck driver in question, or the motor carrier who employed him.

Plaintiff served Fairfield with her First Interrogatories and Requests for Production on March 18, 2021. *See Plaintiff's Exhibit No. 3, First Propounded Discovery to Fairfield.* Fairfield served Plaintiff with its objections to such discovery on April 6, 2021. *See Plaintiff's Exhibit No. 4, Fairfield's Objections to Plaintiff's Discovery.* The majority of these objections hold no basis under Missouri law. *Id.* After serving Fairfield's counsel with an attempt to resolve, on June 6, 2021, Fairfield provided only seven documents, including an incident report, a mere twelve words of which are not redacted, and a surveillance video depicting neither the incident in question or Plaintiff in any way. *Plaintiff's Exhibit No. 5, Fairfield's Supplemental Objections and Responses to Plaintiff's Discovery; Plaintiff's Exhibit No. 6, Fairfield's Redacted Incident Report.* Moreover, Fairfield has ignored Plaintiff's Supplemental Interrogatory No. 19, requesting the bill of lading which stands to establish the identity of the truck driver in question and his employer. Despite representing that further documentation and supplemental responses were forthcoming, Plaintiff has received no correspondence on this case in some sixty (60) days.

As such, Plaintiff would request this Court overrule Fairfield's improper objections and compel appropriate responses and production pursuant to the Missouri Supreme Court Rules.

## **RULE**

Under the explicit provisions of the Missouri Supreme Court Rules, "parties may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to

Electronically Filed - City of St. Louis - December 15, 2021 - 08:37 AM

the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents or other tangible things and the identity and location of persons having knowledge of any discoverable matter." Mo. Sup. Ct. R. 56.01.

The Missouri rules of discovery allow parties to obtain information regarding any matter "relevant to the subject matter involved in the pending action" provided the matter is not privileged. Rule 56.01(b)(1); *See also State ex. rel. Laurie Dean v. The Honorable Jon A. Cunningham*, 182 S.W.3d 561 (Mo. 2006). Discovery serves to aid litigants in determining the facts and ascertaining all of the evidence with which to "develop their respective contentions and to present their respective sides of the issues framed by the pleadings." *State ex rel Martel v. Gallagher*, 797 S.W.2d 730, 731 (Mo. App. 1990). Missouri law grants discovery requests a broad scope or "a tendency towards liberality in discovery." *State ex rel. Solfa v. Ely,* 875 S.W.2d 5790, 581 (Mo. App. 1994). Evidence need only be reasonably calculated to lead to the discovery of admissible evidence to become discoverable. *In re Marriage of Hershewe,* 931 S.W.2d 198, 201 (Mo. App. 1996). This includes not only evidence as to plaintiff's claims, but also evidence and documents regarding the defenses of one's adversary. *Clark v. Faith Hospital Association*, 472 S.W.2d 375 (Mo. 1971). "[I]f this right of discovery is to have practical value, the party invoking it should not be held to too strict a showing as to the contents of records that [s]he has never seen." *State ex rel Iron Fireman Corp. v. Ward,* 173 S.W.2d 920, 923 (Mo. banc 1943). When applying these rules, a "trial court's discretion to deny discovery is commensurately more limited." *State ex rel Martel v. Gallagher* at 731.

## **ARGUMENT**

Electronically Filed - City of St. Louis - December 15, 2021 - 08:37 AM

I. <u>**Defendants Improperly Attempt to Shield Information Explicitly Contemplated by the Rules from Discovery.**</u>

Defendants attempts to bar discovery of information specifically permitted under Rule 56.01. As stated above the Rules of the Missouri Supreme Court permit the discovery regarding:

> [A]ny matter, not privileged, that is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents or other tangible things and the identity and location of persons having knowledge of any discoverable matter.

Moreover, Missouri Supreme Court Rule 57.01(a) provides that:

> [A]ny party may serve upon any other party written interrogatories. Interrogatories may relate to any matter that can be inquired into under Rule 56.01. An interrogatory otherwise proper is not necessarily objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact, but the court may order that such an interrogatory need not be answered until after designated discovery has been completed or until a pretrial conference or other later time.

Interrogatories Nos. 3-4, and Requests for Production 9 speak to claims Plaintiff has made against Fairfield and seek information related to the identity of potential witnesses and the substance of the knowledge they might have. *See Exhibit 2; Exhibit 3; Exhibit 4; Exhibit 5.* As such, the information requested therein is explicitly discoverable under Rule 56.01.

Furthermore, Plaintiff's Interrogatory No. 19, requests a bill of lading evidencing the identity of the carrier responsible for Plaintiff's injury. Such information is clearly contemplated by Rule 56.01, which renders discoverable the identity and location of persons having knowledge of any discoverable matter. Nevertheless, Defendant has failed to even provide a response to said request, leaving Plaintiff unable to prosecute her case.

Finally, Fairfield's objection to Interrogatory 16 and Request for Production Nos. 1 and 18-19, seeking any photographs, videotapes, or movies depicting the scene of the incident in

Electronically Filed - City of St. Louis - December 15, 2021 - 08:37 AM

Fairfield's possession, falls flat under Missouri Supreme Court precedent. The Supreme Court in *State ex rel. McConaha v. Allen*, 979 S.W.2d 188, 189–90 (Mo. 1998) found that "[u]nder Rule 56.01(b)(3)(b) and this Court's decision in *Koehr*. . . surveillance videotape [are] statement[s] . . . discoverable without a showing of undue hardship. *Id.* As such, Plaintiff is categorically entitled to any evidence obtained via surveillance on behalf of Fairfield. Nevertheless, Fairfield has objected on the basis of work product privilege and produced subject to said objection, one surveillance video containing neither the scene of the incident nor Plaintiff.

**III.**   **Defendants Have Failed To Provide Sufficient Evidence To Bar Discovery Via The Work Product Doctrine or Any Other Privilege.**

A.       Defendants' Unsupported Claims of Privilege Are Improper Under Missouri Law.

Moreover, in response to Interrogatories Nos. 5, 15, 17, and 18 and Requests for Production Nos. 1, 2, 15, 16, 18, and 19 to Fairfield, it raises the potential of work product, insured-insurer, or attorney-client privilege. *See Exhibit 2; Exhibit 3; Exhibit 4; Exhibit 5.* However, such assertions are insufficient under Missouri law.

Claims of privilege or protection are considered impediments to discovery of the truth, deserving of careful scrutiny. *See State ex rel. Health Midwest Develop. Group, Inc. v. Daugherty*, 965 S.W.2d 841 (Mo. Banc 1998). Therefore, Defendant bears the burden of proving the applicability of any alleged exception to discovery. *State ex re. State Board of Pharmacy v. Otto*, 866 S.W.2d 480, 483 (Mo. App. W.D. 1993); *State ex rel. Dixon v. Darnold,* 939 S.W.2d 66, 70 (Mo. App. S.D. 1997). This burden includes a requirement that Defendants state with particularity the grounds for the objection and provide sufficiently specific facts to allow the Court to determine whether they have satisfied each and every element of the claimed privilege for every document or item they seek to withhold. *State ex rel. Dixon v. Darnold*, 939 S.W.2d

Electronically Filed - City of St. Louis - December 15, 2021 - 08:37 AM

66, 70 (Mo. App. S.D. 1997); Mo. R. Civ. Pro. 55.26 (a). Failure to prove any element of the claimed protection causes the entire claim to fail. *Id.*

A blanket assertion of protection is insufficient as a matter of law. *Id.*; *State ex rel. Freidman v. Provaznik*, 668 S.W.2d 76 (Mo. banc. 1984). Moreover, Missouri Courts have rejected claims of attorney-client privilege that were "generic," "non-specific," "hypothetical," "blanket assertions," or where such claims applied to matters "*potentially* privileged," or which "*may* require ... disclosure" of privileged communications. *Id.* at 117-18 (emphasis added).

As such, Fairfield's assertions of several potential privileges, without any supporting evidence, fall well short of their burden of proof. Fairfield fails to explain with particularity why the proffered discovery stands to expose privileged or confidential information. *See Exhibit 2; Exhibit 3; Exhibit 4; Exhibit 5.* Put another way, Fairfield, attempts to usurp the authority of the Court, and unilaterally determine that privilege applies, that no exceptions to said privileges apply, and that they therefore need not produce whichever documents or information they so choose. Therefore, Plaintiff requests this Court to compel Fairfield's production of the requested information and documents.

B.    Defendants' Objections Fail to Properly Assert Work Product Privilege or Address the Potential Exception to It's Applicability.

Moreover, Fairfield improperly asserts the protection of work product doctrine to bar large swaths of Plaintiff's propounded discovery. *See Exhibit 2; Exhibit 3; Exhibit 4; Exhibit 5.* Interrogatories No. 5, 15, and 17 and Requests for Production Nos. 1, 2, 15, 16, 18, and 19 request information related to any incident report or investigation conducted related to the December 18, 2019 incident, copies of said reports, and any photographs or statements related thereto. *Id.*

Again, under Missouri Law, blanket assertions of privilege do not properly establish

protection under work product doctrine. Instead, to assert this privilege, a party must "establish,

via competent evidence, that the materials sought to be protected (1) are documents or tangible

things, (2) were prepared in anticipation of litigation or trial, and (3) were prepared by or for a

party or a representative of that party." *State ex rel. Ford Motor Co. v. Westbrooke*, 151 S.W.3.d

364, 367 (Mo. banc 2004). Because any information related to these discovery requests would

likely have preceded anticipation of litigation Fairfield may not properly assert work product

protection.

Moreover, Plaintiff may discover statements, photographs, or other evidence obtained by the

insurance company relating to the alleged incident not prepared in anticipation of litigation, but

rather, in the ordinary course of business. *Ratcliff v. Sprint Missouri, Inc.*, 261 S.W.3d 534, 548

(Mo. Ct. App. W.D. 2008). As such, evidence prepared or collected in the ordinary course of

business, and not as communications between the insurer and the insured, is not

privileged. *Id.* Furthermore, as stated supra, any surveillance videos or photographs depicting

Plaintiff are statements, discoverable without a showing of undue hardship. *Supra.*

As such, under Missouri Law, to assert work product protection, Fairfield must provide some

competent evidence providing Plaintiff and the Court with some guidance as to whether such

protection applies; these blanket assertions provide no such evidence. As such, Fairfield can not

refute the possibility that the ordinary course of business exception to the insured insurer

privilege, attorney-client privilege, or work product protection applies in this case. Fairfield has

thus failed to carry their burden of proof and can not bar the propounded discovery via its

unsupported assertions.

Electronically Filed - City of St. Louis - December 15, 2021 - 08:37 AM

Therefore, Plaintiff requests this Court overrule said objections and compel Fairfield to provide appropriate responses to Plaintiff's requests.

### III.   Evidence That Fairfield or Its Agents, Employees, or Contractors Had Notice of The Dangerous Condition Is Admissible.

Fairfield makes further objections to Interrogatories Nos. 7, and 11, and Requests for Production Nos. 4, and 14, asserting that these requests exceed the scope of the Missouri Rules of Civil Procedure, are over broad, unduly burdensome, not appropriately limited, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. *See Exhibit 4; Exhibit 5.* Once again, when tested against Missouri Law, Fairfield's argument falls flat. The above listed Interrogatories and Requests for Production seek information related to prior incidents of accidents occurring under similar circumstances to that which cause Plaintiff's injury. *Exhibit 3.*

While "evidence of similar acts of negligence generally is not admissible to demonstrate that a party acted negligently at a subsequent incident", (*Lohmann v. Norfolk & Western Railway Company*, 948 S.W.2d 659, 671 (Mo.App. W.D.1997)), a defendant's knowledge of prior accidents, or information standing to show that defendant should have, using ordinary care, known of a dangerous condition is far from a novel concept in Missouri common law.  *State ex rel. Stolfa v. Ely*, 875 S.W.2d 579, 581 (Mo. Ct. App. 1994). Furthermore, under Missouri Law, the question of whether a company has procedures or policies, but does not enforce them, that is unquestionably relevant. *See Ybarra v. Burlington Northern Inc.*, 689 F.2d 147, 150 (8th Cir. 1982). The same is true for violation of company standards, industry standards, or regulations and statutes. *Reed v. Missouri-Kansas-Texas Railroad Co.*, 239 S.W.2d 328 (Mo. 1951); *First National Bank of Fort Smith v. Kansas City Southern Railway Co.*, 865 S.W.2d 719 (Mo. App. W.D. 1993).

Electronically Filed - City of St. Louis - December 15, 2021 - 08:37 AM

Therefore, Plaintiff's discovery requests relating directly to prior incidents relate directly to Fairfield's knowledge of the dangerous condition.

As such, once again, despite Fairfield's attempt to assume the role of finder of law, there remain circumstances where the information requested is, not only discoverable, but specifically admissible. Therefore, Plaintiff would request this Court overrule said objections, and compel proper responses.

**IV.**     **Evidence Of Fairfield's Policies And Procedures Tend To Prove The Elements Of Its Negligence and Are Therefore Discoverable.**

Defendant Investment further objects to Plaintiff's Interrogatories Nos. 12 and 18, and Requests for Production Nos. 12, 13, 20, 21, 22, and 23 seeking Fairfield's policies and procedures regarding the training it provided, or regulations or policies it adopted, stating that such requests are overbroad, vague, and ambiguous. *See Exhibit 4; Exhibit 5.*

Missouri recognizes not only the theory of vicarious liability of a corporation for the negligence of its employees, but also for its own. *Spence v. BNSF Railway Co.*, 2018 WL 3185473 (Mo. 2018).

Such evidence may tend to prove Fairfield's own negligence. Under Missouri Law, the question of whether a company has procedures or policies, but does not enforce them, is unquestionably relevant. *See Ybarra v. Burlington Northern Inc.*, 689 F.2d 147, 150 (8th Cir. 1982). The same is true for violation of company standards, industry standards, or regulations and statutes. *Reed v. Missouri-Kansas-Texas Railroad Co.*, 239 S.W.2d 328 (Mo. 1951); *First National Bank of Fort Smith v. Kansas City Southern Railway Co.*, 865 S.W.2d 719 (Mo. App. W.D. 1993) (finding evidence that a company adopted rules or standards but failed to follow them in conscious (or flagrant) disregard for the public, presented a jury question as to punitive

Electronically Filed - City of St. Louis - December 15, 2021 - 08:37 AM

damages). As such, evidence that Fairfield adopted certain policies and procedures, but failed to implement or enforce them is not only discoverable, but admissible to the jury.

As such, Plaintiff requests this Court overrule Fairfield's objections and compel their production of the relevant policies and procedures, and associated training manuals.

<div align="center">**CONCLUSION**</div>

Plaintiff served specific and directed discovery to Defendant based upon the elements of her asserted claims. This discovery sought material clearly relevant to each of these claims. Such documents would not only likely lead to the discovery of admissible evidence, but may in fact be admissible evidence. In response, Defendants have filed multiple blanket, general objections, with no foundation in Missouri law. As such, Plaintiff would ask the Court to enter its Order requiring full and complete answers to each of the Interrogatories and Requests identified above.

**WHEREFORE**, Plaintiff prays for this Court to overrule Defendants Ledbetter's and SWBT's Objections to Interrogatories and Request for Production of Documents, Order Defendants to answer and make all disclosures called for in Plaintiff's discovery within twenty (20) days without further objection and for any such other and further relief as this Court deems appropriate.

Respectfully Submitted,

THE CAGLE LAW FIRM

By: _____

**John S. Appelbaum Jr., MO #71766**
Zane T. Cagle, MO#53775
500 North Broadway, Suite 1605
St. Louis, MO 63102
Phone: (314) 241-1700
Fax: (314) 241-1738
E-Mail: zane@caglellc.com
E-Mail: john@caglellc.com
*Attorney for Plaintiff*

Electronically Filed - City of St. Louis - December 15, 2021 - 08:37 AM

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was sent via electronic mail and through this Court's Electronic Filing Service for service upon Counsel for Defendant at the address listed below on this the 8th day of December, 2021:


BROWN & JAMES, P.C.

John A. Mazzei,
jmazzei@bjpc.com
dbuchanan@bjpc.com
800 Market Street, Suite 1100
St. Louis, Missouri, 63101
(314) 421-3400
(314) 421-3128 (fax)
Attorneys For Defendant
Fairfield Processing Corporation

By: _____
John S. Appelbaum Jr., MO #71766

Electronically Filed - City of St. Louis - December 15, 2021 - 08:37 AM

**Mazzei, John**

---

| | |
|---|---|
| **From:** | John Appelbaum, Jr <john@caglellc.com> |
| **Sent:** | Monday, December 13, 2021 1:49 PM |
| **To:** | Mazzei, John |
| **Subject:** | RE: Fontania Lawrence v. Fairfield Processing & Venture Express |

Good afternoon John,

As I stated on the phone, Ms. Lawrence has more than $75,000 in medical bills. However, at this point we do not know what the billed v. paid portion will look like or what we plan to submit. Until we have further information, we have no intention of amending our Petition or altering the amount pled.


Thanks and take care,

John S. Appelbaum Jr.



500 N. Broadway, Suite 1605
St. Louis Missouri, 63102
Office: (314)-241-1700
Cell: (314)-315-5928
John@caglellc.com

*CONFIDENTIALITY NOTICE*– THIS E-MAIL TRANSMISSION IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL, OR EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. If the reader of this transmission is *NOT* the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone at 314-241-1700 and delete this message from your system.
NOTE: The Missouri Bar advises Missouri lawyers to notify all recipients of e-mail that (1) e-mail communication is not a secure method of communication; (2) any e-mail that is sent to you or by you may be copied and held by various computers it passes through them as it goes from me to you or vice versa; and (3) persons not participating in our communication may intercept our communications by improperly accessing your computer or my computer or even some computer unconnected to either of us which the e-mail passed through. I am communicating to you via e-mail because you have consented to receive communications via this medium. If you change your mind and want future communications to be sent in a different fashion, please let me know AT ONCE.

---

**From:** Mazzei, John <jmazzei@bjpc.com>
**Sent:** Monday, December 13, 2021 11:39 AM
**To:** John Appelbaum, Jr <john@caglellc.com>
**Subject:** Fontania Lawrence v. Fairfield Processing & Venture Express

Good Talking to You, John:



EXHIBIT

B

Can you confirm you are seeking over $75,000 in this case?



**John Mazzei** | Principal
800 Market Street, Suite 1100
St. Louis, MO 63101
314-242-5347
jmazzei@bjpc.com

Website

CONFIDENTIALITY NOTE: This message is from a law firm and contains information for the sole use of the intended recipient that may be privileged, attorney work product, or exempt from disclosure under applicable law. If you are not the intended recipient, any distribution, dissemination, or copying of this message, including any attachments, is strictly prohibited. If you received this message in error, or are not the proper recipient, please notify the sender at either the email address or telephone number above and delete this email (and any attachments) from your computer without copying or forwarding it. Thank you.

Electronically Filed - City of St. Louis - December 15, 2021 - 08:37 AM

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Fontania Lawrence

**DEFENDANTS**

Fairfield Processing Corporation
Venture Express, LLC

**(b)** County of Residence of First Listed Plaintiff   St. Louis City
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Fairfield, CT
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

John S. Applebaum, Jr., The Cagle Law Firm, 500 N. Broadway, #1605, St. Louis, MO 63102 (314) 241-1700

Attorneys *(If Known)*

John A. Mazzei, Brown & James, P.C., 800 Market St., #1100, St. Louis, MO 63101 (314) 421-3400

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | | |
|---|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☐ 3 | Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☒ 4 | Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File | | |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1332

Brief description of cause:
Personal Injury

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
$75,000

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE
December 15, 2021

SIGNATURE OF ATTORNEY OF RECORD
/s/ John A. Mazzei

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

Electronically Filed - City of St. Louis - December 15, 2021 - 08:37 AM

Electronically Filed - City of St. Louis - December 15, 2021 - 08:37 AM

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| Fontania Lawrence | ) | |
| , | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| Fairfield Processing | ) | |
| Corporation, et al. , | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |

**ORIGINAL FILING FORM**

**THIS FORM MUST BE COMPLETED AND VERIFIED BY THE FILING PARTY WHEN INITIATING A NEW CASE.**

☐     THIS SAME CAUSE, OR A SUBSTANTIALLY EQUIVALENT COMPLAINT, WAS

PREVIOUSLY FILED IN THIS COURT AS CASE NUMBER _____

AND ASSIGNED TO THE HONORABLE JUDGE _____.

☐     THIS CAUSE IS RELATED, BUT IS NOT SUBSTANTIALLY EQUIVALENT TO ANY

PREVIOUSLY FILED COMPLAINT.  THE RELATED CASE NUMBER IS _____ AND

THAT CASE WAS ASSIGNED TO THE HONORABLE _____. THIS CASE MAY,

THEREFORE, BE OPENED AS AN ORIGINAL PROCEEDING.

☒     NEITHER THIS SAME CAUSE, NOR A SUBSTANTIALLY EQUIVALENT

COMPLAINT, HAS BEEN PREVIOUSLY FILED IN THIS COURT, AND THEREFORE

MAY BE OPENED AS AN ORIGINAL PROCEEDING.

**The undersigned affirms that the information provided above is true and correct.**

Date: 12/15/2021 _____      /s/ John A. Mazzei _____
                                         Signature of Filing Party

Electronically Filed - City of St. Louis - December 15, 2021 - 08:37 AM

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| FONTANIA LAWRENCE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. _____ |
| | ) | |
| vs. | ) | St. Louis City Circuit Court |
| | ) | Cause No.: 2022-CC10591 |
| | ) | |
| FAIRFIELD PROCESSING | ) | |
| CORPORATION, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| VENTURE EXPRESS, LLC., | ) | |
| | ) | |
| Defendants. | ) | |

**<u>NOTICE OF FILING OF NOTICE OF REMOVAL TO PLAINTIFF</u>**

TO PLAINTIFF'S COUNSEL OF RECORD:

John S. Appelbaum, Jr.
The Cagle Law Firm
500 North Broadway, Suite 1605
St. Louis, MO  63102
E-mail:  john@caglellc.com

You are hereby notified that Defendant Fairfield Processing Corporation, by and through its attorneys, have filed its Notice of Removal in the above-captioned cause to the United States District Court for the Eastern District of Missouri, Eastern Division, via ECF, on the 14th day of December, 2021. Attached hereto are copies of the papers filed to effect such removal.

Electronically Filed - City of St. Louis - December 15, 2021 - 08:37 AM

**BROWN & JAMES, P.C.**

/s/ *John A. Mazzei*
John A. Mazzei # 51398MO
jmazzei@bjpc.com
800 Market Street, Suite 1100
St. Louis, Missouri, 63101
(314) 421-3400
(314) 421-3128 (fax)
**Attorneys for Defendant,**
**Fairfield Processing Corporation**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 15th day of December 2021, the foregoing was electronically filed using the Missouri eFiling system, which will send notice of electronic filing to all registered attorneys of record. I further certify that pursuant to Rule 55.03(a), I signed the original of the foregoing and that the original signed copy is maintained at our office.

/s/ *John A. Mazzei*

27000449.1/jbk

2

Electronically Filed - City of St. Louis - December 15, 2021 - 08:37 AM

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| FONTANIA LAWRENCE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. _____ |
| | ) | |
| vs. | ) | St. Louis City Circuit Court |
| | ) | Cause No.: 2022-CC10591 |
| | ) | |
| FAIRFIELD PROCESSING | ) | |
| CORPORATION, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| VENTURE EXPRESS, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF CORPORATE DISCLOSURE

COMES NOW Defendant Fairfield Processing Corporation, by and through counsel, and hereby discloses the following organizational interests pursuant to Local Rule 7.01 and the Federal Rules of Civil Procedure 7.1:

1. **If the subject corporation is a corporation,**

   a. **Any parent companies of the corporation:** None.

   b. **Subsidiaries not wholly owned by the corporation:** None.

   c. **Any affiliates of the corporation that have been issued shares in the public:** None.

**BROWN & JAMES, P.C.**

/s/ John A. Mazzei
John A. Mazzei #51398MO
jmazzei@bjpc.com
800 Market Street, Suite 1100
St. Louis, Missouri, 63101
(314) 421-3400
(314) 421-3128 (fax)
**Attorneys for Defendant**
**Fairfield Processing Corporation**

Electronically Filed - City of St. Louis - December 15, 2021 - 08:37 AM

**CERTIFICATE OF SERVICE**

     I hereby certify that on this 15th day of December 2021, the foregoing was electronically filed using the Missouri eFiling system, which will send notice of electronic filing to all registered attorneys of record. I further certify that pursuant to Rule 55.03(a), I signed the original of the foregoing and that the original signed copy is maintained at our office.


               /s/ *John A. Mazzei*

GREGORY J. LINHARES, CLERK
A TRUE COPY OF THE ORIGINAL
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
BY: _Carl B. Cony_
DEPUTY CLERK

2022 CC10591

CLOSED,REMAND

## U.S. District Court
## Eastern District of Missouri (St. Louis)
## CIVIL DOCKET FOR CASE #: 4:21-cv-01464-SRC

Lawrence v. Fairfield Processing Corporation et al
Assigned to: District Judge Stephen R. Clark
Demand: $75,000
Case in other court: Circuit Court for St. Louis City, 2022-CC10591
Cause: 28:1332 Diversity-Personal Injury

Date Filed: 12/15/2021
Date Terminated: 01/31/2022
Jury Demand: Both
Nature of Suit: 360 P.I.: Other
Jurisdiction: Diversity

**Plaintiff**

**Fontania Lawrence**                    represented by   **John S. Appelbaum , Jr**
                                                          THE CAGLE LAW FIRM LLC
                                                          500 N. Broadway
                                                          Suite 1605
                                                          St. Louis, MO 63102
                                                          314-315-5928
                                                          Email: john@caglellc.com
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*
                                                          *Designation: Retained*
                                                          *Bar Status: Active*

V.

**Defendant**

**Fairfield Processing Corporation**     represented by   **John A. Mazzei**
                                                          BROWN AND JAMES PC - St Louis
                                                          Bank of America Plaza
                                                          800 Market St., Suite 1100
                                                          St. Louis, MO 63101
                                                          314-242-5347
                                                          Email: jmazzei@bjpc.com
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*
                                                          *Designation: Retained*
                                                          *Bar Status: Active*



RECEIVED
FEB - 7 2022
22ND JUDICIAL CIRCUIT
CIRCUIT CLERK'S OFFICE
BY _____ DEPUTY

**Defendant**

**Venture Express, Inc.**
*TERMINATED: 12/15/2021*

2/1/2022, 7:40 AM

**Defendant**

**Venture Express, LLC**

Email All Attorneys
(will not send to terminated parties)

Email All Attorneys and Additional Recipients
(will not send to terminated parties)

| Date Filed | # | Docket Text |
|---|---|---|
| 12/15/2021 | 1 | NOTICE OF REMOVAL from St. Louis City Circuit Court, case number 2022-CC10591, with receipt number AMOEDC-9029662, in the amount of $402 Jury Demand,, filed by Fairfield Processing Corporation. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Civil Cover Sheet, # 4 Original Filing Form)(Mazzei, John) (Entered: 12/15/2021) |
| 12/15/2021 | 2 | NOTICE OF FILING NOTICE OF REMOVAL filed by Defendant Fairfield Processing Corporation Sent To: Plaintiff (Mazzei, John) (Entered: 12/15/2021) |
| 12/15/2021 | 3 | DISCLOSURE OF ORGANIZATIONAL INTERESTS CERTIFICATE by Defendant Fairfield Processing Corporation. Parent companies: None, Subsidiaries: None, Publicly held company: None,. (Mazzei, John) (Entered: 12/15/2021) |
| 12/15/2021 | 4 | Petition (Removal/Transfer) Received From: Circuit Court of St. Louis City, filed by Fontania Lawrence.(JKL) (Entered: 12/15/2021) |
| 12/15/2021 | 5 | ANSWER to Petition by Fairfield Processing Corporation.(JKL) Modified on 12/15/2021 to correct docket text(JKL). (Entered: 12/15/2021) |
| 12/15/2021 | 6 | First Amended Petition (Removal/Transfer) Received From: Circuit Court of St. Louis City, filed by Fontania Lawrence.(JKL) Modified on 12/15/2021 to edit docket text(JKL). (Entered: 12/15/2021) |
| 12/15/2021 | 7 | ANSWER to First Amended Petition by Fairfield Processing Corporation.(JKL) (Entered: 12/15/2021) |
| 12/15/2021 | 8 | SUPPLEMENTAL re 1 Notice of Removal Petition, *State Court Docket Sheet* by Defendant Fairfield Processing Corporation. (Mazzei, John) (Entered: 12/15/2021) |
| 12/15/2021 | 9 | RULE 67.02(a) DISMISSAL OF VENTURE EXPRESS INC.WITHOUT PREJUDICE by Plaintiff Fontania Lawrence (Attachments: # 1 Attachment Affidavit of Shawn Applegate)(JKL) (Entered: 12/15/2021) |
| 12/15/2021 | 10 | Plaintiff's MOTION to Compel Defendant's Answers to Discovery and Memorandum in support thereof by Plaintiff Fontania Lawrence. (JKL) (Entered: 12/15/2021) |
| 12/15/2021 | | Case Opening Notification. Judge Assigned: Honorable Stephen R. Clark. (JKL) (Entered: 12/15/2021) |
| 12/22/2021 | 11 | ORDER: The Court orders the Defendants to file, no later than January 7, 2022, supplemental briefing and evidence proving by a preponderance of the evidence their allegation that the amount in controversy exceeds $75,000 exclusive of interest and costs. See Dark Cherokee, 574 U.S. at 8889. The parties are further directed to address whether Defendants timely removed the case. Lawrence must file her response no later than January 21, 2022, and Defendants must file their reply no later |

| | | than January 31, 2022. Signed by District Judge Stephen R. Clark on 12/22/2021. (CLO) (Entered: 12/22/2021) |
|---|---|---|
| 12/31/2021 | 12 | MOTION to Remand Case to Circuit Court of St. Louis City by Plaintiff Fontania Lawrence. (Appelbaum, John) Modified on 1/3/2022 (CBL). (Entered: 12/31/2021) |
| 12/31/2021 | 13 | MEMORANDUM in Support of Motion re 12 MOTION to Remand Case to Circuit Court of St. Louis City filed by Plaintiff Fontania Lawrence. (Appelbaum, John) Modified on 1/3/2022 (CBL). REMARK: see doc #14-1 for exhibits. (JAB). (Entered: 12/31/2021) |
| 01/04/2022 | 14 | Amended MEMORANDUM in Support of Motion re 12 MOTION to Remand Case to Circuit Court of St. Louis City filed by Plaintiff Fontania Lawrence. (Appelbaum, John) (Attachments: # 1 Exhibit Plaintiff's Exhibits)(Appelbaum, John) Modified on 1/4/2022;corrected event from motion to memo in support (JAB). (Entered: 01/04/2022) |
| 01/07/2022 | 15 | MEMORANDUM in Opposition re 12 MOTION to Remand Case to *State Court* filed by Defendant Fairfield Processing Corporation. (Attachments: # 1 Exhibit Petition, # 2 Exhibit Email, # 3 Exhibit Email)(Mazzei, John) (Entered: 01/07/2022) |
| 01/21/2022 | 16 | REPLY to Response to Motion re 12 MOTION to Remand Case to *St. Louis City* filed by Plaintiff Fontania Lawrence. (Attachments: # 1 Exhibit, # 2 Exhibit) (Appelbaum, John) (Entered: 01/21/2022) |
| 01/31/2022 | 17 | MEMORANDUM AND ORDER. (See Full Order.) Because Fairfield failed to secure its fellow defendant's consent to removal, the Court grants Lawrence's 12 motion, remands this case to the St. Louis City Circuit Court, and, pursuant to 28 U.S.C. § 1447(c), orders the Clerk of Court to mail a certified copy of this order of remand to the clerk of the state court. Signed by District Judge Stephen R. Clark on 1/31/2022. (Certified order and docket sheet sent to Clerk, St. Louis City Circuit Court.) (CBL) (Entered: 01/31/2022) |

Case: 4:21-cv-00955-SRC   Doc. #: 1-17   Filed: 09/20/22   Page: 300 of 418 PageID #: 305

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

GREGORY J. LINHARES, CLERK
A TRUE COPY OF THE ORIGINAL
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
BY: *Carl B. Cory*
DEPUTY CLERK

FONTANIA LAWRENCE,            )
                             )
        Plaintiff(s),         )
                             )
        v.                    )        Case No. 4:21-cv-01464-SRC
                             )
FAIRFIELD PROCESSING          )
CORPORATION et al.,           )
                             )
        Defendant(s)          )

RECEIVED

FEB - 7 2022

22ND JUDICIAL CIRCUIT
CIRCUIT CLERK'S OFFICE
BY _____ DEPUTY

### Memorandum and Order

Issues regarding timeliness and the amount in controversy aside, Fairfield defectively removed this case because it failed to secure its fellow defendant's consent to removal. Moreover, Fairfield's argument that it need not have secured Venture Express, LLC's consent lacks merit because Venture Express, LLC is not a mere nominal party to the suit. Accordingly, the Court remands this case to the state court.

I.      **Background**

Over a year ago, Lawrence filed this lawsuit in state court. Doc. 4. In her original complaint,[1] she claimed that the negligence of Fairfield and Venture Express, Inc. caused her to suffer injuries while she worked on a loading dock. *Id.* While still in state court, Lawrence dismissed Venture Express, Inc., Doc. 9, and named Venture Express, LLC as a defendant instead, Doc. 6. Lawrence served Venture Express, LLC with her amended complaint on April 27, 2021. Doc. 1-1 at pp. 70–72. After that, and mere days before the expiration of the one-year

_____

[1] A "petition" in Missouri state court serves as the analogue of a federal "complaint," and the Court uses the latter term.

Case: 4:22-cv-00905-SRC   Doc. #: 1-17   Filed: 09/20/22   Page: 302 of 418 PageID #: 307

removal deadline, *see* 28 U.S.C. § 1446(c). Fairfield removed Lawrence's suit to this Court, Doc. 1. After the Court ordered Fairfield to come forward with evidence proving its amount-in-controversy allegation, Doc. 11, Lawrence moved for remand on several bases: that Fairfield failed to obtain its co-defendant's consent to removal, that Fairfield untimely removed the case, and that Fairfield fails to prove an amount in controversy greater than $75,000. Doc. 13.

## II.   Standard

A defendant may remove to federal court any state court civil action over which the federal court could exercise original jurisdiction. 28 U.S.C. § 1441(a). Among several prerequisites for removal, "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A); *see* § 1441(a). All doubts as to the propriety of exercising federal jurisdiction over a removed case must be resolved in favor of remand to state court. *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010).

## III.   Discussion

While Lawrence has made several arguments in support of her motion, her first argument alone, that Fairfield failed to obtain the consent of its co-defendant for removal, justifies remand. "Where there are multiple defendants, all must join in a [notice] remove within thirty days of service." *Christiansen v. West Branch Community Sch. Dist.*, 674 F.3d 927, 932 (8th Cir. 2012) (second alteration in original) (quoting *Thorn v. Amalgamated Transit Union*, 305 F.3d 826, 833 (8th Cir. 2002)); *see* 28 U.S.C. 1446(b)(2)(A). Here, the parties agree that defendant Venture Express, LLC has not indicated, in any form, its consent to the removal of this case. Doc. 14 at p. 4; Doc. 15 at p. 5. The parties also do not dispute that Lawrence properly served Venture

2

Express, LLC with the operative, amended state-court complaint. Doc. 1 at ¶ 7; Doc. 1-1 at pp. 70–72.

Fairfield argues—citing only out-of-circuit cases—that it did not need to secure Venture Express, LLC's consent because Venture Express, LLC is merely a "nominal" defendant. Doc. 15 at p. 5; *see, e.g.*, *Hartford Fire. Ins. Co. v. Harleyville Mut. Ins. Co.*, 736 F.3d 255, 260 (4th Cir. 2013). Indeed, the Eighth Circuit has held that "nominal defendants, those against whom no real relief is sought," need not consent to removal. *Thorn*, 305 F.3d at 833 (internal quotation marks omitted). Fairfield argues that Venture Express, LLC is a nominal party because Lawrence, when she filed her amended complaint, only replaced Venture Express, Inc. in the caption at the top of the first page of the complaint and failed to make the same substitution on page 5 which still names Venture Express, Inc. as the defendant against whom Lawrence brings count 1. *Compare* Doc. 6 at p. 1 *with* p. 5. Thus, says Fairfield, Lawrence seeks no relief against Venture Express, LLC and it is merely a nominal party. Doc. 15 at p. 5.

This argument lacks merit. Lawrence substituted Venture Express, LLC for Venture Express, Inc. in her amended complaint, voluntarily dismissed Venture Express, Inc., and properly served Venture Express, LLC with the amended complaint. Moreover, Lawrence named Venture Express, LLC as a defendant in the caption of the amended complaint. Venture Express, LLC does not become a nominal party as the result of a typographical error.

In her reply, Lawrence confirmed that she alleges "vicarious and direct negligence" against "Venture Express LLC." Doc. 16 at p. 3. Put plainly, Lawrence's amended complaint seeks "real relief," *Thorn*, 305 F.3d at 833, against Venture Express, LLC, and section 1446 required Fairfield to secure Venture Express, LLC's consent to removal, *see Augustine v. Target Corp.*, 259 F. Supp. 2d 919, 922 (E.D. Mo. 2003) ("Moreover, [defendant] Leboyd is not a

3

'nominal party,' as he would be affected by an adverse judgment on the merits." (citing *Thorn*, 305 F.3d at 833)).  The Court rejects Fairfield's contrary assertion.

## IV.    Conclusion

Because Fairfield failed to secure its fellow defendant's consent to removal, the Court grants Lawrence's [12] motion, remands this case to the St. Louis City Circuit Court, and, pursuant to 28 U.S.C. § 1447(c), orders the Clerk of Court to mail a certified copy of this order of remand to the clerk of the state court.

So Ordered this 31st day of January 2022.

SLR.CP

STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE

Electronically Filed - City of St. Louis - February 07, 2022 - 01:02 PM

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

| | | |
|---|---|---|
| FONTANIA LAWRENCE, | ) | |
| | ) | |
| Plaintiff, | ) | Cause No.: 2022-CC10591 |
| vs. | ) | |
| | ) | Division: |
| FAIRFIELD PROCESSING CORPORATION | ) | |
| | ) | |
| And | ) | |
| | ) | |
| VENTURE EXPRESS, LLC. | ) | |
| Defendants. | ) | |

**ENTRY OF APPEARANCE**

COMES NOW Zane T. Cagle and The Cagle Law Firm, LLC, and enter their appearance for Plaintiffs, in this matter.

Respectfully Submitted,

**THE CAGLE LAW FIRM**

BY: **/s/ Zane T. Cagle**
**Zane T. Cagle, MO#53775**
500 North Broadway, Suite 1605
St. Louis, MO 63102
Phone: (314) 241-1700
Fax: (314) 241-1738
E-Mail: zane@caglellc.com
*Attorneys for Plaintiffs*

Electronically Filed - City of St. Louis - February 07, 2022 - 01:02 PM

**CERTIFICATE OF SERVICE**

I do hereby certify that a copy of the foregoing was sent this 7th day of February, 2022 to the following via the Court's e filing system:

BROWN & JAMES, P.C.
John A. Mazzei,
jmazzei@bjpc.com
dbuchanan@bjpc.com
800 Market Street, Suite 1100
St. Louis, Missouri, 63101
(314) 421-3400
(314) 421-3128 (fax)
*ATTORNEYS FOR DEFENDANT*
*FAIRFIELD PROCESSING CORPORATION*

            **Respectfully Submitted,**

            **THE CAGLE LAW FIRM**

            BY: **/s/ Zane T. Cagle**
            **Zane T. Cagle, MO#53775**
            500 North Broadway, Suite 1605
            St. Louis, MO 63102
            Phone: (314) 241-1700
            Fax: (314) 241-1738
            E-Mail: zane@caglellc.com
            *Attorneys for Plaintiffs*

Electronically Filed - City of St. Louis - February 07, 2022 - 01:02 PM

Electronically Filed - City of St. Louis - February 07, 2022 - 01:02 PM

Electronically Filed - City of St. Louis - February 07, 2022 - 01:02 PM

Electronically Filed - City of St. Louis - February 07, 2022 - 01:02 PM

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

FONTANIA LAWRENCE,              )
                                            )
                        Plaintiff,      )      Cause No.: 2022-CC10591
vs.                                  )
                                          )      Division:
FAIRFIELD PROCESSING CORPORATION    )
                                          )
And                                  )
                                          )
VENTURE EXPRESS, LLC.             )
                        Defendants.   )

**MOTION TO WITHDRAW AS ATTORNEY OF RECORD**

      COMES NOW John S. Appelbaum Jr. and hereby moves this Court to Withdraw as Attorney of Record for the Plaintiff.

                                       **Respectfully Submitted,**

                                       **THE CAGLE LAW FIRM**

                                     **By** _____
                                     **John S. Appelbaum Jr., MO#71766**
                                     500 North Broadway, Suite 1605
                                     St. Louis, MO 63102
                                     Phone: (314) 241-1700
                                     Fax: (314) 241-1738
                                     E-mail: john@caglellc.com
                                     *Attorneys for Plaintiff*

Electronically Filed - City of St. Louis - February 07, 2022 - 01:02 PM

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was served upon the attorneys of record via electronic filing with the Clerk of this Court on this 7th day of February, 2022:


BROWN & JAMES, P.C.
John A. Mazzei,
jmazzei@bjpc.com
dbuchanan@bjpc.com
800 Market Street, Suite 1100
St. Louis, Missouri, 63101
(314) 421-3400
(314) 421-3128 (fax)
*ATTORNEYS FOR DEFENDANT*
*FAIRFIELD PROCESSING CORPORATION*

By  _____
**John S. Appelbaum Jr., MO#71766**

Electronically Filed - City of St. Louis - May 13, 2022 - 12:40 PM

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

FONTANIA LAWRENCE,                          )
                                            )
                          Plaintiff,        )        Cause No.: 2022-CC10591
vs.                                         )
                                            )
FAIRFIELD PROCESSING CORPORATION,           )
et al.                                      )
                                            )
                          Defendants.       )

### PLAINTIFF'S MOTION TO COMPEL FROM
### DEFENDANT FAIRFIELD PROCESSING CORPORATION

COMES NOW Plaintiff Fontania Lawrence (hereafter "Plaintiff") by and through her attorneys of record and for her Motion to Compel discovery from Defendant Fairfield Processing Corporation (hereinafter "Defendant") and states to this Honorable Court as follows:

1. This action arises out of an incident on December 19, 2019, at a facility here in the City of St. Louis. *See Plaintiff's Petition ¶ 6.*

2. Plaintiff alleges she sustained injuries and damages from an incident when working on a loading dock when a tractor trailer started moving forward. *Id.* at ¶ 16-19.

3. On December 29, 2020, Plaintiff filed this lawsuit.

4. On March 18, 2021, Plaintiff propounded written discovery requests to Defendant. *See Plaintiff's Exhibit#3, attached hereto.*

5. On April 2, 2021, Defendant filed objections to Plaintiff written discovery requests. *See Plaintiff's Exhibit#4, attached hereto.*

6. Subsequently, Plaintiff attempted to resolve discovery disputes with Defendant.

7. On May 5, 2021, Defendant filed responses and answers to Plaintiff's written discovery requests.

Electronically Filed - City of St. Louis - May 13, 2022 - 12:40 PM

8.  Defendant contended that a protective order needed to be entered before they could respond to Plaintiff's written discovery requests.

9.  On August 11, 2021, this Court entered the agreed protective order in this case.

10. On October 4, 2021, Defendant filed answers to Plaintiff's interrogatories. *See Plaintiff's Exhibit#5, attached hereto.*

11. On October 4, 2021, Plaintiff filed a supplement interrogatory to Defendant.  Said interrogatory requested that Defendant produce the bill of lading or any other document which identify the tractor trailer which Plaintiff alleges contributed to cause her injuries and damages. *See Plaintiff's Exhibit #7, attached hereto.*

12. To date, Defendant has never provided answer to Plaintiff's supplemental discovery requests on October 4, 2021.

13. On December 8, 2021, after attempts to resolve discovery disputes Plaintiff filed a Motion to Compel discovery from Defendant.  *See Plaintiff's Exhibit#8, attached hereto along with Exhibits#1-#6, previously attached and filed with said motion.*

14. On December 15, 2021, Defendant filed a notice of removal and removed this action to the United States District Court for the Eastern District of Missouri.

15. On January 31, 2022, this case was remanded back to this Court.

16. On February 16, 2022, this Court entered an order setting this matter for trial on October 3, 2022.

17. Plaintiff needs to discover the identity of the operator of the tractor trailer alleged in Plaintiff's Petition so that they can be added as a party to this lawsuit.

Electronically Filed - City of St. Louis - May 13, 2022 - 12:40 PM

18. Defendant was notified to preserve the requested documents on December 30, 2019, and pursuant to Federal law should have been in possession of the requested documents at that time. *See Plaintiff's Exhibit#9, attached hereto.*

19. Plaintiff will be prejudice if Defendant is allowed to play games with discovery and not produce relevant discoverable documents and information.

WHEREFORE, Plaintiff prays this Court enter an order granting Plaintiff's Motion to Compel discovery from Defendant and order that they information and documents be produced within twenty (20) days and for any further relief this Court deems just and proper under the circumstances.

Respectfully Submitted,

THE CAGLE LAW FIRM

By _____
Zane T. Cagle, MO#53775
500 North Broadway, Suite 1605
St. Louis, MO 63102
Phone: (314) 241-1700
Fax: (314) 241-1738
E-mail:zane@caglellc.com
*Attorneys for Plaintiff*

Electronically Filed - City of St. Louis - May 13, 2022 - 12:40 PM

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was served upon the attorneys of record via electronic filing with the Clerk of this Court on this 13th day of May, 2022:

BROWN & JAMES, P.C.
John A. Mazzei,
jmazzei@bjpc.com
dbuchanan@bjpc.com
800 Market Street, Suite 1100
St. Louis, Missouri, 63101
Phone : (314) 421-3400
Fax : (314) 421-3128
*Attorneys for Defendant*
*Fairfield Processing Corporation*

Respectfully Submitted,

THE CAGLE LAW FIRM

By _____
Zane T. Cagle, MO#53775
500 North Broadway, Suite 1605
St. Louis, MO 63102
Phone: (314) 241-1700
Fax: (314) 241-1738
E-mail:zane@caglellc.com
*Attorneys for Plaintiff*

Electronically Filed - City of St. Louis - May 13, 2022 - 12:40 PM

**John Appelbaum, Jr**

> PLAINTIFF'S
> EXHIBIT
> _____

| | |
|---|---|
| **From:** | John Appelbaum, Jr |
| **Sent:** | Friday, July 16, 2021 12:23 PM |
| **To:** | 'Mazzei, John' |
| **Subject:** | RE: Lawrence v. Fairfield Et. Al. |
| **Attachments:** | Ltr to OPC re Discovery-7-16-21.pdf |

Good afternoon John,

Please find attached our correspondence related to the above styled case.


Thanks and take care,

John S. Appelbaum Jr.




500 N. Broadway, Suite 1605
St. Louis Missouri, 63102
Office: (314)-241-1700
Cell: (314)-315-5928
John@caglellc.com

*CONFIDENTIALITY NOTICE--* THIS E-MAIL TRANSMISSION IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL, OR EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. If the reader of this transmission is *NOT* the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone at 314-241-1700 and delete this message from your system.
NOTE: The Missouri Bar advises Missouri lawyers to notify all recipients of e-mail that (1) e-mail communication is not a secure method of communication; (2) any e-mail that is sent to you or by you may be copied and held by various computers it passes through them as it goes from me to you or vice versa; and (3) persons not participating in our communication may intercept our communications by improperly accessing your computer or my computer or even some computer unconnected to either of us which the e-mail passed through. I am communicating to you via e-mail because you have consented to receive communications via this medium. If you change your mind and want future communications to be sent in a different fashion, please let me know **AT ONCE**.

---

**From:** John Appelbaum, Jr
**Sent:** Friday, June 25, 2021 2:45 PM
**To:** 'Mazzei, John' <jmazzei@bjpc.com>
**Subject:** RE: Lawrence v. Fairfield Et. Al.

Thanks for touching base, I've saved the documents to our file. I'll keep an eye out for the Interrogatory and supplemental responses.

Electronically Filed - City of St. Louis - May 13, 2022 - 12:40 PM

Have a good weekend,


John S. Appelbaum Jr.



500 N. Broadway, Suite 1605
St. Louis Missouri, 63102
Office: (314)-241-1700
Cell: (314)-315-5928
John@caglellc.com

*CONFIDENTIALITY NOTICE*-- THIS E-MAIL TRANSMISSION IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL, OR EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. If the reader of this transmission is *NOT* the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone at 314-241-1700 and delete this message from your system.

NOTE: The Missouri Bar advises Missouri lawyers to notify all recipients of e-mail that (1) e-mail communication is not a secure method of communication; (2) any e-mail that is sent to you or by you may be copied and held by various computers it passes through them as it goes from me to you or vice versa; and (3) persons not participating in our communication may intercept our communications by improperly accessing your computer or my computer or even some computer unconnected to either of us which the e-mail passed through. I am communicating to you via e-mail because you have consented to receive communications via this medium. If you change your mind and want future communications to be sent in a different fashion, please let me know **AT ONCE**.


**From:** Mazzei, John <jmazzei@bjpc.com>
**Sent:** Friday, June 25, 2021 11:43 AM
**To:** John Appelbaum, Jr <john@caglellc.com>
**Subject:** RE: Lawrence v. Fairfield Et. Al.

Not yet.  I provided initial responses to your request for production with what I have in our case file. I will meet with my clients to supplement the responses and send you interrogatory anwers.

Have a good weekend.



**John Mazzei** | Principal
800 Market Street, Suite 1100
St. Louis, MO 63101
314-242-5347
jmazzei@bjpc.com

Website


**From:** John Appelbaum, Jr <john@caglellc.com>
**Sent:** Wednesday, June 23, 2021 1:17 PM
**To:** Mazzei, John <jmazzei@bjpc.com>
**Subject:** RE: Lawrence v. Fairfield Et. Al.

Good afternoon John,

Electronically Filed - City of St. Louis - May 13, 2022 - 12:40 PM

I don't anticipate that being a problem. I'll look forward to your responses. Also, were you able to find any further information on the trucking company involved?

Thanks and take care,

John S. Appelbaum Jr.



The CAGLE LAW FIRM

500 N. Broadway, Suite 1605
St. Louis Missouri, 63102
Office: (314)-241-1700
Cell: (314)-315-5928
John@caglellc.com

*CONFIDENTIALITY NOTICE*-- THIS E-MAIL TRANSMISSION IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL, OR EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. If the reader of this transmission is *NOT* the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone at 314-241-1700 and delete this message from your system.
NOTE: The Missouri Bar advises Missouri lawyers to notify all recipients of e-mail that (1) e-mail communication is not a secure method of communication; (2) any e-mail that is sent to you or by you may be copied and held by various computers it passes through them as it goes from me to you or vice versa; and (3) persons not participating in our communication may intercept our communications by improperly accessing your computer or my computer or even some computer unconnected to either of us which the e-mail passed through. I am communicating to you via e-mail because you have consented to receive communications via this medium. If you change your mind and want future communications to be sent in a different fashion, please let me know AT ONCE.

**From:** Mazzei, John <jmazzei@bjpc.com>
**Sent:** Wednesday, June 23, 2021 9:41 AM
**To:** John Appelbaum, Jr <john@caglellc.com>
**Subject:** RE: Lawrence v. Fairfield Et. Al.

Hi, John:

We are not going to just rely on our objections.  We are going to be sending you discovery responses as well as a privilege log.  Can we revisit the objections after we provide discovery responses?



BROWN&JAMES
LAW FIRM

John Mazzei | Principal
800 Market Street, Suite 1100
St. Louis, MO 63101
314-242-5347
jmazzei@bjpc.com

Website

**From:** John Appelbaum, Jr <john@caglellc.com>
**Sent:** Tuesday, June 22, 2021 3:18 PM

Electronically Filed - City of St. Louis - May 13, 2022 - 12:40 PM

**To:** Mazzei, John <jmazzei@bjpc.com>
**Subject:** RE: Lawrence v. Fairfield Et. Al.

Good afternoon John,

Please find attached Plaintiff's formal attempt to resolve letter regarding the above styled case.

Thanks and take care,

John S. Appelbaum Jr.



500 N. Broadway, Suite 1605
St. Louis Missouri, 63102
Office: (314)-241-1700
Cell: (314)-315-5928
John@caglellc.com

*CONFIDENTIALITY NOTICE--* THIS E-MAIL TRANSMISSION IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL, OR EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. If the reader of this transmission is *NOT* the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone at 314-241-1700 and delete this message from your system.

NOTE: The Missouri Bar advises Missouri lawyers to notify all recipients of e-mail that (1) e-mail communication is not a secure method of communication; (2) any e-mail that is sent to you or by you may be copied and held by various computers it passes through them as it goes from me to you or vice versa; and (3) persons not participating in our communication may intercept our communications by improperly accessing your computer or my computer or even some computer unconnected to either of us which the e-mail passed through. I am communicating to you via e-mail because you have consented to receive communications via this medium. If you change your mind and want future communications to be sent in a different fashion, please let me know AT ONCE.

---

**From:** Mazzei, John <jmazzei@bjpc.com>
**Sent:** Wednesday, May 5, 2021 10:25 AM
**To:** John Appelbaum, Jr <john@caglellc.com>
**Subject:** RE: Lawrence

We got it off the internet.  This is the best information I have right now.  I will keep on digging.



**John Mazzei** | Principal
800 Market Street, Suite 1100
St. Louis, MO 63101
314-242-5347
jmazzei@bjpc.com

Website | Bio



**John Mazzei** | Principal
800 Market Street, Suite 1100
St. Louis, MO 63101
314-242-5347

4

jmazzei@bjpc.com

Website

**From:** John Appelbaum, Jr [mailto:john@caglellc.com]
**Sent:** Wednesday, May 5, 2021 10:21 AM
**To:** Mazzei, John <jmazzei@bjpc.com>
**Subject:** RE: Lawrence

Thank you John,

Can I ask where you got this info? This was the first entity I served and they signed an affidavit
stating they have not delivered in the St. Louis area in some time. I would like to be sure which
entity is responsible.


Thanks and take care,

John S. Appelbaum Jr.




500 N. Broadway, Suite 1605
St. Louis Missouri, 63102
Office: (314)-241-1700
Cell: (314)-315-5928
John@caglellc.com

*CONFIDENTIALITY NOTICE*-- THIS E-MAIL TRANSMISSION IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR
ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL, OR
EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. If the reader of this transmission is *NOT* the intended recipient, or the
employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution, or copying
of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone at
314-241-1700 and delete this message from your system.
NOTE: The Missouri Bar advises Missouri lawyers to notify all recipients of e-mail that (1) e-mail communication is not a secure method of
communication; (2) any e-mail that is sent to you or by you may be copied and held by various computers it passes through them as it goes
from me to you or vice versa; and (3) persons not participating in our communication may intercept our communications by improperly
accessing your computer or my computer or even some computer unconnected to either of us which the e-mail passed through. I am
communicating to you via e-mail because you have consented to receive communications via this medium. If you change your mind and
want future communications to be sent in a different fashion, please let me know **AT ONCE.**


**From:** Mazzei, John <jmazzei@bjpc.com>
**Sent:** Wednesday, May 5, 2021 10:07 AM
**To:** John Appelbaum, Jr <john@caglellc.com>
**Subject:** Lawrence

Murfreesboro, TN Corporate Office
304 Robert Rose Dr
Murfreesboro, TN 37129
615-793-9500

Electronically Filed - City of St. Louis - May 13, 2022 - 12:40 PM

https://www.ventureexpress.com/



**John Mazzei** | Principal
800 Market Street, Suite 1100
St. Louis, MO 63101
314-242-5347
jmazzei@bjpc.com

Website | Bio

CONFIDENTIALITY NOTE: This message is from a law firm and contains information for the sole use of the intended recipient that may be privileged, attorney work product, or exempt from disclosure under applicable law. If you are not the intended recipient, any distribution, dissemination, or copying of this message, including any attachments, is strictly prohibited. If you received this message in error, or are not the proper recipient, please notify the sender at either the email address or telephone number above and delete this email (and any attachments) from your computer without copying or forwarding it. Thank you.



**John Mazzei** | Principal
800 Market Street, Suite 1100
St. Louis, MO 63101
314-242-5347
jmazzei@bjpc.com

Website

Electronically Filed - City of St. Louis - May 13, 2022 - 12:40 PM



PLAINTIFF'S EXHIBIT
2

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

FONTANIA LAWRENCE,            )
                             )
                  Plaintiff,  )     Cause No.: 2022-CC10591
vs.                          )
                             )     Division:
FAIRFIELD PROCESSING CORPORATION )
                             )
And                          )
                             )
VENTURE EXPRESS, LLC.        )
                  Defendants. )

## PLAINTIFF'S FIRST INTERROGATORIES DIRECTED TO DEFENDANT FAIRFIELD PROCESSING CORPORATION

COMES NOW Plaintiff Fontania Lawrence, ("Plaintiff") pursuant to Missouri Rule of Civil Procedure 57.01, and hereby propounds the following First Interrogatories Directed to Defendant Fairfield Processing Corporation ("Fairfield"), to be answered in writing, under oath and according to law.

## INTERROGATORIES

19.     Is there a bill of lading or any other document describing in detail, the identity of the carrier who owned/operated the truck/tractor/trailer at the time of the accident? If so, please list the custodian of each such document, the title of each, the preparer and employer of each and attach a copy of said document to your responses hereto.

ANSWER:

Respectfully Submitted,

THE CAGLE LAW FIRM

By: _____
John S. Appelbaum Jr., MO#71766
500 North Broadway, Suite 1605
St. Louis, MO 63102
Phone: (314) 241-1700
Fax: (314) 241-1738
E-Mail: john@caglellc.com
*Attorney for Plaintiff*

Electronically Filed - City of St. Louis - May 13, 2022 - 12:40 PM

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was sent electronic mail for service upon the Defendant to the attorneys of record indicated below on March 18, 2021:

BROWN & JAMES, P.C.
John A. Mazzei,
800 Market Street, Suite 1100
St. Louis, Missouri, 63101
(314) 421-3400
(314) 421-3128 (fax)
*ATTORNEYS FOR DEFENDANT*
*FAIRFIELD PROCESSING CORPORATION*

By: _____
John S. Appelbaum Jr. MO#71766

Electronically Filed - City of St. Louis - May 13, 2022 - 12:40 PM



IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

FONTANIA LAWRENCE,                    )
                                      )
                        Plaintiff,    )       Cause No.: 2022-CC10591
vs.                                   )
                                      )       Division:
FAIRFIELD PROCESSING CORPORATION      )
                                      )
And                                   )
                                      )
VENTURE EXPRESS, INC.                 )
                        Defendants.   )

**PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS DIRECTED
TO DEFENDANT FAIRFIELD PROCESSING CORPORATION**

COMES NOW Plaintiff Fontania Lawrence, ("Plaintiff") by and through her attorneys of

record sand pursuant to the Missouri Supreme Court Rules and Missouri Rules of Civil

Procedure and for her First Requests for Production of Documents Directed to Directed to

Defendant Fairfield Processing Corporation ("Fairfield") and request that said documents be

produced to 500 North Broadway, Suite 1605 with thirty (30) days:

1.       Any investigative reports, videos, photos, or other documentary evidence, including

security footage, possessed by or on behalf of Fairfield related to the incident alleged in

Plaintiff's Petition, including copies of any and all photographs, digital images, videotape,

motion pictures, movies and/or any other visual depictions of any kind of the condition on

Premises as alleged in Plaintiff's Petition on December 19, 2019.

**RESPONSE:**

2.       Any and all documents and/or writings of any kind whatsoever reflecting any statements

obtained from any witness, person, who claim to have, knowledge regarding the incident at issue

Electronically Filed - City of St. Louis - May 13, 2022 - 12:40 PM

as described in Plaintiff's Petition for Damages. (Note: If claiming a privilege please provided a privilege log).

**RESPONSE:**

3.      Copies of any statements, either written or recorded or notes of statements taken from Plaintiff.

**RESPONSE:**

4.      Any and all documents, reports and/or writings of any kind whatsoever reflecting notice and/or knowledge of any complaints, concerns, claims and/or lawsuits involving the alleged dangerous condition(s) of the premises alleged in Plaintiff's Petition during the time period between December 19, 2018 and December 19, 2019.

**RESPONSE:**

5.      Certified copies of the declaration pages and all policies of insurance issued to Fairfield, including liability coverage, and any limits of liabilities for the allegations set forth in Plaintiff's petition.

**RESPONSE:**

6.      Copies of any and all medical records and reports of any kind whatsoever relating to and/or regarding the Plaintiff.

**RESPONSE:**

7.      Any and all documents and/or writings of any kind whatsoever that any expert witness you intend to have testify at trial has reviewed which relates to or in any way concerns the incident at issue as more fully described in Plaintiff's Petition for Damages, or which relates to or in any way concerns the injuries and damages suffered and sustained by Plaintiff, or concerns the litigation of this cause in any way whatsoever.

Electronically Filed - City of St. Louis - May 13, 2022 - 12:40 PM

**RESPONSE:**

8.      A curriculum vitae or resume for each expert witness or non-retained expert whom you expect to call to testify at the trial of this cause.

**RESPONSE:**

9.      Any and all documents and/or writings of any kind whatsoever which reflect the identity of the employees, agents and/or servants, or contractors of Fairfield on duty at the loading dock alleged in Plaintiff's Petition on December 19, 2019.

**RESPONSE:**

10.      Please identify the names, addresses, employer, and job title of any individuals which communicated with the Plaintiff subsequent to the incident alleged in Plaintiff's Petition.

**RESPONSE:**

11.      Any documents which reflect the ownership of the premises alleged in Plaintiff's Petition on December 19, 2019.

**RESPONSE:**

12.      Any and all documents, materials, company manuals, handbooks, handouts, pamphlets, brochures, videos, DVDs, or similar materials reflecting any policies and procedures, standing orders, company issued rules or regulations, directives or notices, safety policies or programs, in effect at the time the Incident occurred utilized by Fairfield in instructing or controlling their employees' agents', and/or contractors', work, activities, job performance, regarding the maintenance and repair of, or removal of snow and ice from, any sidewalks on Premises in effect on December 19, 2019.

**RESPONSE:**

Electronically Filed - City of St. Louis - May 13, 2022 - 12:40 PM

13.     Documents reflecting Fairfield's written company policy(ies) regarding suppression, destruction or disposal of evidence in connection with anticipated litigation and/or claims in effect during the period of December 19, 2019 to present.

**RESPONSE:**

14.     A copy of any and all safety inspections and/or audits performed on Premises alleged in Plaintiff's Petition during the time period of December 19, 2018 and December 19, 2019.

**RESPONSE:**

15.     All e-mails, faxes, messages, internet communication, memos, or similar communication between Fairfield and Fairfield's employees and/or agents concerning the incident alleged in Plaintiffs' Petition. Note: said request does not include any communications with Fairfield's counsel.

**RESPONSE:**

16.     Any documents concerning this Incident provided to any third person by Fairfield immediately following said Incident, excluding those to attorneys.

**RESPONSE:**

17.     A copy of any logs, sign-in sheets, or time cards which reflect the identity of all individual employees, agents, or contractors on the loading dock on December 19, 2019.

**RESPONSE:**

18.     Any investigative reports, videos, photos, or other documentary evidence, including security footage, possessed by or on behalf of Decedent related to the incident alleged in Plaintiff's Petition.

**RESPONSE:**

Electronically Filed - City of St. Louis - May 13, 2022 - 12:40 PM

19.    Copies of any and all photographs, digital images, videotape, motion pictures, movies and/or any other visual depictions of any kind of the condition of the loading dock, and the Incident as alleged in Plaintiff's Petition on December 19, 2019.

**RESPONSE**

20.    All documents, materials, company manuals, company issued rules and regulations, directives or notices in effect at the time the Incident occurred utilized by Defendants in controlling their employees and/or agents' work, activities, job performance, regarding supervision and operation of the loading dock and any safety precautions associated therewith.

**RESPONSE:**

21.    Any of Defendant's officers', executives' or administrators' directives, bulletins or written instruments in reference to the day to day operating procedures or policy relating to the supervision and operation of the loading dock on which Plaintiff alleges her incident occurred.

**RESPONSE:**

22.    Any and all documents which reflect Defendants' policies, procedures, safety rules, regulations, or standing orders regarding the inspection, supervision, and operation of the loading dock in effect on December 19, 2019.

**RESPONSE:**

23.    The document creation, retention, and destruction policy of Defendants to include, but not limited to photographs, video, statements, incident reports, injury and incident investigations, premises inspections, logs, and the like for the subject premises.

**RESPONSE:**

Electronically Filed - City of St. Louis - May 13, 2022 - 12:40 PM

Respectfully Submitted,

**THE CAGLE LAW FIRM**

By: _____

**John S. Appelbaum Jr., MO#71766**
500 North Broadway, Suite 1605
St. Louis, MO 63102
Phone: (314) 241-1700
Fax: (314) 241-1738
E-Mail: john@caglellc.com
*Attorney for Plaintiff*

Electronically Filed - City of St. Louis - May 13, 2022 - 12:40 PM

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was sent electronic mail for service upon the Defendant to the attorneys of record indicated below on March 18, 2021:

BROWN & JAMES, P.C.
John A. Mazzei,
800 Market Street, Suite 1100
St. Louis, Missouri, 63101
(314) 421-3400
(314) 421-3128 (fax)
*ATTORNEYS FOR DEFENDANT*
*FAIRFIELD PROCESSING CORPORATION*

By: _____
John S. Appelbaum Jr. MO#71766

Electronically Filed - City of St. Louis - May 13, 2022 - 12:40 PM

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

| | | |
|---|---|---|
| FONTANIA LAWRENCE, | ) | |
| | ) | |
| **Plaintiff,** | ) | Cause No.: 2022-CC10591 |
| vs. | ) | |
| | ) | Division: |
| FAIRFIELD PROCESSING CORPORATION | ) | |
| | ) | |
| And | ) | |
| | ) | |
| VENTURE EXPRESS, INC. | ) | |
| **Defendants.** | ) | |

<u>**PLAINTIFF'S FIRST INTERROGATORIES DIRECTED TO**</u>
<u>**DEFENDANT FAIRFIELD PROCESSING CORPORATION**</u>

 COMES NOW Plaintiff Fontania Lawrence, ("Plaintiff") pursuant to Missouri Rule of

Civil Procedure 57.01, and hereby propounds the following First Interrogatories Directed to

Defendant Fairfield Processing Corporation ("Fairfield"), to be answered in writing, under oath

and according to law.

<u>**Introduction**</u>

 These interrogatories and requests for production which are included pursuant to the

Missouri Rules of Civil Procedure are to be regarded as continuing, and you will be requested to

provide, by way of supplementary answers thereto, such additional information or material as you,

your counsel, or any other person on your behalf, or subject to your control, may hereinafter obtain

which will augment or otherwise modify the answers now given to these interrogatories or requests

for production, which has reference to names and addresses of persons having knowledge of

discoverable facts, which has reference to the names and addresses of expert witnesses expected

to be called to trial, or which corrects these responses to interrogatories or requests for production

which were incorrect when made and which are now incorrect because of a change in

circumstances.

Electronically Filed - City of St. Louis - May 13, 2022 - 12:40 PM

Such supplemental responses are to be filed and served upon the Plaintiff(s) within fourteen (14) days after receipt of such information, but not later than three (3) weeks preceding the date of trial.

## Definitions

"Identify," when referring to an individual person, means to state his or her full name, present or last-known address and telephone number, present or last-known position and business affiliation and title of position held and by whom employed at the time of each event, transaction or occurrence hereinafter referred to.

The term "document," as used herein includes, without limitation, drafts, discarded originals, contracts, leases, agreements, memoranda of agreement, letters, inter-company memoranda, correspondence, memorandum reports or written communications, instructions, reports, newspapers or other publications, photographs, videotapes, blueprints, photographic matters, salary productions, however produced or reproduced, microfilm, computer-generated matter, e-mail, transcripts, or any written communication of any kind whatsoever, now or formerly in, under, or subject to the possession, custody or control of your representatives.

"Identify," when referring to a document, shall mean the date and author, type of document, (e.g., letter, memorandum, etc.), or some other means of identifying it. Further a request for the "description" or "identification" of any document should be understood to include as well a request for the following information:

(a) The name and address of each and every person, as defined below, by whom such "document" was received, to whom it was sent or circulated, or by whom it was received;

(b) The nature and substance of the "document" with sufficient particularity to enable the same to be identified;

(c) The date of the document and the date the document was executed, (if different from the date it bears);

(d) Whether you claim any privilege as to such "document," and if so, a precise statement of the facts on which such claim of privilege is based;

(e) The name and address of each and every person who participated in the drafting or creation of the "document";

Electronically Filed - City of St. Louis - May 13, 2022 - 12:40 PM

(f) The present location and the name and address of the present custodian of the "document"; and

(g) If a "document" was, but no longer is, in your control, the disposition that was made of it, the circumstances surrounding the disposition, the authorization for such disposition, and the date or approximate date thereof.

## INTERROGATORIES

1.      Please state the name, address and telephone number of the person or persons participating in the answering of these interrogatories?  For each person, list the person's official position or relationship with the party to whom the interrogatories are directed, as well as the number of each interrogatory which the person participated in answering.

### ANSWER:

3.      Please state the name address, telephone number, place of employment and job title of any person who has, claims to have, or whom you believe may have, knowledge or information pertaining to any fact alleged in the pleadings filed in this action, or any fact underlying the subject matter of this action, and specify what information those individuals have that is related to Plaintiff's claims.

### ANSWER:

4.      Please state the specific nature and substance of the knowledge that you believe the person(s) identified in your response to Interrogatory No. 2 may have.

### ANSWER:

5.      Please describe any statements concerning the incident made to any employee, contractor, agent, private investigator, insurance company agent or adjuster, or internal investigator employed or contracted by Defendant and/or Defendant's insurance carrier? (Note:  Plaintiff is not requesting any attorney client communications).  If applicable, please state:

(a) The name, address and employer of the person to whom the statement was made;

Electronically Filed - City of St. Louis - May 13, 2022 - 12:40 PM

    (b) The date of each statement;
    (c) Whether the statement was oral or written, and if oral, whether it was recorded;
    (d) The name and address of the custodian(s) of each statement.

**ANSWER:**

6.     Please identify any and all past or present Fairfield employees who would have been on the loading dock as alleged in Plaintiff's Petition on December 19, 2019.  For each such person, state their:

    (a) Address;
    (b) Telephone number; and
    (c) Job description/title and general responsibilities on December 19, 2019.

**ANSWER:**

7.     Please identify all investigations, civil lawsuits, audits, reports, or allegations in any form that contend that Fairfield or any of its employees, subsidiaries, or subcontractors failed to exercise due care in the supervision and operation of the loading dock on Premises alleged in Plaintiff's Petition from December 19, 2018 through December 19, 2019.

**ANSWER:**

8.     Do you have any insurance agreements, policies, contracts or any other items, documents or things of any kind whatsoever which will indemnify you and/or may indemnify you, in whole or in part, against any judgment Plaintiff may obtain in this action?  If so, please state:

    (a)    The name and address of the organization(s), along with any appropriate citation number(s), who may indemnify you.
    (b)    The total limits of coverage on the date of the occurrence referred to in Plaintiff's Petition for Damages; and
    (c)    Please attach such applicable documents to your answers to these interrogatories.

**ANSWER:**

9.     Please identify by name, address, telephone number and field of expertise each retained person you intend to call as an expert witness at trial.  For each retained expert, state the expert's

Electronically Filed - City of St. Louis - May 13, 2022 - 12:40 PM

occupation, place of employment and qualifications to give an opinion, or if such information is available in the expert's curriculum vitae, such curriculum vitae may be attached to this interrogatory answer in response, and state the general nature of the subject matter on which the expert is expected to testify, and the expert's hourly deposition fee.

**ANSWER:**

10.     Please identify by name, address, telephone number and field of expertise each non-retained person you expect to call as an expert witness at trial.

**ANSWER:**

11.     Please describe any incident, other than that described in the Petition, where any person reported injuries arising from improper supervision and operation of the loading dock on Premises as alleged in Plaintiff's Petition, during the two (2) year period prior to the date of this incident and/or during the four (4) months subsequent to this incident? If applicable, as to each report please provide the following information:

        (a) The date of each such incident;
        (b) A brief description of each such incident and the injuries involved; and
        (c) Whether any of the incidents referred to above resulted in a claim and/or lawsuit, and if so, the name of each claimant, date of the filing of each such claim and/or lawsuit, the civil number, if any, and a summary of the disposition of each such claim or lawsuit.

**ANSWER:**

12.     Please describe any system, routine, rules, policies, procedures, or standing orders of any kind to inspect and supervise the operation of the loading dock, and enforcement of safety protocols on the premises alleged in Plaintiff's Petition for its subsidiaries or subcontractors, during the time period of October 1, 2019 and December 19, 2019.  If applicable, please provide:

        (a) A general description of such system or routine;
        (b) The name, address, and particular duties of each person directly involved in such system or routine of inspection and/or maintenance in the general area where this incident occurred as of the date of this incident;

Electronically Filed - City of St. Louis - May 13, 2022 - 12:40 PM

        (c) Dates each individual was involved; and

        (d) A general description of the training materials or manuals related to the safety protocols relating to the inspection and supervisions of fireworks displays.

**ANSWER:**

13.     Please state the name, address, and employer of any individuals with knowledge of how and/or why and/or if the incident alleged in Plaintiff's Petition occurred.

**ANSWER:**

14.     Have you or anybody on your behalf received any statement, (written, recorded, taped, videotaped, audio, adopted statement, reported or otherwise), from the Plaintiff regarding any of the circumstances relating to the incident, events set forth and outlined in Plaintiff's Petition for Damages, her injuries, or other damages?  If so, please attach a copy of said statement(s) to your answers.  By statement(s), Plaintiff specifically intends to include all documents, correspondence, letters, written memorandum, video, audio, or any other tangibles memorializing statements by her. If no such copy exists, state the entirety of each statement.

**ANSWER:**

15.     Have you or anybody on your behalf received any statement, (written, recorded, taped, videotaped, audio, adopted, reported or otherwise), from any individuals, including your employees, agents and/or servants, or from any entities regarding any of the circumstances relating to the events set forth or outlined in Plaintiff's Petition for Damages?  If so, please attach a copy of said statement(s) to your answers.  By statement(s), Plaintiff specifically intends to include all documents, correspondence, letters, written memorandum, video, audio, or any other tangibles memorializing statements by them. If no such copy exists, state the entirety of each statement.

**ANSWER:**

Electronically Filed - City of St. Louis - May 13, 2022 - 12:40 PM

16.    State whether there exist photographs, videotapes, or movies with respect to the automobiles or scene of the Incident mentioned in the Petition.  If so, state the following:

    (a)    Describe each photograph, video, or movie;

    (b)    State the date each was taken;

    (c)    State the name and address of the person taking each such photo, video, or movie;

    (d)    State the name, address, employer, insurer, and job title of the person presently having control or custody of each photograph, video or movie.

**ANSWER:**

17.    Please state whether Defendant and/or its employees, agents and/or servants in the regular course of Defendant's business, conducted an investigation into the events giving rise to Plaintiff's claims as set forth in Plaintiff's Petition for Damages and the injuries sustained by Plaintiff.  If yes, please indicate the names of individuals that participated the investigation, whether that investigation resulted in any kind of written report and/or any other type of tangible item and the name and address of its custodian.

**ANSWER:**

18.    Does any Defendant have any policies or procedures that were in place from December 19, 2018 to the present time related to document creation, retention, and destruction of photographs, audio, video, incident reports, statements of victims or witnesses, maintenance records, work orders, job assignments, training materials, policies and procedures, or loading dock inspection records or logs.  If so, then state:

    a)    Specifically state the policy.

    b)    State the dates said policy was in effect.

    c)    If you will do so without a formal request for production of documents, please attach a full and complete copy of any printed material explaining said policy to Defendant's employees, agents, contractors, or other

personnel, or in the alternative, state verbatim the contents of the printed materials.

d)   Identify each individual who was required to patrol or otherwise view the subject premises at the location where Plaintiff fell on or about the date of the incident, including:

    i.     each person's name, home address, and telephone number;

    ii.    each person's business address and telephone number;

    iii.   each person's current employer and job title; and

    iv.   each person's job title and employer on the date of the incident.

**ANSWER:**

Respectfully Submitted,

**THE CAGLE LAW FIRM**

By: _____

**John S. Appelbaum Jr., MO#71766**
500 North Broadway, Suite 1605
St. Louis, MO 63102
Phone: (314) 241-1700
Fax: (314) 241-1738
E-Mail: john@caglellc.com
*Attorney for Plaintiff*

Electronically Filed - City of St. Louis - May 13, 2022 - 12:40 PM

Electronically Filed - City of St. Louis - May 13, 2022 - 12:40 PM

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was sent electronic mail for service upon the Defendant to the attorneys of record indicated below on March 18, 2021:

BROWN & JAMES, P.C.
John A. Mazzei,
800 Market Street, Suite 1100
St. Louis, Missouri, 63101
(314) 421-3400
(314) 421-3128 (fax)
*ATTORNEYS FOR DEFENDANT*
*FAIRFIELD PROCESSING CORPORATION*

By: _____
John S. Appelbaum Jr. MO#71766

Electronically Filed - City of St. Louis - May 13, 2022 - 12:40 PM

**PLAINTIFF'S
EXHIBIT
4**

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

FONTANIA LAWRENCE,                        )
                                          )
                 Plaintiff,               )
                                          )
vs.                                       )
                                          )    Cause No.: 2022-CC10591
                                          )
FAIRFIELD PROCESSING                      )
CORPORATION,                              )
                                          )    **JURY TRIAL DEMANDED**
and                                       )
                                          )
VENTURE EXPRESS, INC.,                    )
                                          )
                 Defendants.              )

**DEFENDANT FAIRFIELD PROCESSING CORPORATION'S
OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

COMES NOW Defendant Fairfield Processing Corporation, by and through counsel, and

for its Objections to Plaintiff's First Request for Production of Documents, states as follows:

1.      Any investigative reports, videos, photos, or other documentary evidence,

including security footage, possessed by or on behalf of Fairfield related to the incident alleged in

Plaintiff's Petition, including copies of any and all photographs, digital images, videotape, motion

pictures, movies and/or any other visual depictions of any kind of the condition on Premises as

alleged in Plaintiff's Petition on December 19, 2019.

**OBJECTION:** Defendant objects to this request for the reason it calls for information protected
by the work product doctrine, attorney-client privilege, and insurer-insured
privilege.

2.      Any and all documents and/or writings of any kind whatsoever reflecting any

statements obtained from any witness, person, who claim to have, knowledge regarding the

incident at issue as described in Plaintiff's Petition for Damages. (<u>Note</u>: If claiming a privilege

please provided a privilege log).

**OBJECTION:** Defendant objects to this request for the reason it calls for information protected
by the work product doctrine, attorney-client privilege, and insurer-insured
privilege.

Electronically Filed - City of St. Louis - May 13, 2022 - 12:40 PM

4.  Any and all documents, reports and/or writings of any kind whatsoever reflecting notice and/or knowledge of any complaints, concerns, claims and/or lawsuits involving the alleged dangerous condition(s) of the premises alleged in Plaintiff's Petition during the time period between December 19, 2018 and December 19, 2019.

**OBJECTION:** Defendant objects to this request for the reason it calls for information protected by the work product doctrine, attorney-client privilege, and insurer-insured privilege. Defendant also objects to this request for the reason it is overbroad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.

6.  Copies of any and all medical records and reports of any kind whatsoever relating to and/or regarding the Plaintiff.

**OBJECTION:** Defendant objects to this request for the reason it is beyond the scope of discovery as provided for by the Missouri Rules of Civil Procedure. Defendant also objects to this request for the reason the information is equally available to Plaintiff.

7.  Any and all documents and/or writings of any kind whatsoever that any expert witness you intend to have testify at trial has reviewed which relates to or in any way concerns the incident at issue as more fully described in Plaintiff's Petition for Damages, or which relates to or in any way concerns the injuries and damages suffered and sustained by Plaintiff, or concerns the litigation of this cause in any way whatsoever.

**OBJECTION:** Defendant objects to this request for the reason it is beyond the scope of discovery as provided for by the Missouri Rules of Civil Procedure.

9.  Any and all documents and/or writings of any kind whatsoever which reflect the identity of the employees, agents and/or servants, or contractors of Fairfield on duty at the loading dock alleged in Plaintiff's Petition on December 19, 2019.

**RESPONSE:** Defendant objects to this request for the reason it is overbroad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. The alleged incident occurred on December 18, 2019 upon information and belief.

2

Electronically Filed - City of St. Louis - May 13, 2022 - 12:40 PM

12.   Any and all documents, materials, company manuals, handbooks, handouts, pamphlets, brochures, videos, DVDs, or similar materials reflecting any policies and procedures, standing orders, company issued rules or regulations, directives or notices, safety policies or programs, in effect at the time the Incident occurred utilized by Fairfield in instructing or controlling their employees' agents', and/or contractors', work, activities, job performance, regarding the maintenance and repair of, or removal of snow and ice from, any sidewalks on Premises in effect on December 19, 2019.

**OBJECTION:**   Defendant objects to this request for the reason it is overbroad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.  The alleged Incident occurred on December 18, 2019 upon information and belief.

13.  Documents reflecting Fairfield's written company policy(ies) regarding suppression, destruction or disposal of evidence in connection with anticipated litigation and/or claims in effect during the period of December 19, 2019 to present.

**OBJECTION:**   Defendant objects to this request for the reason it is overbroad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.  The alleged Incident occurred on December 18, 2019 upon information and belief.

14.  A copy of any and all safety inspections and/or audits performed on Premises alleged in Plaintiff's Petition during the time period of December 19, 2018 and December 19, 2019.

**OBJECTION:**   Defendant objects to this request for the reason it is overbroad, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. The alleged Incident occurred on December 18, 2019 upon information and belief.

15.  All e-mails, faxes, messages, internet communication, memos, or similar communication between Fairfield and Fairfield's employees and/or agents concerning the incident alleged in Plaintiffs' Petition. Note: said request does not include any communications with Fairfield's counsel.

**OBJECTION:**   Defendant objects to this request for the reason it calls for information protected by the work product doctrine, attorney-client privilege, and insurer-insured privilege.

16.  Any documents concerning this Incident provided to any third person by Fairfield immediately following said Incident, excluding those to attorneys.

Electronically Filed - City of St. Louis - May 13, 2022 - 12:40 PM

**OBJECTION:**   Defendant objects to this request for the reason it calls for information protected by the work product doctrine, attorney-client privilege, and insurer-insured privilege.

17.  A copy of any logs, sign-in sheets, or time cards which reflect the identity of all individual employees, agents, or contractors on the loading dock on December 19, 2019.

**OBJECTION:**   Defendant objects to this request for the reason it is overbroad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.  The alleged incident occurred on December 18, 2019 upon information and belief.

18.  Any investigative reports, videos, photos, or other documentary evidence, including security footage, possessed by or on behalf of Decedent related to the incident alleged in Plaintiff's Petition.

**OBJECTION:**   Defendant objects to this request for the reason it calls for information protected by the work product doctrine, attorney-client privilege, and insurer-insured privilege.

19.  Copies of any and all photographs, digital images, videotape, motion pictures, movies and/or any other visual depictions of any kind of the condition of the loading dock, and the incident as alleged in Plaintiff's Petition on December 19, 2019.

**OBJECTION:**   Defendant objects to this request for the reason it calls for information protected by the work product doctrine, attorney-client privilege, and insurer-insured privilege. Defendant also objects to the request for the reason it is overbroad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. The alleged incident occurred on December 18, 2019 upon information and belief

20.  All documents, materials, company manuals, company issued rules and regulations, directives or notices in effect at the time the incident occurred utilized by Defendants in controlling their employees and/or agents' work, activities, job performance, regarding supervision and operation of the loading dock and any safety precautions associated therewith.

**OBJECTION:**   Defendant objects to this request for the reason it is overbroad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.

21.  Any of Defendant's officers', executives' or administrators' directives, bulletins or written instruments in reference to the day to day operating procedures or policy relating to the supervision and operation of the loading dock on which Plaintiff alleges her incident occurred.

4

Electronically Filed - City of St. Louis - May 13, 2022 - 12:40 PM

**OBJECTION:** Defendant objects to this request for the reason it is overbroad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.

22. Any and all documents which reflect Defendants' policies, procedures, safety rules, regulations, or standing orders regarding the inspection, supervision, and operation of the loading dock in effect on December 19, 2019.

**OBJECTION:** Defendant objects to this request for the reason it is overbroad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. The alleged incident occurred on December 18, 2019 upon information and belief

23. The document creation, retention, and destruction policy of Defendants to include, but not limited to photographs, video, statements, incident reports, injury and incident investigations, premises inspections, logs, and the like for the subject premises.

**OBJECTION:** Defendant objects to this request for the reason it calls for information protected by the work product doctrine, attorney-client privilege, and insurer-insured privilege. Defendant also objects to this request for the reason it is overbroad, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**BROWN & JAMES, P.C.**

/s/John A. Mazzei
John A. Mazzei, MO # 51398
jmazzei@bjpc.com
dbuchanan@bjpc.com
800 Market Street, Suite 1100
St. Louis, Missouri, 63101
(314) 421-3400
(314) 421-3128 (fax)
**Attorneys For Defendant**
**Fairfield Processing Corporation**

Electronically Filed - City of St. Louis - May 13, 2022 - 12:40 PM

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 2nd day of April, 2021, the foregoing was served by Electronic Mail on all attorneys of record. I further certify that pursuant to Rule 55.03(a), I signed the original of the foregoing and that the original signed copy is maintained at our office.

<u>*/s/John A. Mazzei*</u>

JAM/llw
25742317.1

Electronically Filed - City of St. Louis - May 13, 2022 - 12:40 PM

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

FONTANIA LAWRENCE,                    )
                                       )
            Plaintiff,                 )
                                       )
vs.                                    )
                                       )    Cause No.: 2022-CC10591
                                       )
FAIRFIELD PROCESSING                   )
CORPORATION,                           )
                                       )    **JURY TRIAL DEMANDED**
and                                    )
                                       )
VENTURE EXPRESS, INC.,                 )
                                       )
            Defendants.                )

### DEFENDANT FAIRFIELD PROCESSING CORPORATION'S
### OBJECTIONS TO PLAINTIFF'S FIRST INTERROGATORIES

COMES NOW Defendant Fairfield Processing Corporation, by and through counsel, and for its Objections to Plaintiff's First Interrogatories, states as follows:

3. Please state the name address, telephone number, place of employment and job title of any person who has, claims to have, or whom you believe may have, knowledge or information pertaining to any fact alleged in the pleadings filed in this action, or any fact underlying the subject matter of this action, and specify what information those individuals have that is related to Plaintiff's claims.

**OBJECTION:** Defendant objects to this interrogatory for the reason it calls for information protected by the work product doctrine and attorney-client privilege.

4. Please state the specific nature and substance of the knowledge that you believe the person(s) identified in your response to Interrogatory No. 2 may have.

**OBJECTION:** Defendant objects to this interrogatory for the reason it calls for information protected by the work product doctrine and attorney-client privilege.

5. Please describe any statements concerning the incident made to any employee, contractor, agent, private investigator, insurance company agent or adjuster, or internal

Electronically Filed - City of St. Louis - May 13, 2022 - 12:40 PM

investigator employed or contracted by Defendant and/or Defendant's insurance carrier? (Note:

Plaintiff is not requesting any attorney client communications).  If applicable, please state:

> (a) The name, address and employer of the person to whom the statement was made;
> (b) The date of each statement;
> (c) Whether the statement was oral or written, and if oral, whether it was recorded;
> (d) The name and address of the custodian(s) of each statement.

**OBJECTION:**   Defendant objects to this interrogatory for the reason it calls for information protected by the work product doctrine and attorney-client privilege.

7.   Please identify all investigations, civil lawsuits, audits, reports, or allegations in any form that contend that Fairfield or any of its employees, subsidiaries, or subcontractors failed to exercise due care in the supervision and operation of the loading dock on Premises alleged in Plaintiff's Petition from December 19, 2018 through December 19, 2019.

**OBJECTION:**   Defendant objects to this interrogatory for the reason it is overbroad and not reasonably calculated to lead to the discovery of admissible evidence.

11.   Please describe any incident, other than that described in the Petition, where any person reported injuries arising from improper supervision and operation of the loading dock on Premises as alleged in Plaintiff's Petition, during the two (2) year period prior to the date of this incident and/or during the four (4) months subsequent to this incident? If applicable, as to each report please provide the following information:

> (a) The date of each such incident;
> (b) A brief description of each such incident and the injuries involved; and
> (c) Whether any of the incidents referred to above resulted in a claim and/or lawsuit, and if so, the name of each claimant, date of the filing of each such claim and/or lawsuit, the civil number, if any, and a summary of the disposition of each such claim or lawsuit.

**OBJECTION:**   Defendant objects to this interrogatory for the reason it is overbroad and not reasonably calculated to lead to the discovery of admissible evidence.

12.   Please describe any system, routine, rules, policies, procedures, or standing orders of any kind to inspect and supervise the operation of the loading dock, and enforcement of safety protocols on the premises alleged in Plaintiff's Petition for its subsidiaries or subcontractors, during the time period of October 1, 2019 and December 19, 2019.  If applicable, please provide:

Electronically Filed - City of St. Louis - May 13, 2022 - 12:40 PM

(a) A general description of such system or routine;
(b) The name, address, and particular duties of each person directly involved in such system or routine of inspection and/or maintenance in the general area where this incident occurred as of the date of this incident;
(c) Dates each individual was involved; and
(d) A general description of the training materials or manuals related to the safety protocols relating to the inspection and supervisions of fireworks displays.

**OBJECTION:**   Defendant objects to this interrogatory for the reason it is overbroad and not reasonably calculated to lead to the discovery of admissible evidence.

15.   Have you or anybody on your behalf received any statement, (written, recorded, taped, videotaped, audio, adopted, reported or otherwise), from any individuals, including your employees, agents and/or servants, or from any entities regarding any of the circumstances relating to the events set forth or outlined in Plaintiff's Petition for Damages?  If so, please attach a copy of said statement(s) to your answers.  By statement(s), Plaintiff specifically intends to include all documents, correspondence, letters, written memorandum, video, audio, or any other tangibles memorializing statements by them. If no such copy exists, state the entirety of each statement.

**OBJECTION:**   Defendant objects to this interrogatory for the reason it calls for information protected by the work product doctrine and attorney-client privilege.

17.  Please state whether Defendant and/or its employees, agents and/or servants in the regular course of Defendant's business, conducted an investigation into the events giving rise to Plaintiff's claims as set forth in Plaintiff's Petition for Damages and the injuries sustained by Plaintiff.  If yes, please indicate the names of individuals that participated the investigation, whether that investigation resulted in any kind of written report and/or any other type of tangible item and the name and address of its custodian.

**OBJECTION:**   Defendant objects to this interrogatory for the reason it calls for information protected by the work product doctrine and attorney-client privilege.

18.   Does any Defendant have any policies or procedures that were in place from December 19, 2018 to the present time related to document creation, retention, and destruction of photographs, audio, video, incident reports, statements of victims or witnesses, maintenance

3

Electronically Filed - City of St. Louis - May 13, 2022 - 12:40 PM

records, work orders, job assignments, training materials, policies and procedures, or loading

dock inspection records or logs.  If so, then state:

a) Specifically state the policy.
b) State the dates said policy was in effect.
c) If you will do so without a formal request for production of documents, please attach a full and complete copy of any printed material explaining said policy to Defendant's employees, agents, contractors, or other personnel, or in the alternative, state verbatim the contents of the printed materials.
d) Identify each individual who was required to patrol or otherwise view the subject premises at the location where Plaintiff fell on or about the date of the incident, including:

   i.  each person's name, home address, and telephone number;
   ii. each person's business address and telephone number;
   iii. each person's current employer and job title; and
   iv. each person's job title and employer on the date of the incident.

**OBJECTION:**   Defendant objects to this interrogatory for the reason it calls for information protected by the work product and attorney-client privilege.

**BROWN & JAMES, P.C.**

*/s/John A. Mazzei*
John A. Mazzei, MO # 51398
jmazzei@bjpc.com
dbuchanan@bjpc.com
800 Market Street, Suite 1100
St. Louis, Missouri, 63101
(314) 421-3400
(314) 421-3128 (fax)
**Attorneys For Defendant**
**Fairfield Processing Corporation**

4

Electronically Filed - City of St. Louis - May 13, 2022 - 12:40 PM

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of April, 2021, the foregoing was served by Electronic Mail on all attorneys of record.   further certify that pursuant to Rule 55.03(a), I signed the original of the foregoing and that the original signed copy is maintained at our office.

/s/John A. Mazzei_____

JAM/llw
25732480.1



Electronically Filed - City of St. Louis - May 13, 2022 - 12:40 PM

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

FONTANIA LAWRENCE,                  )
                                    )
            Plaintiff,              )
                                    )
vs.                                 )
                                    )       Cause No.: 2022-CC10591
                                    )
FAIRFIELD PROCESSING               )       Division 1
CORPORATION,                        )
                                    )       **JURY TRIAL DEMANDED**
and                                 )
                                    )
VENTURE EXPRESS, INC.,              )
                                    )
            Defendants.             )

### DEFENDANT FAIRFIELD PROCESSING CORPORATION'S ANSWERS TO PLAINTIFF'S FIRST INTERROGATORIES

COMES NOW Defendant Fairfield Processing Corporation ("Defendant"), by and through counsel, and for its Answers to Plaintiff's First Interrogatories, states as follows:

1.  Please state the name, address and telephone number of the person or persons participating in the answering of these interrogatories?  For each person, list the person's official position or relationship with the party to whom the interrogatories are directed, as well as the number of each interrogatory which the person participated in answering.

**ANSWER:  Hector Geist (Director of Operations), Fairfield Processing Corporation (with the assistance of counsel), 6432 Prescott Avenue, St. Louis, MO 63147.  Fairfield employees may be contacted through defense counsel.**

3.  Please state the name address, telephone number, place of employment and job title of any person who has, claims to have, or whom you believe may have, knowledge or information pertaining to any fact alleged in the pleadings filed in this action, or any fact underlying the subject matter of this action, and specify what information those individuals have that is related to Plaintiff's claims.

Electronically Filed - City of St. Louis - May 13, 2022 - 12:40 PM

**ANSWER:**  **Hector Geist (Director of Operations), Fairfield Processing Corporation; Ryan Cannon, (Distribution Supervisor), Fairfield Processing Corporation, 6432 Prescott Avenue, St. Louis, MO 63147.  Fairfield employees may be contacted through defense counsel.**

4.  Please state the specific nature and substance of the knowledge that you believe the person(s) identified in your response to Interrogatory No. 2 may have.

**ANSWER:**  **Plaintiff did not submit Interrogatory No. 2.**

5.  Please describe any statements concerning the incident made to any employee, contractor, agent, private investigator, insurance company agent or adjuster, or internal investigator employed or contracted by Defendant and/or Defendant's insurance carrier? (Note: Plaintiff is not requesting any attorney client communications).  If applicable, please state:

      (a) The name, address and employer of the person to whom the statement was made;
      (b) The date of each statement;
      (c) Whether the statement was oral or written, and if oral, whether it was recorded;
      (d) The name and address of the custodian(s) of each statement.

**ANSWER:**  **See previously filed Objection. Subject to and without waiving, see written statement of Plaintiff produced in Response and First Supplemental Response to Plaintiff's First Request for Production.**

6.  Please identify any and all past or present Fairfield employees who would have been on the loading dock as alleged in Plaintiff's Petition on December 19, 2019.  For each such person, state their:

      (a) Address;
      (b) Telephone number; and
      (c) Job description/title and general responsibilities on December 19, 2019.

**ANSWER:**  **Hector Geist (Director of Operations), Fairfield Processing Corporation; Ryan Cannon (Distribution Supervisor), Fairfield Processing Corporation, 6432 Prescott Avenue, St. Louis, MO 63147.  The alleged incident allegedly occurred on December 18, 2019 according to the written statement of Plaintiff. See employees who may have been at or near the loading dock on December 18, 2019, identified in Second Supplemental Response to Plaintiff's First Request for Production.  Fairfield employees may be contacted through defense counsel.**

2

Electronically Filed - City of St. Louis - May 13, 2022 - 12:40 PM

7.  Please identify all investigations, civil lawsuits, audits, reports, or allegations in any form that contend that Fairfield or any of its employees, subsidiaries, or subcontractors failed to exercise due care in the supervision and operation of the loading dock on Premises alleged in Plaintiff's Petition from December 19, 2018 through December 19, 2019.

**ANSWER:  See previously filed Objection. Subject to and without waiving, Defendant denies it failed to exercise due care in the supervision and operating of the loading dock on December 18, 2019.  The alleged incident allegedly occurred on December 18, 2019 according to the written statement of Plaintiff.  Subject to and without waiving, see written statement of Plaintiff produced in Response and First Supplemental Response to Plaintiff's First Request for Production.**

8.   Do you have any insurance agreements, policies, contracts or any other items, documents or things of any kind whatsoever which will indemnify you and/or may indemnify you, in whole or in part, against any judgment Plaintiff may obtain in this action?  If so, please state:

(a)     The name and address of the organization(s), along with any appropriate citation number(s), who may indemnify you.
(b)     The total limits of coverage on the date of the occurrence referred to in Plaintiff's Petition for Damages; and
(c)     Please attach such applicable documents to your answers to these interrogatories.

**ANSWER:  See Certificate of Liability produced in Response to Plaintiff's First Request for Production.**

9.  Please identify by name, address, telephone number and field of expertise each retained person you intend to call as an expert witness at trial.  For each retained expert, state the expert's occupation, place of employment and qualifications to give an opinion, or if such information is available in the expert's curriculum vitae, such curriculum vitae may be attached to this interrogatory answer in response, and state the general nature of the subject matter on which the expert is expected to testify, and the expert's hourly deposition fee.

**ANSWER:  Defendant states that it will participate in expert witness discovery in the manner provided for by the Missouri Rules of Civil Procedure, and, at that time, in the sequence directed by this Court in its Case Management Order. Defendant reserves the right to elicit expert and/or fact witness testimony from**

3

Electronically Filed - City of St. Louis - May 13, 2022 - 12:40 PM

Plaintiff's treating physicians. Defendant also reserves the right to elicit expert and/or fact witness testimony from any expert witness identified by Plaintiff or any other party. Defendant reserves the right to request an IME. Defendant further reserves the right to have the examining physician testify as to the examination and/or review. Defendant reserves the right to call the examining physician at trial.

10. Please identify by name, address, telephone number and field of expertise each non-retained person you expect to call as an expert witness at trial.

**ANSWER:** Defendant states that it will participate in expert witness discovery in the manner provided for by the Missouri Rules of Civil Procedure, and, at that time, in the sequence directed by this Court in its Case Management Order. Defendant reserves the right to elicit expert and/or fact witness testimony from Plaintiff's treating physicians. Defendant also reserves the right to elicit expert and/or fact witness testimony from any expert witness identified by Plaintiff or any other party.

11. Please describe any incident, other than that described in the Petition, where any person reported injuries arising from improper supervision and operation of the loading dock on Premises as alleged in Plaintiff's Petition, during the two (2) year period prior to the date of this incident and/or during the four (4) months subsequent to this incident? If applicable, as to each report please provide the following information:

    (a) The date of each such incident;
    (b) A brief description of each such incident and the injuries involved; and
    (c) Whether any of the incidents referred to above resulted in a claim and/or lawsuit, and if so, the name of each claimant, date of the filing of each such claim and/or lawsuit, the civil number, if any, and a summary of the disposition of each such claim or lawsuit.

**ANSWER:** See previously filed Objection.

12. Please describe any system, routine, rules, policies, procedures, or standing orders of any kind to inspect and supervise the operation of the loading dock, and enforcement of safety protocols on the premises alleged in Plaintiff's Petition for its subsidiaries or subcontractors, during the time period of October 1, 2019 and December 19, 2019. If applicable, please provide:

    (a) A general description of such system or routine;

Electronically Filed - City of St. Louis - May 13, 2022 - 12:40 PM

      (b) The name, address, and particular duties of each person directly involved in such system or routine of inspection and/or maintenance in the general area where this incident occurred as of the date of this incident;

      (c) Dates each individual was involved; and

      (d) A general description of the training materials or manuals related to the safety protocols relating to the inspection and supervisions of fireworks displays.

**ANSWER:** See previously filed Objection.  Subject to and without waiving, see Chocking Procedures produced in Second Supplemental Response to Plaintiff's First Request for Production.

13.  Please state the name, address, and employer of any individuals with knowledge of how and/or why and/or if the incident alleged in Plaintiff's Petition occurred.

**ANSWER:**  See previously filed Objection. Subject to and without waiving, Fairfield employees Hector Geist and Ryan Cannon were present at the premises on the day of the alleged incident.

14.  Have you or anybody on your behalf received any statement, (written, recorded, taped, videotaped, audio, adopted statement, reported or otherwise), from the Plaintiff regarding any of the circumstances relating to the incident, events set forth and outlined in Plaintiff's Petition for Damages, her injuries, or other damages?  If so, please attach a copy of said statement(s) to your answers.  By statement(s), Plaintiff specifically intends to include all documents, correspondence, letters, written memorandum, video, audio, or any other tangibles memorializing statements by her. If no such copy exists, state the entirety of each statement.

**ANSWER:** See previously filed Objection.  Subject to and without waiving, see written statement of Plaintiff produced in Response and First Supplemental Response to Plaintiff's First Request for Production.

15.  Have you or anybody on your behalf received any statement, (written, recorded, taped, videotaped, audio, adopted, reported or otherwise), from any individuals, including your employees, agents and/or servants, or from any entities regarding any of the circumstances relating to the events set forth or outlined in Plaintiff's Petition for Damages?  If so, please attach a copy of said statement(s) to your answers.  By statement(s), Plaintiff specifically intends to include all

Electronically Filed - City of St. Louis - May 13, 2022 - 12:40 PM

documents, correspondence, letters, written memorandum, video, audio, or any other tangibles

memorializing statements by them. If no such copy exists, state the entirety of each statement.

**ANSWER:  See previously filed Objection. Subject to and without waiving, see written statement of Plaintiff produced in Response and First Supplemental Response to Plaintiff's First Request for Production.**

16.  State whether there exist photographs, videotapes, or movies with respect to the

automobiles or scene of the Incident mentioned in the Petition.  If so, state the following:

(a)     Describe each photograph, video, or movie;

(b)     State the date each was taken;

(c)     State the name and address of the person taking each such photo, video, or movie;

(d)     State the name, address, employer, insurer, and job title of the person presently having control or custody of each photograph, video or movie.

**ANSWER: See previously filed Objection. Subject to and without waiving, see video surveillance footage produced in Response and First Supplemental Response to Plaintiff's First Request for Production.**

17.  Please state whether Defendant and/or its employees, agents and/or servants in the

regular course of Defendant's business, conducted an investigation into the events giving rise to

Plaintiff's claims as set forth in Plaintiff's Petition for Damages and the injuries sustained by

Plaintiff.  If yes, please indicate the names of individuals that participated the investigation,

whether that investigation resulted in any kind of written report and/or any other type of tangible

item and the name and address of its custodian.

**ANSWER: See previously filed Objection. Subject to and without waiving, see written statement of Plaintiff produced in Response and First Supplemental Response to Plaintiff's First Request for Production.**

18. Does any Defendant have any policies or procedures that were in place from December

19, 2018 to the present time related to document creation, retention, and destruction of

photographs, audio, video, incident reports, statements of victims or witnesses, maintenance

Electronically Filed - City of St. Louis - May 13, 2022 - 12:40 PM

records, work orders, job assignments, training materials, policies and procedures, or loading dock inspection records or logs.  If so, then state:

a)   Specifically state the policy.

b)   State the dates said policy was in effect.

c)   If you will do so without a formal request for production of documents, please attach a full and complete copy of any printed material explaining said policy to Defendant's employees, agents, contractors, or other personnel, or in the alternative, state verbatim the contents of the printed materials.

d)   Identify each individual who was required to patrol or otherwise view the subject premises at the location where Plaintiff fell on or about the date of the incident, including:

   i.    each person's name, home address, and telephone number;

   ii.   each person's business address and telephone number;

   iii.  each person's current employer and job title; and

   iv.   each person's job title and employer on the date of the incident.

**ANSWER:**  **See previously filed Objection.  Subject to and without waiving, see Chocking Procedures produced in Second Supplemental Response to Plaintiff's First Request for Production.**

Electronically Filed - City of St. Louis - May 13, 2022 - 12:40 PM

STATE OF MISSOURI )

                    ) SS
CITY OF ST. LOUIS )

      Comes Now HECTOR GEIST, and states that the above Answers to Interrogatories are true to the best of his knowledge, information and belief.

_____

Hector Geist, Fairfield Processing
Corporation

Subscribed and sworn to before me this 1st day of October , 2021.

_____

Notary Public TINA M. HEUER

My Commission Expires

TINA M. HEUER
My Commission Expires
May 24, 2024
St. Louis County
Commission #12468494

8

Electronically Filed - City of St. Louis - May 13, 2022 - 12:40 PM

**BROWN & JAMES, P.C.**


*/s/ John A. Mazzei*
John A. Mazzei, MO # 51398
jmazzei@bjpc.com
dbuchanan@bjpc.com
800 Market Street, Suite 1100
St. Louis, Missouri, 63101
(314) 421-3400
(314) 421-3128 (fax)
**Attorneys for Defendant**
**Fairfield Processing Corporation**


### CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of October, 2021, the foregoing was served electronically to john@caglellc.com.  I further certify that pursuant to Rule 55.03(a), I signed the original of the foregoing and that the original signed copy is maintained at our office.



*/s/ John A. Mazzei*


JAM/llw
25741901.1

9

Electronically Filed - City of St. Louis - May 13, 2022 - 12:40 PM

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

| | | |
|---|---|---|
| FONTANIA LAWRENCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No.: 2022-CC10591 |
| | ) | |
| | ) | |
| FAIRFIELD PROCESSING | ) | Division 1 |
| CORPORATION, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| VENTURE EXPRESS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT FAIRFIELD PROCESSING CORPORATION'S
SECOND SUPPLEMENTAL RESPONSE TO
PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

COMES NOW Defendant Fairfield Processing Corporation ("Defendant"), by and through counsel, and for its Second Supplemental Response to Plaintiff's First Request for Production of Documents, states as follows:

2. Any and all documents and/or writings of any kind whatsoever reflecting any statements obtained from any witness, person, who claim to have, knowledge regarding the incident at issue as described in Plaintiff's Petition for Damages. (Note: If claiming a privilege please provided a privilege log).

**RESPONSE: See previously filed Objection. Subject to and without waiving, see attached e-
              mails.**

9. Any and all documents and/or writings of any kind whatsoever which reflect the identity of the employees, agents and/or servants, or contractors of Fairfield on duty at the loading dock alleged in Plaintiff's Petition on December 19, 2019.

Electronically Filed - City of St. Louis - May 13, 2022 - 12:40 PM

**RESPONSE:  The alleged incident allegedly occurred on December 18, 2019 according to the written statement of Plaintiff.  Subject to and without waiving, see attached Detailed Hours Overview and Employee Timesheet.**

10.  Please identify the names, addresses, employer, and job title of any individuals which communicated with the Plaintiff subsequent to the incident alleged in Plaintiff's Petition.

**RESPONSE:  See attached emails.**

15.  All e-mails, faxes, messages, internet communication, memos, or similar communication between Fairfield and Fairfield's employees and/or agents concerning the incident alleged in Plaintiffs' Petition. Note: said request does not include any communications with Fairfield's counsel.

**RESPONSE:  See previously filed Objection.  Subject to and without waiving, see attached emails.**

16.  Any documents concerning this Incident provided to any third person by Fairfield immediately following said Incident, excluding those to attorneys.

**RESPONSE:  See previously filed Objection.  Subject to and without waiving, see attached emails.**

17.  A copy of any logs, sign-in sheets, or time cards which reflect the identity of all individual employees, agents, or contractors on the loading dock on December 19, 2019.

**RESPONSE:  See previously filed Objection. Subject to and without waiving, see attached Detailed Hours Overview and Employee Timesheet.**

20.  All documents, materials, company manuals, company issued rules and regulations, directives or notices in effect at the time the Incident occurred utilized by Defendants in controlling their employees and/or agents' work, activities, job performance, regarding supervision and operation of the loading dock and any safety precautions associated therewith.

**RESPONSE:  See previously filed Objection. Subject to and without waiving, see attached Chocking Procedures.**

Electronically Filed - City of St. Louis - May 13, 2022 - 12:40 PM

21.  Any of Defendant's officers', executives' or administrators' directives, bulletins

or written instruments in reference to the day to day operating procedures or policy relating to

the supervision and operation of the loading dock on which Plaintiff alleges her incident occurred.

**RESPONSE:** **See previously filed Objection.  Subject to and without waiving, see attached
Chocking Procedures.**

22.  Any and all documents which reflect Defendants' policies, procedures, safety rules,

regulations, or standing orders regarding the inspection, supervision, and operation of the loading

dock in effect on December 19, 2019.

**RESPONSE:** **See previously filed Objection.  The alleged incident allegedly occurred on
December 18, 2019 according to the written statement of Plaintiff.  Subject to
and without waiving, see attached Chocking Procedures.**

**BROWN & JAMES, P.C.**

*/s/ John A. Mazzei*
John A. Mazzei, MO # 51398
jmazzei@bjpc.com
800 Market Street, Suite 1100
St. Louis, Missouri, 63101
(314) 421-3400
(314) 421-3128 (fax)
**Attorneys for Defendant**
**Fairfield Processing Corporation**

3

Electronically Filed - City of St. Louis - May 13, 2022 - 12:40 PM

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of August, 2021, the foregoing was served electronically to john@caglellc.com. I further certify that pursuant to Rule 55.03(a), I signed the original of the foregoing and that the original signed copy is maintained at our office.

*/s/ John A. Mazzei*

JAM
26355483.1

4

Electronically Filed - City of St. Louis - May 13, 2022 - 12:40 PM

PLAINTIFF'S
EXHIBIT
6



※ Fairfield     INCIDENT INVESTIGATION FORM



the Team

Fontana said she was ok

Electronically Filed - City of St. Louis - May 13, 2022 - 12:40 PM

Fairfield
www.fairfieldworld.com

# INCIDENT INVESTIGATION FORM

[redacted]

[redacted]

Employee claims she jumped of a Trailer

Electronically Filed - City of St. Louis - May 13, 2022 - 12:40 PM

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

FONTANIA LAWRENCE,                          )
                                            )
                        Plaintiff,          )       Cause No.: 2022-CC10591
vs.                                         )
                                            )       Division:
FAIRFIELD PROCESSING CORPORATION            )
                                            )
And                                         )
                                            )
VENTURE EXPRESS, LLC.                       )
                        Defendants.         )

**PLAINTIFF'S FIRST INTERROGATORIES DIRECTED TO
DEFENDANT FAIRFIELD PROCESSING CORPORATION**

COMES NOW Plaintiff Fontania Lawrence, ("Plaintiff") pursuant to Missouri Rule of

Civil Procedure 57.01, and hereby propounds the following First Interrogatories Directed to

Defendant Fairfield Processing Corporation ("Fairfield"), to be answered in writing, under oath

and according to law.

**INTERROGATORIES**

19.     Is there a bill of lading or any other document describing in detail, the identity of the carrier
who owned/operated the truck/tractor/trailer at the time of the accident?  If so, please list the
custodian of each such document, the title of each, the preparer and employer of each and attach a
copy of said document to your responses hereto.

ANSWER:

                                    **Respectfully Submitted,**

                                    **THE CAGLE LAW FIRM**

                                    By: _____
                                    **John S. Appelbaum Jr., MO#71766**
                                    500 North Broadway, Suite 1605
                                    St. Louis, MO 63102
                                    Phone: (314) 241-1700
                                    Fax: (314) 241-1738
                                    E-Mail: john@caglellc.com
                                    *Attorney for Plaintiff*



PLAINTIFF'S
EXHIBIT

7

Electronically Filed - City of St. Louis - May 13, 2022 - 12:40 PM

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was sent electronic mail for service upon the Defendant to the attorneys of record indicated below on March 18, 2021:

BROWN & JAMES, P.C.
John A. Mazzei,
800 Market Street, Suite 1100
St. Louis, Missouri, 63101
(314) 421-3400
(314) 421-3128 (fax)
*ATTORNEYS FOR DEFENDANT*
*FAIRFIELD PROCESSING CORPORATION*

By: _____
**John S. Appelbaum Jr. MO#71766**

Electronically Filed - City of St. Louis - May 13, 2022 - 12:40 PM

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

| | | |
|---|---|---|
| FONTANIA LAWRENCE, | ) | |
| | ) | |
| Plaintiff, | ) | Cause No.: 2022-CC10591 |
| vs. | ) | |
| | ) | Division: |
| FAIRFIELD PROCESSING CORPORATION | ) | |
| | ) | |
| And | ) | |
| | ) | |
| VENTURE EXPRESS, LLC. | ) | |
| Defendants. | ) | |

## PLAINTIFF'S MOTION TO COMPEL DEFENDANT'S ANSWERS TO DISCOVERY AND MEMORANDUM IN SUPPORT THEREOF

COMES NOW, Fontania Lawrence ("Plaintiff"), by and through his attorneys The Cagle Law Firm, L.L.C. and for her Motion to Compel and Memorandum in Support of said Motion to Compel Defendant Brook Fairfield Processing Corp. ("Fairfield")'s Answers to Discovery pursuant to Missouri Supreme Court Rule 61, the Missouri Rules of Civil Procedure, and states as follows to the Court:

### INTRODUCTION

The instant case arises out of serious personal injuries sustained by Plaintiff resulting from a incident, on or about December 18-19, 2019, on the property of Fairfield. *See Plaintiff's Petition.* At said date and time, Plaintiff worked as a temporary employee retained to work on a loading bay on Fairfield's premises. *See Plaintiff's Petition.* As Plaintiff straddled the gap between a tractor-trailer to the loading bay in an attempt to remove a ramp connecting the two, the operator of said tractor-trailer, while distracted, unexpectedly pulled away. *Id.* The driver's actions forced Plaintiff to leap onto the bay, injuring her knee. *Id.*



PLAINTIFF'S
EXHIBIT
8

1

Electronically Filed - City of St. Louis - May 13, 2022 - 12:40 PM

Despite numerous attempts, including several informal and formal requests to Fairfield (*See Plaintiff's Exhibit No. 1, E-mail Communication Between Counsel; See Plaintiff's Exhibit No. 2, Plaintiff's Supplemental Interrogatory*), Plaintiff has been unable to determine the identity of the truck driver in question, or the motor carrier who employed him.

Plaintiff served Fairfield with her First Interrogatories and Requests for Production on March 18, 2021. *See Plaintiff's Exhibit No. 3, First Propounded Discovery to Fairfield.* Fairfield served Plaintiff with its objections to such discovery on April 6, 2021. *See Plaintiff's Exhibit No. 4, Fairfield's Objections to Plaintiff's Discovery.* The majority of these objections hold no basis under Missouri law. *Id.* After serving Fairfield's counsel with an attempt to resolve, on June 6, 2021, Fairfield provided only seven documents, including an incident report, a mere twelve words of which are not redacted, and a surveillance video depicting neither the incident in question or Plaintiff in any way. *Plaintiff's Exhibit No. 5, Fairfield's Supplemental Objections and Responses to Plaintiff's Discovery; Plaintiff's Exhibit No. 6, Fairfield's Redacted Incident Report.* Moreover, Fairfield has ignored Plaintiff's Supplemental Interrogatory No. 19, requesting the bill of lading which stands to establish the identity of the truck driver in question and his employer. Despite representing that further documentation and supplemental responses were forthcoming, Plaintiff has received no correspondence on this case in some sixty (60) days.

As such, Plaintiff would request this Court overrule Fairfield's improper objections and compel appropriate responses and production pursuant to the Missouri Supreme Court Rules.

### **RULE**

Under the explicit provisions of the Missouri Supreme Court Rules, "parties may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to

Electronically Filed - City of St. Louis - May 13, 2022 - 12:40 PM

the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents or other tangible things and the identity and location of persons having knowledge of any discoverable matter." Mo. Sup. Ct. R. 56.01.

The Missouri rules of discovery allow parties to obtain information regarding any matter "relevant to the subject matter involved in the pending action" provided the matter is not privileged. Rule 56.01(b)(1); *See also State ex. rel. Laurie Dean v. The Honorable Jon A. Cunningham*, 182 S.W.3d 561 (Mo. 2006). Discovery serves to aid litigants in determining the facts and ascertaining all of the evidence with which to "develop their respective contentions and to present their respective sides of the issues framed by the pleadings." *State ex rel Martel v. Gallagher*, 797 S.W.2d 730, 731 (Mo. App. 1990). Missouri law grants discovery requests a broad scope or "a tendency towards liberality in discovery." *State ex rel. Solfa v. Ely,* 875 S.W.2d 5790, 581 (Mo. App. 1994). Evidence need only be reasonably calculated to lead to the discovery of admissible evidence to become discoverable. *In re Marriage of Hershewe,* 931 S.W.2d 198, 201 (Mo. App. 1996). This includes not only evidence as to plaintiff's claims, but also evidence and documents regarding the defenses of one's adversary. *Clark v. Faith Hospital Association*, 472 S.W.2d 375 (Mo. 1971). "[I]f this right of discovery is to have practical value, the party invoking it should not be held to too strict a showing as to the contents of records that [s]he has never seen." *State ex rel Iron Fireman Corp. v. Ward,* 173 S.W.2d 920, 923 (Mo. banc 1943). When applying these rules, a "trial court's discretion to deny discovery is commensurately more limited." *State ex rel Martel v. Gallagher* at 731.

## ARGUMENT

3

Electronically Filed - City of St. Louis - May 13, 2022 - 12:40 PM

**I.**  **Defendants Improperly Attempt to Shield Information Explicitly Contemplated by the Rules from Discovery.**

Defendants attempts to bar discovery of information specifically permitted under Rule 56.01. As stated above the Rules of the Missouri Supreme Court permit the discovery regarding:

> [A]ny matter, not privileged, that is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents or other tangible things and the identity and location of persons having knowledge of any discoverable matter.

> Moreover, Missouri Supreme Court Rule 57.01(a) provides that:

> [A]ny party may serve upon any other party written interrogatories. Interrogatories may relate to any matter that can be inquired into under Rule 56.01. An interrogatory otherwise proper is not necessarily objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact, but the court may order that such an interrogatory need not be answered until after designated discovery has been completed or until a pretrial conference or other later time.

Interrogatories Nos. 3-4, and Requests for Production 9 speak to claims Plaintiff has made against Fairfield and seek information related to the identity of potential witnesses and the substance of the knowledge they might have. *See Exhibit 2; Exhibit 3; Exhibit 4; Exhibit 5.* As such, the information requested therein is explicitly discoverable under Rule 56.01.

Furthermore, Plaintiff's Interrogatory No. 19, requests a bill of lading evidencing the identity of the carrier responsible for Plaintiff's injury. Such information is clearly contemplated by Rule 56.01, which renders discoverable the identity and location of persons having knowledge of any discoverable matter. Nevertheless, Defendant has failed to even provide a response to said request, leaving Plaintiff unable to prosecute her case.

Finally, Fairfield's objection to Interrogatory 16 and Request for Production Nos. 1 and 18-19, seeking any photographs, videotapes, or movies depicting the scene of the incident in

Electronically Filed - City of St. Louis - May 13, 2022 - 12:40 PM

Fairfield's possession, falls flat under Missouri Supreme Court precedent. The Supreme Court in *State ex rel. McConaha v. Allen*, 979 S.W.2d 188, 189–90 (Mo. 1998) found that "[u]nder Rule 56.01(b)(3)(b) and this Court's decision in *Koehr*. . . surveillance videotape [are] statement[s] . . . discoverable without a showing of undue hardship. *Id.* As such, Plaintiff is categorically entitled to any evidence obtained via surveillance on behalf of Fairfield. Nevertheless, Fairfield has objected on the basis of work product privilege and produced subject to said objection, one surveillance video containing neither the scene of the incident nor Plaintiff.

### III.  **Defendants Have Failed To Provide Sufficient Evidence To Bar Discovery Via The Work Product Doctrine or Any Other Privilege.**

A.  Defendants' Unsupported Claims of Privilege Are Improper Under Missouri Law.

Moreover, in response to Interrogatories Nos. 5, 15, 17, and 18 and Requests for Production Nos. 1, 2, 15, 16, 18, and 19 to Fairfield, it raises the potential of work product, insured-insurer, or attorney-client privilege. *See Exhibit 2; Exhibit 3; Exhibit 4; Exhibit 5.* However, such assertions are insufficient under Missouri law.

Claims of privilege or protection are considered impediments to discovery of the truth, deserving of careful scrutiny. *See State ex rel. Health Midwest Develop. Group, Inc. v. Daugherty*, 965 S.W.2d 841 (Mo. Banc 1998). Therefore, Defendant bears the burden of proving the applicability of any alleged exception to discovery. *State ex re. State Board of Pharmacy v. Otto*, 866 S.W.2d 480, 483 (Mo. App. W.D. 1993); *State ex rel. Dixon v. Darnold,* 939 S.W.2d 66, 70 (Mo. App. S.D. 1997). This burden includes a requirement that Defendants state with particularity the grounds for the objection and provide sufficiently specific facts to allow the Court to determine whether they have satisfied each and every element of the claimed privilege for every document or item they seek to withhold. *State ex rel. Dixon v. Darnold*, 939 S.W.2d

Electronically Filed - City of St. Louis - May 13, 2022 - 12:40 PM

66, 70 (Mo. App. S.D. 1997); Mo. R. Civ. Pro. 55.26 (a). Failure to prove any element of the claimed protection causes the entire claim to fail. *Id.*

A blanket assertion of protection is insufficient as a matter of law. *Id.*; *State ex rel. Freidman v. Provaznik*, 668 S.W.2d 76 (Mo. banc. 1984). Moreover, Missouri Courts have rejected claims of attorney-client privilege that were "generic," "non-specific," "hypothetical," "blanket assertions," or where such claims applied to matters "*potentially* privileged," or which "*may* require ... disclosure" of privileged communications. *Id.* at 117-18 (emphasis added).

As such, Fairfield's assertions of several potential privileges, without any supporting evidence, fall well short of their burden of proof. Fairfield fails to explain with particularity why the proffered discovery stands to expose privileged or confidential information. *See Exhibit 2; Exhibit 3; Exhibit 4; Exhibit 5.* Put another way, Fairfield, attempts to usurp the authority of the Court, and unilaterally determine that privilege applies, that no exceptions to said privileges apply, and that they therefore need not produce whichever documents or information they so choose. Therefore, Plaintiff requests this Court to compel Fairfield's production of the requested information and documents.

B.   Defendants' Objections Fail to Properly Assert Work Product Privilege or Address the Potential Exception to It's Applicability.

Moreover, Fairfield improperly asserts the protection of work product doctrine to bar large swaths of Plaintiff's propounded discovery. *See Exhibit 2; Exhibit 3; Exhibit 4; Exhibit 5.* Interrogatories No. 5, 15, and 17 and Requests for Production Nos. 1, 2, 15, 16, 18, and 19 request information related to any incident report or investigation conducted related to the December 18, 2019 incident, copies of said reports, and any photographs or statements related thereto. *Id.*

6

Electronically Filed - City of St. Louis - May 13, 2022 - 12:40 PM

Again, under Missouri Law, blanket assertions of privilege do not properly establish protection under work product doctrine. Instead, to assert this privilege, a party must "establish, via competent evidence, that the materials sought to be protected (1) are documents or tangible things, (2) were prepared in anticipation of litigation or trial, and (3) were prepared by or for a party or a representative of that party." *State ex rel. Ford Motor Co. v. Westbrooke*, 151 S.W3.d 364, 367 (Mo. banc 2004). Because any information related to these discovery requests would likely have preceded anticipation of litigation Fairfield may not properly assert work product protection.

Moreover, Plaintiff may discover statements, photographs, or other evidence obtained by the insurance company relating to the alleged incident not prepared in anticipation of litigation, but rather, in the ordinary course of business. *Ratcliff v. Sprint Missouri, Inc.*, 261 S.W.3d 534, 548 (Mo. Ct. App. W.D. 2008). As such, evidence prepared or collected in the ordinary course of business, and not as communications between the insurer and the insured, is not privileged. *Id.* Furthermore, as stated supra, any surveillance videos or photographs depicting Plaintiff are statements, discoverable without a showing of undue hardship. *Supra.*

As such, under Missouri Law, to assert work product protection, Fairfield must provide some competent evidence providing Plaintiff and the Court with some guidance as to whether such protection applies; these blanket assertions provide no such evidence. As such, Fairfield can not refute the possibility that the ordinary course of business exception to the insured insurer privilege, attorney-client privilege, or work product protection applies in this case. Fairfield has thus failed to carry their burden of proof and can not bar the propounded discovery via its unsupported assertions.

Electronically Filed - City of St. Louis - May 13, 2022 - 12:40 PM

Therefore, Plaintiff requests this Court overrule said objections and compel Fairfield to provide appropriate responses to Plaintiff's requests.

### III.  Evidence That Fairfield or Its Agents, Employees, or Contractors Had Notice of The Dangerous Condition Is Admissible.

Fairfield makes further objections to Interrogatories Nos. 7, and 11, and Requests for Production Nos. 4, and 14, asserting that these requests exceed the scope of the Missouri Rules of Civil Procedure, are over broad, unduly burdensome, not appropriately limited, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. *See Exhibit 4; Exhibit 5.* Once again, when tested against Missouri Law, Fairfield's argument falls flat. The above listed Interrogatories and Requests for Production seek information related to prior incidents of accidents occurring under similar circumstances to that which cause Plaintiff's injury. *Exhibit 3.*

While "evidence of similar acts of negligence generally is not admissible to demonstrate that a party acted negligently at a subsequent incident", (*Lohmann v. Norfolk & Western Railway Company,* 948 S.W.2d 659, 671 (Mo.App. W.D.1997)), a defendant's knowledge of prior accidents, or information standing to show that defendant should have, using ordinary care, known of a dangerous condition is far from a novel concept in Missouri common law. *State ex rel. Stolfa v. Ely,* 875 S.W.2d 579, 581 (Mo. Ct. App. 1994). Furthermore, under Missouri Law, the question of whether a company has procedures or policies, but does not enforce them, that is unquestionably relevant. *See Ybarra v. Burlington Northern Inc.,* 689 F.2d 147, 150 (8th Cir. 1982). The same is true for violation of company standards, industry standards, or regulations and statutes. *Reed v. Missouri-Kansas-Texas Railroad Co.,* 239 S.W.2d 328 (Mo. 1951); *First National Bank of Fort Smith v. Kansas City Southern Railway Co.,* 865 S.W.2d 719 (Mo. App. W.D. 1993).

Electronically Filed - City of St. Louis - May 13, 2022 - 12:40 PM

Therefore, Plaintiff's discovery requests relating directly to prior incidents relate directly to Fairfield's knowledge of the dangerous condition.

As such, once again, despite Fairfield's attempt to assume the role of finder of law, there remain circumstances where the information requested is, not only discoverable, but specifically admissible. Therefore, Plaintiff would request this Court overrule said objections, and compel proper responses.

IV.   **Evidence Of Fairfield's Policies And Procedures Tend To Prove The Elements Of Its Negligence and Are Therefore Discoverable.**

Defendant Investment further objects to Plaintiff's Interrogatories Nos. 12 and 18, and Requests for Production Nos. 12, 13, 20, 21, 22, and 23 seeking Fairfield's policies and procedures regarding the training it provided, or regulations or policies it adopted, stating that such requests are overbroad, vague, and ambiguous. *See Exhibit 4; Exhibit 5.*

Missouri recognizes not only the theory of vicarious liability of a corporation for the negligence of its employees, but also for its own. *Spence v. BNSF Railway Co.*, 2018 WL 3185473 (Mo. 2018).

Such evidence may tend to prove Fairfield's own negligence. Under Missouri Law, the question of whether a company has procedures or policies, but does not enforce them, that is unquestionably relevant. *See Ybarra v. Burlington Northern Inc.*, 689 F.2d 147, 150 (8th Cir. 1982). The same is true for violation of company standards, industry standards, or regulations and statutes. *Reed v. Missouri-Kansas-Texas Railroad Co.*, 239 S.W.2d 328 (Mo. 1951); *First National Bank of Fort Smith v. Kansas City Southern Railway Co.*, 865 S.W.2d 719 (Mo. App. W.D. 1993) (finding evidence that a company adopted rules or standards but failed to follow them in conscious (or flagrant) disregard for the public, presented a jury question as to punitive

Electronically Filed - City of St. Louis - May 13, 2022 - 12:40 PM

damages). As such, evidence that Fairfield adopted certain policies and procedures, but failed to implement or enforce them is not only discoverable, but admissible to the jury.

As such, Plaintiff requests this Court overrule Fairfield's objections and compel their production of the relevant policies and procedures, and associated training manuals.

## CONCLUSION

Plaintiff served specific and directed discovery to Defendant based upon the elements of her asserted claims. This discovery sought material clearly relevant to each of these claims. Such documents would not only likely lead to the discovery of admissible evidence, but may in fact be admissible evidence. In response, Defendants have filed multiple blanket, general objections, with no foundation in Missouri law. As such, Plaintiff would ask the Court to enter its Order requiring full and complete answers to each of the Interrogatories and Requests identified above.

**WHEREFORE,** Plaintiff prays for this Court to overrule Defendants Ledbetter's and SWBT's Objections to Interrogatories and Request for Production of Documents, Order Defendants to answer and make all disclosures called for in Plaintiff's discovery within twenty (20) days without further objection and for any such other and further relief as this Court deems appropriate.

Respectfully Submitted,

THE CAGLE LAW FIRM

By: _____
John S. Appelbaum Jr., MO #71766
Zane T. Cagle, MO#53775
500 North Broadway, Suite 1605
St. Louis, MO 63102
Phone: (314) 241-1700
Fax: (314) 241-1738
E-Mail: zane@caglellc.com
E-Mail: john@caglellc.com
*Attorney for Plaintiff*

Electronically Filed - City of St. Louis - May 13, 2022 - 12:40 PM

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was sent via electronic mail and through this Court's Electronic Filing Service for service upon Counsel for Defendant at the address listed below on this the 8th day of December, 2021:


BROWN & JAMES, P.C.

John A. Mazzei,
jmazzei@bjpc.com
dbuchanan@bjpc.com
800 Market Street, Suite 1100
St. Louis, Missouri, 63101
(314) 421-3400
(314) 421-3128 (fax)
Attorneys For Defendant
Fairfield Processing Corporation

By: _____
John S. Appelbaum Jr., MO #71766

Electronically Filed - City of St. Louis - May 13, 2022 - 12:40 PM


The

**AGLE LAW FIRM**

**www.AllInjuryAttorney.com**

December 30, 2019

**Sent Via Certified Mail Return Receipt**
Fairfield Processing Corporation
Attn: Ryan Cannon and/or Management
6432 Prescott Ave.
St. Louis, MO 63147

**RE:   Our Client:          Fontania Lawrence**
**       Date of Collision:  December 19, 2019 at approximately 1 p.m. (CST)**

To All It May Concern:

I am writing to advise that my law firm represents Fontania Lawrence (hereinafter "Ms. Lawrence") as a result of personal injuries she suffered during a motor vehicle incident, which occurred on December 19, 2019, involving a commercial vehicle transporting goods from your office in St. Louis, Missouri.

This letter is to formally demand the preservation of evidence related to this incident.  If you fail to properly secure and preserve evidence, it will give rise to the legal presumption that the evidence would have been harmful to your side of the case. If you fail to preserve and maintain evidence, we will seek all available sanctions under the law. The destruction, alteration, or loss of any of the below constitutes a spoliation of evidence under the law.

We specifically request that the following evidence be maintained and preserved and not be destroyed, modified, altered, repaired, or changed in any manner. WE FURTHER REQUEST THAT YOU IMMEDIATELY PRINT AND SAVE ON PAPER ANY OF THE ELECTRONIC RECORDS REQUESTED BELOW, IN ADDITION TO PRESERVING THE ELECTRONIC RECORDS AS SET FORTH BELOW. The items you are required to save include:

1. Any incident reports related to the December 19, 2019 incident.

2. Any photographs or videos taken of the incident, and any video taken up to five (5) hours before and after the incident.

3. Any incidents reports related to similar incidents from six (6) months prior to the December 19, 2019 incident.

4. Photographs of the interior and exterior of vehicles involved in this accident or the accident scene.

5. Any applicable driver's post-accident alcohol and drug testing results.

1

**PLAINTIFF'S EXHIBIT**
9

Electronically Filed - City of St. Louis - May 13, 2022 - 12:40 PM

6. Any lease contracts or agreements covering the applicable driver or the truck involved in the accident.

7. Any witness statements given related to the December 19, 2019 incident.

8. Any data or printout from on-board recording devices, including, but not limited to, the ECM (electronic control module), any on-board computer tachograph, trip monitor, trip recorder, trip master or other recording device for the day of the accident and the six- (6) month period preceding the accident.

9. Any e-mails, electronic messages, letters, memos, or other documents concerning this accident.

10. Any manuals, guidelines, rules, regulations, policies, and procedures given to Fairfield's drivers.

11. Any reports, memos, notes, logs, or other documents evidencing complaints about Fairfield.

12. Any other items associated in any way with the wreck, documents, database, or other pieces of evidence concerning or reflecting upon the driver, the collision, the scene of the collision, or the vehicle.

13. All crash reports whether done by Fairfield, a government entity, or any other employees or agents of Fairfield concerning the December 19, 2019 crash.

If business practices of either your or your employees, agents, contractors, carriers, bailees, or other non-parties who possess materials reasonably anticipated to be subject to discovery in this matter involve the routine destruction, recycling, relocation, or mutation of such materials, you should, to the extent possible for the pendency of this matter, either halt such business processes; sequester or remove such material from the business process; or arrange for the preservation of original documents, data, and tangible things, including electronic data and systems, as set out below.

Failure to preserve and retain the electronic data identified in this notice may constitute spoliation of evidence and could result in claims for damages, as well as evidentiary and monetary sanctions. Please be advised that simply continuing to use the computer system may destroy personal evidence critical to this matter. Consequently, you are instructed to preserve any media containing the above described data before further use. Pending further discovery concerning your client's computer system or any further agreement of the parties as to the preservation and production of electronic evidence, respondent should take the following steps to preserve the electronic evidence.

All tapes, disks, electronic storage devices or other media used to back up the electronic data of any device used to manage, manipulate or store data in the above-referenced matter and meeting the above-described parameters should be disconnected from power and a network

Electronically Filed - City of St. Louis - May 13, 2022 - 12:40 PM

connection, removed from rotation or further use and preserved as evidence in a secured area. All online storage devices such as hard drives for computer systems used to manage, manipulate or store data in the above-referenced matter and meeting the above-described parameters should be removed from operation and preserved as evidence. All offline storage devices such as floppy disks, CD-ROMs, etc., for computer systems used to manage, manipulate or store data in the above-referenced matter and meeting the above-described parameters should be removed from operation and preserved as evidence in a secured area.

In order to minimize disruption to continuing business operations, those in possession of the data and computer systems in question should consider using tools like Norton Ghost to make working duplicates of the original computer disk drives. The new duplicates can then be swapped with the original disks so that continuing operations can resume. The originals should then be removed and preserved as evidence. It is recommended that the Information Technology professional conducting the duplication be familiar with and test the product prior to duplication. If the computer system was powered off prior to making the duplication, a bootable version of the duplication tool should be used so that important data such as time and date stamps, swap files, etc., are not altered by the duplication process when the system is restarted. Forensic grade images of the drives can be made at a later time, since creation of forensic grade images will take considerably longer than creating the working duplicates.

In order to assure that your obligation to preserve documents is met, please immediately forward a copy of this letter to all persons and entities with custodial responsibility for the items referred to in this letter.

In regard to the truck/tractor and trailer involved in this collision, we would like to set up a mutually convenient time for our expert to inspect, examine, and conduct tests on the unit. We specifically request that you make no repairs or adjustments to the tractor or trailer until this inspection is completed. Please contact us to discuss the scheduling of an inspection. We require you to put any vendor which hosts or stores any of the above data for you on notice of the need to preserve this data.

In the meantime, if you have any questions, please do not hesitate to call. Thank you for your kind attention.

Very Truly Yours,

John S. Appelbaum Jr.

Electronically Filed - City of St. Louis - June 21, 2022 - 10:36 AM

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

| | |
|---|---|
| FONTANIA LAWRENCE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Cause No.: 2022-CC10591 |
| | ) |
| FAIRFIELD PROCESSING | ) |
| CORPORATION, | ) |
| | ) |
| and | ) |
| | ) |
| VENTURE EXPRESS, INC., | ) |
| | ) |
| Defendants. | ) |

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned certifies that Defendant Fairfield Processing Corporation served its

Answers to Plaintiff's First Interrogatories #19, via Electronic Mail to: **Zane@caglellc.com,** Zane

Cagle, The Cagle Law Firm, 500 North Broadway, Suite 1605, St. Louis, MO  63102 on this 21st

day of June, 2022.

BROWN & JAMES, P.C.

/s/ *John A. Mazzei*
John A. Mazzei, MO # 51398
jmazzei@bjpc.com
dbuchanan@bjpc.com
800 Market Street, Suite 1100
St. Louis, Missouri, 63101
(314) 421-3400
(314) 421-3128 (fax)
Attorneys For Defendant,
Fairfield Processing Corporation

Electronically Filed - City of St. Louis - June 21, 2022 - 10:36 AM

**CERTIFICATE OF SERVICE**

     I hereby certify that on this 21st day of June, 2022, the foregoing was electronically filed using the Missouri eFiling system, which will send notice of electronic filing to all registered attorneys of record. I further certify that pursuant to Rule 55.03(a), I signed the original of the foregoing and that the original signed copy is maintained at our office.

/s/ *John A. Mazzei*

JAM/llw
27773091.1

JAM/llw
25650607.1

Electronically Filed - City of St. Louis - June 21, 2022 - 02:09 PM

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

| | | |
|---|---|---|
| FONTANIA LAWRENCE, | ) | |
| | ) | |
| Plaintiff, | ) | Cause No.: 2022-CC10591 |
| vs. | ) | |
| | ) | |
| FAIRFIELD PROCESSING CORPORATION, | ) | |
| et al. | ) | |
| | ) | |
| Defendants. | ) | |

**<u>NOTICE OF CANCELATION HEARING</u>**

COMES NOW Plaintiff by and through her attorneys of record and hereby cancels the

hearing for Plaintiff's Motion to Compel from Defendant Fairfield Processing Corporation in the

Circuit Court of St. Louis City before the judge hearing on Wednesday, June 22, 2022 at 10:30

a.m.

**Respectfully Submitted,**

**THE CAGLE LAW FIRM**

BY: */s/ Zane T. Cagle*
**Zane T. Cagle; MO#53775**
500 North Broadway, Suite 1605
St. Louis, MO 63102
Phone: (314) 241-1700
Fax: (314) 241-1738
E-Mail: zane@caglellc.com
*Attorneys for Plaintiff*

Electronically Filed - City of St. Louis - June 21, 2022 - 02:09 PM

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the foregoing was sent this 21st day of June,  2022 to the following via the Court's e filing system:

BROWN & JAMES, P.C.
John A. Mazzei,
jmazzei@bjpc.com
dbuchanan@bjpc.com
800 Market Street, Suite 1100
St. Louis, Missouri, 63101
Phone : (314) 421-3400
Fax : (314) 421-3128
*Attorneys for Defendant*
*Fairfield Processing Corporation*

Respectfully Submitted,

THE CAGLE LAW FIRM

BY: */S/ Zane T. Cagle*
Zane T. Cagle; MO#53775
500 North Broadway, Suite 1605
St. Louis, MO 63102
Phone: (314) 241-1700
Fax: (314) 241-1738
E-Mail: zane@caglellc.com
*Attorneys for Plaintiff*

Electronically Filed - City of St. Louis - June 21, 2022 - 11:10 AM

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

| | | |
|---|---|---|
| FONTANIA LAWRENCE, | ) | |
| | ) | |
| Plaintiff, | ) | Cause No.: 2022-CC10591 |
| vs. | ) | |
| | ) | |
| FAIRFIELD PROCESSING CORPORATION, | ) | |
| et al. | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED PETITION**

COMES NOW Plaintiff Fontania Lawrence (hereafter "Plaintiff") by and through her attorneys of record and for her Motion for Leave to File Second Amened Petition and states to this Honorable Court as follows:

1.  On December 29, 2020, Plaintiff filed this lawsuit.

2.  This action arises out of an incident on December 19, 2019, at a facility here in the City of St. Louis.

3.  Plaintiff for the first time today (June 21, 2022) after filing a Motion to Compel against Defendant Fairfield Processing Corporation learned the identity of Venture Transport, LLC (hereinafter "Venture").

4.  Based upon information and belief Venture is a proper defendant in this case.

5.  Plaintiff wishes to amend her Petition to add the newly discovered Defendant.

6.  Defendants will not be prejudice if Plaintiff is granted leave to file her Second Amended Petition as no deposition have been completed and no trial setting entered in this case to date.

7.  Plaintiff will be prejudice if not allowed to amend her Petition to add the newly discovered Defendant, Venture.

Electronically Filed - City of St. Louis - June 21, 2022 - 11:10 AM

8. Plaintiff's proposed Second Amended Petition is attached hereto. *See Plaintiff's Exhibit#1, attached hereto.*

9. Counsel for Defendant Fairfield Processing Corporation (the only defendant) has no objection to Plaintiff being granted leave to file her Second Amended Petition.

WHEREFORE, Plaintiff prays this Court enter an order granting Plaintiff's Motion for Leave to File Second Amended Petition and for any further relief this Court deems just and proper under the circumstances.

.

Respectfully Submitted,

**THE CAGLE LAW FIRM**

By: ***/S/ Zane T. Cagle***
**Zane T. Cagle, MO#53775**
500 North Broadway, Suite 1605
St. Louis, MO 63102
Phone: (314) 241-1700
Fax: (314) 241-1738
E-mail:zane@caglellc.com
*Attorneys for Plaintiff*

Electronically Filed - City of St. Louis - June 21, 2022 - 11:10 AM

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was served upon the attorneys of record via electronic filing with the Clerk of this Court on this 21st day of June, 2022:

BROWN & JAMES, P.C.
John A. Mazzei,
jmazzei@bjpc.com
dbuchanan@bjpc.com
800 Market Street, Suite 1100
St. Louis, Missouri, 63101
Phone : (314) 421-3400
Fax : (314) 421-3128
*Attorneys for Defendant*
*Fairfield Processing Corporation*

Respectfully Submitted,

**THE CAGLE LAW FIRM**

By: */S/ Zane T. Cagle*
**Zane T. Cagle, MO#53775**
500 North Broadway, Suite 1605
St. Louis, MO 63102
Phone: (314) 241-1700
Fax: (314) 241-1738
E-mail:zane@caglellc.com
*Attorneys for Plaintiff*

Electronically Filed - City of St. Louis - June 21, 2022 - 11:10 AM

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

FONTANIA LAWRENCE,                        )
                                          )
    Plaintiff                         )
                                          )
vs.                                       )
                                          )        Cause No.: 2022-CC10591
FAIRFIELD PROCESSING CORPORATION;         )
VENTURE TRANSPORT, LLC D/B/A              )        **PLAINTIFF DEMANDS TRIAL**
VENTURE LOGISTICS                         )        **BY JURY ON ALL COUNTS**
                                          )
    Defendants.                       )

## **SECOND AMENDED PETITION**

COMES NOW Plaintiff Fontania Lawrence ("Plaintiff") by and through by and through her attorneys of record and pursuant to the Missouri Supreme Court Rules and Rules of Civil Procedure, and for her Petition against Defendant Fairfield Processing Corporation ("Fairfield"), and Defendant Venture Transport, LLC d/b/a Venture Logistics ("Venture"), and states to this Honorable Court as follows:

## **FACTS COMMON TO ALL COUNTS**

1.     Plaintiff is an individual, citizen, and resident of Missouri.

2.     Fairfield is a foreign corporation organized in the state of Connecticut and based upon information and belief Fairfield's principal place of business is in the State of Missouri.

3.     Fairfield has been properly served through its registered agent, Sanford D. Kaufman at 301 Main Street, Third Floor, Danbury CT, 06810.

4.     Venture is a foreign limited liability company organized in the state of Indiana with its principal place of business located at 1101 Harding Court; Indianapolis, IN 46268.

5.     Venture may be served through its registered agent, CSC- Lawyers Incorporating Service Company at 221 Bolivar Street; Jefferson City, Missouri 65101.

1



Electronically Filed - City of St. Louis - June 21, 2022 - 11:10 AM

6.      The incident alleged herein occurred on or about December 19, 2019 at between 1:00 p.m. and 2:00 p.m. in the loading dock of the premises owned and operated by Fairfield located at 6432 Prescott Avenue, St. Louis, Missouri ("Premises").

7.      As a corporation, Fairfield acts through its officers, agents, servants, and/or employees. Thus, any acts or omissions of an officer, agent, servant, and/or employee, made while acting in the scope of authority delegated by the corporation, or within the scope of the duties of said employee, is the act or omission of Fairfield.

8.      At all times herein mentioned and at the time of this crash, Fairfield was acting individually and through its agents, servants, and/or employees, whom were acting within the course and scope of their employment with Fairfield at the time of the incident alleged herein.

9.      Venture is a corporation involved in interstate commerce, and did and does at all times alleged herein avail itself to the benefits of the State of Missouri's highways and roadways to conduct interstate commerce.

10.     As a corporation Venture acts through its officers, agents, servants, and/or employees. Thus, any acts or omissions of an officer, agent, servant, and/or employee, made while acting in the scope of authority delegated by the corporation, or within the scope of the duties of said employee, is the act or omission of Venture.

11.     At all times herein mentioned and at the time of this crash, Venture was acting individually and through its agent, servant, and/or employee, whom was acting within the course and scope of his employment with Venture at the time of the incident alleged herein.

12.     Venue is proper with this Court pursuant to RSMo. § 508.010 since the negligent actions and omissions alleged herein occurred within St. Louis City, State of Missouri.

Electronically Filed - City of St. Louis - June 21, 2022 - 11:10 AM

13.     This Court has subject matter jurisdiction over this action since the incident alleged herein occurred in St. Louis City, State of Missouri.

14.     On December 19, 2019, Fairfield owned or controlled the management of 6432 Prescott Ave.; St. Louis, Missouri 643147 ("Premises").

15.     At all times alleged herein Plaintiff was working on said premises as an employee for ProLogistix.

16.     At said date and time, Plaintiff was attempting to disconnect a ramp attaching a commercial vehicle owned and/or operated by Venture from the loading dock attached to Premises.

17.     As Plaintiff attempted to disconnect said ramp, she maintained one foot in the trailer attached to Venture's vehicle and the other on the dock.

18.     As Plaintiff attempted to disconnect the ramp, the driver of said commercial vehicle, and employee of Venture, ("Driver") became distracted and failed to notice that the ramp remained attached and that Plaintiff was still partially inside the vehicle.

19.     Driver then pulled away from said dock forcing Plaintiff to leap to safety to avoid falling into the gap between the truck and the dock.

20.     No employee of Fairfield attempted to warn Driver that Plaintiff stood partially within the trailer.

21.     At no point did any employee of Fairfield attempt to stop Driver from pulling away from the dock.

22.     At no point before Driver pulled away did any employee of Fairfield attempt to warn Plaintiff of the movement of the tractor trailer and/or the hazardous condition being created.

3

Electronically Filed - City of St. Louis - June 21, 2022 - 11:10 AM

23.     As Plaintiff leaped from the truck to the dock, she landed hyperextending her left knee and pulling and tearing the ligaments and tendons attached thereto.

24.     As a direct result of one or more of Defendants' failures Plaintiff sustained damages.

25.     That as a direct and proximate result of Defendants' negligence alleged herein, Plaintiff, was caused to suffer serious, permanent, and disabling injuries to her left leg, knee, and the ligaments, muscles, and tendons attached thereto.

26.     That as a direct and proximate result of the aforesaid negligent acts and omissions of the Defendants, Plaintiff has incurred past medical expenses in excess of $40,000.00.

27.     Plaintiff will incur further medical expenses in the future.

28.     That Plaintiff has been caused to suffer painful, permanent and disabling injuries to the aforementioned areas of her body and will continue to suffer from these painful, permanent and disabling injuries in the future as a result of the fall as alleged herein and will need to undergo medical treatment in the future.

29.     That as a direct and proximate result of the aforesaid negligence of Defendants, Plaintiff's activities and her enjoyment of life has been limited.

30.     That as a direct and proximate cause of the aforesaid negligence of Defendants, Plaintiff required surgical intervention.

31.     That as a direct and proximate result of the aforesaid negligence of Defendants, Plaintiff has incurred scarring and disfigurement.

32.     That as a direct and proximate result of the aforesaid negligence of Defendants, Plaintiff has lost past wages.

4

Electronically Filed - City of St. Louis - June 21, 2022 - 11:10 AM

33.     That as a direct and proximate result of the aforesaid negligence of Defendants, Plaintiff will suffer future loss of wages.

WHEREFORE Plaintiff prays for a judgment in a sum in excess of Twenty-Five Thousand Dollars ($25,000.00) as determined fair and reasonable by a jury against Defendants jointly and severally, all interest allowed under Missouri law at the maximum amount, together with all taxable costs and for such other relief this Court deems just and proper under the circumstances.

<div align="center">

**COUNT I**
**NEGLIGENCE**
**AGAINST DEFENDANT VENTURE TRANSPORT, LLC**

</div>

COMES NOW Plaintiff, and for Count I of her Petition restates, realleges, and incorporates by reference Paragraphs 1-33 above and in addition thereto states to the Court as follows:

34.     That the time of the incident and at all times alleged herein, Driver was acting in the course and scope of his employment with Venture. Thus, at the time of the crash alleged herein Driver was an agent, servant, and/or employee of Venture and as such, Venture is vicariously liable for the actions and omissions of Driver, its agent, servant, and/or employee.

35.     At the time of this crash, Driver was an agent, servant and/or employee under the control, right of control, joint and mutual control, or joint and mutual right of control of Venture and as such all of the acts of negligence on his part were committed within the course and scope of his agency and employment with Venture.

Electronically Filed - City of St. Louis - June 21, 2022 - 11:10 AM

36.     At the time of the incident alleged herein, Venture, through its agents, servants, and employees including, but not limited to Driver were negligent, careless, and breached their duty of care to the general public and Plaintiff on the date alleged herein in one or more of the following respects:

       a.  Failed to have the motor vehicle under proper control;

       b.  Failed to keep a proper lookout and pay attention;

       c.  Operated the tractor while distracted, tired or fatigued;

       d.  Operated the tractor without adequate training, experience, or qualifications;

       e.  Failed to notify Plaintiff and/or others before he pulled away from the dock that Plaintiff was still inside the trailer;

       f.  Drove said tractor trailer without ensuring Plaintiff was no longer in the trailer; and

       f.  Failing to exercise the highest degree of care under the circumstances.

37.     Each of the negligent acts or omissions by Venture, as alleged herein was a direct and proximate cause of the incident and the resulting injuries and damages to Plaintiff as alleged herein.

WHEREFORE Plaintiff prays for a judgment in a sum in excess of Twenty-Five Thousand Dollars ($25,000.00) as determined fair and reasonable by a jury against Defendants jointly and severally, all interest allowed under Missouri law at the maximum amount, together with all taxable costs and for such other relief this Court deems just and proper under the circumstances.

6

Electronically Filed - City of St. Louis - June 21, 2022 - 11:10 AM

## COUNT II
## NEGLIGENCE
## AGAINST DEFENDANTS FAIRFIELD PROCESSING.

COMES NOW Plaintiff, and for Count II of her Petition restates, realleges, and

incorporates by reference Paragraphs 1-33 above and in addition thereto states to the Court as

follows:

38.     On February 17, 2019, Fairfield owned, controlled, or possessed Premises where

Plaintiff worked as an independent contractor.

39.     That at the time of the incident and at all times alleged herein, Fairfield oversaw

the work of contracted temporary employees such as Plaintiff and held a responsibility to

maintain a reasonably safe working environment.

40.     That at the time of this incident, Fairfield, through its agents, servants, and

employees:

    a.   Failed to adopt or implement policies, procedures, or standing orders to avoid
         injuries while loading or unloading tractor-trailers in the loading dock.

41.     In the alternative to and/or in addition to the allegations of paragraph 40,

Fairfield:

    a.   Failed to notify its employees, agents, or contractors, of any policies, procedures,
         or standing orders to avoid injuries while loading or unloading tractor-trailers in
         the loading dock;

    b.   Failed to properly supervise its employees, agents, or contractors working on the
         loading dock;

    c.   Failed to properly train its employees, agents, or contractors regarding any
         policies, procedures, or standing orders set in place to avoid injuries while loading
         or unloading tractor-trailers in the loading dock;

    d.   Failed to notify Driver before he pulled away from the dock that Plaintiff was still
         inside the trailer; and

    e.   Failed to warn Plaintiff that Driver was pulling away from the dock.

7

Electronically Filed - City of St. Louis - June 21, 2022 - 11:10 AM

42.     That such failures and omissions created a foreseeable likelihood of a harm or injury.

43.      That in so doing, Fairfield was thereby negligent.

44.     That as a direct and proximate result of such negligence, Plaintiff sustained the damages alleged herein.

WHEREFORE Plaintiff prays for a judgment in a sum in excess of Twenty-Five Thousand Dollars ($25,000.00) as determined fair and reasonable by a jury against Defendants jointly and severally, all interest allowed under Missouri law at the maximum amount, together with all taxable costs and for such other relief this Court deems just and proper under the circumstances.

Respectfully Submitted,

**THE CAGLE LAW FIRM**

BY: _/S/ Zane T. Cagle_
**Zane T. Cagle, MO#53775**
500 North Broadway, Suite 1605
St. Louis, MO 63102
Phone: (314) 241-1700
Fax: (314) 241-1738
E-mail: zane@caglellc.com
_Attorneys for Plaintiff_

8

Electronically Filed - City of St. Louis - June 22, 2022 - 12:32 PM

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

FONTANIA LAWRENCE,         )
                                  )
     Plaintiff                )
                                  )
     vs.                     )
                                  )    Cause No.: 2022-CC10591
FAIRFIELD PROCESSING CORPORATION;   )
VENTURE TRANSPORT, LLC D/B/A        )    **PLAINTIFF DEMANDS TRIAL**
VENTURE LOGISTICS               )    **BY JURY ON ALL COUNTS**
                                  )
     Defendants.            )

## SECOND AMENDED PETITION

COMES NOW Plaintiff Fontania Lawrence ("Plaintiff") by and through by and through her attorneys of record and pursuant to the Missouri Supreme Court Rules and Rules of Civil Procedure, and for her Petition against Defendant Fairfield Processing Corporation ("Fairfield"), and Defendant Venture Transport, LLC d/b/a Venture Logistics ("Venture"), and states to this Honorable Court as follows:

## FACTS COMMON TO ALL COUNTS

1.     Plaintiff is an individual, citizen, and resident of Missouri.

2.     Fairfield is a foreign corporation organized in the state of Connecticut and based upon information and belief Fairfield's principal place of business is in the State of Missouri.

3.     Fairfield has been properly served through its registered agent, Sanford D. Kaufman at 301 Main Street, Third Floor, Danbury CT, 06810.

4.     Venture is a foreign limited liability company organized in the state of Indiana with its principal place of business located at 1101 Harding Court; Indianapolis, IN 46268.

5.     Venture may be served through its registered agent, CSC- Lawyers Incorporating Service Company at 221 Bolivar Street; Jefferson City, Missouri 65101.

1

Electronically Filed - City of St. Louis - June 22, 2022 - 12:32 PM

6.      The incident alleged herein occurred on or about December 19, 2019 at between 1:00 p.m. and 2:00 p.m. in the loading dock of the premises owned and operated by Fairfield located at 6432 Prescott Avenue, St. Louis, Missouri ("Premises").

7.      As a corporation, Fairfield acts through its officers, agents, servants, and/or employees. Thus, any acts or omissions of an officer, agent, servant, and/or employee, made while acting in the scope of authority delegated by the corporation, or within the scope of the duties of said employee, is the act or omission of Fairfield.

8.      At all times herein mentioned and at the time of this crash, Fairfield was acting individually and through its agents, servants, and/or employees, whom were acting within the course and scope of their employment with Fairfield at the time of the incident alleged herein.

9.      Venture is a corporation involved in interstate commerce, and did and does at all times alleged herein avail itself to the benefits of the State of Missouri's highways and roadways to conduct interstate commerce.

10.     As a corporation Venture acts through its officers, agents, servants, and/or employees. Thus, any acts or omissions of an officer, agent, servant, and/or employee, made while acting in the scope of authority delegated by the corporation, or within the scope of the duties of said employee, is the act or omission of Venture.

11.     At all times herein mentioned and at the time of this crash, Venture was acting individually and through its agent, servant, and/or employee, whom was acting within the course and scope of his employment with Venture at the time of the incident alleged herein.

12.     Venue is proper with this Court pursuant to RSMo. § 508.010 since the negligent actions and omissions alleged herein occurred within St. Louis City, State of Missouri.

Electronically Filed - City of St. Louis - June 22, 2022 - 12:32 PM

13.     This Court has subject matter jurisdiction over this action since the incident alleged herein occurred in St. Louis City, State of Missouri.

14.     On December 19, 2019, Fairfield owned or controlled the management of 6432 Prescott Ave.; St. Louis, Missouri 643147 ("Premises").

15.     At all times alleged herein Plaintiff was working on said premises as an employee for ProLogistix.

16.     At said date and time, Plaintiff was attempting to disconnect a ramp attaching a commercial vehicle owned and/or operated by Venture from the loading dock attached to Premises.

17.     As Plaintiff attempted to disconnect said ramp, she maintained one foot in the trailer attached to Venture's vehicle and the other on the dock.

18.     As Plaintiff attempted to disconnect the ramp, the driver of said commercial vehicle, and employee of Venture, ("Driver") became distracted and failed to notice that the ramp remained attached and that Plaintiff was still partially inside the vehicle.

19.      Driver then pulled away from said dock forcing Plaintiff to leap to safety to avoid falling into the gap between the truck and the dock.

20.     No employee of Fairfield attempted to warn Driver that Plaintiff stood partially within the trailer.

21.     At no point did any employee of Fairfield attempt to stop Driver from pulling away from the dock.

22.     At no point before Driver pulled away did any employee of Fairfield attempt to warn Plaintiff of the movement of the tractor trailer and/or the hazardous condition being created.

3

Electronically Filed - City of St. Louis - June 22, 2022 - 12:32 PM

23. As Plaintiff leaped from the truck to the dock, she landed hyperextending her left knee and pulling and tearing the ligaments and tendons attached thereto.

24. As a direct result of one or more of Defendants' failures Plaintiff sustained damages.

25. That as a direct and proximate result of Defendants' negligence alleged herein, Plaintiff, was caused to suffer serious, permanent, and disabling injuries to her left leg, knee, and the ligaments, muscles, and tendons attached thereto.

26. That as a direct and proximate result of the aforesaid negligent acts and omissions of the Defendants, Plaintiff has incurred past medical expenses in excess of $40,000.00.

27. Plaintiff will incur further medical expenses in the future.

28. That Plaintiff has been caused to suffer painful, permanent and disabling injuries to the aforementioned areas of her body and will continue to suffer from these painful, permanent and disabling injuries in the future as a result of the fall as alleged herein and will need to undergo medical treatment in the future.

29. That as a direct and proximate result of the aforesaid negligence of Defendants, Plaintiff's activities and her enjoyment of life has been limited.

30. That as a direct and proximate cause of the aforesaid negligence of Defendants, Plaintiff required surgical intervention.

31. That as a direct and proximate result of the aforesaid negligence of Defendants, Plaintiff has incurred scarring and disfigurement.

32. That as a direct and proximate result of the aforesaid negligence of Defendants, Plaintiff has lost past wages.

Electronically Filed - City of St. Louis - June 22, 2022 - 12:32 PM

33.     That as a direct and proximate result of the aforesaid negligence of Defendants, Plaintiff will suffer future loss of wages.

WHEREFORE Plaintiff prays for a judgment in a sum in excess of Twenty-Five Thousand Dollars ($25,000.00) as determined fair and reasonable by a jury against Defendants jointly and severally, all interest allowed under Missouri law at the maximum amount, together with all taxable costs and for such other relief this Court deems just and proper under the circumstances.

<div align="center">

**COUNT I**
**NEGLIGENCE**
**AGAINST DEFENDANT VENTURE TRANSPORT, LLC**

</div>

COMES NOW Plaintiff, and for Count I of her Petition restates, realleges, and incorporates by reference Paragraphs 1-33 above and in addition thereto states to the Court as follows:

34.     That the time of the incident and at all times alleged herein, Driver was acting in the course and scope of his employment with Venture.  Thus, at the time of the crash alleged herein Driver was an agent, servant, and/or employee of Venture and as such, Venture is vicariously liable for the actions and omissions of Driver, its agent, servant, and/or employee.

35.     At the time of this crash, Driver was an agent, servant and/or employee under the control, right of control, joint and mutual control, or joint and mutual right of control of Venture and as such all of the acts of negligence on his part were committed within the course and scope of his agency and employment with Venture.

Electronically Filed - City of St. Louis - June 22, 2022 - 12:32 PM

36.     At the time of the incident alleged herein, Venture, through its agents, servants, and employees including, but not limited to Driver were negligent, careless, and breached their duty of care to the general public and Plaintiff on the date alleged herein in one or more of the following respects:

    a.  Failed to have the motor vehicle under proper control;

    b.  Failed to keep a proper lookout and pay attention;

    c.  Operated the tractor while distracted, tired or fatigued;

    d.  Operated the tractor without adequate training, experience, or qualifications;

    e.  Failed to notify Plaintiff and/or others before he pulled away from the dock that Plaintiff was still inside the trailer;

    f.  Drove said tractor trailer without ensuring Plaintiff was no longer in the trailer; and

    f.  Failing to exercise the highest degree of care under the circumstances.

37.     Each of the negligent acts or omissions by Venture, as alleged herein was a direct and proximate cause of the incident and the resulting injuries and damages to Plaintiff as alleged herein.

WHEREFORE Plaintiff prays for a judgment in a sum in excess of Twenty-Five Thousand Dollars ($25,000.00) as determined fair and reasonable by a jury against Defendants jointly and severally, all interest allowed under Missouri law at the maximum amount, together with all taxable costs and for such other relief this Court deems just and proper under the circumstances.

Electronically Filed - City of St. Louis - June 22, 2022 - 12:32 PM

## COUNT II
## NEGLIGENCE
## AGAINST DEFENDANTS FAIRFIELD PROCESSING.

COMES NOW Plaintiff, and for Count II of her Petition restates, realleges, and incorporates by reference Paragraphs 1-33 above and in addition thereto states to the Court as follows:

38.     On February 17, 2019, Fairfield owned, controlled, or possessed Premises where Plaintiff worked as an independent contractor.

39.     That at the time of the incident and at all times alleged herein, Fairfield oversaw the work of contracted temporary employees such as Plaintiff and held a responsibility to maintain a reasonably safe working environment.

40.     That at the time of this incident, Fairfield, through its agents, servants, and employees:

       a.  Failed to adopt or implement policies, procedures, or standing orders to avoid injuries while loading or unloading tractor-trailers in the loading dock.

41.     In the alternative to and/or in addition to the allegations of paragraph 40, Fairfield:

       a.  Failed to notify its employees, agents, or contractors, of any policies, procedures, or standing orders to avoid injuries while loading or unloading tractor-trailers in the loading dock;

       b.  Failed to properly supervise its employees, agents, or contractors working on the loading dock;

       c.  Failed to properly train its employees, agents, or contractors regarding any policies, procedures, or standing orders set in place to avoid injuries while loading or unloading tractor-trailers in the loading dock;

       d.  Failed to notify Driver before he pulled away from the dock that Plaintiff was still inside the trailer; and

       e.  Failed to warn Plaintiff that Driver was pulling away from the dock.

Electronically Filed - City of St. Louis - June 22, 2022 - 12:32 PM

42.     That such failures and omissions created a foreseeable likelihood of a harm or injury.

43.      That in so doing, Fairfield was thereby negligent.

44.     That as a direct and proximate result of such negligence, Plaintiff sustained the damages alleged herein.

WHEREFORE Plaintiff prays for a judgment in a sum in excess of Twenty-Five Thousand Dollars ($25,000.00) as determined fair and reasonable by a jury against Defendants jointly and severally, all interest allowed under Missouri law at the maximum amount, together with all taxable costs and for such other relief this Court deems just and proper under the circumstances.

**Respectfully Submitted,**

**THE CAGLE LAW FIRM**

BY: */S/ Zane T. Cagle*
**Zane T. Cagle, MO#53775**
500 North Broadway, Suite 1605
St. Louis, MO 63102
Phone: (314) 241-1700
Fax: (314) 241-1738
E-mail: zane@caglellc.com
*Attorneys for Plaintiff*

8

**FILED**

JUN 2 2 2022

22ND JUDICIAL CIRCUIT
CIRCUIT CLERK'S OFFICE
BY _____ DEPUTY

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

FONTANIA LAWRENCE,                    )
                                      )
                    Plaintiff,        )     Cause No.: 2022-CC10591
                                      )
vs.                                   )
                                      )
FAIRFIELD PROCESSING CORPORATION      )
                                      )
                    Defendants.       )

## ORDER

COMES NOW Plaintiff and calls for hear her Motion for Leave to File Second Amended

Petition. Defendant has no objection to Plaintiff being granted leave to file Second Amended

Petition. This this Court hereby GRANTS Plaintiff's Motion for Leave to File Second Amended

Petition. Plaintiff shall file Second Amended Petition with this Court within ten (10) days.

SO ORDERD

By: _____
**Honorable Judge Joan Moriarty**

Date: _6/22/22_

**ENTERED**

JUN 2 2 2022

**SPB**

Electronically Filed - City of St. Louis - July 01, 2022 - 01:59 PM

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

| | | |
|---|---|---|
| FONTANIA LAWRENCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Cause No.: 2022-CC10591 |
| | ) | |
| FAIRFIELD PROCESSING | ) | |
| CORPORATION, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| and | ) | |
| | ) | |
| VENTURE TRANSPORT, LLC D/B/A | ) | |
| VENTURE LOGISTICS | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT FAIRFIELD PROCESSING CORPORATION'S ANSWER TO PLAINTIFF'S SECOND AMENDED PETITION

COMES NOW Defendant Fairfield Processing Corporation ("Defendant"), by and through counsel, and for its Answer to Plaintiff's Second Amended Petition, states as follows:

## FACTS COMMON TO ALL COUNTS

1.  Defendant is without sufficient information to admit or deny paragraph 1 of Plaintiff's Second Amended Petition, and therefore denies same.

2.  Defendant admits it is a foreign corporation organized in the State of Connecticut with its principal place of business in the State of Connecticut.  Defendant denies the remaining allegation in paragraph 2 of Plaintiff's First Amended Petition.

3.  Defendant admits the allegations contained in paragraph 3 of Plaintiff's Second Amended Petition.

4.  Defendant is without sufficient information to admit or deny paragraph 4 of Plaintiff's Second Amended Petition, and therefore denies same.

Electronically Filed - City of St. Louis - July 01, 2022 - 01:59 PM

5.  Defendant is without sufficient information to admit or deny paragraph 5 of Plaintiff's Second Amended Petition, and therefore denies same.

6.  Defendant admits that on or about December 19, 2019, it leased, operated, and conducted business at 6432 Prescott Avenue, St. Louis, Missouri 63147 ("Premises"), which contained a loading dock. Defendant denies the remaining allegations contained in Paragraph 6 of Plaintiff's Second Amended Petition.

7.  The allegations contained in paragraph 7 of Plaintiff's Second Amended Petition are legal conclusions and require no response. To the extent a response is required, Defendant admits as a general matter that alleged acts or omissions of an officer or employee, made while acting in the scope of authority delegated by a corporation, or within the scope of duties of an employee, are generally considered the alleged acts or omissions of the corporation.  Defendant is without sufficient information to admit or deny the remaining allegations of paragraph 7, and therefore denies same.

8.  The allegations contained in paragraph 8 of Plaintiff's Second Amended Petition are legal conclusions and require no response. To the extent a response is required, Defendant is without sufficient information to admit or deny the allegations contained in paragraph 8, and therefore denies same.

9.  Defendant is without sufficient information to admit or deny paragraph 9 of Plaintiff's Second Amended Petition, and therefore denies same.

10.  The allegations contained in paragraph 10 of Plaintiff's Second Amended Petition are legal conclusions and require no response. To the extent a response is required, Defendant admits as a general matter that alleged acts or omissions of an officer or employee, made while acting in the scope of authority delegated by a corporation, or within the scope of duties of an employee, are generally considered the alleged acts or omissions of the corporation.  Defendant is without

Electronically Filed - City of St. Louis - July 01, 2022 - 01:59 PM

sufficient information to admit or deny the remaining allegations of paragraph 10, and therefore denies same.

11.   The allegations contained in paragraph 11 of Plaintiff's Second Amended Petition are legal conclusions and require no response. To the extent a response is required, Defendant admits as a general matter that alleged acts or omissions of an officer or employee, made while acting in the scope of authority delegated by a corporation, or within the scope of duties of an employee, are generally considered the alleged acts or omissions of the corporation.  Defendant is without sufficient information to admit or deny the remaining allegations of paragraph 11, and therefore denies same.

12.   The allegations contained in paragraph 12 of Plaintiff's Second Amended Petition are legal conclusions and require no response. To the extent a response is required, Defendant denies same.

13.   Defendant denies the allegations contained in paragraph 13 of Plaintiff's Second Amended Petition.

14.   Defendant admits that on or about December 19, 2019, it leased and controlled the operation of its business at 6432 Prescott Avenue, St. Louis, Missouri 63147 ("Premises"). Defendant denies the remaining allegations contained in Paragraph 14 of Plaintiff's Second Amended Petition.

15.   Defendant admits that on or about December 18, 2019, Plaintiff was working on the Premises as an employee of ProLogistix pursuant to a contract between Defendant and ProLogistix.  Defendant is without sufficient information to admit or deny the remaining allegations of paragraph 15, and therefore denies same.

16.   Defendant is without sufficient information to admit or deny paragraph 16 of Plaintiff's Second Amended Petition, and therefore denies same.

3

17.  Defendant is without sufficient information to admit or deny paragraph 17 of Plaintiff's Second Amended Petition, and therefore denies same.

18.  Defendant is without sufficient information to admit or deny paragraph 18 of Plaintiff's Second Amended Petition, and therefore denies same.

19.  Defendant is without sufficient information to admit or deny paragraph 19 of Plaintiff's Second Amended Petition, and therefore denies same.

20.  Defendant is without sufficient information to admit or deny paragraph 20 of Plaintiff's Second Amended Petition, and therefore denies same.

21.  Defendant is without sufficient information to admit or deny paragraph 21 of Plaintiff's Second Amended Petition, and therefore denies same.

22.  Defendant is without sufficient information to admit or deny paragraph 22 of Plaintiff's Second Amended Petition, and therefore denies same.

23.  Defendant denies the allegations contained in paragraph 23 of Plaintiff's Second Amended Petition.

24.  Defendant denies the allegations contained in paragraph 24 of Plaintiff's Second Amended Petition.

25.  Defendant denies the allegations contained in paragraph 25 of Plaintiff's Second Amended Petition.

26.  Defendant denies the allegations contained in paragraph 26 of Plaintiff's Second Amended Petition.

27.  Defendant denies the allegations contained in paragraph 27 of Plaintiff's Second Amended Petition.

28.  Defendant denies the allegations contained in paragraph 28 of Plaintiff's Second Amended Petition.

Electronically Filed - City of St. Louis - July 01, 2022 - 01:59 PM

29.   Defendant denies the allegations contained in paragraph 29 of Plaintiff's Second Amended Petition.

30.   Defendant denies the allegations contained in paragraph 30 of Plaintiff's Second Amended Petition.

31.   Defendant denies the allegations contained in paragraph 31 of Plaintiff's Second Amended Petition.

32.   Defendant denies the allegations contained in paragraph 32 of Plaintiff's Second Amended Petition.

33.   Defendant denies the allegations contained in paragraph 33 of Plaintiff's Second Amended Petition.

### COUNT I
### NEGLIGENCE
### AGAINST DEFENDANT VENTURE TRANSPORT, LLC

This Defendant makes no Answer to the allegations contained in Count I of Plaintiff's Second Amended Petition for the reason that Count I is directed against Defendant Venture Transport, LLC, against whom judgment is prayed and no judgment is prayed against this Defendant. However, should it be construed that any of the allegations in Count I are directed against this Defendant, then this Defendant denies each and every one of those allegations.

### COUNT II
### NEGLIGENCE
### AGAINST DEFENDANT FAIRFIELD PROCESSING

COMES NOW Defendant Fairfield Processing Corporation ("Defendant"), and for Count II of Plaintiff's Second Amended Petition, hereby incorporates its responses to paragraphs 1-33 as if fully stated herein, and states as follows:

38.   Defendant admits that on or about December 18, 2019, it leased, possessed, and controlled the operation of its business at the Premises, where Plaintiff was an employee of

5

Electronically Filed - City of St. Louis - July 01, 2022 - 01:59 PM

ProLogistix pursuant to a contract between Defendant and ProLogistix.  Defendant has insufficient information to admit or deny the remaining allegations contained in paragraph 38 of Plaintiff's Second Amended Petition, and therefore denies same.

39.  Defendant admits that on or about December 18, 2019, Plaintiff was working on the Premises as an employee of ProLogistix pursuant to a contract between Defendant and ProLogistix.  The remaining allegations contained in paragraph 39 are legal conclusions and require no response. To the extent a response is required, Defendant admits its duties are determined by Missouri law.

40.  Defendant denies the allegations contained in paragraph 40 of Plaintiff's Second Amended Petition, and all subparts thereto.

41.  Defendant denies the allegations contained in subparts a, b, and c of paragraph 42. Defendant is without sufficient information to admit or deny the remaining allegations contained in paragraph 41 of Plaintiff's Second Amended Petition, including subparts d and e, and therefore denies same.

42.  Defendant denies the allegations contained in paragraph 42 of Plaintiff's Second Amended Petition.

43.  Defendant denies the allegations contained in paragraph 43 of Plaintiff's Second Amended Petition.

44.  Defendant denies the allegations contained in paragraph 44 of Plaintiff's Second Amended Petition.

**<u>AFFIRMATIVE DEFENSES</u>**

1.  For further Answer and affirmative defense, Defendant states that Plaintiff's Second Amended Petition fails to state a claim.

Electronically Filed - City of St. Louis - July 01, 2022 - 01:59 PM

2.  For further Answer and affirmative defense, Defendant states that whatever injuries were sustained by Plaintiff, if any, were the direct and proximate result of Plaintiff's carelessness, negligence, and/or comparative fault.

3.  For further Answer and affirmative defense, Defendant states that whatever injuries sustained by Plaintiff, if any, were caused by or contributed to be caused by other individuals, entities, or parties outside this Defendant's control.

4.  For further Answer and affirmative defense, Defendant states that pursuant to §490.715 R.S.Mo, effective August 28, 2017, Plaintiff is limited to introduce at trial only the evidence of the actual cost of medical care, which is defined as the sum of money not to exceed the dollar amounts paid by or on behalf of Plaintiff plus any remaining dollar amount necessary to satisfy the financial obligation for medical care by a health care provider after adjustments or contractual discounts, price reductions, or write-offs by any person or entity.

5.  For further Answer and affirmative defense, Defendant states that Plaintiff's claims are barred by the exclusive provisions of the Workers' Compensation Statutes of the State of Missouri and, further, Plaintiff was a statutory employee of this Defendant at the time of the incident in accordance with the applicable statutes and case law that Plaintiff was on Defendant's premises for the purpose of performing duties and acts which would have been performed by Defendant's own employees if it had not been for a contract of services between Defendant and Plaintiff's employer and, therefore, Plaintiff's action is barred and the Court does not have subject matter jurisdiction over this action.

6.  For further Answer and affirmative defense, Defendant states that pursuant to §537.067 R.S.Mo (amended 2005), if Defendant is found to bear less than fifty-one percent (51%) of fault, then Defendant shall only be responsible for the percentage of the judgment for which Defendant

is determined to be responsible by the trier of fact, if any, and Defendant will not be liable for the fault of another Defendant or for payment of the proportionate share of another Defendant.

7.  For further Answer and affirmative defense, Defendant reserves the right to rely upon such other additional defenses as may become available or appear subsequently in this case, including during the course of discovery proceedings, and hereby reserves the right to amend this Answer to assert any such defenses.

WHEREFORE, having fully answered and responded to Plaintiff's Second Amended Petition, Defendant Fairfield Processing Corporation prays to be dismissed with its cost herein expended, and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

**BROWN & JAMES, P.C.**

/s/ *John A. Mazzei*
John A. Mazzei, MO # 51398
jmazzei@bjpc.com
800 Market Street, Suite 1100
St. Louis, Missouri, 63101
(314) 421-3400
(314) 421-3128 (fax)
**ATTORNEYS FOR DEFENDANT**
**FAIRFIELD PROCESSING CORPORATION**

Electronically Filed - City of St. Louis - July 01, 2022 - 01:59 PM

Electronically Filed - City of St. Louis - July 01, 2022 - 01:59 PM

## CERTIFICATE OF SERVICE

     I hereby certify that on this 1st day of July, 2022, the foregoing was electronically filed using the Missouri eFiling system, which will send notice of electronic filing to all registered attorneys of record. I further certify that pursuant to Rule 55.03(a), I signed the original of the foregoing and that the original signed copy is maintained at our office.


                            */s/ John A. Mazzei*


JAM
27811215.1



**IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI**

| Judge or Division:<br>MICHAEL FRANCIS STELZER | Case Number:  2022-CC10591 | |
|---|---|---|
| Plaintiff/Petitioner:<br>FONTANIA LAWRENCE | Plaintiff's/Petitioner's Attorney/Address<br>ZANE THOMAS CAGLE<br>THE CAGLE LAW FIRM<br>500 N BROADWAY<br>STE 1605<br>ST LOUIS, MO  63102 | |
| vs. | | |
| Defendant/Respondent:<br> FAIRFIELD PROCESSING CORPORATION | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 | |
| Nature of Suit:<br>CC Pers Injury-Other | Please see the attached information for appearing via WebEx.  WebEx connection information may also be found at<br>**http://www.stlcitycircuitcourt.com/** | |
| | | (Date File Stamp) |

## Summons in Civil Case

| The State of Missouri to:   VENTURE TRANSPORT, LLC |
|---|

Alias:

CSC LAWYERS INCORPORATING SERV
221 BOLIVAR STREET
JEFFERSON CITY, MO  65101

**COLE COUNTY, MO**

*COURT SEAL OF*

*CIRCUIT COURT OF MISSOURI*

*CITY OF ST LOUIS*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

   ***Due to COVID19 challenges, virtual appearances by Webex.com are also required until further order of this Court. ***

If you have a disability requiring special assistance for your court appearance, please contact the court at least 48 hours in advance of scheduled hearing.

**August 17, 2022**

_____         _____
                      Date                                                                       Clerk
Further Information:

## Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with
_____, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:
_____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).


_____          _____
Printed Name of Sheriff or Server                                Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____

_____          _____
Date                                                       Notary Public

**Sheriff's Fees, if applicable**

| | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary Supplemental Surcharge | $_____10.00_____ | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | $_____ | |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.



# IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>MICHAEL FRANCIS STELZER | Case Number:  2022-CC10591 |
|---|---|
| Plaintiff/Petitioner:<br>FONTANIA LAWRENCE<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>ZANE THOMAS CAGLE<br>THE CAGLE LAW FIRM<br>500 N BROADWAY<br>STE 1605<br>ST LOUIS, MO  63102 |
| Defendant/Respondent:<br>FAIRFIELD PROCESSING CORPORATION | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 |
| Nature of Suit:<br>CC Pers Injury-Other | Please see the attached information for appearing via WebEx.  WebEx connection information may also be found at<br>http://www.stlcitycircuitcourt.com/ |

**RECEIVED**

AUG 1 9 2022

COLE COUNTY
SHERIFF'S OFFICE

*(Date File Stamp)*

## Summons in Civil Case

The State of Missouri to:  VENTURE TRANSPORT, LLC
            Alias:
CSC LAWYERS INCORPORATING SERV
221 BOLIVAR STREET
JEFFERSON CITY, MO 65101

**COLE COUNTY, MO**

*COURT SEAL OF*



*CITY OF ST LOUIS*

You are summoned to appear before this court and to file your pleading to *the petition, a* copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

    ***Due to COVID19 challenges, virtual appearances by Webex.com are also required until further order of this Court. ***

If you have a disability requiring special assistance for your court appearance, please contact the court at least 48 hours in advance of scheduled hearing.

       **August 17, 2022**

_____
Date
Further Information:

_____
Clerk

## Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with ______________, a person at least 18 years of age residing therein.

☑ (for service on a corporation) delivering a copy of the summons and petition to: CSC Lawyers, S.C. (name) delegree (title).

☐ other: ______________.

Served at 350 E. High (address)

in Cole (County/City of St. Louis), MO, on 08-22-2022 (date) at 800AM (time).

Sheriff John P Wheeler by Ed Aumes Wray

Printed Name of Sheriff or Server — Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on ______________ (date).

*(Seal)*

My commission expires: ______________ ______________

Date — Notary Public

**Sheriff's Fees, if applicable**

| | |
|---|---|
| Summons | $ |
| Non Est | $ |
| Sheriff's Deputy Salary Supplemental Surcharge | $ 10.00 |
| Mileage | $ ( ______ miles @ $.______ per mile) |
| **Total** | **$** |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

#30 5870