UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FONTANIA LAWRENCE, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:22-cv-00985-SRC |
| ) | |
| FAIRFIELD PROCESSING ) | |
| CORPORATION, et al., ) | |
| ) | |
| Defendant(s). | |

**Memorandum and Order**

**I.   Introduction**

Venture Transport, LLC, removed this case, but having briefly stood in the doorway of federal court, it now wants to check out and find its way back to the place it was before. Venture says it cannot comply with the Court's order to disclose the identity and citizenship of all of its members and sub-members—a prisoner of its own device, as it were. The parties, apparently believing that they should run for the door, jointly move the Court to remand this case. But in a removed case over which a federal court has subject-matter jurisdiction, a veritable Hotel California exists—the court is programmed to receive. Here, the Court must determine whether it in fact has subject-matter jurisdiction; for if it does, the parties may check out but (perhaps) never leave.

**II.   Background**

Fontania Lawrence filed this personal-injury action in state court nearly two years ago. Doc. 1-1 at p. 6. In December of 2021, Fairfield Processing attempted to remove this case to this Court after Lawrence amended her petition. *Lawrence v. Fairfield Processing Corporation*, No. 4:21-cv-01464-SRC, Doc. 1 (*Lawrence I*). But since Fairfield failed to secure the consent of the

other defendant (who is no longer a party in this action), the Court remanded the case to state court. *Lawrence I*, Doc. 17.  In June of 2022, Lawrence again amended her petition, this time to add Venture as a defendant, which thereafter filed a Notice of Removal with this Court.  Doc. 1 at p. 1.  The Court ordered Venture to disclose its organizational interests in compliance with Local Rule 2.09.  Doc. 20.  But Venture—claiming that the rule requires a showing it is unable to make—now seeks to go back to state court.  Doc. 21.  Venture, having obtained Lawrence's and Fairfield's consent, has submitted to the Court a joint stipulation for remand.  *Id.*

**III.    Analysis**

    **A.    Remand by stipulation**

All parties consent to remand here.  But district courts generally deny joint motions for remand where no independent basis, like lack of subject-matter jurisdiction, exists for remand. *See, e.g.*, *Smith v. Gemcap Trucking, Inc.*, No. 4:21-CV-242, 2022 WL 1184369, at *1 (S.D. Ga. Apr. 21, 2022) ("While the parties make clear that they have consented to remand, the Court's power to remand based merely upon such consent is suspect."); *Harley v. Gonzalez*, No. 4:21-CV-65, 2021 WL 3215098, at *1 (S.D. Ga. July 29, 2021) (same); *Elliot v. Bonefish Grill, LLC*, No. 5:18-CV-46 (CAR), 2018 WL 1083472, at *1 (M.D. Ga. Feb. 28, 2018) ("This Court does not have the discretion to remand a properly removed action simply because both parties consent to remand.").  The federal courts haven't had the spirit of remand-by-stipulation here since well before 1969.  *See Lawton v. Blitch*, 30 F. 641, 641–42 (C.C.S.D. Ga. 1887) (holding that the then-governing remand statute, the Act of March 3, 1875—which is roughly analogous to today's 28 U.S.C. § 1447(c)—did not authorize remand by stipulation).

The reluctance to grant joint motions for remand stems in part from the fact that once a federal court has subject-matter jurisdiction over a case, it has a "'virtually unflagging'

obligation to exercise it." *Holbein v. TAW Enterprises, Inc.*, 983 F.3d 1049, 1060 (8th Cir. 2020) (en banc) (first quoting *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 77 (2013); then citing *Cohens v. Virginia*, 19 U.S. (6 Wheat.) 264, 404 (1821)).  Moreover, "[w]hen the federal court has original subject-matter jurisdiction over a claim, that jurisdiction is 'not discretionary with the district court' and 'can neither be conferred nor destroyed by the parties' waiver or agreement.'"  *Adair v. Lease Partners, Inc.*, 587 F.3d 238, 241 (5th Cir. 2009) (quoting *Buchner v. F.D.I.C.*, 981 F.2d 816, 820–21 (5th Cir. 1993)).

So in a properly removed case, subject-matter jurisdiction is a beast that parties, wielding joint motions for remand like steely knives, just can't kill.  *See, e.g.*, *McTaggart v. Lewis Tree Serv., Inc.*, No. 5:13-CV-187-OC-10PRL, 2014 WL 12873049, at *1 (M.D. Fla. Apr. 17, 2014) (denying joint motion for remand but remanding the case upon *sua sponte* review of subject-matter jurisdiction); *Roddy v. Lexington Ins. Co.*, No. 1:09-cv-174, 2009 WL 3335363, at *1–2 (E.D. Tenn. Oct. 15, 2009) ("Since removal was proper, the Court has subject matter jurisdiction and the case should not be remanded [on the parties' joint motion]."); *Blake v. ACE Am. Ins. Co.*, No. 2:07-cv-620, 2008 WL 687449, at *3 (S.D.W. Va. Mar. 11, 2008) ("If the [parties] seriously wish to avoid federal court, . . . the parties may consider stipulating to a dismissal."); *Hatcher v. Lowe's Home Centers, Inc.*, 718 F. Supp. 2d 684, 687–88 (E.D. Va. 2010) (denying joint motion for remand even after diverse parties stipulated to damages under $75,000, because subject-matter jurisdiction attaches at the time of removal and, once established, is not discretionary).

And even if federal courts had no "unflagging obligation" to exercise subject-matter jurisdiction once established, the remand statutes do not expressly allow remand on the sole grounds that all parties consent to it.  *See* 28 U.S.C. §§ 1367(c), 1441(c)(2), & 1447(c).  The Supreme Court has noted that Congress did not "intend[] to extend carte blanche authority to

3

district courts to revise the federal statutes governing removal by remanding cases on grounds that seem justifiable to them but which are not recognized by the controlling statute." *Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336, 351 (1976), *abrogated on other grounds by Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706 (1996).  In *Thermtron*, the district court had remanded a properly removed case to free up space in its "crowded docket." *Id.* at 340.  The Court held that the district court "exceeded its authority in remanding on grounds not permitted by the controlling statute." *Id.* at 345.  Federal district courts and courts of appeals continue to cite *Thermtron*'s holding in various cases where the remand statutes do not allow remand. *See, e.g.*, *Lloyd v. Benton*, 686 F.3d 1225, 1228 (11th Cir. 2012) (District Court erred under *Thermtron* when it remanded, on grounds that the remand statutes do not recognize, a case over which it had original jurisdiction); *Lisenby v. Lear*, 674 F.3d 259, 261–63 (4th Cir. 2012) (same); *Lancaster v. Aerotek, Inc.*, No. 4:21-CV-481-SDJ, 2021 WL 6754281, at *1 (E.D. Tex. July 12, 2021) ("District courts may generally remand cases to state court only on grounds authorized by statute." (citing *Thermtron*, 423 U.S. at 345)).

Denying consent-based joint motions for remand also prevents judge-shopping:  a defendant in state court, seeing the shimmering light of federal court on the horizon, may think "this could be Heaven or this could be Hell," depending on which judge receives the case.  Under a regime that countenanced legally-unsupported joint motions for remand, parties could engage in tactical manipulation of the removal process, stipulating to remand if the assigned judge causes them sweet summer sweat. *Cf. McCoy v. Erie Ins. Co.*, 147 F. Supp. 2d 481, 485–86 (S.D.W. Va. 2001) (To prevent "unseemly forum gaming," the court requires a plaintiff wishing to avoid removal to file "a formal, truly binding, pre-removal stipulation signed by

4

counsel and his client explicitly limiting recovery."). For the foregoing reasons, the Court lacks authority to remand the case on the sole grounds that they consent to remand.

## B. Subject-matter jurisdiction

Although consent does not provide a basis for remand here, the court looks beyond the parties' request to determine whether a basis for remand exists. *See, e.g.*, *Mestas v. State Farm Mut. Auto. Ins. Co.*, No. EP-14-CA-00075-FM, 2014 WL 12874059, at *2 (W.D. Tex. Mar. 25, 2014) ("Because the parties have not specified a ground delineated in the removal statute on which the court could remand this case, the court will review the record to determine whether or not the court has diversity jurisdiction."); *On The Rec., Inc. v. State Farm Fire & Cas. Co.*, No. CIV.A. 06-8489, 2006 WL 3359434, at *1 (E.D. La. Nov. 15, 2006) (remanding because, although the joint motion for remand alone would be insufficient, "the defendant has not established subject matter jurisdiction"). Here, the Court finds that it lacks subject-matter jurisdiction over this case under 28 U.S.C. §§ 1332 and 1446 because Venture removed more than one year after commencement of this action.

The Court has questioned whether it has subject-matter jurisdiction over this case from the time Venture removed it. On September 30, 2022, the Court ordered the parties to show why it should not remand this case for lack of subject-matter jurisdiction. Doc. 18. The parties have not addressed the question—presumably because they thought their joint stipulation for remand rendered the subject-matter-jurisdiction question moot. Moot it is not. Since the Court lacks discretion to remand this case solely on the basis of the joint stipulation, the Court must perform the subject-matter-jurisdiction analysis. *See Bueford v. Resol. Tr. Corp.*, 991 F.2d 481, 485 (8th Cir. 1993) (holding that the Court may inquire into subject-matter jurisdiction at any time).

5

"Federal courts are to resolve all doubts about federal jurisdiction in favor of remand and are strictly to construe legislation permitting removal." *Dahl v. R.J. Reynolds Tobacco Co.*, 478 F.3d 965, 968 (8th Cir. 2007) (quotation marks omitted). The legislation at issue here, 28 U.S.C. § 1446, provides:

> [e]xcept as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3). Subsection (c), in turn, places a one-year limit on removals under subsection (b)(3): "A case may not be removed under subsection (b)(3) on the basis of [diversity jurisdiction] more than 1 year after commencement of the action."

Here, the initial pleading dated December 21, 2020, was not removable because Lawrence only alleged roughly $40,000 in medical expenses—far below 28 U.S.C. § 1332's jurisdictional requirement of an amount in controversy that exceeds $75,000. Doc. 1-1 at p. 4. Even Lawrence's First Amended Petition—which was the operative pleading when Fairfield attempted to remove this case in December of 2021—did not on its face satisfy § 1332, leading the Court to enter a *Dart Cherokee* order. *Lawrence I*, Doc. 11. The Court remanded the case on other grounds without addressing the amount-in-controversy. *Lawrence I*, Doc. 17.

Since the initial pleading was not removable, § 1446's one-year limit applies, as even Fairfield has acknowledged. Fairfield's Notice of Removal from December of 2021 stated that "[t]his Notice of Removal has been timely filed within one year pursuant to 28 U.S.C. § 1446." *Lawrence I*, Doc. 1 at ¶ 10. By the time Venture removed this action, over a year and a half had elapsed since Lawrence filed it. Accordingly, the Court finds that Venture removed this action after § 1446's one-year limit expired.

The only remaining question is whether violation of § 1446's one-year limit is a procedural defect (and thus waivable) or a jurisdictional defect (and thus requiring remand).  *See Holbein*, 983 F.3d. at 1053.  The Eighth Circuit has deemed "colorable" the argument that the one-year limit is jurisdictional, *Vasseur v. Sowell*, 930 F.3d 994, 996 (8th Cir. 2019), and district courts within the Eighth Circuit have repeatedly held that it is jurisdictional, *Vasseur v. Sowell*, No. 6:18-03006-CV-RK, 2018 WL 3639834, at *2 (W.D. Mo. July 31, 2018) (collecting cases).  Under 28 U.S.C. § 1447(c), a district court must remand a case "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."  Because Venture removed this case over a year and a half after Lawrence commenced it, remand is appropriate under §§ 1446 and 1447, and what a nice surprise it is for the parties that they can find their way back to the place they were before.

**IV.     Conclusion**

Because the Court lacks subject-matter jurisdiction over this case, the Court remands the case to the Circuit Court of St. Louis City, with each party bearing its own costs.  The Court directs the Clerk of Court to close this case and send a certified copy of the order of remand to the clerk of the state court.

So Ordered this 18th day of October, 2022.

*[signature: SL R. CL]*

STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE

7